UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>The Wet Seal, Inc.,<br><br>        Debtor.[1] | Chapter 11<br><br>Case No.: 15-10081 (___) |
| In re<br><br>The Wet Seal Retail, Inc.,<br><br>        Debtor. | Chapter 11<br><br>Case No.: 15-10082 (___) |
| In re<br><br>Wet Seal Catalog, Inc.,<br><br>        Debtor. | Chapter 11<br><br>Case No.: 15-10083 (___) |
| In re<br><br>Wet Seal GC, LLC,<br><br>        Debtor. | Chapter 11<br><br>Case No.: 15-10084 (___) |

**DEBTORS' MOTION FOR ENTRY OF AN
ORDER DIRECTING JOINT ADMINISTRATION OF
RELATED CHAPTER 11 CASES FOR PROCEDURAL PURPOSES ONLY**

The Wet Seal, Inc. and its subsidiaries, the debtors and debtors in possession (the "Debtors") in the above-captioned jointly administered chapter 11 cases (the "Cases"), hereby move the Court (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: The Wet Seal, Inc. (5940); The Wet Seal Retail, Inc. (6265); Wet Seal Catalog, Inc. (7604); and Wet Seal GC, LLC (2855-VA). The Debtors' address is 26972 Burbank, Foothill Ranch, CA 92610.

of the United States Bankruptcy Court for the District of Delaware ("Local Rules"), authorizing and directing the joint administration of the Debtors' related chapter 11 cases for procedural purposes only. In support of the Motion, the Debtors rely on the *Declaration of Thomas R. Hillebrandt in Support of First Day Motions* (the "Hillebrandt Declaration") concurrently filed herewith. In further support of the Motion, the Debtors respectfully represent as follows:

## I. JURISDICTION

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over these Cases and the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of these Cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. Pursuant to Rule 9013-1(f) of the Local Rules, the Debtors consent to the entry of a final judgment or order with respect to the Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3. The statutory and legal predicates for the relief requested herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015, and Local Rule 1015-1.

## II. BACKGROUND

4. On the date hereof (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code.

5. The Debtors are authorized to continue to operate their business and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

To date, no trustee, examiner or statutory committee has been appointed in these Cases by the United States Trustee.

6. The Debtors are a national multi-channel specialty retailer selling fashion apparel and accessory items designed for female customers aged 13 to 24 years old. The Debtors are currently comprised of two primary units: (a) the retail store business, which is primarily operated by The Wet Seal Retail, Inc.; and (b) the e-commerce business, which is primarily operated by Wet Seal Catalog, Inc. Through their retail store business, until shortly before the Petition Date, the Debtors operated over 500 retail locations, principally in mall locations. Though their e-commerce business, the Debtors operate an e-commerce site at www.wetseal.com and have nearly 2.5 million followers on their Facebook page. The Debtors also sell gift cards, which business is primarily operated through Wet Seal GC, LLC.

7. The continuing fundamental shift in consumer behavior away from traditional mall shopping toward online-only stores and increased competition throughout the specialty retail fashion industry have created a difficult operating environment for many traditional mall-based fashion retailers such as the Debtors. Indeed, over the past several weeks, at least three other specialty retailers focused on young adult girls—Deb Stores Holding LLC, dELiA*s, Inc., and Body Central Corp.—have commenced bankruptcy cases or assignments for the benefit of creditors and are in the process of conducting liquidations. In addition to this industry-wide weakness, in the Debtors' case, the Debtors' financial performance was further adversely impacted by, among other things, (i) shifts away from the "fast fashion" segment, and (ii) ventures into business extensions that were ultimately not profitable. In the third quarter of 2014 the Debtors hired a new management team, and this team began the process of shifting the

Debtors' operational strategy toward a more fashionable inventory mix and smaller and more varied style assortments.

8. There was, unfortunately, insufficient time to implement the strategic vision before the Debtors faced a liquidity crisis, resulting from extensive operating losses driven by, among other things, persistent sales weakness across the majority of the Debtors' store base and changes in credit terms by the Debtors' vendors. Further, the Debtors were required to cash collateralize all of the letters of credit issued by the Debtors' lender, Bank of America, N.A. (the "Prepetition Lender") under that certain Amended and Restated Credit Agreement, dated as of February 3, 2011 (as subsequently amended, modified, or restated, the "Prepetition Facility").

