## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>THE WET SEAL, INC., a Delaware corporation, *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No.: 15-10081 (___)<br><br>(Joint Administration Requested) |

### DEBTORS' MOTION FOR AN ORDER (I) AUTHORIZING THE PAYMENT OF PREPETITION SALES, USE AND FRANCHISE TAXES AND SIMILAR TAXES AND FEES AND (II) AUTHORIZING BANKS AND OTHER FINANCIAL INSTITUTIONS TO RECEIVE, PROCESS, HONOR, AND PAY CHECKS ISSUED AND ELECTRONIC PAYMENT REQUESTS MADE RELATING TO THE FOREGOING

The Wet Seal, Inc. and its subsidiaries, the debtors and debtors in possession (the "Debtors") in the above-captioned jointly administered chapter 11 cases (the "Cases"), hereby move the Court (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to sections 105(a), 507(a)(8) and 541(d) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (I) authorizing, but not directing, the Debtors to pay certain prepetition taxes, including, sales and use taxes, franchise taxes, and similar taxes and fees in the ordinary course of business, as the Debtors, in their sole discretion, deem necessary, (II) authorizing banks and other financial institutions (the "Banks") to honor and process check and electronic transfer requests related to the foregoing, and (III) granting related relief.  In support of the Motion, the Debtors rely on the *Declaration of Thomas R.*

---

[1]  The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: The Wet Seal, Inc. (5940); The Wet Seal Retail, Inc. (6265); Wet Seal Catalog, Inc. (7604); and Wet Seal GC, LLC (2855-VA).  The Debtors' address is 26972 Burbank, Foothill Ranch, CA 92610.

*Hillebrandt in Support of First Day Motions* (the "Hillebrandt Declaration") concurrently filed herewith. In further support of the Motion, the Debtors respectfully represent as follows:

## I. JURISDICTION

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over these Cases and the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of these Cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2.      Pursuant to Rule 9013-1(f) of the Local Rules of Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final judgment or order with respect to the Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3.      The statutory and legal predicates for the relief requested herein are sections 105(a), 507(a)(8), and 541(d) of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004.

## II. BACKGROUND

4.      On the date hereof (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code.

5.      The Debtors are authorized to continue to operate their business and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. To date, no trustee, examiner or statutory committee has been appointed in these Cases by the United States Trustee.

01:16512365.1

6.      The Debtors are a national multi-channel specialty retailer selling fashion apparel and accessory items designed for female customers aged 13 to 24 years old.  The Debtors are currently comprised of two primary units: (a) the retail store business, which is primarily operated by The Wet Seal Retail, Inc.; and (b) the e-commerce business, which is primarily operated by Wet Seal Catalog, Inc.  Through their retail store business, until shortly before the Petition Date, the Debtors operated over 500 retail locations, principally in mall locations. Though their e-commerce business, the Debtors operate an e-commerce site at www.wetseal.com and have nearly 2.5 million followers on their Facebook page.  The Debtors also sell gift cards, which business is primarily operated through Wet Seal GC, LLC.

7.      The continuing fundamental shift in consumer behavior away from traditional mall shopping toward online-only stores and increased competition throughout the specialty retail fashion industry have created a difficult operating environment for many traditional mall-based fashion retailers such as the Debtors.  Indeed, over the past several weeks, at least three other specialty retailers focused on young adult girls—Deb Stores Holding LLC, dELiA*s, Inc., and Body Central Corp.—have commenced bankruptcy cases or assignments for the benefit of creditors and are in the process of conducting liquidations.  In addition to this industry-wide weakness, in the Debtors' case, the Debtors' financial performance was further adversely impacted by, among other things, (i) shifts away from the "fast fashion" segment, and (ii) ventures into business extensions that were ultimately not profitable.  In the third quarter of 2014 the Debtors hired a new management team, and this team began the process of shifting the Debtors' operational strategy toward a more fashionable inventory mix and smaller and more varied style assortments.

8.      There was, unfortunately, insufficient time to implement the strategic vision before the Debtors faced a liquidity crisis, resulting from extensive operating losses driven by, among other things, persistent sales weakness across the majority of the Debtors' store base and changes in credit terms by the Debtors' vendors. Further, the Debtors were required to cash collateralize all of the letters of credit issued by the Debtors' lender, Bank of America, N.A. (the "Prepetition Lender") under that certain Amended and Restated Credit Agreement, dated as of February 3, 2011 (as subsequently amended, modified, or restated, the "Prepetition Facility").

9.      Facing the foregoing issues, the Debtors determined that it would not be possible to restructure the Debtors out of Court without significant landlord concessions. Accordingly, the Debtors engaged in negotiations with their major landlords regarding concessions from such landlords. However, the Debtors were not able to reach an agreement with landlords on potential lease concessions during these negotiations, and on or about January 7, 2015, the Debtors closed 338 of their stores, irrevocably and unequivocally surrendered the premises to the applicable landlords, and terminated the portion of their workforce that had been employed in connection with those stores. The Debtors capitalized on the holiday shopping season to conduct aggressive sales of the inventory in the closed stores and closed such stores in early January 2015.

10.     The Debtors intend to reorganize their business around the e-commerce business and the remaining stores with the most potential upside. To meet their objectives, the Debtors have entered into (i) that certain Senior Secured, Super-Priority Debtor-in-Possession Credit Agreement with B. Riley Financial, Inc. ("B. Riley") (the "DIP Term Facility"), pursuant to which the Debtors will receive a senior debtor-in-possession term loan that should provide them with sufficient runway to navigate through the reorganization process, and (ii) that certain Plan Sponsorship Agreement with B. Riley, pursuant to which B. Riley will commit to a plan of

01:16512365.1

reorganization under which B. Riley will receive 80% of newly issued common stock in the reorganized Debtors in exchange for investment of $20 million.  On the effective date of the plan, B. Riley will convert the entire DIP Term Facility into equity and contribute the balance of the $20 million to the reorganized Debtors in cash.  The remaining common stock will be issued to holders of allowed general unsecured claims whose claims are not satisfied through a convenience class cash election.  The Debtors also have entered into that certain Senior Secured, Super-Priority Debtor-in-Possession Letter of Credit Agreement (the "DIP L/C Facility"; together with the DIP Term Facility, the "DIP Facilities") with Bank of America, N.A. (as L/C Issuer, the "DIP L/C Lender"), pursuant to which the Debtors will obtain letters of credit that are required postpetition in the ordinary course of their business.

11.    The detailed factual background relating to the Debtors and the commencement of these Cases is set forth in the Hillebrandt Declaration.

