## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re<br><br>THE WET SEAL, INC., a Delaware<br>corporation, *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No.:  15-10081 (___)<br><br>(Jointly Administered) |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER ESTABLISHING PROCEDURES FOR THE REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY

The Wet Seal, Inc. and its subsidiaries, the debtors and debtors in possession (the "Debtors") in the above-captioned jointly administered chapter 11 cases (the "Cases"), hereby move the Court (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to sections 105(a) and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rules 6003, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9013-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), approving procedures for the rejection of executory contracts and unexpired leases throughout these Cases.  In support of the Motion, the Debtors rely on the *Declaration of Thomas R. Hillebrandt in Support of First Day Motions* (the "Hillebrandt Declaration") concurrently filed herewith.  In further support of the Motion, the Debtors respectfully represent as follows:

---

[1]  The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: The Wet Seal, Inc. (5940); The Wet Seal Retail, Inc. (6265); Wet Seal Catalog, Inc. (7604); and Wet Seal GC, LLC (2855-VA).  The Debtors' address is 26972 Burbank, Foothill Ranch, CA 92610.

## I. JURISDICTION

1.       The United States Bankruptcy Court for the District of Delaware (the "Court")
has jurisdiction over these Cases and the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the
*Amended Standing Order of Reference* from the United States District Court for the District of
Delaware dated as of February 29, 2012.  This is a core proceeding within the meaning of 28
U.S.C. § 157(b)(2).  Venue of these Cases and the Motion in this district is proper under 28
U.S.C. §§ 1408 and 1409.

2.       Pursuant to Rule 9013-1(f) of the Local Rules, the Debtors consent to the entry of
a final judgment or order with respect to the Motion if it is determined that the Court, absent
consent of the parties, cannot enter final orders or judgments consistent with Article III of the
United States Constitution.

3.       The statutory and legal predicates for the relief requested herein are sections
105(a) and 365 of the Bankruptcy Code, Bankruptcy Rules 6003, 6004, 6006 and 9014 and Local
Rule 9013-1.

## II. BACKGROUND

4.       On the date hereof (the "Petition Date"), each of the Debtors commenced a
voluntary case under chapter 11 of the Bankruptcy Code.

5.       The Debtors are authorized to continue to operate their business and manage their
property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.
To date, no trustee, examiner or statutory committee has been appointed in these Cases by the
United States Trustee.

6.       The Debtors are a national multi-channel specialty retailer selling fashion apparel
and accessory items designed for female customers aged 13 to 24 years old.  The Debtors are
currently comprised of two primary units: (a) the retail store business, which is primarily

01:16512346.1

operated by The Wet Seal Retail, Inc.; and (b) the e-commerce business, which is primarily operated by Wet Seal Catalog, Inc. Through their retail store business, until shortly before the Petition Date, the Debtors operated over 500 retail locations, principally in mall locations. Though their e-commerce business, the Debtors operate an e-commerce site at www.wetseal.com and have nearly 2.5 million followers on their Facebook page. The Debtors also sell gift cards, which business is primarily operated through Wet Seal GC, LLC.

7.     The continuing fundamental shift in consumer behavior away from traditional mall shopping toward online-only stores and increased competition throughout the specialty retail fashion industry have created a difficult operating environment for many traditional mall-based fashion retailers such as the Debtors. Indeed, over the past several weeks, at least three other specialty retailers focused on young adult girls—Deb Stores Holding LLC, dELiA*s, Inc., and Body Central Corp.—have commenced bankruptcy cases or assignments for the benefit of creditors and are in the process of conducting liquidations. In addition to this industry-wide weakness, in the Debtors' case, the Debtors' financial performance was further adversely impacted by, among other things, (i) shifts away from the "fast fashion" segment, and (ii) ventures into business extensions that were ultimately not profitable. In the third quarter of 2014 the Debtors hired a new management team, and this team began the process of shifting the Debtors' operational strategy toward a more fashionable inventory mix and smaller and more varied style assortments.

8.     There was, unfortunately, insufficient time to implement the strategic vision before the Debtors faced a liquidity crisis, resulting from extensive operating losses driven by, among other things, persistent sales weakness across the majority of the Debtors' store base and changes in credit terms by the Debtors' vendors. Further, the Debtors were required to cash

collateralize all of the letters of credit issued by the Debtors' lender, Bank of America, N.A. (the "Prepetition Lender") under that certain Amended and Restated Credit Agreement, dated as of February 3, 2011 (as subsequently amended, modified, or restated, the "Prepetition Facility").

