# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re<br><br>THE WET SEAL, INC., a Delaware corporation *et al*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No.:  15-10081 (___)<br><br>(Joint Administration Requested) |

## DEBTORS' APPLICATION PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE, RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND LOCAL RULE 2014-1 FOR ENTRY OF AN ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF KLEE, TUCHIN, BOGDANOFF & STERN LLP AS COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE

The above-captioned debtors and debtors in possession (the "Debtors") hereby apply to the Court (the "Application") for entry of an order pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the employment and retention of Klee, Tuchin, Bogdanoff & Stern LLP ("KTB&S" or the "Firm") as counsel for the Debtors *nunc pro tunc* to the Petition Date (as defined below).  In support of the Application, the Debtors rely on (i) the *Statement Under Rule 2016 of the Federal Rules of Bankruptcy Procedure*, attached hereto as Exhibit A, (ii) the *Declaration of Michael L. Tuchin in Support of Debtors' Application for Entry of an Order Authorizing Employment and Retention of Klee, Tuchin, Bogdanoff & Stern LLP as Counsel to*

---

[1]    The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: The Wet Seal, Inc. (5940); The Wet Seal Retail, Inc. (6265), Wet Seal Catalog, Inc. (7604), and Wet Seal GC, LLC (2855-VA).  The Debtors' address is 26972 Burbank, Foothill Ranch, CA 92610.

*the Debtors Nunc Pro Tunc to the Petition Date* (the "Tuchin Declaration"), attached hereto as

Exhibit B, and (iii) the *Declaration of Thomas R. Hillebrandt in Support of Debtors' Application*

*for Entry of an Order Authorizing Employment and Retention of Klee, Tuchin, Bogdanoff &*

*Stern LLP as Counsel to the Debtors Nunc Pro Tunc to the Petition Date*, attached hereto as

Exhibit C (the "Hillebrandt Declaration").  In further support of the Application, the Debtors

respectfully represent as follows:

## I. JURISDICTION

1.      The United States Bankruptcy Court for the District of Delaware (the "Court")

has jurisdiction over these Cases and the Application pursuant to 28 U.S.C. §§ 157 and 1334, and

the *Amended Standing Order of Reference* from the United States District Court for the District

of Delaware, dated as of February 29, 2012.  This is a core proceeding within the meaning of 28

U.S.C. § 157(b)(2).  Venue of these Cases and the Application in this district is proper under 28

U.S.C. §§ 1408 and 1409.

2.      Pursuant to Rule 9013-1(f) of the Local Rules, the Debtors consent to the entry of

a final judgment or order with respect to the Application if it is determined that the Court, absent

consent of the parties, cannot enter final orders or judgments consistent with Article III of the

United States Constitution.

3.      The statutory and legal predicates for the relief requested herein are Bankruptcy

Code section 327(a), Bankruptcy Rule 2014 and Local Rule 2014-1.  Compensation will be in

accordance with sections 330 and 331 of the Bankruptcy Code.

## II. BACKGROUND

4.      On the date hereof (the "Petition Date"), each of the Debtors commenced a

voluntary case under chapter 11 of the Bankruptcy Code.  Concurrently herewith, the Debtors

have filed a motion with this Court requesting joint administration of the Debtors' chapter 11 cases (the "Cases") for procedural purposes only.

5.      The Debtors are authorized to continue to operate their business and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for a trustee or an examiner in these Cases and no statutory committee has yet been appointed in these Cases by the Office of the United States Trustee for the District of Delaware (the "United States Trustee").

6.      The detailed factual background relating to the Debtors and the commencement of these Cases is set forth in the *Declaration of Thomas R. Hillebrandt in Support of First Day Motions* (the "First Day Declaration"), which is being concurrently submitted herewith and is fully incorporated herein by reference.

## III.  RELIEF REQUESTED

7.      By this Application, the Debtors seek to employ and retain KTB&S as their bankruptcy counsel with regard to the filing and prosecution of these Cases and all related proceedings.  Accordingly, the Debtors respectfully request entry of an order pursuant to Bankruptcy Code section 327(a), Bankruptcy Rule 2014, and Local Rule 2014-1, authorizing them to employ and retain KTB&S as their counsel, effective *nunc pro tunc* to the Petition Date, to perform the legal services that will be necessary during the Cases pursuant to the terms set forth in the Application and the Tuchin Declaration.

## IV.  BASIS FOR RELIEF

### A.    KTB&S's Qualifications

8.      The Debtors seek to retain KTB&S because the Debtors believe that KTB&S is qualified to represent the Debtors in these Cases in a cost-effective, efficient, and timely manner. The Debtors selected KTB&S as their counsel because of the Firm's extensive experience and

01:16513582.1

knowledge of the chapter 11 bankruptcy process.  KTB&S is composed of attorneys who limit

their practice to the areas of insolvency, reorganization, bankruptcy, general commercial

litigation, general corporate law, financing, and acquisitions.  Additional information regarding

KTB&S's qualifications is more fully set forth in the Tuchin Declaration.

9.      KTB&S was initially retained by The Wet Seal, Inc. ("WSI"), one of the Debtors,

pursuant to an engagement agreement dated as of October 6, 2014 (the "Initial Engagement

Agreement"), to assist WSI with its efforts to respond to its financial circumstances, including,

among other things, with a restructuring of its financial affairs and capital structure.  The Initial

Engagement Agreement was thereafter amended prior to the Petition Date, pursuant to an

amended engagement agreement dated as of January 14, 2015 (the "Amended Engagement

Agreement" and, together with the Initial Engagement Agreement, the "Engagement

Agreement"), to expand the scope of KTB&S's services to WSI and the other Debtors in

connection with the filing of the Cases and the other services to be provided as set forth in this

Application.  KTB&S has worked closely with the Debtors in connection with its restructuring

efforts.  In doing so, KTB&S has become familiar with the Debtors' capital structure, the terms

of the Debtors' debt, the operation of the Debtors' businesses, and many of the potential legal

issues that might arise in the context of these Cases, and has provided advice and assisted WSI in

all aspects of its restructuring efforts, including drafting the various first-day motions and other

documents and pleadings necessary for the successful prosecution of the Cases and negotiating

debtor-in-possession financing.