9. Facing the foregoing issues, the Debtors determined that it would not be possible to restructure the Debtors out of Court without significant landlord concessions. Accordingly, the Debtors engaged in negotiations with their major landlords regarding concessions from such landlords. However, the Debtors were not able to reach an agreement with landlords on potential lease concessions during these negotiations, and on or about January 7, 2015, the Debtors closed 338 of their stores, irrevocably and unequivocally surrendered the premises to the applicable landlords, and terminated the portion of their workforce that had been employed in connection with those stores. The Debtors capitalized on the holiday shopping season to conduct aggressive sales of the inventory in the closed stores and closed such stores in early January 2015.

10. The Debtors intend to reorganize their business around the e-commerce business and the remaining stores with the most potential upside. To meet their objectives, the Debtors have entered into (i) that certain Senior Secured, Super-Priority Debtor-in-Possession Credit Agreement with B. Riley Financial, Inc. ("B. Riley") (the "DIP Term Facility"), pursuant to which the Debtors will receive a senior debtor-in-possession term loan that should provide them

with sufficient runway to navigate through the reorganization process, and (ii) that certain Plan Sponsorship Agreement with B. Riley, pursuant to which B. Riley will commit to a plan of reorganization under which B. Riley will receive 80% of newly issued common stock in the reorganized Debtors in exchange for investment of $20 million.  On the effective date of the plan, B. Riley will convert the entire DIP Term Facility into equity and contribute the balance of the $20 million to the reorganized Debtors in cash.  The remaining common stock will be issued to holders of allowed general unsecured claims whose claims are not satisfied through a convenience class cash election.  The Debtors also have entered into that certain Senior Secured, Super-Priority Debtor-in-Possession Letter of Credit Agreement (the "<u>DIP L/C Facility</u>"; together with the DIP Term Facility, the "<u>DIP Facilities</u>") with Bank of America, N.A. (as L/C Issuer, the "<u>DIP L/C Lender</u>"), pursuant to which the Debtors will obtain letters of credit that are required postpetition in the ordinary course of their business.

11.     The detailed factual background relating to the Debtors and the commencement of these Cases is set forth in the Hillebrandt Declaration.

### III. RELIEF REQUESTED

12.     By this Motion, the Debtors seek entry of an order directing the joint administration of their Cases and the consolidation thereof for procedural purposes only.  The Debtors also request that the caption of their Cases be modified to reflect their joint administration as follows:

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>THE WET SEAL, INC., a Delaware corporation, *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No.: 15-10081 (___)<br><br>(Jointly Administered) |

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: The Wet Seal, Inc. (5940); The Wet Seal Retail, Inc. (6265); Wet Seal Catalog, Inc. (7604); and Wet Seal GC, LLC (2855-VA). The Debtors' address is 26972 Burbank, Foothill Ranch, CA 92610.

13.  In addition, the Debtors request that the Court establish a joint docket and file for these Cases, and direct the clerk of the Court (the "Clerk") to make a notation substantially similar to the following on the docket of each Debtor:

> An order (the "Joint Administration Order") has been entered in this case directing the joint administration of the chapter 11 cases of The Wet Seal, Inc., The Wet Seal Retail, Inc., Wet Seal Catalog, Inc., and Wet Seal GC, LLC, and all subsequently filed chapter 11 cases of such debtors' affiliates. The docket in the chapter 11 case of The Wet Seal Inc., Case No. 15-10081 (___) should be consulted for all matters affecting this case.

14.  Finally, the Debtors request that the Court permit use of a combined service list and combined notices.

### IV. BASIS FOR RELIEF

15.  Bankruptcy Rule 1015(b) provides that if two or more petitions are pending in the same court by or against a debtor and an affiliate, joint administration is permissible. *See* Fed. R. Bankr. P. 1015(b). Additionally, Local Rule 1015-1 permits entry of such an order without notice or the opportunity for a hearing if the Debtors demonstrate that such treatment is warranted.

16. Bankruptcy Rule 1015 promotes the efficient and economical administration of affiliated debtors' related cases, while also ensuring that individual creditors' rights are not unduly prejudiced. *See In re Brookhollow Assocs.*, 435 F. Supp. 763, 766 (D. Mass. 1977) (joint administration "help[s] the bankruptcy court to administer economically and efficiently different estates with substantial interests in common"), *aff'd*, 575 F.2d 1003 (1st Cir. 1978); *In re Parkway Calabasas, Ltd.*, 89 B.R. 832, 836 (Bankr. C.D. Cal. 1988) ("The purpose of joint administration is to make case administration easier and less expensive than in separate cases, without affecting the substantive rights of creditors ...."). As stated in the Official Committee Note to Bankruptcy Rule 1015, joint administration expedites cases and reduces their overall cost:

> Joint administration as distinguished from consolidation may include combining the estates by using a single docket for the matters occurring in the administration, including the listing of filed claims, the combining of notices to creditors of the different estates, and the joint handling of other purely administrative matters that may aid in expediting the cases and rendering the process less costly.