### III.  RELIEF REQUESTED

12.    By this Motion, the Debtors request that the Court enter an order, pursuant to Bankruptcy Code sections 105(a), 507(a)(8), and 541(d) and Bankruptcy Rules 6003 and 6004 (a) authorizing, but not directing, the Debtors to pay certain prepetition taxes, including, sales and use taxes, franchise taxes, and similar taxes and fees in the ordinary course of business, as the Debtors, in their sole discretion, deem necessary, (b) authorizing the Banks to honor and process check and electronic transfer requests related to the foregoing, and (c) granting related relief.

13.    In the ordinary course of business, the Debtors incur or collect and remit certain taxes including sales, use, franchise, commercial activity, business and occupation, and various other taxes, fees, charges, and assessments (the "Taxes and Fees").  The Debtors remit such Taxes and Fees to various federal, state, and local taxing and other governmental authorities

01:16512365.1

and/or certain municipal or governmental subdivisions or agencies of those states (the "Taxing Authorities") in connection with the sale of their products or services at store locations, or through shipments of products purchased through the Debtors' website to customers. The Taxing Authorities are set forth on **Exhibit B** hereto. The Taxes and Fees are paid monthly, quarterly, semi-annually or annually to the respective Taxing Authorities, depending on the given Tax or Fee and the relevant Taxing Authority to which it is paid. As of the Petition Date, the Debtors estimate that they owe approximately $3,001,237 in unremitted Taxes and Fees, which are comprised entirely of current tax obligations, and are not in respect of "catch-up" payments.

14.     The Debtors seek authority to pay all prepetition Taxes and Fees in the ordinary course of business owed to the Taxing Authorities; provided that payments on account of Taxes and Fees that accrued, in whole or in part, prior to the Petition Date but were not in fact paid or processed prior to the Petition Date shall not exceed $3,750,000.

15.     The Debtors also request that all Banks on which checks to third parties are drawn and/or electronic payments are made pursuant to this Motion be authorized to receive, process, honor, and pay any and all such checks (whether issued or presented prior to or after the Petition Date) and electronic payments, and to rely on the representations of the Debtors as to which checks are authorized to be paid.

## IV.  BASIS FOR RELIEF

### A.     Certain of the Taxes and Fees Are Not Property of the Debtors' Estates

16.     The Debtors' payment of the Taxes and Fees is justified in large part because certain of these amounts are not property of the Debtors' estates pursuant to section 541(d) of the Bankruptcy Code. Specifically, section 541(d) of the Bankruptcy Code provides, in relevant part, that "[p]roperty in which the debtor holds, as of the commencement of the case, only legal

title and not an equitable interest . . . becomes property of the estate under subsection (a)(1) or

(2) of this section <u>only</u> to the extent of the debtors' legal title to such property, but not to the

extent of any equitable interest in such property that the debtor does not hold." 11 U.S.C.

§ 541(d) (emphasis added).

17.     Consistent with section 541(d) of the Bankruptcy Code, courts have held that

certain types of taxes are not part of a debtor's estate. *See, e.g., Begier v. Internal Rev. Serv.*,

496 U.S. 53, 57-60 (1990) (holding that any prepetition payment of trust fund taxes is not a

transfer subject to avoidance because such funds are not the debtor's property); *DuCharmes &*

*Co., Inc. v. United States (In re DuCharmes & Co.)*, 852 F.2d 194, 196 (6th Cir. 1988) (per

curiam) (same); *Shank v. Wash. State Dept. of Rev. (In re Shank)*, 792 F.2d 829, 833 (9th Cir.

1986) (sales tax required by state law to be collected by sellers from their customers is a "trust

fund" tax and not released by bankruptcy discharge); *DeChiaro v. N. Y. State Tax Comm'n*, 760

F.2d 432, 435-36 (2d Cir. 1985) (same); *Rosenow v. Ill. Dept. of Rev. (In re Rosenow)*, 715 F.2d

277, 279-82 (7th Cir. 1983) (same); *W. Surety Co. v. Waite (In re Waite)*, 698 F.2d 1177, 1179

(11th Cir. 1983) (same).

18.     Here, the Taxes and Fees constitute amounts held in trust, which the Debtors are

required to collect and/or hold in trust for payment to the Taxing Authorities.  To the extent these

Taxes and Fees constitute "trust fund" taxes, they are not property of the Debtors' estates under

section 541(d) of the Bankruptcy Code. *See In re Am. Int'l Airways, Inc.*, 70 B.R. 102, 104-05

(Bankr. E.D. Pa. 1987); *Old Republic Nat'l Title Ins. Co. v. Tyler (In re Dameron)*, 155 F.3d

718, 721-22 (4th Cir. 1998) (funds from various lenders held by closing agent in trust for

designated third parties was not property of debtor's estate).  Because the Debtors do not have an

equitable interest in such Taxes and Fees, the Debtors should be permitted to remit these Taxes

and Fees to the Taxing Authorities as they become due, irrespective of the commencement of these Cases.

**B.      Payment of the Taxes and Fees Will Avoid Unnecessary Distractions**

19.      Any regulatory dispute or delinquency that impacts the Debtors' ability to conduct business in a particular jurisdiction could have a wide-ranging and adverse effect on the Debtors' operations as a whole.  Specifically, the Debtors' failure to remit the Taxes and Fees could adversely affect the Debtors' business operations because, among other things (a) the Taxing Authorities could initiate audits of the Debtors or seek to prevent the Debtors from continuing their business and administering their estates, which, even if unsuccessful, would unnecessarily divert the Debtors' attention from the process of maximizing the value of their estates; (b) the Taxing Authorities could attempt to suspend the Debtors' operations, file liens, seek to lift the automatic stay and pursue other remedies that will harm the estates; (c) some of the Taxing Authorities may seek to collect penalties, cancel franchises or other licenses, or undertake other unfavorable enforcement actions if the Debtors do not pay the Taxes and Fees; and (d) certain of the Debtors' directors, officers and employees might be subject to personal liability, even if such a failure to remit such Taxes and Fees was not a result of malfeasance on their part, which would undoubtedly distract these key people from their duties related to the Debtors' restructuring.  In fact, the Taxing Authorities may take such actions regardless of these chapter 11 filings. *See, e.g.*, 11 U.S.C. §§ 362(b)(9) (permitting tax audits and assessments) and 362(b)(18) (allowing creation or perfection of liens for property taxes).

20.      Accordingly, the Debtors respectfully request the authority to remit the Taxes and Fees in order to ensure that they and their directors, officers, and employees remain focused on operating their business and maximizing the value of their estates for the benefit of their creditors.