9.     Facing the foregoing issues, the Debtors determined that it would not be possible to restructure the Debtors out of Court without significant landlord concessions.  Accordingly, the Debtors engaged in negotiations with their major landlords regarding concessions from such landlords.  However, the Debtors were not able to reach an agreement with landlords on potential lease concessions during these negotiations, and on or about January 7, 2015, the Debtors closed 338 of their stores, irrevocably and unequivocally surrendered the premises to the applicable landlords, and terminated the portion of their workforce that had been employed in connection with those stores.  The Debtors capitalized on the holiday shopping season to conduct aggressive sales of the inventory in the closed stores and closed such stores in early January 2015.

10.     The Debtors intend to reorganize their business around the e-commerce business and the remaining stores with the most potential upside.  To meet their objectives, the Debtors have entered into (i) that certain Senior Secured, Super-Priority Debtor-in-Possession Credit Agreement with B. Riley Financial, Inc. ("B. Riley") (the "DIP Term Facility"), pursuant to which the Debtors will receive a senior debtor-in-possession term loan that should provide them with sufficient runway to navigate through the reorganization process, and (ii) that certain Plan Sponsorship Agreement with B. Riley, pursuant to which B. Riley will commit to a plan of reorganization under which B. Riley will receive 80% of newly issued common stock in the reorganized Debtors in exchange for investment of $20 million.  On the effective date of the plan, B. Riley will convert the entire DIP Term Facility into equity and contribute the balance of the $20 million to the reorganized Debtors in cash.  The remaining common stock will be issued

01:16512346.1

to holders of allowed general unsecured claims whose claims are not satisfied through a convenience class cash election. The Debtors also have entered into that certain Senior Secured, Super-Priority Debtor-in-Possession Letter of Credit Agreement (the "DIP L/C Facility"; together with the DIP Term Facility, the "DIP Facilities") with Bank of America, N.A. (as L/C Issuer, the "DIP L/C Lender"), pursuant to which the Debtors will obtain letters of credit that are required postpetition in the ordinary course of their business.

11.    The detailed factual background relating to the Debtors and the commencement of these Cases is set forth in the Hillebrandt Declaration.

### III.  RELIEF REQUESTED

12.    By this Motion, the Debtors request that the Court enter an order, pursuant to Bankruptcy Code sections 105(a) and 365, Bankruptcy Rules 6003, 6004, 6006 and 9014, and Local Rule 9013-1, approving procedures for the rejection of executory contracts and unexpired leases throughout these Cases.

13.    Before the Petition Date, in the ordinary course of their business, the Debtors occupied premises across the United States in connection with the operation of approximately 511 stores, as well as their headquarters in Foothill Ranch, California. With respect to all of these locations, the Debtors do not own the real property where such stores are located, and, instead, lease the real property from numerous lessors. The Debtors currently operate 173 stores.

14.    As part of the Debtors' efforts to maximize value for their creditors, and after extensive, though ultimately unsuccessful, negotiations with certain of their landlords in an effort to obtain rent relief, the Debtors, shortly before the Petition Date, closed 338 of their stores, and terminated the portion of their workforce that had been employed in connection with those stores. The Debtors believe that the remaining open stores represent those stores at which performance has been stronger and around which, in conjunction with e-commerce, the Debtors

01:16512346.1

intend to reorganize. The Debtors have filed separate motions to reject the leases in respect of the foregoing 338 closed stores.

15.     The Debtors may determine, in the exercise of their business judgment during these Cases, to close one or more additional stores (the "Additional Closed Stores"), or that they no longer need certain executory contracts related either to such stores or their business as a whole. In that event, absent the relief requested herein, the Debtors may continue to be obligated to pay rent in respect of the leases at the Additional Closed Stores even after they have ceased operations at such stores and have no other productive uses for those premises. The Debtors have determined or will determine that the continued maintenance of the lease obligations at any Additional Closed Stores would no longer be desirable and the prompt elimination of such lease obligations would maximize the value of the Debtors' estates. Similarly, in the event the Debtors determine that they no longer need an executory contract, the elimination of such executory contract obligations would maximize the value of the Debtors' estates.

16.     In an effort to minimize the postpetition expenses associated with the leases of the Additional Closed Stores, and the costs attendant to rejecting those leases, as well as expenses associated with the contracts that the Debtors deem, in their business judgment, to be unnecessary for, or burdensome to, the Debtors' ongoing operations, the Debtors seek approval of the following procedures with respect to all executory contracts (the "Contracts") and unexpired leases (the "Leases"), including, but not limited to, in respect of Additional Closed Stores (the "Rejection Procedures"):[2]

      a.     Rejection Notice. The Debtors will file a notice (the "Rejection Notice") setting forth the proposed rejection of one or more Contracts and/or Leases and will serve the Rejection Notice via United States mail on:

---

[2]     Nothing herein shall prohibit the Debtors from filing one or more motions to reject executory contracts or unexpired leases.