**B.      Services to be Provided by KTB&S**

10.     The professional services that KTB&S will render include, without limitation, the

following:

(a)     advising the Debtors with respect to their rights, duties, and powers in these Cases as debtors and debtors-in-possession in the continued management and operation of their businesses and properties;

(b)     attending meetings and negotiating with representatives of creditors and other parties-in-interest and advising and consulting on the conduct of these Cases, including all of the legal and administrative requirements of operating in chapter 11;

(c)     advising and assisting the Debtors with respect to actions to protect, preserve and enhance the Debtors' estates, including the prosecution of actions on their behalf, the defense of actions commenced against their estates, negotiations concerning litigation in which the Debtors may be involved, and objections to claims filed against their estates;

(d)     preparing, on behalf of the Debtors, motions, applications, answers, orders, reports and papers necessary to the administration of their estates;

(e)     negotiating and preparing, on the Debtors' behalf, plan(s) of reorganization, disclosure statement(s), and all related agreements and/or documents, and taking appropriate action on behalf of the Debtors to obtain confirmation of such plan(s);

(f)     advising the Debtors in connection with the sale of any assets;

(g)     appearing before this Court, any appellate courts on matters originating before this Court, and the United States Trustee; and

(h)     performing other necessary and appropriate legal services, within the scope of KTB&S's practice, for the Debtors in connection with their Cases.

11.     The Debtors believe that it is necessary and appropriate for them to retain KTB&S to render the foregoing professional services.  KTB&S has indicated a willingness to act on behalf of the Debtors.

12.     The Debtors have informed KTB&S, and KTB&S understands, that the Debtors are planning to file retention applications for other professionals in this case.  In particular, the Debtors have informed KTB&S that the Debtors have retained Houlihan Lokey Capital, Inc. as investment bankers, FTI Consulting, Inc. as financial advisors, Paul Hastings LLP as general corporate counsel, and Young Conaway Stargatt & Taylor, LLP as co-counsel to the Debtors in

these Cases. KTB&S has informed the Debtors that it will take appropriate steps and coordinate with each of the Debtors' other professionals to avoid unnecessary duplication of efforts.

**C.    Payment of Fees and Expenses**

13.    The Debtors request that all fees and related costs and expenses incurred by the Debtors on account of services rendered by KTB&S in these cases be paid as administrative expenses of the Debtors' estates pursuant to Bankruptcy Code sections 330 and 331. Subject to this Court's approval, and compliance with Bankruptcy Code sections 330 and 331, KTB&S will charge for its legal services based on its hourly rates in effect on the date such services are rendered. KTB&S's hourly rates for 2015 are as follows:

| | |
|---|---|
| Partners & Of-Counsel | $650-$1,300 |
| Associates | $395-$495 |
| Paralegal | $290 |

14.    The principal attorneys and paralegal presently designated to represent the Debtors, and their current hourly rates, are:

| | |
|---|---|
| Michael L. Tuchin | $1,080 |
| Lee R. Bogdanoff | $1,080 |
| David A. Fidler | $850 |
| David M. Guess | $695 |
| Maria Sountas-Argiropolous | $675 |
| Vijay S. Sekhon | $675 |
| Jonathan M. Weiss | $475 |
| Sasha M. Gurvitz | $395 |
| Shanda D. Pearson | $290 |

15.    The Debtors have been advised that the hourly rates set forth above are subject to

annual increases, in the normal course of KTB&S's business.  KTB&S will provide notice of any

such rate increases to the Debtors, the United States Trustee, and the Court.

16.    In connection with KTB&S's initial retention and in accordance with the Initial

Engagement Agreement, on October 10, 2014, WSI paid a retainer amount of $30,000 (as

supplemented, the "Retainer") for professional services rendered or to be rendered and expenses

incurred or to be incurred by KTB&S on behalf of WSI.  The Retainer was supplemented with an

additional $70,000 on November 11, 2014, $200,000 on November 25, 2014, $100,000 on

January 6, 2015, and $175,000 on January 12, 2015.  Prior to the Petition Date, the Retainer was

applied, in its entirety, to amounts owed to KTB&S for prepetition fees and expenses.  In

addition, KTB&S received certain payments from WSI for services performed prior to the

Petition Date, as more fully set forth in KTB&S's statement pursuant to Bankruptcy Rule 2016,

which is attached hereto as **Exhibit A**.

17.    It is KTB&S's practice to charge its clients for expenses incurred in connection

with their cases.  The expenses charged to clients include, among other things, charges for

messenger services, air couriers, photocopying, court fees, travel expenses, postage for large

mailings, long-distance telephone, computerized legal research facilities, investigative searches,

and other charges customarily invoiced by law firms in addition to fees for legal services.  Third-

party expenses incurred by KTB&S are charged at their actual cost to KTB&S without

surcharge.  KTB&S does not charge its clients for word processing or secretarial overtime.

18.    The Debtors understand that KTB&S will apply to the Court for interim and final

allowance of compensation for professional services rendered and reimbursement of expenses

incurred in these cases in accordance with the applicable provisions of the Bankruptcy Code, the

Bankruptcy Rules, the Local Rules, and any orders entered in these cases governing professional compensation and reimbursement for services rendered and charges and disbursements incurred. The Debtors understand that KTB&S will seek compensation for the services of each attorney and paraprofessional acting on behalf of the Debtors in these cases at the then-current hourly rates charged for such services as referenced above.

19.    The Debtors, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and further orders of this Court, propose to pay KTB&S its hourly rates for services rendered that are in effect from time to time, as set forth above and in the Tuchin Declaration, and to reimburse KTB&S according to its reimbursement policies, and submit that such rates are reasonable.

20.    Other than as set forth above and in the Tuchin Declaration, no arrangement is proposed between the Debtors and KTB&S for compensation to be paid in these cases.  In addition, KTB&S has not shared or agreed to share any of its compensation from the Debtors with any other person, other than as permitted by section 504 of the Bankruptcy Code.

**D.    Disinterestedness of KTB&S Professionals**

21.    To the best of the Debtors' knowledge, information and belief, and except as otherwise set forth herein and in the accompanying Tuchin Declaration, the attorneys comprising or employed by KTB&S have not represented and do not have any connection with any of the Debtors, their affiliates, their creditors, or any other party in interest, or their respective attorneys and accountants, the United States Trustee or any person employed in the office of the same, or any judge in the Bankruptcy Court for the District of Delaware, or any person employed in the offices of the same.

22.    As set forth in the Tuchin Declaration, KTB&S has in the past represented, currently represents, and likely in the future will represent certain parties in interest in these

cases in matters unrelated to the Debtors, the Cases, or such entities' claims against or interests in the Debtors. KTB&S is free to be adverse to such parties in connection with the Debtors' Cases.

23.    The Debtors understand that except as otherwise set forth in the Tuchin Declaration:

(a)    Neither KTB&S nor any attorney at the Firm holds or represents an interest adverse to the Debtors' estates.