FED. R. BANKR. P. 1015 (Committee Note, ¶ 4).

17. Joint administration is warranted in these Cases because (i) the Debtors' financial affairs and business operations are closely related, and (ii) joint administration will ease the administrative burden on the Court and other parties.

18. Debtor The Wet Seal, Inc. is the sole shareholder of each of the other three Debtors. All of the Debtors are under common management. The Debtors share many creditors and parties in interest. As a result, joint administration will prevent duplicative efforts and unnecessary expenses, without any risk of prejudice to creditors, because the relief sought herein does not seek to consolidate the Debtors for substantive purposes. *See, e.g., In re Ultura (LA) Inc.*, Case No. 14-12383 (KG) (Bankr. D. Del. Oct. 23, 2014) (Docket No. 4); *In re Conexant*

*Sys., Inc.*, Case No. 13-10367 (MFW) (Bankr. D. Del. Mar. 1, 2013) (Docket No. 38) (joint administering the cases of 5 affiliated debtor entities); *In re LCI Holding Co.*, Case No. 12-13319 (KG) (Bankr. D. Del. Dec. 13, 2012) (Docket No. 58) (jointly administering the cases of 35 affiliated debtor entities); *In re Visteon Corp.*, Case No. 09-11786 (CSS) (Bankr. D. Del. May 29, 2009) (Docket No. 78) (jointly administering the cases of 31 affiliated debtor entities); *In re Source Interlink Cos.*, Case No. 09-11424 (KG) (Bankr. D. Del. Apr. 29, 2009) (Docket No. 49) (jointly administering the cases of 18 affiliated debtor entities).

19. With four affiliated debtors, each with its own case docket, administering these cases separately would result in duplicative pleadings, notices and orders filed and served upon separate service lists. This unnecessary duplication would be costly for the estates and would not create any counterbalancing benefit for creditors.

20. Separate administration would also tax the estates' administration, diverting valuable resources away from substantive issues. In contrast, joint administration will permit the Clerk to use a single general docket for each of the Cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates, eliminating the confusion and waste that would be caused by separate administration.

21. Finally, maintaining separate cases may confuse creditors. By jointly administering the estates, creditors and other parties in interest will receive notice of all matters involving all of the entities that are required to be served on such parties (respectively), thereby ensuring that creditors and other parties in interest are fully informed of all matters potentially affecting their claims. Further, using a simplified caption page for all pleadings will eliminate cumbersome pleadings and ensure a uniformity of pleading identification.

22.     The Debtors request that the official caption to be used by all parties in all pleadings in the jointly administered cases be in the form set forth in paragraph 12 of this Motion. The Debtors submit that use of the simplified caption will eliminate cumbersome and confusing procedures and ensure a uniformity of pleading identification.

23.     The relief requested herein is purely procedural and does not effectuate substantive consolidation of the Debtors' estates. Joint administration and substantive consolidation differ significantly. In substantive consolidation, assets and liabilities are pooled, and generally, the separate entities' creditors share pro rata in the estates' aggregate net value. *See, e.g., In re Standard Brands Paint Co.*, 154 B.R. 563, 569 (Bankr. C.D. Cal. 1993); *In re I.R.C.C., Inc.*, 105 B.R. 237, 241 (Bankr. S.D.N.Y. 1989). Joint administration, however, is merely procedural; it has no impact on creditors' substantive rights. *See In re Toland*, 346 B.R. 444, 449 (Bankr. N.D. Ohio 2006); *In re Blair*, 226 B.R. 502, 505 (Bankr. D. Me. 1998); *In re N.S. Garrott & Sons*, 63 B.R. 189, 191 (Bankr. E.D. Ark. 1986). Thus, there will be no material prejudice to creditors or other parties in interest if these estates are jointly administered. Indeed, the interests of all creditors will be served by the reduction in costs and administrative burdens resulting from joint administration.

## V. NOTICE

24.     The Debtors will provide notice of this Motion to: (i) the Office of the United States Trustee for the District of Delaware; (ii) holders of the forty (40) largest unsecured claims on a consolidated basis against the Debtors; (iii) the Prepetition Lender; and (iv) all parties who have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. As this Motion is seeking "first day" relief, within two business days of the hearing on this Motion, the Debtors will serve copies of this Motion and any order entered in respect to this

Motion as required by Local Rule 9013-1(m). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## VI. CONCLUSION

WHEREFORE, for the reasons set forth herein and in the Hillebrandt Declaration, the Debtors respectfully request that this Court enter an order, substantially in the form attached hereto, granting the relief requested in the Motion and such other and further relief as is just and proper.