01:16512365.1

## C.   Certain of the Taxes and Fees May Constitute Priority Claims

21.     The Debtors submit that authorizing the payment of the Taxes and Fees is in the best interests of their creditors and estates because substantially all of the Taxes and Fees constitute priority claims under Bankruptcy Code section 507(a)(8).  As such, payment of the Taxes and Fees will not prejudice the rights of general unsecured creditors.

22.     Moreover, to the extent that such claims are entitled to priority treatment under section 507(a)(8) of the Bankruptcy Code, the respective Taxing Authorities may attempt to assess interest and penalties.  *See* 11 U.S.C. § 507(a)(8)(G) (granting eighth priority status to "a penalty related to a claim of a kind specified in this paragraph and in compensation for actual pecuniary loss").

23.     Further, the failure to pay certain of the Taxes and Fees may adversely affect the Debtors' ability to maintain their good standing to operate in the jurisdictions in which they do business and to administer their estates for the benefit of their creditors.

24.     In sum, payment of the Taxes and Fees is in the best interest of the Debtors and their estates, will not harm unsecured creditors and may reduce harm and administrative expense to the Debtors' estates.

## D.   Payment of the Taxes and Fees Is Warranted Under the Doctrine of Necessity

25.     The Court may authorize payment of prepetition claims in appropriate circumstances based on section 105(a) of the Bankruptcy Code.  Section 105(a) of the Bankruptcy Code, which codifies the equitable powers of the bankruptcy court, empowers the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  Under section 105(a) of the Bankruptcy Code, courts may permit pre-plan payments of prepetition obligations when essential to the continued operation of a debtor's business.  *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr.

01:16512365.1

S.D.N.Y. 1989). Specifically, the Court may use its power under section 105(a) of the Bankruptcy Code to authorize payment of prepetition obligations pursuant to the "doctrine of necessity." *Id.*, at 175-76.

26.     The United States Court of Appeals for the Third Circuit recognized the doctrine of necessity in *In re Lehigh & New England Railway. Co.*, 657 F.2d 570, 581 (3d Cir. 1981). The Third Circuit held that a court could authorize the payment of prepetition claims if such payment was essential to the continued operation of the debtor. *Id.* (stating courts may authorize payment of prepetition claims when there "is the possibility that the creditor will employ an immediate economic sanction, failing such payment"); *see also In re Penn Cent. Transp. Co.*, 467 F.2d 100, 102 n.1 (3d Cir. 1972) (recognizing necessity of payment doctrine permits "immediate payment of claims of creditors where those creditors will not supply services or material essential to the conduct of the business until their pre-reorganization claims shall have been paid"); *In re Just for Feet, Inc.*, 242 B.R. 821, 824–25 (Bankr. D. Del. 1999) (noting that, in the Third Circuit, debtors may pay prepetition claims that are essential to continued operation of business); *In re Columbia Gas Sys., Inc.*, 171 B.R. 189, 191-92 (Bankr. D. Del. 1994) (same).

27.     The rationale for the doctrine of necessity—the rehabilitation of a debtor in reorganization cases—is "the paramount policy and goal of Chapter 11." *Ionosphere Clubs*, 98 B.R. at 176; *see also Just for Feet*, 242 B.R. at 826 (finding that payment of prepetition claims to certain trade vendors was "essential to the survival of the debtor during the chapter 11 reorganization."); *In re Quality Interiors, Inc.*, 127 B.R. 391, 396 (Bankr. N.D. Ohio 1991) ("[P]ayment by a debtor-in-possession of pre-petition claims outside of a confirmed plan of reorganization is generally prohibited by the Bankruptcy Code," but "[a] general practice has developed . . . where bankruptcy courts permit the payment of certain pre-petition claims,

01:16512365.1

pursuant to 11 U.S.C. § 105, where the debtor will be unable to reorganize without such payment."); *In re Eagle-Picher Indus., Inc.*, 124 B.R. 1021, 1023 (Bankr. S.D. Ohio 1991) (approving payment of prepetition unsecured claims of tool makers as "necessary to avert a serious threat to the Chapter 11 process."); *Burchinal v. Cent. Wash. Bank (In re Adams Apple, Inc.)*, 829 F.2d 1484, 1490 (9th Cir. 1987) (recognizing that allowance of "unequal treatment of pre-petition debts when necessary for rehabilitation . . ." is appropriate); *Mich. Bureau of Workers' Disability Comp. v. Chateaugay Corp. (In re Chateaugay Corp.)*, 80 B.R. 279, 287 (S.D.N.Y. 1987) (authorizing payment of prepetition workers' compensation claims on grounds that the fundamental purpose of reorganization and equity powers of bankruptcy courts "is to create a flexible mechanism that will permit the greatest likelihood of survival of the debtor and payment of creditors in full or at least proportionately."); 2 Collier on Bankruptcy ¶ 105.04[5][a] (16th ed. 2013) (discussing cases in which courts have relied on the "doctrine of necessity" or the "necessity of payment" rule to pay prepetition claims immediately).

28.     Here, the Debtors' payment of the Taxes and Fees is an exercise of sound business judgment and is necessary to maximize the value of the Debtors' estates for the benefit of their creditors. The Debtors operate a nationwide business, and any disputes that could adversely affect their ability to conduct business in a particular jurisdiction could have wide-ranging and negative effects on the Debtors' operations as a whole and their efforts to efficiently administer their estates and maximize distributions to their creditors. If the Debtors do not continue paying the Taxes and Fees when they come due on a timely basis, it is very possible that Taxing Authorities, or those parties who ordinarily collect the Taxes and Fees, may interfere with the Debtors' business and the efficient administration of the estates.

01:16512365.1

29.    Similar relief is routinely granted by courts in this District. *See, e.g., In re Event Rentals, Inc.*, Case No. 14-10282 (PJW) (Bankr. D. Del. Feb. 18, 2014) (Docket No. 43); *In re ATLS Acquisition, LLC*, Case No. 13-10262 (PJW) (Bankr. D. Del. Feb. 20, 2013) (Docket No. 41); *In re School Specialty, Inc.*, Case No. 13-10125 (KJC) (Bankr. D. Del. Jan. 30, 2013) (Docket No. 72); *In re THQ Inc.*, Case No. 12-13398 (MFW) (Bankr. D. Del. Dec. 20, 2012) (Docket No. 37); *In re Vertis Holdings, Inc.*, Case No. 12-12821 (CSS) (Bankr. D. Del. Oct. 31, 2012) (Docket No. 173); *In re Appleseed's Intermediate Holdings LLC*, Case No. 11-10160 (KG) (Bankr. D. Del. Jan. 20, 2011) (Docket No. 42); *In re Local Insight Media Holdings, Inc.*, Case No. 10-13677 (KG) (Bankr. D. Del. Nov. 19, 2010) (Docket No. 54).