(i) the counterparty to the Contract or Lease (the "Counterparty") (and its counsel, if known) under the respective Contract or Lease at the last known address available to the Debtors; (ii) with respect to real property Leases, any known third party having an interest in personal property located at the leased premises; (iii) any party known to assert a lien in any property subject to the rejected Contract or Lease; (iv) counsel to the Prepetition Lender, Riemer & Braunstein LLP, Times Square Tower, Seven Times Square, New York, New York 10036, Attn: Steven E. Fox; (v) the Office of the United States Trustee of the District of Delaware (the "U.S. Trustee"), J. Caleb Boggs Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801; and (vi) counsel to any committee appointed in these Cases (collectively, the "Rejection Notice Parties").

b.   Content of Rejection Notice. The Rejection Notice shall be substantially in the form attached as **Exhibit B** hereto.  With respect to Leases, the Rejection Notice shall set forth the following information, to the best of the Debtors' knowledge: (i) the street address of real property; (ii) the name and address of the landlord (the "Landlord"); and (iii) the date on which the Debtors will vacate (or have vacated) the premises. With respect to all other Contracts to be rejected, the Rejection Notice shall set forth the following information, to the best of the Debtors' knowledge: (i) the name and address of the Counterparty; and (ii) a brief description of the Contract to be rejected.  All Rejection Notices will be accompanied by a copy of the Order granting relief under this Motion.

c.   Objections. Should a party in interest object to the Debtors' proposed rejection of a Contract or Lease, such party must file and serve a written objection (an "Objection") so that it is filed with this Court and actually received by the following parties (the "Objection Notice Parties") no later than seven calendar days after the date the Rejection Notice is filed: (i) counsel to the Debtors, Klee, Tuchin, Bogdanoff & Stern LLP, 1999 Avenue of the Stars, 39th Floor, Los Angeles, California 90067, Attn: Lee R. Bogdanoff, Esq. and Michael L. Tuchin, Esq.; (ii) counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Michael R. Nestor, Esq.; (iii) counsel to the Prepetition Lender, Riemer & Braunstein LLP, Times Square Tower, Seven Times Square, New York, New York 10036, Attn: Steven E. Fox; (iv) the U.S. Trustee, J. Caleb Boggs Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801; and (v) counsel to any committee appointed in these Cases.  Each Objection must state with specificity the ground for objecting to the proposed Contract or Lease rejection.

d.   Effects of Failing to File an Objection to a Rejection Notice. If no Objection to a Rejection Notice is timely filed and served, the applicable Contract or Lease shall be deemed rejected on the effective date set forth in the Rejection Notice, or, if no such date is set forth, the date the

01:16512346.1

Rejection Notice is filed with this Court; provided, however, that the effective date of a rejection of a real property Lease (the "Rejection Date") shall not occur until the later of (i) the date the Debtors file and serve a Rejection Notice for the Lease or (ii) the date the Debtors relinquish control of the premises by notifying the affected Landlord in writing of the Debtors' irrevocable surrender of the premises and turn over keys, key codes, and security codes, if any, to the affected Landlord.  Upon the Rejection Date, any personal property or furniture, fixtures and equipment (the "Remaining Property") remaining on the premises shall be deemed abandoned by the Debtors and the Landlords may dispose of any Remaining Property, in their sole discretion, free and clear of all liens, claims, encumbrances and interests, and without any liability to the Debtors and without waiver of any claim the Landlords may have against the Debtors.

e.    Effects of Filing an Objection to a Rejection Notice. If a timely Objection to a Rejection Notice is filed and received in accordance with the Rejection Procedures, the Debtors shall schedule a hearing on such Objection and shall provide at least seven days' notice of such hearing to the objecting party and the Objection Notice Parties.  If this Court upholds the Debtors' determination to reject the applicable Contract or Lease, then the applicable Contract or Lease shall be deemed rejected (i) as of the Rejection Date or (ii) as otherwise determined by this Court as set forth in any order overruling such objection.

f.    Consent Orders. Any Objection may be resolved without a hearing by an order of this Court submitted on a consensual basis by the Debtors and the objecting party.

g.    Deadlines for Filing Claims. Claims arising out of the rejection of Contracts or Leases must be filed on or before the later of (i) the deadline for filing proofs of claims established by this Court in these Cases or (ii) 30 days after the Rejection Date.  If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for rejection damages and from participating in any distributions that may be made in connection with these Cases.

h.    Treatment of Security Deposits. If the Debtors have deposited funds with a Counterparty or Landlord as a security deposit or other arrangement, such Counterparty may not setoff or otherwise use such deposit without the prior authority of this Court or agreement of the Debtors.

17.    In connection with the foregoing Rejection Procedures, the Debtors also request

that they be authorized to execute and deliver all instruments and documents, and take such other

actions as may be necessary or appropriate to implement and effectuate the Rejection Procedures

as approved by the Court and that entry of the requested order be without prejudice to the

Debtors' right to seek further, other or different relief regarding the Contracts or Leases.