(b)    Neither KTB&S nor any attorney at the Firm is or was a creditor, an equity security holder, or an insider of the Debtors.

(c)    Neither KTB&S nor any attorney at the Firm is or ever was a director, officer, or employee of the Debtors.

(d)    KTB&S does not have an interest materially adverse to the interest of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtors, or for any other reason.

24.    In view of the foregoing, the Debtors believe that KTB&S is a "disinterested person" within the meaning of Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b), and does not hold or represent any interest adverse to the Debtors' estates.

25.    KTB&S has informed the Debtors that KTB&S will continue to conduct periodic conflicts analyses to determine whether it is performing or has performed services for any significant parties in interest in this case and that KTB&S will promptly update the Tuchin Declaration to disclose any pertinent relationships that come to KTB&S's attention.

## V. NOTICE

26.    Notice of this Application will be provided to the following parties, or their counsel, if known: (i) the Office of the United States Trustee for the District of Delaware; (ii) holders of the forty (40) largest unsecured claims on a consolidated basis against the Debtors; (iii) the Prepetition Lender; and (iv) all parties who have filed a notice of appearance and request

for service of papers pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief

requested herein, the Debtors submit that no other or further notice is necessary.

## VI.  CONCLUSION

WHEREFORE, for the reasons set forth herein, in the Tuchin Declaration, the

Hillebrandt Declaration, and in the First Day Declaration, the Debtors respectfully request that

this Court enter an order, substantially in the form attached hereto, (i) authorizing the

employment and retention of KTB&S *nunc pro tunc* to the Petition Date, on the terms described

above and (ii) granting such other and further relief as is just and proper.


Dated:  January 15, 2015                          Respectfully submitted,

                                                  The Wet Seal, Inc., *et al.*, Debtors and Debtors
                                                  in Possession

                                                  Thomas R. Hillebrandt
                                                  Interim Chief Financial Officer

# EXHIBIT A

## STATEMENT UNDER BANKRUPTCY RULE 2016

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re | Chapter 11 |
| THE WET SEAL, INC., a Delaware corporation *et al*,[2] | Case No.: 15-10081 (___) |
| Debtors. | (Joint Administration Requested) |

## STATEMENT UNDER RULE 2016 OF THE
## FEDERAL RULES OF BANKRUPTCY PROCEDURES

Klee, Tuchin, Bogdanoff & Stern LLP ("KTB&S"), pursuant to Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court of the District of Delaware (the "Local Rules"), and section 329 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), states that the undersigned is proposed counsel to the above-captioned debtors and debtors in possession (the "Debtors") in these cases. KTB&S further states:[3]

27.     The Debtors have agreed to pay KTB&S for the legal services that have been or will be rendered by its various professionals in connection with these cases on the Debtors' behalf. The Debtors have also agreed to reimburse KTB&S for its actual and necessary expenses incurred in connection with these cases.

---

[2]   The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: The Wet Seal, Inc. (5940); The Wet Seal Retail, Inc. (6265), Wet Seal Catalog, Inc. (7604), and Wet Seal GC, LLC (2855-VA).  The Debtors' address is 26972 Burbank, Foothill Ranch, CA 92610.

[3]   Capitalized terms, unless otherwise defined herein, shall have the meanings ascribed to them in the *Debtors' Application Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2016-1 for Entry of an Order Authorizing Employment and Retention of Klee, Tuchin, Bogdanoff & Stern LLP as Counsel for The Debtors and Debtors in Possession Nunc Pro Tunc to the Petition Date.*

28.     KTB&S was initially retained by The Wet Seal, Inc. ("WSI"), one of the Debtors,

pursuant to an engagement agreement dated as of October 6, 2014 (the "Initial Engagement

Agreement").  The Initial Engagement Agreement was thereafter amended prior to the Petition

Date, pursuant to an amended engagement agreement dated as of January 14, 2015 (the

"Amended Engagement Agreement" and, together with the Initial Engagement Agreement, the

"Engagement Agreement"), to expand the scope of KTB&S's services to WSI and the other

Debtors.  In accordance with the Initial Engagement Agreement, on October 10, 2014 WSI paid

a retainer amount of $30,000 (as supplemented, the "Retainer"), in connection with the planning

and preparation of WSI's restructuring of its financial affairs and capital structure.  The Retainer

was supplemented with an additional $70,000 on November 11, 2014, $200,000 on November

25, 2014, $100,000 on January 6, 2015, and $175,000 on January 12, 2015.  Prior to the Petition

Date, the Retainer was applied, in its entirety, to amounts owed to KTB&S for prepetition fees

and expenses.  Additionally, KTB&S has received or applied the following payments from the

Debtors for services rendered prior to the Petition Date and on account of anticipated filing fees

for these Cases:

| Invoice Date | Billing Period | Date of Payment | Form of Payment | Payment Amount |
|---|---|---|---|---|
| 10/28/2014 | 9/28/2014 – 10/28/2014 | 11/17/2014 | Check | $19,402.50 |
| 12/1/2014 | 10/28/2014 – 11/30/2014 | 12/29/2014 | Check | $57,145.74 |

29.     As of the Petition Date, there are no unpaid or outstanding KTB&S fees or

expenses with respect to services provided to the Debtors.

30.     Within the year prior to the Petition Date, KTB&S has received no other payments from the Debtors on account of services rendered or to be rendered in contemplation of or in connection with these Cases.

31.     KTB&S will seek approval for payment of compensation by filing the appropriate applications for allowance of interim or final compensation pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of the United States Bankruptcy Court for the District of Delaware, and orders of this Court.

32.     The services to be rendered include all those services set forth in the *Debtors' Application Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Entry of an Order Authorizing Employment and Retention of Klee, Tuchin, Bogdanoff & Stern LLP as Counsel for The Debtors and Debtors in Possession Nunc Pro Tunc to the Petition Date*, submitted concurrently herewith.

33.     KTB&S further states that it has neither shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, of counsel, and associates of KTB&S, or (b) any compensation another person or party has received or may have received.