Dated: January 15, 2015

/s Maris J. Kandestin
Michael R. Nestor, Esq. (DE Bar No. 3526)
Maris J. Kandestin, Esq. (DE Bar No. 5294)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Tel:   (302) 571-6600
Fax:   (302) 571-1253
Email: mnestor@ycst.com
       mkandestin@ycst.com

and

Lee R. Bogdanoff, Esq.
Michael L. Tuchin, Esq.
David M. Guess, Esq.
Jonathan M. Weiss, Esq.
KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 Avenue of the Stars, 39th Floor
Los Angeles, CA 90067
Tel:   (310) 407-4022
Fax:   (310) 407-9090
Email: lbogdanoff@ktbslaw.com
       mtuchin@ktbslaw.com
       dguess@ktbslaw.com
       jweiss@ktbslaw.com

# Exhibit A

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| The Wet Seal, Inc., | Case No.: 15-10081 (___) |
| Debtor.[1] | |
| In re: | Chapter 11 |
| The Wet Seal Retail, Inc., | Case No.: 15-10082 (___) |
| Debtor. | |
| In re: | Chapter 11 |
| Wet Seal Catalog, Inc., | Case No.: 15-10083 (___) |
| Debtor. | |
| In re: | Chapter 11 |
| Wet Seal GC, LLC, | Case No.: 15-10084 (___) |
| Debtor. | **Re: Docket No. __** |

**ORDER DIRECTING JOINT ADMINISTRATION OF
RELATED CHAPTER 11 CASES FOR PROCEDURAL PURPOSES ONLY**

Upon the motion (the "Motion")[2] of The Wet Seal, Inc. and its subsidiaries, the debtors and debtors in possession (the "Debtors") in the above-captioned jointly administered chapter 11 cases (the "Cases"), for entry of an order, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Rules of

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: The Wet Seal, Inc. (5940); The Wet Seal Retail, Inc. (6265); Wet Seal Catalog, Inc. (7604); and Wet Seal GC, LLC (2855-VA). The Debtors' address is 26972 Burbank, Foothill Ranch, CA 92610.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

01:16512556.1

153937.4

Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware ("Local Rules"), authorizing and directing the joint administration of the Debtors' related chapter 11 cases for procedural purposes only; and upon consideration of the Hillebrandt Declaration and the record of these chapter 11 cases; and it appearing that the Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 1334 and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and it appearing that the Motion is a core matter pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue of these Cases and of the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and adequate notice of the Motion has been given under the circumstances, and that no other or further notice need be given; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation, and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED, as set forth herein.

2. The above-captioned chapter 11 cases are hereby consolidated for procedural purposes only and shall be jointly administered by this Court. Nothing contained in this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the above-captioned cases.

3. The caption of the jointly administered cases shall read as follows:

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| THE WET SEAL, INC., a Delaware corporation, *et al.*[1] | Case No.: 15-10081 (___) |
| Debtors. | (Jointly Administered) |

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: The Wet Seal, Inc. (5940); The Wet Seal Retail, Inc. (6265); Wet Seal Catalog, Inc. (7604); and Wet Seal GC, LLC (2855-VA). The Debtors' address is 26972 Burbank, Foothill Ranch, CA 92610.

4.  All original pleadings shall be captioned as set forth immediately above, and all original docket entries shall be made in the case of The Wet Seal, Inc., Case No. 15-10081 (___).

5.  The Clerk of this Court shall make a notation substantially similar to the following on the docket of each Debtor:

> An order (the "Joint Administration Order") has been entered in this case directing the joint administration of the chapter 11 cases of The Wet Seal, Inc., The Wet Seal Retail, Inc., Wet Seal Catalog, Inc., and Wet Seal GC, LLC, and all subsequently filed chapter 11 cases of such debtors' affiliates. The docket in the chapter 11 case of The Wet Seal Inc., Case No. 15-10081 (___) should be consulted for all matters affecting this case.

6.  The Clerk of the Court shall maintain a single pleadings docket and file under the case number assigned to The Wet Seal, Inc., which shall be the pleadings docket and file for all of the Cases.

7.  This Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases

8.  The Court retains jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: Wilmington, Delaware
_____, 2015

_____
UNITED STATES BANKRUPTCY JUDGE

01:16512556.1

153937.4