**E.    Processing of Checks and Electronic Fund Transfers Should be Authorized**

30.    The Debtors have sufficient funds to pay any amounts related to the Taxes and Fees in the ordinary course of business.  Under the Debtors' existing cash management system, the Debtors have made arrangements to readily identify checks or wire transfer requests relating to the Taxes and Fees, as applicable.  The Debtors believe there is minimal risk that checks or wire transfer requests that the Court has not authorized will be inadvertently made.  Thus, the Debtors request that the Court authorize all applicable Banks to receive, process, honor, and pay any and all checks or wire transfer requests in respect of the Taxes and Fees.

**V.  IMMEDIATE RELIEF IS NECESSARY**

31.    Bankruptcy Rule 6003 provides that the relief requested in this Motion may be granted if the "relief is necessary to avoid immediate and irreparable harm." Fed. R. Bankr. P. 6003.  The Debtors submit that for the reasons already set forth herein, the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtors.

## VI.  WAIVER OF ANY APPLICABLE STAY

32.    The Debtors also request that the Court waive the stay imposed by Bankruptcy

Rule 6004(h), which provides that "[a]n order authorizing the use, sale, or lease of property other

than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the

court orders otherwise." Fed. R. Bankr. P. 6004(h).  As described above, the relief that the

Debtors seek in this Motion is necessary for the Debtors to operate their business without

interruption and to preserve value for their estates.  Accordingly, the Debtors respectfully request

that the Court waive the fourteen-day stay imposed by Bankruptcy Rule 6004(h), as the exigent

nature of the relief sought herein justifies immediate relief.

## VII.  NOTICE

33.    The Debtors will provide notice of this Motion to: (i) the Office of the United

States Trustee for the District of Delaware; (ii) holders of the forty (40) largest unsecured claims

on a consolidated basis against the Debtors; (iii) the Prepetition Lender; (v) the Banks; and (v) all

parties who have filed a notice of appearance and request for service of papers pursuant to

Bankruptcy Rule 2002.  As this Motion is seeking "first day" relief, within two business days of

the hearing on this Motion, the Debtors will serve copies of this Motion and any order entered in

respect to this Motion as required by Local Rule 9013-1(m).  In light of the nature of the relief

requested herein, the Debtors submit that no other or further notice is necessary.

01:16512365.1

## VIII.  CONCLUSION

WHEREFORE, for the reasons set forth herein and in the Hillebrandt Declaration, the

Debtors respectfully request that this Court enter an order, substantially in the form attached

hereto, granting the relief requested in the Motion and such other and further relief as is just and

proper.

Dated:  January 16, 2015

*/s/ Maris J. Kandestin*

Michael R. Nestor, Esq. (DE Bar No. 3526)
Maris J. Kandestin, Esq. (DE Bar No. 5294)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Tel:     (302) 571-6600
Fax:    (302) 571-1253
Email:  mnestor@ycst.com
            mkandestin@ycst.com

and

Lee R. Bogdanoff, Esq.
Michael L. Tuchin, Esq.
David M. Guess, Esq.
Jonathan M. Weiss, Esq.
KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 Avenue of the Stars, 39th Floor
Los Angeles, CA 90067
Tel:     (310) 407-4022
Fax:    (310) 407-9090
Email: lbogdanoff@ktbslaw.com
            mtuchin@ktbslaw.com
            dguess@ktbslaw.com
            jweiss@ktbslaw.com

# Exhibit A

**Proposed Order**

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re<br><br>THE WET SEAL, INC., a Delaware<br>corporation, *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No.: 15-10081 (___)<br><br>(Jointly Administered)<br><br>**Re: Docket No. ___** |

## ORDER (I) AUTHORIZING THE PAYMENT OF PREPETITION SALES, USE AND FRANCHISE TAXES AND SIMILAR TAXES AND FEES AND (II) AUTHORIZING BANKS AND OTHER FINANCIAL INSTITUTIONS TO RECEIVE, PROCESS, HONOR, AND PAY CHECKS ISSUED AND ELECTRONIC PAYMENT REQUESTS MADE RELATING TO THE FOREGOING

Upon the motion (the "Motion")[2] of The Wet Seal, Inc. and its subsidiaries, the debtors and debtors in possession (the "Debtors") in the above-captioned jointly administered chapter 11 cases (the "Cases"), for entry of an order, pursuant to sections 105(a), 507(a)(8) and 541(d) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (I) authorizing, but not directing, the Debtors to pay certain prepetition taxes, including, sales and use taxes, franchise taxes, and similar taxes and fees in the ordinary course of business, as the Debtors, in their sole discretion, deem necessary, (II) authorizing banks and other financial institutions (the "Banks") to honor and process check and electronic transfer requests related to the foregoing, and (III) granting related relief; and upon consideration of the Hillebrandt Declaration and the record of these Cases; and it appearing that the Court has jurisdiction to

---

[1]  The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: The Wet Seal, Inc. (5940); The Wet Seal Retail, Inc. (6265); Wet Seal Catalog, Inc. (7604); and Wet Seal GC, LLC (2855-VA).  The Debtors' address is 26972 Burbank, Foothill Ranch, CA 92610.

[2]  Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

consider the Motion pursuant to 28 U.S.C. §§ 1334 and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012,; and it appearing that the Motion is a core matter pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue of these cases and of the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and adequate notice of the Motion has been given under the circumstances, and that no other or further notice need be given; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation, and good and sufficient cause appearing therefor, it is hereby

  **ORDERED, ADJUDGED AND DECREED THAT:**

  1. The Motion is GRANTED, as set forth herein.

  2. The Debtors are authorized, but not directed, to pay the Taxes and Fees due and owing, including, without limitation, through the issuance of postpetition checks or wire transfer requests, as the Debtors, in their sole discretion, deem necessary, in an amount not to exceed $3,750,000.00.

  3. The Banks are authorized, when requested by the Debtors, in the Debtors' discretion, to honor and process checks or electronic fund transfers drawn on the Debtors' bank accounts to pay prepetition obligations authorized to be paid hereunder, whether such checks or other requests were submitted prior to, or after, the Petition Date, provided that sufficient funds are available in the applicable bank accounts to make such payments. The Banks may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this Order, and

01:16512365.1

any such Bank shall not have any liability to any party for relying on such representations by the Debtors, as provided for in this Order.

4.      Nothing herein shall impair any right of the Debtors to dispute or object to any taxes asserted as owing to the Taxing Authorities or those parties who ordinarily collect the Taxes and Fees as to amount, liability, classification, or otherwise.