## IV. BASIS FOR RELIEF

**A.      Rejection of the Contracts and Leases is a Sound Exercise of the Debtors' Business Judgment**

18.      Section 365(a) of the Bankruptcy Code provides that a debtor in possession,

"subject to the court's approval, may ... reject any executory contract or unexpired lease of the

debtor." 11 U.S.C. § 365(a). *See Univ. Med. Ctr. v. Sullivan (In re Univ. Med. Ctr.)*, 973 F.2d

1065, 1075 (3d Cir. 1992). The principal purpose of section 365(a) is to allow a debtor in

possession or trustee "'to relieve the bankruptcy estate of burdensome agreements which have

not been completely performed.'" *Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*,

83 F.3d 735, 741 (5th Cir. 1996) (quoting *Phoenix Exploration, Inc. v. Yaquinto (In re Murexco*

*Petroleum, Inc.)*, 15 F.3d 60, 62 (5th Cir. 1994)). Rejection of an executory contract or

unexpired lease is appropriate where rejection of the contract or lease would benefit the estate.

*See L.R.S.C. Co. v. Rickel Home Ctrs., Inc. (In re Rickel Home Ctrs., Inc.)*, 209 F.3d. 291, 298

(3d Cir. 2000); *see also Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp.* , 872 F.2d 36, 39

(3d Cir. 1989).

19.      The decision to assume or reject an executory contract or unexpired lease is a

matter within the "business judgment" of the debtor. *See NLRB v. Bildisco & Bildisco (In re*

*Bildisco)*, 682 F.2d 72, 79 (3d Cir. 1982) ("The usual test for rejection of an executory contract is

simply whether rejection would benefit the estate, the 'business judgment' test."); *see also*

*Computer Sales Int'l, Inc. v. Fed. Mogul (In re Fed. Mogul Global, Inc.)*, 293 B.R. 124, 126 (D.

Del. 2003); *In re HQ Global Holdings, Inc.*, 290 B.R. 507, 511 (Bankr. D. Del. 2003). The

business judgment standard mandates that a court approve a debtor's business decision unless the

decision is the product of bad faith, whim or caprice. *See In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001); *see also Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (absent extraordinary circumstance, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course"). Accordingly, if a debtor's business judgment has been reasonably exercised, a court should approve the assumption or rejection of an unexpired lease or executory contract. *See Fed. Mogul*, 293 B.R. at 126.

20.     The Debtors submit that any Contract or Lease that they seek to reject pursuant to the Rejection Procedures will be a Contract or Lease that is financially burdensome and unnecessary to the Debtors' operations. Moreover, prior to rejecting any of the Contracts and Leases, the Debtors will have ensured that the Contracts and Leases do not have any marketable value beneficial to the Debtors' estates. Accordingly, the Debtors will have determined that continued performance under the Contracts and Leases constitutes an unnecessary depletion of value of the Debtors' estates and, therefore, rejection of the Contracts and Leases reflects the Debtors' exercise of sound business judgment.

21.     In addition, given the substantial number of Contracts and Leases the Debtors may seek to reject, obtaining Court approval of each rejection would impose unnecessary burdens on the Debtors and the Court and result in costs to the Debtors' estates that would correspondingly decrease the economic benefit of rejection. Accordingly, the Debtors propose to streamline the process as set forth in the Rejection Procedures, consistent with applicable law, in order to minimize potential costs to the Debtors' estates and reduce the burden on the Court's docket, while protecting Counterparties and Landlords by providing such parties notice and an opportunity to object to the proposed rejection. For the foregoing reasons, the Debtors submit

that the adoption of the Rejection Procedures is in the best interest of their estates, their creditors and all other parties in interest.

**B.    The Rejection Procedures Provide Reasonable Notice and Hearing**

22.    As a procedural matter, Bankruptcy Rule 9014 provides, in part, that "reasonable notice and opportunity for hearing shall be afforded the party against whom the relief is sought." *See* Fed. R. Bankr. P. 9014(a).[3] The notice and hearing requirements for contested matters under Bankruptcy Rule 9014 are satisfied if appropriate notice and an opportunity for hearing are given in light of the particular circumstances. *See* 11 U.S.C. § 102(1)(A) (defining "after notice and a hearing" or a similar phrase to mean such notice and an opportunity for a hearing "as [are] appropriate in the particular circumstances").