Dated:  January 15, 2015

/s/   Lee R. Bogdanoff

Lee R. Bogdanoff, Esq.
Michael L. Tuchin, Esq.
David M. Guess, Esq.
Jonathan M. Weiss, Esq.
KLEE, TUCHIN, BOGDANOFF & STERN  LLP
1999 Avenue of the Stars, 39th Floor
Los Angeles, CA 90067
Tel:     (310) 407-4022
Fax:     (310) 407-9090
Email: lbogdanoff@ktbslaw.com
         mtuchin@ktbslaw.com
         dguess@ktbslaw.com
         jweiss@ktbslaw.com

**<u>EXHIBIT B</u>**

**DECLARATION OF MICHAEL L. TUCHIN**

154026.5

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re<br><br>THE WET SEAL, INC., a Delaware<br>corporation *et al*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No.: 15-_____ (___)<br><br>(Joint Administration Requested) |

**DECLARATION OF MICHAEL L. TUCHIN IN SUPPORT OF
DEBTORS' APPLICATION PURSUANT TO SECTION 327(A) OF
THE BANKRUPTCY CODE, RULE 2014 OF THE FEDERAL RULES OF
BANKRUPTCY PROCEDURE AND LOCAL RULE 2014-1 FOR ENTRY OF
AN ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF KLEE,
TUCHIN, BOGDANOFF & STERN LLP AS COUNSEL FOR THE DEBTORS
AND DEBTORS IN POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE**

I, MICHAEL L. TUCHIN, ESQUIRE, declare that the following is true to the best of my knowledge, information, and belief:

1.      I am a founding partner in the law firm of Klee, Tuchin, Bogdanoff & Stern LLP ("KTB&S" or the "Firm"), located at 1999 Avenue of the Stars, 39th Floor, Los Angeles, California 90067.  I am admitted, practicing, and a member in good standing of the bar of the State of California.  My application for admission to practice *pro hac vice* before this Court in connection with these Chapter 11 Cases has been filed or will be filed concurrently herewith.

2.      I submit this declaration in support of the *Debtors' Application Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Entry of an Order Authorizing Employment and Retention of Klee, Tuchin, Bogdanoff & Stern LLP as Counsel for The Debtors and Debtors in Possession Nunc*

---

[1]    The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: The Wet Seal, Inc. (5940); The Wet Seal Retail, Inc. (6265), Wet Seal Catalog, Inc. (7604), and Wet Seal GC, LLC (2855-VA).  The Debtors' address is 26972 Burbank, Foothill Ranch, CA 92610.

*Pro Tunc to the Petition Date* (the "Application"),[2] filed concurrently herewith by the above-captioned Debtors (the "Debtors").  Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein and, if called as a witness, would testify competently thereto.[3]  To the extent that any information disclosed herein requires amendment or modification upon KTB&S's completion of further analysis or as additional information becomes available to KTB&S, a supplemental declaration will be submitted to this Court.

3.      I am informed and believe that Debtors selected KTB&S as its counsel because of the Firm's extensive experience and knowledge of the chapter 11 bankruptcy process.  KTB&S is composed of attorneys who limit their practice to the areas of insolvency, reorganization, bankruptcy, general commercial litigation, general corporate law, financing, and acquisitions.  I believe KTB&S is well-qualified to represent the Debtors and to address both effectively and efficiently the legal issues in these chapter 11 Cases.

## DISINTERESTEDNESS OF PROFESSIONALS

4.      In connection with this proposed retention, KTB&S conducted a search with respect to its connections to certain categories of entities or individuals (the "Identified Parties"), as identified by the Debtors or as ascertained from a review of available documents, which include: (i) the Debtors; (ii) the Debtors' officers and directors; (iii) the Debtors' factors; (iv) the Debtors' secured creditors; (v) banks at which the Debtors maintain accounts; (vi) professionals representing the Debtors; (vii) professionals representing other key parties in interest; (viii) certain parties to significant contracts and/or real and personal property leases with the Debtors; (ix) the Debtors' significant vendors; (x) employees of the Office of the United States Trustee for

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to those terms in the Application.

[3] Certain of the disclosures herein relate to matters within the knowledge of other attorneys at KTB&S and are based on information provided by them and by KTB&S's administrative staff.

the District of Delaware; (xi) federal and state taxing authorities; and (xii) the Debtors' utility providers. A list of the Identified Parties is attached hereto as Schedule 1.[4]

5.      KTB&S utilized two procedures to determine its relationships, if any, to the Identified Parties. First, KTB&S used computer software to search the "case conflict memoranda" that it has prepared and maintained over the years in order to identify potential relationships. This search identified potentially relevant case conflict memoranda, which were thereafter reviewed by KTB&S attorneys. Second, KTB&S also circulated the list of Identified Parties by electronic mail to all attorneys with the firm, with a request that each attorney review the list and advise as to any relationships that may have escaped scrutiny utilizing the software-based search on which the Firm principally relies.

6.      KTB&S's search with respect to the Identified Parties has revealed that the Firm's connections with the Identified Parties, currently and in the past, are as follows:[5]

---

[4] KTB&S will continue to review its records with respect to other significant parties in interest and shall promptly notify this Court by a supplemental declaration if any such connection is discovered.

[5] The identification and classification herein of various entities or individuals as falling within certain categories is not intended and should not be deemed to be an admission of the legal rights or status of any particular individual or entity.

(i)     KTB&S previously represented Citibank in unrelated matters.  KTB&S does not currently represent Citibank and under no circumstances will KTB&S represent Citibank in connection with the Debtors and these Chapter 11 Cases.  KTB&S is free to be adverse to Citibank in these Cases.

(ii)    KTB&S previously represented Citibank (South Dakota) N.A., which may be affiliated with Citibank, in unrelated matters.  KTB&S does not currently represent Citibank (South Dakota) N.A. and under no circumstances will KTB&S represent Citibank (South Dakota) N.A. in connection with the Debtors and these Chapter 11 Cases.  KTB&S is free to be adverse to Citibank (South Dakota) N.A. in these Cases.

(iii)   KTB&S previously represented Wells Fargo Foothill, Inc., which may be affiliated with Wells Fargo Bank, N.A., in unrelated matters.  KTB&S does not currently represent Wells Fargo Foothill, Inc. and under no circumstances will KTB&S represent Wells Fargo Foothill, Inc. in connection with the Debtors and these Chapter 11 Cases.  KTB&S is free to be adverse to Wells Fargo Foothill, Inc. in these Cases.

(iv)    KTB&S previously represented FPL Energy LLC California, which may be affiliated with FPL, in unrelated matters.  KTB&S does not currently represent FPL Energy LLC California and under no circumstances will KTB&S represent FPL Energy LLC California in connection with the Debtors and these Chapter 11 Cases.  KTB&S is free to be adverse to FPL Energy LLC California in these Cases.

(v)     KTB&S represents Jefferson County, Alabama in unrelated matters.  Under no circumstances will KTB&S represent Jefferson County, Alabama in connection with the Debtors and these Chapter 11 Cases.  KTB&S is free to be adverse Jefferson County, Alabama in these Cases.