5.      The Debtors are authorized to issue postpetition checks, or to effectuate postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the Taxes and Fees.

6.      The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

7.      Notwithstanding anything to the contrary contained herein, any payment to be made, or authorization contained hereunder, shall be subject to the requirements imposed on the Debtors under (i) the *Interim Order Pursuant to Sections 105, 361, 362, 363 and 364 of the Bankruptcy Code and Bankruptcy Rules 2002, 4001 and 9014: (I) Authorizing Postpetition Financing, (II) Granting Liens and Providing Superpriority Administrative Expense Priority, (III) Authorizing Use of Cash Collateral, (IV) Modifying the Automatic Stay, and (V) Scheduling a Final Hearing* and any final order granting such relief (together, the "DIP Order"), including, but not limited to, the Budget (as defined in the DIP Order) and (ii) the *Interim Order Pursuant to Sections 105, 361, 362, 363 and 364 of the Bankruptcy Code and Bankruptcy Rules 2002, 4001 and 9014: (I) Authorizing Postpetition L/C Financing Facility, (II) Granting Liens and Providing Superpriority Administrative Expense Priority, (III) Authorizing Use of Cash*

01:16512365.1

*Collateral and Providing for Adequate Protection, (IV) Modifying the Automatic Stay, and (V) Scheduling a Final Hearing* and any final order granting such relief.

8.    Bankruptcy Rule 6003(b) has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors.

9.    Notwithstanding any provision in the Bankruptcy Rules to the contrary: (a) this Order shall be effective immediately and enforceable upon its entry; (b) the Debtors are not subject to any stay in the implementation, enforcement, or realization of the relief granted in this order; and (c) the Debtors are authorized and empowered, and may in their discretion and without further delay, take any action necessary or appropriate to implement this Order.

10.    The Court retains jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: Wilmington, Delaware
_____, 2015

_____

UNITED STATES BANKRUPTCY JUDGE

# Exhibit B

**List of Taxing Authorities**

Exhibit B
Taxing Authorities

| Tax Authority | Department | Address | City | State | Zip |
|---|---|---|---|---|---|
| ACADIA SALES TAX | | 242 NORTH PARKERSON AVE. | CROWLEY | LA | 70526 |
| AL- CITY OF BIRMINGHAM | FINANCE DEPT, CITY HALL | 710 NORTH 20TH ST., 1ST FLOOR | BIRMINGHAM | AL | 35203 |
| AL DEPT OF REVENUE FOR CITY & COUNTY | | P.O. BOX 327790 | MONTGOMERY | AL | 36132 |
| AL- JEFFERSON COUNTY | TRAVIS A. HULSEY | P.O. BOX 830710 | BIRMINGHAM | AL | 35283 |
| ALABAMA DEPARTMENT OF REVENUE | | P.O. BOX 327950 | MONTGOMERY | AL | 36132 |
| ALABAMA DEPARTMENT OF REVENUE | | P.O. BOX 327790 | MONTGOMERY | AL | 36132 |
| ALATAX-TAX TRUST ACCT | | P.O. BOX 830725 | BIRMINGHAM | AL | 35283 |
| ALLEN PARISH SALES TAX | | 1111 W. 7TH AVE. | OBERLIN | LA | 70655 |
| ARIZONA DEPARTMENT OF REVENUE | | P.O. BOX 29010 | PHOENIX | AZ | 85038 |
| ARKANSAS DEPT. OF FINANCE | | P.O BOX 3861 | LITTLE ROCK | AR | 72203 |
| ASCENSION SALES TAX | | 1124 S. BURNSIDE, SUITE 300-A | GONZALES | LA | 70737 |
| ASSUMPTION PARISH SALES TAX | | 4895 HIGHWAY 308 | NAPOLEON | LA | 70390 |
| AVOYELLES SALES TAX | | 221 TUNICA DRIVE | WEST MARKSVILLE | LA | 71351 |
| BALDWIN COUNTY | | P.O. BOX 189 | ROBERTSDALE | AL | 36567 |
| BALDWIN COUNTY REVENUE COMMISSION | SALES TAX DEPT. | P.O. BOX 538517 | ATLANTA | GA | 30353-8517 |
| BATON ROUGE CITY | | P.O. BOX 2590 | BATON ROUGE | LA | 70821 |
| BEAUREGARD PARISH SALES TAX | | 120 S. STEWART ST. | DERIDDER | LA | 70634 |
| BIENVILLE SALES TAX | | P.O. BOX 746 | ACADIA | LA | 71001 |
| BOSSIER CITY PARISH | | P.O. BOX 71313 | BOSSIER CITY | LA | 71171 |
| CA - STATE BOARD OF EQUALIZATION | ACCOUNT INFORMATION GROUP, MIC:29 | P.O. BOX 942879 | SACRAMENTO | CA | 94279-0029 |
| CADDO SALES TAX | | 3300 DEE STREET | SHREVEPORT | LA | 71105 |
| CALCASIEU PARISH | | P.O. BOX 2050 | LAKE CHARLES | LA | 70602 |
| CALCASIEU SALES TAX | | 2439 SIXTH STREET | LAKE CHARLES | LA | 70601 |
| CALDWELL PARISH SALES TAX | | 508 JOHN DALE DR. | VIDALIA | LA | 71373 |
| CATAHOULA SALES TAX | | 508 JOHN DALE DR. | VIDALIA | LA | 71373 |
| CITY & COUNTY OF BROOMFIELD | | P.O. BOX 407 | BROOMFIELD | CO | 80038 |
| CITY OF ALABASTER | SALES TAX DEPT. | 201 1ST STREET | NORTH ALABASTER | AL | 35007 |
| CITY OF ARVADA | | 8101 RALSTON RD., P.O. BOX 8101 | ARVADA | CO | 80002-8101 |
| CITY OF AUBURN | | 144 TICHENOR AVE. STE 6 | AUBURN | AL | 36830 |
| CITY OF AURORA | TAX AND LICENSING DIVISION | P.O. BOX 33001 | AURORA | CO | 80041-3001 |
| CITY OF AVONDALE | | 11465 W. CIVIC CENTER DR. #270 | AVONDALE | AZ | 85323 |
| CITY OF BOULDER | SALES TAX DEPT. | 1777 BROADWAY STREET | BOULDER | CO | 80302 |
| CITY OF CHANDLER | | P.O. BOX 15001 | CHANDLER | AZ | 85244 |
| CITY OF COLORADO SPRINGS | | DEPARTMENT 2408 | DENVER | CO | 80256 |
| CITY OF CORTEZ | SALES TAX DEPT. | 210 E. MAIN ST. | CORTEZ | CO | 81321 |
| CITY OF DAPHNE | | P.O. DRAWER 1047 | DAPHNE | AL | 36526 |
| CITY OF DURANGO | SALES TAX DEPT. | 949 E. 2ND AVE. | DURANGO | CO | 81301 |
| CITY OF ENGLEWOOD | SALES TAX DEPT. | CIVIC CENTER, 1000 ENGLEWOOD P/ | ENGLEWOOD | CO | 80110 |
| CITY OF FOLEY | | P.O. BOX 1750 | FOLEY | AL | 36536 |
| CITY OF FORT COLLINS | | 300 SOUTH COLLEGE AVE. | FORT COLLINS | CO | 80522 |
| CITY OF GLENDALE | | 5850 W. GLENDALE AVE. | GLENDALE | AZ | 85301 |
| CITY OF GOLDEN | SALES TAX DEPT. | 911 10TH STREET | GOLDEN | CO | 80401 |