23.    The Landlords and Counterparties will not be prejudiced by the Rejection Procedures because, prior to receipt of a Rejection Notice, such counterparties will have received advance notice of the Debtors' intent to possibly reject their Lease or Contract by notice of this Motion. Additionally, upon receipt of the Rejection Notice they will receive advance notice of the effective date of the rejection. *See, e.g., In re Mid Region Petroleum, Inc.*, 111 B.R. 968, 970 (Bankr. N.D. Okla. 1990) (holding effective date of rejection of leases was the date the trustee gave notice to lessor of intent to reject); *Carlisle Homes, Inc. v. Azzari (In re Carlisle Homes, Inc.)*, 103 B.R. 524, 535 (Bankr. D.N.J. 1988) (finding debtor may reject executory contract by clearly communicating intention to reject). Additionally, in the case of unexpired leases of nonresidential real property, the Debtors intend to vacate the premises upon the date specified in the Rejection Notice, thereby allowing the Landlords to take possession of the property. *See,*

---

[3] Bankruptcy Rule 9014 is made applicable to a motion to reject by Bankruptcy Rule 6006(a), which provides that "[a] proceeding to … reject … an executory contract or unexpired lease, other than as part of a plan, is governed by Rule 9014." Fed. R. Bankr. P. 6006(a).

*e.g.*, *Adelphia Bus. Solutions, Inc. v. Abnos*, 482 F.3d 602, 608-09 (2d Cir. 2007) (holding bankruptcy court did not abuse its discretion in finding balance of equities favored making rejection of a nonresidential lease of real property retroactive to date tenant vacated premises, as tenant's action provided landlord with opportunity to relet premises); *In re New Valley Corp.*, No. 98-982, 2000 U.S. Dist. LEXIS 12663, at *44-46 (D.N.J. Aug. 31, 2000) (holding bankruptcy court properly exercised its discretion in adjusting the effective date of rejection from the date the court signed the order authorizing rejection to the date on which the debtor vacated and the landlord exercised control over the property); *In re Amber's Stores*, 193 B.R. 819, 827 (Bankr. N.D. Tex. 1996) (holding that lease at issue should be deemed rejected as of the petition date due to equities of the case where debtor turned over keys and vacated premises and served motion to reject lease as soon as possible). The Debtors submit that the proposed Rejection Procedures balance the need for an expeditious reduction of potentially burdensome costs to the Debtors' estates while providing appropriate notice of the proposed rejection to the Landlords and Counterparties.

24.     In sum, the Debtors believe that the proposed Rejection Procedures are tailored to minimize potential administrative expenses, maximize the recovery for creditors in these Cases and, with respect to the Leases, return control of the affected premises to the Landlords as quickly as possible.

**C.     Compliance With Bankruptcy Rule 6006(f)**

25.     Bankruptcy Rule 6006(f), in relevant part, requires that a motion to reject multiple executory contracts or unexpired leases:

> (1) state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion;

(2) list parties alphabetically and identify the corresponding contract or lease;

(3) specify the terms, including the curing of defaults, for each requested assumption or assignment;

(4) specify the terms, including the identity of each assignee and the adequate assurance of future performance by each assignee, for each requested assignment;

(5) be numbered consecutively with other omnibus motions to assume, assign, or reject executory contracts or unexpired leases; and

(6) be limited to no more than 100 executory contracts or unexpired leases.

The Debtors will comply with the foregoing requirements of Bankruptcy Rule 6006(f) when serving the Rejection Notices.

## V.  IMMEDIATE RELIEF IS NECESSARY

26.     Bankruptcy Rule 6003 provides that the relief requested in this Motion may be granted if the "relief is necessary to avoid immediate and irreparable harm." Fed. R. Bankr. P. 6003. The Debtors submit that in light of several contracts that the Debtors anticipate the need to reject during the first weeks of these Cases, the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtors by imposing an administrative burden on the Debtors' employees and professionals.

## VI.  WAIVER OF ANY APPLICABLE STAY

27.     The Debtors also request that the Court waive the stay imposed by Bankruptcy Rule 6004(h), which provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). As described above, the relief that the Debtors seek in this Motion is necessary for the Debtors to operate their business without

interruption and to preserve value for their estates.  Accordingly, the Debtors respectfully request that the Court waive the fourteen-day stay imposed by Bankruptcy Rule 6004(h), as the exigent nature of the relief sought herein justifies immediate relief.

## VII.  NOTICE

28.    The Debtors will provide notice of this Motion to: (i) the Office of the United States Trustee for the District of Delaware; (ii) holders of the forty (40) largest unsecured claims on a consolidated basis against the Debtors; (iii) the Prepetition Lender; and (iv) all Landlords and Counterparties known to the Debtors as of the date hereof; and (v) all parties who have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.  As this Motion is seeking "first day" relief, within two business days of the hearing on this Motion, the Debtors will serve copies of this Motion and any order entered in respect to this Motion as required by Local Rule 9013-1(m).  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## VIII.  CONCLUSION

WHEREFORE, for the reasons set forth herein and in the Hillebrandt Declaration, the

Debtors respectfully request that this Court enter an order, substantially in the form attached

hereto, granting the relief requested in the Motion and such other and further relief as is just and

proper.