(vi)    KTB&S previously represented Forward Air, Inc., which may be affiliated with Forward Air Solutions, in unrelated matters.  KTB&S does not currently represent Forward Air, Inc. and under no circumstances will KTB&S represent Forward Air, Inc. in connection with the Debtors and these Chapter 11 Cases.  KTB&S is free to be adverse to Forward Air, Inc. in these Cases.

(vii)   KTB&S previously represented Global Time, Inc., which may be affiliated with Global Time International, in unrelated matters.  KTB&S does not currently represent Global Time, Inc. and under no circumstances will KTB&S represent Global, Inc. in connection with the Debtors and these Chapter 11 Cases.  KTB&S is free to be adverse to Global, Inc. in these Cases.

(viii)    A partner at KTB&S, Kenneth N. Klee, previously served as an expert witness (or consultant) in unrelated matters for Paul, Hastings, Janofsky & Walker LLP. KTB&S does not currently represent Paul, Hastings, Janofsky & Walker LLP and under no circumstances will KTB&S represent Paul, Hastings, Janofsky & Walker LLP in connection with the Debtors or these Chapter 11 Cases. KTB&S is free to be adverse to Paul, Hastings, Janofsky & Walker LLP in these Cases.

(ix)    A partner at KTB&S, Kenneth N. Klee, previously served as an expert witness (or consultant) in unrelated matters for Duke Energy Trading & Marketing, which may be affiliated with Duke Energy. KTB&S does not currently represent Duke Energy Trading & Marketing and under no circumstances will KTB&S represent Duke Energy Trading & Marketing in connection with the Debtors and these Chapter 11 Cases. KTB&S is free to be adverse to Duke Energy Trading & Marketing in these Cases.

(x)    A partner at KTB&S, Kenneth N. Klee, previously served as an expert witness (or consultant) in unrelated matters for Cole Taylor Financial Group, which may be affiliated with Cole Taylor/MB Financial. KTB&S does not currently represent Cole Taylor Financial Group and under no circumstances will KTB&S represent Cole Taylor Financial Group in connection with the Debtors or these Chapter 11 Cases. KTB&S is free to be adverse to Cole Taylor Financial Group in these Cases.

(xi)    A partner at KTB&S, Kenneth N. Klee, previously served as an expert witness (or consultant) in unrelated matters for Bank of New York. KTB&S does not currently represent Bank of New York and under no circumstances will KTB&S represent Bank of New York in connection with the Debtors or these Chapter 11 Cases. KTB&S is free to be adverse to Bank of New York in these Cases.

(xii)    Maria Sountas-Argiropoulos, prior to joining KTB&S, represented the following Identified Parties and/or their affiliates in unrelated matters: (i) JPMorgan Chase Bank, N.A.; (ii) Wells Fargo Bank, N.A.; (iii) Bank of America; and (iv) US Bank National Association. KTB&S does not currently represent any of these Identified Parties and under no circumstances will KTB&S represent these parties in connection with the Debtors or these Chapter 11 Cases. KTB&S is free to be adverse to the Identified Parties in this paragraph in these Cases.

(xiii)    Vijay Sekhon, prior to joining KTB&S, represented the following Identified Parties and/or their affiliates in unrelated matters: (i) Citibank and (ii) JPMorgan Chase Bank, N.A.. KTB&S does not currently represent any of these Identified Parties and under no circumstances will KTB&S represent these parties in connection with the Debtors or these Chapter 11 Cases. KTB&S is free to be adverse to the Identified Parties in this paragraph in these Cases.

(xiv)   Vijay Sekhon, prior to joining KTB&S, worked for the U.S. Securities and Exchange Commission from 2009 through 2011. KTB&S does not currently represent the U.S. Securities and Exchange Commission and under no circumstances will KTB&S represent the U.S. Securities and Exchange Commission in connection with the Debtors or these Chapter 11 Cases. KTB&S is free to be adverse to the U.S. Securities and Exchange Commission in these Cases.

(xv)    Over the years, KTB&S has represented and currently represents both formal and ad hoc groups of creditors in unrelated matters, in which parties included among the Identified Parties and/or their affiliates were or are members; provided, however, that KTB&S did not and does not serve as counsel to such parties unless otherwise noted above. Likewise, KTB&S has represented and currently represents agent-lenders and non-agent lenders, in unrelated lending facilities under which parties listed among the Identified Parties and/or their affiliates also were or are agents and/or lenders that are part of a lending syndicate but not clients of KTB&S. Likewise, KTB&S has represented and currently represents groups of former law firm partners and/or shareholders in unrelated bankruptcy matters, where certain individual members of such groups are currently employed with parties listed among the Identified Parties; provided, however, that KTB&S did not and does not serve as counsel to any such Identified Parties themselves.

(xvi)   Over the years, KTB&S has represented and currently represents in unrelated cases and matters debtor entities, representatives of bankruptcy estates (e.g., chapter 7 trustees), or other analogous entities such as liquidating or litigation trusts in which parties included among the Identified Parties and/or their affiliates undoubtedly have economic interests.

(xvii)  KTB&S's corporate restructuring and bankruptcy practice also involves representing holders of debt and equity securities issued by financially distressed businesses and buyers and sellers of distressed debt and securities. One or more past or present clients of the Firm may now own or later purchase secured or unsecured claims against one or more Debtors or equity in WSI. KTB&S believes that its representation of such parties in matters unrelated to the Debtors will have no effect on its representation of the Debtors in these Cases and KTB&S would be free to be adverse to such parties in these Cases.

(xviii) Since the formation of KTB&S over 15 years ago, and over the course of the lengthy careers of the lawyers comprising KTB&S (including mine), KTB&S and its attorneys have represented, now represent, and likely will represent in the future parties adverse to many of the creditors, professionals, equity holders, and other parties in interest in these Cases.

(xix)   Over the years, KTB&S attorneys have prepared educational materials for and made presentations to various organizations and groups, which undoubtedly may be affiliated with certain of the Identified Parties.

(xx)    Over the years, KTB&S has represented and currently represents clients in conjunction with certain of the Identified Parties as co-counsel, including Morgan Lewis & Bockius; Riemer & Braunstein; Paul, Hastings, Janofsky & Walker LLP; Young Conaway Stargatt & Taylor, LLP; Pachulski Stang Ziehl & Jones LLP; and Sheppard, Mullin, Richter & Hampton LLP. KTB&S has also represented clients in conjunction with Potter Anderson as co-counsel, specifically including Judge Laurie Selber Silverstein of the Bankruptcy Court for the District of Delaware prior to her appointment as Bankruptcy Judge.

(xxi)   Over the years, KTB&S has appeared before the Bankruptcy Judges of the Bankruptcy Court for the District of Delaware in unrelated matters, and has worked with the Office of the United States Trustee for the District of Delaware in unrelated matters.