Exhibit B
Taxing Authorities

| Tax Authority | Department | Address | City | State | Zip |
|---|---|---|---|---|---|
| CITY OF GOLF SHORES | | P.O. BOX 299, 1905 W. 1ST ST. | GULF SHORES | AL | 36547 |
| CITY OF GRAND JUNCTION | | 250 NORTH 5TH ST. | GRAND JUNCTION | CO | 81501 |
| CITY OF GREELEY | SALES TAX DEPT. | 1000 10TH STREET | GREELEY | CO | 80631 |
| CITY OF HOOVER | | P.O. BOX 11407 | BIRMINGHAM | AL | 35246 |
| CITY OF HUNTSVILLE | | P.O. BOX 11407 | BIRMINGHAM | AL | 35246 |
| CITY OF LAKEWOOD | | P.O. BOX 17479 | DENVER | CO | 80217 |
| CITY OF LEEDS | | 1040 PARK DRIVE | LEED | AL | 35094 |
| CITY OF LITTLETON | | 2255 W. BERRY AVE. | LITTLETON | CO | 80291 |
| CITY OF LONE TREE | SALES TAX DEPT. | 9220 KIMMER DRIVE, STE. 100 | LONE TREE | CO | 80124 |
| CITY OF LONGMONT | SALES TAX DEPT. | CIVIC CENTER, 350 KIMBARK STREET | LONGMONT | CA | 80501 |
| CITY OF MESA | | P.O. BOX 16350 | MESA | AZ | 16350 |
| CITY OF MOBILE | | DEPT #1519, P.O. BOX 11407 | BIRMINGHAM | AL | 35246 |
| CITY OF MONTGOMERY | | P.O. BOX 830469 | BIRMINGHAM | AL | 35283 |
| CITY OF NEW ORLEANS | | P.O. BOX 61840 | NEW ORLEANS | LA | 70161 |
| CITY OF NORTHPORT | | P.O. DRAWER 569 | NORTHPORT | AL | 35476 |
| CITY OF PANAMA BEACH CITY | | 110 S. ARNOLD ROAD | PANAMA CITY BEACH | FL | 32413 |
| CITY OF PEORIA | | 8401 W. MONROE ST. | PEORIA | AZ | 85345 |
| CITY OF PRESCOTT, SALES TAX DEPT., | | 201 S. CORTEZ | PRESCOTT | AZ | 86303 |
| CITY OF PUEBLO | SALES TAX DEPT. | 130 CENTRAL MAIN ST. | PUEBLO | CO | 81003 |
| CITY OF SCOTTSDALE | | P.O. BOX 1600 | SCOTTSDALE | AZ | 85252 |
| CITY OF TEMPE | | P.O. BOX 29618 | PHOENIX | AZ | 85038 |
| CITY OF THORNTON | SALES TAX DEPT. | P.O. BOX 910222 | DENVER | CO | 80291-0222 |
| CITY OF TUCSON | | P.O. BOX 27320 | TUCSON | AZ | 85726 |
| CITY OF TUSCALOOSA | | P.O. BOX 2089 | TUSCALOOSA | AL | 35403 |
| CITY OF TUSCON, SALES TAX DEPT. | | 255 W. ALAMEDA, FIRST FLOOR, P.O | TUSCON | AZ | 85726-7210 |
| CLAIRBORNE SALES TAX | | 415 EAST MAIN ST. | HOMER | LA | 71040-0600 |
| COLORADO DEPARTMENT OF REVENUE | | 1375 SHERMAN ST. | DENVER | CO | 80261 |
| COMMISIONER OF REVENUE SERVICES | | P.O.BOX 5030 | HARTFORD | CT | 06102 |
| COMMISIONER OF REVENUE SERVICES | | P.O.BOX 5030 | HARTFORD | CT | 06102 |
| COMMONWEALTH OF KENTUCKY | | REVENUE CABINET | FRANKFORT | KY | 40620 |
| COMMONWEALTH OF KENTUCKY | | KENTUCKY STATE TREASURER | FRANKFORT | KY | 40620 |
| COMMONWEALTH OF MASSACHUSETTS | | P.O. BOX 7039 | BOSTON | MA | 02204 |
| COMPTROLLER OF MARYLAND | | P.O. BOX 17405 | BALTIMORE | MD | 21297 |
| CONCORDIA SALES TAX | | 508 JOHN DALE DR. | VIDALIA | LA | 71373 |
| COUNTY OF MOBILE | | P.O. BOX 11407 | BIRMINGHAM | AL | 35246 |
| COUNTY OF MOBILE | | P.O. BOX DRAWER 161009 | MOBILE | AL | 36616 |
| CULLMAN COUNTY | | P.O. BOX 1206 | CULLMAN | AL | 35056 |
| DEKALB COUNTRY SALES TAX OFFICE | | 111 GRAND AVENUE SW, STE. 112 | FORT PAYNE | AL | 35967 |
| DELTA CITY SALES TAX | | 360 MAIN STREET | DELTA | CO | 81416 |
| DENVER CITY & COUNTY | SALES TAX DEPT. | WELLINGTON WEBB BLDG., 201 W. C | DENVER | CO | 80202 |
| DEPARTMENT OF REVENUE AND TAXATION | | P.O. BOX 4018 | BATON ROUGE | LA | 70821 |
| DESOTO PARISH SALES TAX | | 211 CROSBY ST. | MANSFIELD | LA | 71052 |