Dated:  January 16, 2015

/s/ Maris J. Kandestin
Michael R. Nestor, Esq. (DE Bar No. 3526)
Maris J. Kandestin, Esq. (DE Bar No. 5294)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Tel:     (302) 571-6600
Fax:    (302) 571-1253
Email:  mnestor@ycst.com
           mkandestin@ycst.com

and

Lee R. Bogdanoff, Esq.
Michael L. Tuchin, Esq.
David M. Guess, Esq.
Jonathan M. Weiss, Esq.
KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 Avenue of the Stars, 39th Floor
Los Angeles, CA 90067
Tel:     (310) 407-4022
Fax:    (310) 407-9090
Email:  lbogdanoff@ktbslaw.com
           mtuchin@ktbslaw.com
           dguess@ktbslaw.com
           jweiss@ktbslaw.com

# Exhibit A

**Proposed Order**

153857.4

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>THE WET SEAL, INC., a Delaware<br>corporation, *et al.*[1]<br><br>          Debtors. | Chapter 11<br><br>Case No.:  15-10081 (___)<br><br>(Jointly Administered)<br><br>**Re: Docket No. ___** |

**ORDER ESTABLISHING PROCEDURES FOR THE REJECTION OF EXECUTORY**
**CONTRACTS AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY**

Upon the motion (the "Motion")[2] of The Wet Seal, Inc. and its subsidiaries, the debtors

and debtors in possession (the "Debtors") in the above-captioned jointly administered chapter 11

cases (the "Cases"), for entry of an order, pursuant to sections 105(a) and 365 of title 11 of the

United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rules 6003, 6004, 6006

and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule

9013-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy

Court for the District of Delaware (the "Local Rules"), approving procedures for the rejection of

executory contracts and unexpired leases throughout these Cases; and it appearing that the Court

has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 1334 and 157, and the *Amended*

*Standing Order of Reference* from the United States District Court for the District of Delaware

dated February 29, 2012; and it appearing that the Motion is a core matter pursuant to 28 U.S.C.

§ 157(b)(2) and that the Court may enter a final order consistent with Article III of the United

---

[1]  The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: The Wet Seal, Inc. (5940); The Wet Seal Retail, Inc. (6265); Wet Seal Catalog, Inc. (7604); and Wet Seal GC, LLC (2855-VA).  The Debtors' address is 26972 Burbank, Foothill Ranch, CA 92610.

[2]  Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

States Constitution; and it appearing that venue of these Cases and of the Motion is proper

pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and adequate notice of the

Motion has been given under the circumstances, and that no other or further notice need be

given; and it appearing that the relief requested in the Motion is in the best interests of the

Debtors' estates, their creditors and other parties in interest; and after due deliberation, and good

and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED, as set forth herein.

2. The following Rejection Procedures are hereby APPROVED:

   a. Rejection Notice. The Debtors will file a notice (the "Rejection Notice")
   setting forth the proposed rejection of one or more Contracts and/or
   Leases and will serve the Rejection Notice via overnight delivery service,
   email or fax on: (i) the counterparty to the Contract or Lease
   (the "Counterparty") (and its counsel, if known) under the respective
   Contract or Lease at the last known address available to the Debtors;
   (ii) with respect to real property Leases, any known third party having an
   interest in personal property located at the leased premises; (iii) any party
   known to assert a lien in any property subject to the rejected Contract or
   Lease; (iv) counsel to the Prepetition Lender, Riemer & Braunstein LLP,
   Times Square Tower, Seven Times Square, New York, New York 10036,
   Attn: Steven E. Fox; (v) the Office of the United States Trustee of the
   District of Delaware (the "U.S. Trustee"), J. Caleb Boggs Building, 844
   King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801; and
   (vi) counsel to any committee appointed in these Cases (collectively, the
   "Rejection Notice Parties").

   b. Content of Rejection Notice. The Rejection Notice shall be substantially in
   the form attached as **Exhibit B** hereto. With respect to Leases, the
   Rejection Notice shall set forth the following information, to the best of
   the Debtors' knowledge: (i) the street address of real property; (ii) the
   name and address of the landlord (the "Landlord"); and (iii) the date on
   which the Debtors will vacate (or have vacated) the Premises. With
   respect to all other Contracts to be rejected, the Rejection Notice shall set
   forth the following information, to the best of the Debtors' knowledge:
   (i) the name and address of the Counterparty; and (ii) a brief description of
   the Contract to be rejected. All Rejection Notices shall be accompanied
   by a copy of this Order.