(xxii)  Kenneth N. Klee, a partner at KTB&S, served as one of eighteen voting commissioners for a working group of the American Bankruptcy Institute Commission on which Judge Shannon of the Bankruptcy Court for the District of Delaware served.

(xxiii) From time to time, KTB&S partners, associates, and employees (i) have personal banking relationships with certain of the Identified Parties, (ii) personally invest in mutual funds, retirement funds, private equity funds, venture capital funds, hedge funds, and/or other types of investment funds that may be administered by certain of the Identified Parties or acquire a debt or equity security of certain of the Identified Parties, and/or (iii) personally invest in the publically traded stock of certain of the Identified Parties, including AT&T, Bank of America, N.A, Fidelity Management & Research Co., General Electric Co., JPMorgan Chase Bank, N.A, PNC Bank, UBS Securities, LLC, U.S. Bank National Association, and Wells Fargo Bank, N.A.

(xxiv)  From time to time, KTB&S partners, associates, and employees owe income taxes to certain taxing authorities that are among the Identified Parties, including the United States Internal Revenue Service, Alabama Department of Revenue, Arizona Department of Revenue, California Board of Equalization, California Franchise Tax Board, New York Department of Revenue, Oklahoma Tax Commission, and the Social Security Administration.

7

(xxv)    From time to time, KTB&S and KTB&S partners, associates, and employees enter into ordinary customer relationships (e.g., a cell phone service contract) with, or purchase goods or services from, certain of the Identified Parties, including AT&T, Southern California Edison, Southern California Gas Company, The Gas Company, Pacific Gas & Electric Company, Coned, Time Warner Cable, Comcast, Verizon, MB Financial, US Bank, Bank of America, N.A., Capital One, Fidelity, First American, Wells Fargo Bank, N.A., Los Angeles Department of Water and Power, FedEx, Sprint, Google, Yahoo!, Citibank, JPMorgan Chase, and Salem Five Bank.

7.    With respect to the preceding disclosures, none of the entities from the list of Identified Parties represented one-percent (1%) or more of KTB&S's gross revenue for the 12-month period preceding the date hereof.

8.    I do not believe that any such connections between KTB&S and the Identified Parties result in KTB&S holding or representing an interest that is adverse to the Debtors or their estates.

9.    In addition, to the best of my knowledge, information, and belief and in accordance with Bankruptcy Rule 5002, neither I, nor any attorney at KTB&S is a relative of the United States Bankruptcy Judge assigned to these Cases, and KTB&S does not have a connection with the United States Bankruptcy Judge that would render its retention in these Cases improper.  Further, in accordance with Bankruptcy Rule 2014, KTB&S does not have any connection with the United States Trustee or any persons employed by the United States Trustee.

10.    In view of the foregoing, to the best of my knowledge, (i) KTB&S is a "disinterested person" within the meaning of Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b), in that KTB&S, its partners, counsel, and associates:

    (i)       are not creditors, equity security holders, or insiders of the Debtors;

    (ii)      are not and were not, within two (2) years before the Petition Date, a director, officer, or employee of the Debtors; and

    (iii)     do not have an interest materially adverse to the interests of the Debtors' estates or of any class of creditors or equity security holders of the Debtors, by reason of any direct or indirect relationship to, connection with, or interest in the Debtors or for any other reason.

11.    As set forth above, and subject to any explanations and/or exceptions contained herein, KTB&S (a) does not hold or represent any interest adverse to the Debtors in connection with the matters upon which KTB&S is to be engaged, and (b) is disinterested. If the results of further investigation reveal any additional connections, KTB&S will make any further disclosures as may be appropriate at that time.

**PROFESSIONAL COMPENSATION**

12.    KTB&S was initially retained by The Wet Seal, Inc. ("WSI"), one of the Debtors, pursuant to an engagement agreement dated as of October 6, 2014 (the "Initial Engagement Agreement"). The Initial Engagement Agreement was thereafter amended prior to the Petition Date, pursuant to an amended engagement agreement dated as of January 14, 2015 (the "Amended Engagement Agreement" and, together with the Initial Engagement Agreement, the "Engagement Agreement"), to expand the scope of KTB&S's services to WSI and the other Debtors. In accordance with the Initial Engagement Agreement, on October 10, 2014 WSI paid KTB&S a retainer amount of $30,000 (the "Retainer") for professional services rendered or to be rendered and expenses incurred or to be incurred by KTB&S on behalf of WSI. The Retainer was supplemented with an additional $70,000 on November 11, 2014, $200,000 on November 25, 2014, $100,000 on January 6, 2015, and $175,000 on January 12, 2015. Prior to the Petition Date, the Retainer was applied, in its entirety, to amounts owed to KTB&S for prepetition fees and expenses. Additionally, KTB&S has received or applied the following payments from the

Debtors for services rendered prior to the Petition Date and on account of anticipated filing fees for these Cases:

| Invoice Date | Billing Period | Date of Payment | Form of Payment | Payment Amount |
|---|---|---|---|---|
| 10/28/2014 | 9/28/2014 – 10/28/2014 | 11/17/2014 | Check | $19,402.50 |
| 12/1/2014 | 10/28/2014 – 11/30/2014 | 12/29/2014 | Check | $57,145.74 |

13.     As of the Petition Date, there are no unpaid or outstanding KTB&S fees or expenses with respect to services provided to the Debtors.

14.     KTB&S intends to apply to the Court for interim and final allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders entered in these cases governing professional compensation and reimbursement for services rendered and charges and disbursements incurred.  Subject to such provisions and Court orders, the Debtors have agreed that compensation will be payable to KTB&S on an hourly basis for services rendered, plus reimbursement of actual, necessary expenses incurred by the Firm in connection with these Cases.  KTB&S operates in a national and regional marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialty, the firm's expertise, performance and reputation, the nature of the work involved, and other factors. The principal attorneys and paralegal presently designated to represent the Debtors and their current standard hourly rates are:

    Michael L. Tuchin    $1,080

| | |
|---|---|
| Lee R. Bogdanoff | $1,080 |
| David M. Guess | $695 |
| Maria Sountas-Argiropolous | $675 |
| Vijay S. Sekhon | $675 |
| Jonathan M. Weiss | $475 |
| Sasha M. Gurvitz | $395 |
| Shanda D. Pearson | $290 |

15.     The hourly rates set forth above are subject to annual increases, in the normal course of KTB&S's business.  KTB&S will provide notice of any such rate increases to the Debtor, the United States Trustee, and the Court.[6]  KTB&S's rates for bankruptcy representations are the same as its rates for non-bankruptcy representations.  The hourly rates charged by KTB&S attorneys are based on the experience and seniority of the individuals assigned.  The rates do not vary as a function of whether the services performed relate to a bankruptcy engagement or a non-bankruptcy engagement.