Exhibit B
Taxing Authorities

| Tax Authority | Department | Address | City | State | Zip |
|---|---|---|---|---|---|
| DIRECTOR DE FINANZAS, SAN JUAN | | P.O. BOX 70179 | SAN JUAN | PR | 00936 |
| DIRECTOR OF REVENUE | | P.O. BOX 840 | JEFFERSON CITY | MO | 65105 |
| DISTRICT OF COLUMBIA TREASURER | | P.O. BOX 96384 | WASHINGTON | DC | 20090 |
| EAAT CARROL SALES TAX | | 508 JOHN DALE DR. | VIDALIA | LA | 71373 |
| EAST BATON ROUGE SALES TAX | | 222 ST. LOUIS ST., ROOM 404 | BATON ROUGE | LA | 70802 |
| EAST FELICIANA SALES TAX | | 12732 SILLMAN STREET | CLINTON | LA | 70722 |
| EVANGELINE SALES TAX | | 405 WEST MAGNOLIA STREET | VILLE PLATTE | LA | 70586 |
| FLORIDA DEPARTMENT OF REVENUE | | P.O. BOX 6527 | TALLAHASSEED | FL | 32314 |
| FRANKLIN SALES TAX | | 7293 PRAIRIE ROAD | WINNSBORO | LA | 71295 |
| GEORGIA DEPARTMENT OF REVENUE | | P.O. BOX 740398 | ATLANTA | GA | 30348 |
| GEORGIA DEPT. OF REVENUE | | P.O. BOX 105408 | ATLANTA | GA | 30348 |
| GILA RIVER INDINA COMMUNITY | | P.O. BOX 2160 | SACATON | AZ | 85147 |
| GRANT SALES TAX | | P.O. BOX 187 | COLFAX | LA | 71417 |
| GREENWOOD VILLAGE | SALES TAX DEPT. | 6060 S. QUEBEC ST. | GREENWOOD VILLAGE | CO | 80111-4591 |
| HAWAII STATE TAX COLLECTOR | | P.O. BOX 1425 | HONOLULU | HI | 96806 |
| IBERIA PARISH SCHOOL BOARD | | P.O. BOX 9770 | NEW IBERIA | LA | 70562 |
| IBERVILLE SALES TAX | | 58050 MERIAN ST., 2ND FL | PLAQUEMINE | LA | 70764 |
| IDAHO STATE TAX COMM. | | P.O. BOX 76 | BOISE | ID | 83707 |
| ILLINOIS DEPARTMENT OF REVENUE | | RERAILER'S OCCUPATION TAX | SPRINGFIELD | IL | 62796 |
| INDIANA DEPARTMENT OF REVENUE | | P.O. BOX 7218 | INDIANAPOLIS | IN | 46207 |
| IOWA DEPT OF REV | | POB 10412 | DES MOINES | IA | 50306 |
| JACKSON SALES TAX | | 102 FOURTH STREET | JONESBORO | LA | 71251 |
| JEFFERSON COUNTY- SALES | TRAVIS A. HULSEY | P.O. BOX 830710 | BIRMINGHAM | AL | 35283 |
| JEFFERSON DAVIS PARISH SALES TAX | | 203 E. PLAQUEMINE STREET | JENNINGS | LA | 70546 |
| JEFFERSON PARISH SALES TAX | | 1233 WESTBANK EXPRESSWAY, 4TH | HARVEY | LA | 70058 |
| KANSAS DEPARTMENT OF REVENUE | | 915 SW HARRISON STREET | TOPEKA | KS | 66625-9000 |
| LA- WEBSTER | | 1128 HOMER ROAD | MINDEN | LA | 71055 |
| LA- WEST BATON ROUGE | | 883 7TH STREET | PORT ALLEN | LA | 70767 |
| LA- WEST CARROLL | | 314 EAST MAIN | OAK GROVE | LA | 71263 |
| LA- WEST FELICIANA | | P.O. BOX 1910 | ST. FRANCISVILLE | LA | 70775-219 |
| LA- WINN PARISH | | 304 EAST COURT STREET | WINNFIELD | LA | 71483 |
| LAFAYETTE PARISH SCHOOL BOARD | | P.O. BOX 52706 | LAFAYETTE | LA | 70506 |
| LAFOURCHE SALES TAX | | 701 EAST 7TH ST. | THIBODAUX | LA | 70301 |
| LASALLE SALES TAX | | 508 JOHN DALE DR. | VIDALIA | LA | 71373 |
| LINCOLN PARISH | | P.O. BOX 863 | RUSTON | LA | 71273 |
| LIVINGSTON PARISH SALES TAX | | 13909 FLORIDA BLVF. | LIVINGSTON | LA | 70754 |
| LOUISIANA DEPT. OF REVENUE | | P.O. BOX 3138 | BATON ROUGE | LA | 70821 |
| MADISON COUNTY | | 100 NORTHSIDE SQUARE | HUNTSVILLE | AL | 35801 |
| MADISON COUNTY, SALES TAX DEPT. | | 100 NORTHSIDE SQUARE | HUNTSVILLE | AL | 35801 |
| MAINE REV | | POB 1065 | AUGUSTA | ME | 04332-1065 |
| MINNESOTA DEPT. OF REVENUE | | P.O. BOX 64622 | ST. PAUL | MN | 55164 |
| MISSISSIPPI DEPT OF REVENUE | | P.O. BOX 960 | JACKSON | MS | 39205 |