01:16512346.1

c.   Objections. Should a party in interest object to the Debtors' proposed rejection of a Contract or Lease, such party must file and serve a written objection (an "Objection") so that it is filed with this Court and actually received by the following parties (the "Objection Notice Parties") no later than seven calendar days after the date the Rejection Notice is filed: (i) counsel to the Debtors, Klee, Tuchin, Bogdanoff & Stern LLP, 1999 Avenue of the Stars, 39th Floor, Los Angeles, California 90067, Attn: Lee R. Bogdanoff, Esq. and Michael L. Tuchin, Esq.; (ii) counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Michael R. Nestor, Esq.; (iii) counsel to the Prepetition Lender, Riemer & Braunstein LLP, Times Square Tower, Seven Times Square, New York, New York 10036, Attn: Steven E. Fox; (iv) the U.S. Trustee, J. Caleb Boggs Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801; and (v) counsel to any committee appointed in these Cases. Each Objection must state with specificity the ground for objecting to the proposed Contract or Lease rejection.

d.   Effects of Failing to File an Objection to a Rejection Notice. If no Objection to a Rejection Notice is timely filed and served, the applicable Contract or Lease shall be deemed rejected on the effective date set forth in the Rejection Notice, or, if no such date is set forth, the date the Rejection Notice is filed with this Court; provided, however, that the effective date of a rejection of a real property Lease (the "Rejection Date") shall not occur until the later of (i) the date the Debtors file and serve a Rejection Notice for the Lease or (ii) the date the Debtors relinquish control of the premises by notifying the affected Landlord in writing of the Debtors' irrevocable surrender of the premises and turn over keys, key codes, and security codes, if any, to the affected Landlord. Upon the Rejection Date, any personal property or furniture, fixtures and equipment (the "Remaining Property") remaining on the premises shall be deemed abandoned by the Debtors and the Landlords may dispose of any Remaining Property, in their sole discretion, free and clear of all liens, claims, encumbrances and interests, and without any liability to the Debtors and without waiver of any claim the Landlords may have against the Debtors.

e.   Effects of Filing an Objection to a Rejection Notice. If a timely Objection to a Rejection Notice is filed and received in accordance with the Rejection Procedures, the Debtors shall schedule a hearing on such Objection and shall provide at least seven days' notice of such hearing to the objecting party and the Objection Notice Parties. If this Court upholds the Debtors' determination to reject the applicable Contract or Lease, then the applicable Contract or Lease shall be deemed rejected (i) as of the Rejection Date or (ii) as otherwise determined by this Court as set forth in any order overruling such objection.

      f.     Consent Orders. Any Objection may be resolved without a hearing by an order of this Court submitted on a consensual basis by the Debtors and the objecting party.

      g.     Deadlines for Filing Claims. Claims arising out of the rejection of Contracts or Leases must be filed on or before the later of (i) the deadline for filing proofs of claims established by this Court in these Cases or (ii) 30 days after the Rejection Date. If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for rejection damages and from participating in any distributions that may be made in connection with these Cases.

      h.     Treatment of Security Deposits. If the Debtors have deposited funds with a Counterparty or Landlord as a security deposit or other arrangement, such Counterparty may not setoff or otherwise use such deposit without the prior authority of this Court or agreement of the Debtors.

3.     The form of Rejection Notice attached to the Motion as **Exhibit B** is hereby APPROVED.

4.     The Debtors are authorized to send the Rejection Notices to the Counterparties of the Contracts and Leases.

5.     Nothing in the Motion or this Order shall prohibit the Debtors from filing one or more motions to reject executory contracts or unexpired leases.

6.     The Debtors reserve all rights to contest any rejection claims and/or the characterization of any lease as an unexpired lease.

7.     The Debtors do not waive any claims they may have against Landlords and Counterparties, regardless of whether such claims relate to the Contracts and Leases.

8.     Nothing herein shall be construed as a concession or evidence that a Contract or Lease has expired, been terminated or is otherwise not currently in full force and effect. The Debtors' rights with respect thereto are reserved, including their right to seek a later determination of such matters and to dispute the validity, status, characterization or enforceability of such Contract or Lease or any claims related thereto.

01:16512346.1

9.    Notwithstanding the relief granted herein and any actions taken pursuant hereto, nothing herein is intended or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an admission that any particular claim is of a type specified or defined hereunder; (e) a request or authorization to assume any executory contract or unexpired lease; or (f) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law, pursuant to section 365 of the Bankruptcy Code.

10.    The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

11.    Bankruptcy Rule 6003(b) has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors.

12.    Notwithstanding any provision in the Bankruptcy Rules to the contrary: (a) this Order shall be effective immediately and enforceable upon its entry; (b) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this order; and (c) the Debtors are authorized and empowered, and may in their discretion and without further delay, take any action necessary or appropriate to implement this Order.

13.    Notwithstanding the relief granted herein and any actions taken pursuant hereto, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of, any claim held by any person or entity.