16.     In addition to the hourly rates set forth above, it is KTB&S's practice to charge its clients for expenses incurred in connection with their cases.  The expenses charged to clients include, among other things, charges for messenger services, air couriers, photocopying, court fees, travel expenses, postage for large mailings, long-distance telephone, computerized legal research facilities, investigative searches, and other charges customarily invoiced by law firms in addition to fees for legal services.  Third party expenses incurred by KTB&S are charged at their

---

[6] KTB&S increases the hourly billing rate of attorneys and paralegals annually in the ordinary course of the Firm's business due to advancing seniority and promotion.  These annual increases do not constitute "rate increases" as the term is used in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "Revised UST Guidelines").

actual cost to KTB&S without surcharge.  KTB&S does not charge its clients for word processing or secretarial overtime.

17.     Other than as set forth above, no arrangement is proposed between the Debtors and KTB&S for compensation to be paid in these Cases.  Except for such sharing arrangements among KTB&S, and its respective partners, of counsel, and associates, KTB&S has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted under Bankruptcy Code section 504(b)(1).

## ATTORNEY STATEMENT

18.     KTB&S will apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Cases in compliance with Bankruptcy Code sections 330 and 331 and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court.

19.     KTB&S is also mindful of the Revised UST Guidelines, which became effective on November 1, 2013.  The Revised UST Guidelines are only applicable to certain "larger" chapter 11 cases, with debtors reporting $50 million or more in assets and $50 million or more in liabilities, based on petition values.  Because the aggregated assets of the Debtors do not appear to meet or exceed the $50 million minimum threshold, the Revised UST Guidelines appear inapplicable to the Debtors' cases.  Nonetheless, KTB&S intends to make a reasonable effort to comply with the United States Trustee's requests for information and additional disclosures.[7] Consequently, and consistent with the Revised UST Guidelines, I state as follows:

---

[7] While the Debtors and KTB&S intend to work cooperatively with the United States Trustee to address requests for information and disclosures, neither the filing of this declaration, nor anything contained herein, is intended to or shall be deemed to be an admission by KTB&S that the Firm is required to comply with the Revised UST Guidelines.  KTB&S reserves any and all rights with respect to the application of the Revised UST Guidelines in respect of any application for employment or compensation filed in these Cases.

(i)    KTB&S has not agreed to a variation of its standard or customary billing arrangements for this engagement;

(ii)    None of the Firm's professionals included in this engagement have varied their rate based on the geographic location of the Cases; and

(iii)    KTB&S was retained by the Debtors pursuant to the Amended Engagement Agreement dated January 14, 2015. The billing rates and material terms of the Amended Engagement Agreement are the same as the rates and terms described in the Application.[8]

20.    The Debtors have informed KTB&S, and KTB&S understands, that the Debtors are planning to file retention applications for other professionals in this case. In particular, the Debtors have informed KTB&S that the Debtors have retained Houlihan Lokey Capital, Inc. as investment bankers, FTI Consulting, Inc. as financial advisors, Paul Hastings LLP as general corporate counsel, and Young Conaway Stargatt & Taylor, LLP as co-counsel to the Debtors in these Cases. KTB&S has informed the Debtors that it will take appropriate steps and coordinate with each of the Debtors' other professionals to avoid unnecessary duplication of efforts.

*[Remainder of Page Intentionally Left Blank]*

---

[8] As noted above, KTB&S was originally retained by WSI pursuant to the Initial Engagement Agreement dated as of October 6, 2014. As of January 1, 2015, prior to entry into the Amended Engagement Agreement, KTB&S effected an annual increase in the hourly billing rate of attorneys and paralegals (the "2015 Rates") in the ordinary course of its business due to advancing seniority and promotion. This annual increase does not constitute "rate increases" as the term is used in the Revised UST Guidelines. The Debtors have been informed of and have consented to KTB&S's 2015 Rates.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 15th day of January, 2015 at Los Angeles, California.

_____
Michael L. Tuchin

## EXHIBIT C

### DECLARATION OF THOMAS R. HILLEBRANDT

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re<br><br>THE WET SEAL, INC., a Delaware<br>corporation *et al*,[4]<br><br>           Debtors. | Chapter 11<br><br>Case No.: 15-11081 (___)<br><br>(Joint Administration Requested) |

## DECLARATION OF THOMAS R. HILLEBRANDT IN SUPPORT OF DEBTORS' APPLICATION PURSUANT TO SECTION 327(A) OF THE BANKRUPTCY CODE, RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND LOCAL RULE 2014-1 FOR ENTRY OF AN ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF KLEE, TUCHIN, BOGDANOFF & STERN LLP AS COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE

I, THOMAS R. HILLEBRANDT, declare under penalty of perjury as follows:

34.     I am the interim Chief Financial Officer for The Wet Seal, Inc., a Delaware corporation. I also serve as the interim Chief Financial Officer for Wet Seal's wholly owned subsidiaries: (a) The Wet Seal Retail, Inc., a Delaware corporation, (b) Wet Seal Catalog, Inc., a Delaware corporation, and (c) Wet Seal GC, LLC, a Virginia limited liability company (collectively, with The Wet Seal, Inc., the "Debtors"). I am familiar with the day-to-day operations, business, and financial affairs of the Debtors, having served in my current capacity since December 1, 2014, and having previously served as Vice President and Corporate Controller since September 2013.

35.     I have over twenty five years of experience in corporate finance and accounting, having served in a number of senior level positions with both public and private companies.

---

[4]    The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: The Wet Seal, Inc. (5940); The Wet Seal Retail, Inc. (6265), Wet Seal Catalog, Inc. (7604), and Wet Seal GC, LLC (2855-VA). The Debtors' address is 26972 Burbank, Foothill Ranch, CA 92610.

Immediately before joining the Debtors, I served as Vice President of Finance/IT for The

Territory Ahead, a multi-channel apparel retailer. I also previously served as Chief Financial

Officer for Deckers Outdoor Corporation; Corporate Controller and Chief Accounting Officer

for K2 Inc.; and Chief Financial Officer of Fotoball USA, Inc. In addition, I have served as

Chief Financial Officer for several privately held internet and technology firms. I began my

career at KPMG where I became a Certified Public Accountant and I received a Bachelor of

Business Administration and M.S. in Accounting from the University of Wisconsin.