Exhibit B
Taxing Authorities

| Tax Authority | Department | Address | City | State | Zip |
|---|---|---|---|---|---|
| MISSOURI DEPT. OF REVENUE | | P.O. BOX 840 | JEFFERSON CITY | MO | 65105 |
| MONTGOMERY COUNTY COMMISION | | P.O. BOX 4779 | MONTGOMERY | AL | 36103 |
| MOREHOUSE PARISH SALES TAX | | 123 E. MADISON AVE. | BASTROP | LA | 71220 |
| MORGAN COUNTY | | P.O. BOX 1848 | DECATUR | AL | 35602 |
| MUNICIPIO AUTONOMO DE BARCELONETA | | POB 2049 | BARCELONETA | PR | 00617 |
| NATCHITOCHES PARISH SALES TAX | | 220 EAST 5TH STREET | NATCHITOCHES | LA | 71457 |
| NEBRASKA DEPARTMENT OF REVENUE | | P.O. BOX 98923 | LINCOLN | NE | 68509 |
| NEW JERSEY SALES TAX | | P.O. BOX 999 | TRENTON | NJ | 08646 |
| NORTH CAROLINA DEPT. OF REVENUE | | P.O. BOX 25000 | RALEIGH | NC | 27640 |
| NYS SALES TAX | | P.O. BOX 15168 | ALBANY | NY | 12212 |
| NYS PROMPT TAX | | CHURCH STREET STATION, P.O. BOX NY | NY | NY | 10008 |
| OFFICE OF STATE TAX COMMISSIONER | | 600 E. BOULEVARD AVE., DEPT. 127 | BISMARCK | ND | 58508 |
| OHIO DEPARTMENT OF TAXATION | | P.O. BOX 16560 | COLUMBUS | OH | 43216 |
| OKLAHOMA TAX COMMISSION | | P.O. BOX 26850 | OKLAHOMA CITY | OK | 73126 |
| PA DEPARTMENT OF REVENUE | | DEPARTMENT 280406 | HARRISBURG | PA | 17128 |
| PARISH OF JEFFERSON | | P.O. BOX 248 | GRETNA | LA | 70054 |
| PHOENIX CITY TREASURER | | P.O. BOX 29125 | PHOENIX | AZ | 85038 |
| PLAQUEMINES SALES TAX | | 8056 HIGHWAY 23, STE. 305-A | BELLE CHASSE | LA | 70037 |
| POINTE COUPEE PARISH SALES TAX | | 160 EAST MAIN STREET | NEW ROADS | LA | 70760 |
| QUACHITA PARISH SALES TAX | | 316 BREARD ST. | MONROE | LA | 71201 |
| RAPIDES PARISH SALES TAX | | 5606 COLISEUM BLVD | ALEXANDRIA | LA | 71303 |
| RED RIVER PARISH SALES TAX | | 2015 REDOAK ROAD, 2ND FL. | COUSHATTA | LA | 71019 |
| RI DIV OF TAXATION | ADMINISTRATION BLDG | DEPT #300, P.O. BOX 9706 | PROVIDENCE | RI | 02940 |
| RICHLAND PARISH SALES TAX | | 613 MADELINE | RAYVILLE | LA | 71269 |
| SABINE SALES TAX | | 670 SAN ANTONIO AVE | MANY | LA | 71449 |
| SALES TAX DEPARTMENT | | 106 NORTH MYRTLE | AMITE | LA | 70422 |
| SC DEPARTMENT OF REVENUE | | SALES OFFICE | COLUMBIA | SC | 29214 |
| SC DEPARTMENT OF REVENUE | | 301 GERVAIS STREET, P.O. BOX 125 | COLUMBIA | SC | 29201 |
| SECRETARIO DE HACIENDA | | P.O. BOX 9024140 | SAN JUAN | PR | 00902 |
| SHELBY COUNTY | | P.O. BOX 800 | COLUMIANA | AL | 35051 |
| SOUTH DAKOTA STATE TREASURER | | P.O. BOX 5055 | SIOUX FALLS | SD | 57117 |
| ST. BERNARD PARISH SALE TAX | | P.O. BOX 168 | CHALMETTE | LA | 70044 |
| ST. CHARLES PARISH SCHOOL | | 13855 RIVER ROAD | LULING | LA | 70070 |
| ST. CLAIR COUNTY SALES TAX DEPT. | | 165 5TH AVENUE, STE. 102 | ASHVILLE | AL | 35953-3520 |
| ST. HELENA PARISH SALES TAX | | 387 SITMAN STREET | GREENSBURG | LA | 70441 |
| ST. JAMES PARISH SALES TAX | | 1876 W. MAIN STREET | LUTCHER | LA | 70071 |
| ST. JOHN THE BAPTIST PARISH SALES TAX | | 1704 CHANTILLY DR., STE 101 | LAPLACE | LA | 70068 |
| ST. LANDRY PARISH SALES TAX | | 1013 CRESWELL LANE | OPELOUSAS | LA | 70570 |
| ST. MARTIN PARISH SALES TAX | | 625 CORPORATE BLVD. | BREAUX BRIDGE | LA | 70517 |
| ST. MARY PARISH SALES TAX | | 301 3RD ST. | MORGAN CITY | LA | 70380 |
| ST. TAMMANY PARISH SALES TAX | | 300 BROWNSWITCH ROAD | SLIDELL | LA | 70458 |
| STATE COMPTROLLER OF PUBLIC ACCOUNTS | | 111 E. 17TH ST. AUSTIN | AUSTIN | TX | 78774 |

Exhibit B
Taxing Authorities

| Tax Authority | Department | Address | City | State | Zip |
|---|---|---|---|---|---|
| STATE OF ARKANSAS | | P.O. BOX 3566 | LITTLE ROCK | AR | 72203 |
| STATE OF MICHIGAN | | DEPT 77003 | DETROIT | MI | 48277 |
| STATE OF NEVADA | | P.O. BOX 52609 | PHOENIX | AZ | 85072 |
| STATE OF NEW MEXICO | | P.O. BOX 25128 | SANTA FE | NM | 87504 |
| STATE OF OHIO | COMMERCIAL ACTIVITY TAX | BUSINESS TAX DIVISION, P.O. BOX 16 | COLUMBUS | OH | 43216-6158 |
| STATE TAX DEPARTMENT | | P.O. BOX 1826 | CHARLESTON | WV | 25327 |
| TENNESSEE DEPT. OF REVENUE | | 500 DEADERICK ST. | NASHVILLE | TN | 37242 |
| TENSAS SALES TAXE | | 508 JOHN DALE DR. | VIDALIA | LA | 71373 |
| TERREBONE PARISH SALES TAX | | 8026 MAIN STREET, SUITE 601 | HOUMA | LA | 70360 |
| TOWN OF CASTLE ROCK | | P.O. BOX 151660 | LAKEWOOD | CO | 80215 |
| TUSCALOOSA COUNTY TAX BOARD | | P.O. BOX 20738 | TUSCALOOSA | AL | 35402 |
| UNION PARISH SALES TAXE | | P.O. BOX 903 | RUSTON | LA | 71273 |
| UTAH STATE TAX COMMISSION | | 210 NORTH 1950 WEST | SALT LAKE CITY | UT | 84134 |
| VERMILLION PARISH SALES TAX | | 220 S. JEFFERSON | ABBEVILLE | LA | 70510 |
| VERNON PARISH SALES TAX | | 117 BELVIEW ROAD | LEESVILLE | LA | 71446 |
| VIRGINIA DEPT. OF TAXATION | | P.O. BOX 26627 | RICHMOND | VA | 23261 |
| WASHINGTON DEPARTMENT OF REVENUE | | P.O. BOX 34053 | SEATTLE | WA | 98124 |
| WASHINGTON PARISH SALES TAX | | 1002 MAIN STREET | FRANKLINTON | LA | 70438 |
| WASHINGTON STATE DEPT. | | P.O. BOX 47464 | OLYMPIA | WA | 98504 |
| WEST VIRGINIA STATE TAX | | P.O. BOX 1826 | CHARLESTON | WV | 25327 |
| WISCONSIN DEPT. OF REVENUE | | P.O.BOX 930389 | MILWAUKEE | WI | 53293 |