15.    The Court retains jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: Wilmington, Delaware
_____, 2015

_____

UNITED STATES BANKRUPTCY JUDGE

# Exhibit B

**Rejection Notice**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>THE WET SEAL, INC., a Delaware corporation, *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No.:  15-10081 (___)<br><br>(Jointly Administered) |

**NOTICE OF REJECTION OF**
**EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

      **PLEASE TAKE NOTICE** that on [_____], 2015, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order (the "Procedures Order") in the above-referenced chapter 11 cases of The Wet Seal, Inc., and its affiliated debtors (collectively, the "Debtors"), establishing, among other things, procedures (the "Rejection Procedures") for the rejection of executory contracts (each a "Contract" and collectively the "Contracts") and unexpired leases (each a "Lease" and collectively the "Leases").

      **PLEASE TAKE FURTHER NOTICE** that pursuant to the terms of the Procedures Order, the Debtors hereby provide notice of their intent to reject the below-referenced Contracts and Leases. Pursuant to the terms of the Procedures Order, unless a written objection is filed and served in accordance with the terms of the Procedures Order, the following Contracts and Leases will be rejected pursuant to 11 U.S.C. § 365(a), effective as of the later of (a) the date of this Notice, unless otherwise agreed, in writing, by the Debtors and the counterparty to the applicable Contract or Lease, (b) the date of the irrevocable surrender of the leased property to the affected lessor (where applicable) or (c) the Effective Date of Rejection if one is set forth below in this Notice (the "Rejection Date"):

**EXECUTORY CONTRACTS**

| Title/Description of Contract | Remaining Contract Term | Counterparty Name and Address | Effective Date of Rejection |
|---|---|---|---|
| | | | |

---

[1]   The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: The Wet Seal, Inc. (5940); The Wet Seal Retail, Inc. (6265); Wet Seal Catalog, Inc. (7604); and Wet Seal GC, LLC (2855-VA).  The Debtors' address is 26972 Burbank, Foothill Ranch, CA 92610.

## UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASES

| Address of Subject Property | Remaining Lease Term | Landlord Name and Address | Effective Date of Rejection |
|---|---|---|---|
| | | | |

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to this Notice must be filed and served so that such objection is filed with the Bankruptcy Court and actually received by the following parties no later than five days after the date of this Notice: (a) counsel to the Debtors, Klee, Tuchin, Bogdanoff & Stern LLP, 1999 Avenue of the Stars, Los Angeles, California 90067, Attn: Lee R. Bogdanoff, Esq. and Michael L. Tuchin, Esq.; (b) counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Michael R. Nestor, Esq.; (c) counsel to the Prepetition Lender, Riemer & Braunstein LLP, Times Square Tower, Seven Times Square, New York, New York 10036, Attn: Steven E. Fox; (d) the U.S. Trustee, J. Caleb Boggs Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801; and (e) counsel to any committee appointed in these Cases (collectively, the "Objection Notice Parties").

**PLEASE TAKE FURTHER NOTICE** that if an objection to this Notice is timely filed and served, the Debtors shall seek a hearing on such objection and shall provide at least seven days' notice of such hearing to the objecting party and the Objection Notice Parties. If the Court upholds the Debtors' determination to reject the applicable Contract or Lease, then the applicable Contract or Lease shall be deemed rejected (a) as of the Rejection Date or (b) as otherwise determined by the Court as set forth in any order overruling such objection.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Procedures Order, if the Debtors have deposited monies with the Contract or Lease counterparty as a security deposit or otherwise, the Contract or Lease counterparty may not setoff or otherwise use such deposit without the prior authorization of the Bankruptcy Court.

01:16512346.1

153857.4                                                2

**PLEASE TAKE FURTHER NOTICE** that pursuant to the terms of the Procedures Order, for any claim that you may assert against the Debtors as a result of the rejection of any Contract or Lease, you must submit a proof of claim for damages arising from such rejection, on or before the later of (a) the deadline for filing proofs of claim established by the Court in the Debtors' cases, or (b) 30 days after the Rejection Date. If you do not timely file such proof of claim, you may be forever barred from asserting a claim for rejection damages arising from the rejection of the above-referenced Contract or Lease or from participating in any distributions that may be made in connection with these chapter 11 cases.

Dated:  [＿＿＿＿＿＿], 2015

Michael R. Nestor, Esq. (DE Bar No. 3526)
Maris J. Kandestin, Esq. (DE Bar No. 5294)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Tel:    (302) 571-6600
Fax:    (302) 571-1253
Email:  mnestor@ycst.com
          mkandestin@ycst.com

and

Lee R. Bogdanoff, Esq.
Michael L. Tuchin, Esq.
David M. Guess, Esq.
Jonathan M. Weiss, Esq.
KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 Avenue of the Stars, 39th Floor
Los Angeles, CA 90067
Tel:    (310) 407-4022
Fax:    (310) 407-9090
Email:  lbogdanoff@ktbslaw.com
          mtuchin@ktbslaw.com
          dguess@ktbslaw.com
          jweiss@ktbslaw.com

01:16512346.1