36.    I submit this declaration in support of the *Debtors' Application Pursuant to*

*Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure*

*and Local Rule 2014-1 for Entry of an Order Authorizing Employment and Retention of Klee,*

*Tuchin, Bogdanoff & Stern LLP as Counsel for The Debtors and Debtors in Possession* Nunc

Pro Tunc *to the Petition Date* (the "Application"),[5] filed concurrently herewith by the Debtors.

37.    If called as a witness, I could and would competently testify to the matters set

forth herein based on my personal knowledge. As interim Chief Financial Officer for the

Debtors, I have become familiar with the Debtors' day-to-day operations, business affairs,

financial condition and books and records. My testimony herein is based on my service as an

officer of the Debtors currently and in the past, my review of the Debtors' books and records and

other relevant documents, and my review of information compiled and communicated to me, at

my request, by other employees of the Debtors.

### THE DEBTORS' SELECTION OF KTB&S AS COUNSEL

38.    Klee, Tuchin, Bogdanoff & Stern LLP ("KTB&S" or the "Firm") is proposed to

serve as counsel to the Debtors. The Debtors recognize that a comprehensive review process is

---

[5] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to those terms in the Application.

appropriate when selecting and managing bankruptcy counsel. To that end, the review process

utilized by the Debtors assessed potential counsel based on their expertise in relevant legal issues

and in similar proceedings. Using this review process, the Debtors retained KTB&S to serve as

bankruptcy counsel.

39.     Ultimately, the Debtors retained KTB&S because of its extensive experience and

knowledge of the chapter 11 bankruptcy process. I believe KTB&S is qualified to represent the

Debtors in these Cases in an efficient and timely manner.

### BILLING RATE STRUCTURE

40.     KTB&S has informed the Debtors that its rates for bankruptcy representations are

the same as its rates for non-bankruptcy representations, and that the hourly rates charged by

KTB&S attorneys are based on the experience and seniority of the individuals assigned and do

not vary as a function of whether the services performed relate to a bankruptcy engagement or a

non-bankruptcy engagement.

41.     KTB&S also has informed the Debtors that it endeavors to set hourly rates for its

attorneys and paralegals at levels competitive to those charged by comparably skilled

professionals in other law firms.

### COST SUPERVISION

42.     I have reviewed the invoices regularly submitted by KTB&S, and can confirm

that the rates KTB&S charged the Debtors in the prepetition period are the same as the rates

KTB&S proposes to charge the Debtors in the postpetition period (including the rate increase

that became effective prepetition, on January 1, 2015). KTB&S has informed the Debtors the

Firm's standard hourly rates are subject to annual adjustment in accordance with the Firm's

practice.

01:16513582.1

43.     Throughout these Chapter 11 Cases, the Debtors will supervise KTB&S's fees and expenses to manage costs.  In particular, the Debtors will review KTB&S's invoices and monthly applications for payment of fees and reimbursement of expenses.  The Debtors understand that the hourly rates of KTB&S attorneys and paralegals are subject to annual increases, in the normal course of the Firm's business.

*[Remainder of Page Intentionally Left Blank]*

01:16513582.1

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 15th day of January, 2015 at Los Angeles, California.

The Wet Seal, Inc., *et al.*, Debtors and Debtors in Possession

By: _____

Thomas R. Hillebrandt
Interim Chief Financial Officer

**EXHIBIT D**

**PROPOSED KTB&S EMPLOYMENT AND RETENTION ORDER**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re | Chapter 11 |
| THE WET SEAL, INC., a Delaware corporation *et al*,[6] | Case No.: 15-11081 (___) |
|  | (Jointly Administered) |
| Debtors. | **Re: Docket No.** _____ |

**ORDER UNDER SECTION 327(a) OF THE BANKRUPTCY CODE, RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND LOCAL RULE 2014-1, AUTHORIZING EMPLOYMENT AND RETENTION OF KLEE, TUCHIN, BOGDANOFF & STERN LLP AS COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the *Debtors' Application Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Entry of an Order Authorizing Employment and Retention of Klee, Tuchin, Bogdanoff & Stern LLP as Counsel for The Debtors and Debtors in Possession Nunc Pro Tunc to the Petition Date* (the "Application")[7] of the above-captioned debtors and debtors in possession (the "Debtors"), seeking authorization to employ and retain Klee, Tuchin, Bogdanoff & Stern LLP ("KTB&S" or the "Firm") as counsel for the Debtors; and upon (i) the *Statement Under Rule 2016 of the Federal Rules of Bankruptcy Procedures* (the "Statement"), (ii) the declarations of Michael L. Tuchin and Thomas R. Hillebrandt (the "Declarations") submitted concurrently with the Application, and (iii) the other declarations and exhibits filed in connection therewith; and the Court being satisfied, based on the representations made in the Application, the Statement, and

---

[6] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: The Wet Seal, Inc. (5940); The Wet Seal Retail, Inc. (6265), Wet Seal Catalog, Inc. (7604), and Wet Seal GC, LLC (2855-VA).  The Debtors' address is 26972 Burbank, Foothill Ranch, CA 92610.

[7] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to those terms in the Application.

the Declarations, that KTB&S does not represent or hold any interest adverse to the Debtors or

the Debtors' estates with respect to the matters upon which it is to be engaged, and is

disinterested as that term is defined under section 101(14) of the Bankruptcy Code, and as

modified by section 1107(b) of the Bankruptcy Code, and that the employment of KTB&S is

necessary and in the best interests of the Debtors and the Debtors' estates; and this Court having

jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order*

*of Reference* from the United States District Court for the District of Delaware, dated February

29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C.

§ 157(b)(2), and that this Court may enter a final order consistent with Article III of the United

States Constitution; and this Court having found that venue of this proceeding and the

Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court

having found that the Debtors' notice of the Application and opportunity for a hearing on the

Application were appropriate and no other notice need be provided; and this Court having

reviewed the Application; and after due deliberation and good and sufficient cause appearing; it

is hereby:

**ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Application is GRANTED as set forth herein.

2.      Pursuant to section 327(a) of the Bankruptcy Code, the Debtors are authorized to

employ and retain KTB&S as counsel, effective *nunc pro tunc* to the Petition Date, on the terms

set forth in the Application, the Statement, and the Engagement Agreement.

3.      KTB&S shall apply for compensation for professional services rendered and

reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in

compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court.

4.  The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application and the Declarations.

5.  Notice of the Application shall be deemed good and sufficient notice of such motion, and the requirements of the Local Rules are satisfied by the contents of the Application.

6.  This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Wilmington, Delaware

_____, 2015

_____
United States Bankruptcy Judge