UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>THE WET SEAL, INC., a Delaware corporation, *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No.: 15-10081 (___)<br><br>(Joint Administration Requested) |

### DEBTORS' MOTION FOR ENTRY OF AN ORDER EXTENDING THE DEBTORS' DEADLINE TO FILE SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

The Wet Seal, Inc. and its subsidiaries, the debtors and debtors in possession (the "Debtors") in the above-captioned jointly administered chapter 11 cases (the "Cases"), hereby move the Court (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to sections 105(a) and 521 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rules 1007 and 2015.3 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 1001-1(c), 1007-1, and 2002-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), extending the time within which the Debtors must file their Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements") through and including March 1, 2015. In support of this Motion, the Debtors rely upon the *Declaration of Thomas R. Hillebrandt in Support of First Day Motions* (the "Hillebrandt Declaration") filed concurrently herewith. In further support of this Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: The Wet Seal, Inc. (5940); The Wet Seal Retail, Inc. (6265); Wet Seal Catalog, Inc. (7604); and Wet Seal GC, LLC (2855-VA). The Debtors' address is 26972 Burbank, Foothill Ranch, CA 92610.

## I. JURISDICTION

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over these Cases and the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of these Cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. Pursuant to Rule 9013-1(f) of the Local Rules, the Debtors consent to the entry of a final judgment or order with respect to the Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3. The statutory and legal predicates for the relief requested herein are sections 105(a) and 521 of the Bankruptcy Code, Bankruptcy Rules 1007 and 2015.3, and Local Rule 1007-1.

## II. BACKGROUND

4. On the date hereof (the "Petition Date"), each of the Debtors commenced in this Court a voluntary case under chapter 11 of the Bankruptcy Code.

5. The Debtors are authorized to continue to operate their business and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the date hereof, no official committee of unsecured creditors has been appointed, and no request for appointment of a chapter 11 trustee or examiner has been made.

6. The Debtors are a national multi-channel specialty retailer selling fashion apparel and accessory items designed for female customers aged 13 to 24 years old. The Debtors are currently comprised of two primary units: (a) the retail store business, which is primarily

operated by The Wet Seal Retail, Inc.; and (b) the e-commerce business, which is primarily operated by Wet Seal Catalog, Inc. Through their retail store business, until shortly before the Petition Date, the Debtors operated over 500 retail locations, principally in mall locations. Though their e-commerce business, the Debtors operate an e-commerce site at www.wetseal.com and have nearly 2.5 million followers on their Facebook page. The Debtors also sell gift cards, which business is primarily operated through Wet Seal GC, LLC.

7. The continuing fundamental shift in consumer behavior away from traditional mall shopping toward online-only stores and increased competition throughout the specialty retail fashion industry have created a difficult operating environment for many traditional mall-based fashion retailers such as the Debtors. Indeed, over the past several weeks, at least three other specialty retailers focused on young adult girls—Deb Stores Holding LLC, dELiA*s, Inc., and Body Central Corp.—have commenced bankruptcy cases or assignments for the benefit of creditors and are in the process of conducting liquidations. In addition to this industry-wide weakness, in the Debtors' case, the Debtors' financial performance was further adversely impacted by, among other things, (i) shifts away from the "fast fashion" segment, and (ii) ventures into business extensions that were ultimately not profitable. In the third quarter of 2014 the Debtors hired a new management team, and this team began the process of shifting the Debtors' operational strategy toward a more fashionable inventory mix and smaller and more varied style assortments.

8. There was, unfortunately, insufficient time to implement the strategic vision before the Debtors faced a liquidity crisis, resulting from extensive operating losses driven by, among other things, persistent sales weakness across the majority of the Debtors' store base and changes in credit terms by the Debtors' vendors. Further, the Debtors were required to cash

collateralize all of the letters of credit issued by the Debtors' lender, Bank of America, N.A. (the "Prepetition Lender") under that certain Amended and Restated Credit Agreement, dated as of February 3, 2011 (as subsequently amended, modified, or restated, the "Prepetition Facility").

9. Facing the foregoing issues, the Debtors determined that it would not be possible to restructure the Debtors out of Court without significant landlord concessions. Accordingly, the Debtors engaged in negotiations with their major landlords regarding concessions from such landlords. However, the Debtors were not able to reach an agreement with landlords on potential lease concessions during these negotiations, and on or about January 7, 2015, the Debtors closed 338 of their stores, irrevocably and unequivocally surrendered the premises to the applicable landlords, and terminated the portion of their workforce that had been employed in connection with those stores. The Debtors capitalized on the holiday shopping season to conduct aggressive sales of the inventory in the closed stores and closed such stores in early January 2015.

10. The Debtors intend to reorganize their business around the e-commerce business and the remaining stores with the most potential upside. To meet their objectives, the Debtors have entered into (i) that certain Senior Secured, Super-Priority Debtor-in-Possession Credit Agreement with B. Riley Financial, Inc. ("B. Riley") (the "DIP Term Facility"), pursuant to which the Debtors will receive a senior debtor-in-possession term loan that should provide them with sufficient runway to navigate through the reorganization process, and (ii) that certain Plan Sponsorship Agreement with B. Riley, pursuant to which B. Riley will commit to a plan of reorganization under which B. Riley will receive 80% of newly issued common stock in the reorganized Debtors in exchange for investment of $20 million. On the effective date of the plan, B. Riley will convert the entire DIP Term Facility into equity and contribute the balance of the $20 million to the reorganized Debtors in cash. The remaining common stock will be issued to

holders of allowed general unsecured claims whose claims are not satisfied through a convenience class cash election. The Debtors also have entered into that certain Senior Secured, Super-Priority Debtor-in-Possession Letter of Credit Agreement (the "DIP L/C Facility"; together with the DIP Term Facility, the "DIP Facilities") with Bank of America, N.A. (as L/C Issuer, the "DIP L/C Lender"), pursuant to which the Debtors will obtain letters of credit that are required postpetition in the ordinary course of their business.

11. The detailed factual background relating to the Debtors and the commencement of these Cases is set forth in the Hillebrandt Declaration.

### III. RELIEF REQUESTED

12. By this Motion, the Debtors seek the entry of an order, pursuant to sections 105(a) and 521(a) of the Bankruptcy Code, Bankruptcy Rules 1007(b) and 1007(c), and Local Rules 1007-1(b) and 9006-2, extending the time within which the Debtors must file Schedules and Statements through and including March 1, 2015.

### IV. BASIS FOR RELIEF

13. Section 521(a) of the Bankruptcy Code and Bankruptcy Rule 1007(b) both require a debtor to file its Schedules and its Statement with the Court. Bankruptcy Rule 1007(c) requires that a debtor file its Schedules and Statement within fourteen days of filing its chapter 11 petition. The Court may extend the time period for the filing of Schedules and Statements pursuant to Bankruptcy Rule 1007(c) by a motion filed with the Court and served on the United States Trustee, any statutory committee, trustee, or examiner appointed and any other party as the Court may direct.

14. Local Rule 1007-1(b) provides:

> In a voluntary chapter 11 case, if the bankruptcy petition is accompanied by a list of all of the debtor's creditors and their addresses, in accordance with Local Rule 1007-2, and if the total

>number of creditors in the debtor's case (or, in the case of jointly administered cases, the debtors' cases) exceeds 200, the time within which the debtor shall file its Schedules and Statement of Financial Affairs required under the Fed. R. Bankr. P. shall be extended to thirty (30) days from the petition date. Any further extension shall be granted, for cause, only upon filing of a motion by the debtor on notice in accordance with these Local Rules.

Local Rule 1007-1(b).

15. In accordance with Local Rule 1007-2, along with their chapter 11 petitions, the Debtors filed a list of creditors. The total number of creditors in these Cases is well in excess of 200, including employees, vendors, and counterparties to executory contracts and unexpired leases. Accordingly, pursuant to Local Rule 1007-1(b) and as stated above, the Debtors' initial deadline to file the Schedules and Statements is thirty days from the Petition Date—February 14, 2015 (the "Initial Deadline").

16. The Debtors respectfully submit that cause exists to extend the Debtors' time to file the Schedules and Statements. Given the size and complexity of the Debtors' operations, and taking into account that there are four separate Debtor entities, a significant amount of information must be accumulated, reviewed, and analyzed to properly prepare the Schedules and Statements. The Debtors and their professionals have been consumed with a multitude of critical administrative and operational decisions arising in conjunction with the commencement of these Cases, including preparing for the Debtors' entry into chapter 11.

17. Moreover, due to the complexity of the Debtors' business, compiling and consolidating the data required for the Schedules and Statements presents a complex and time-consuming task. It will be difficult to complete this undertaking prior to the expiration of the Initial Deadline, and, if required to do so, the Debtors' key employees and professionals will be forced to devote less attention to critical operational and strategic matters

18.     In light of the above, an extension of the Initial Deadline for an additional 15 days, through and including March 1, 2015, without prejudice to the Debtors' right to seek further extensions if necessary, is appropriate because the Debtors believe that this extension will provide the necessary time to prepare complete and accurate Schedules and Statements.

19.     Based on the foregoing, the Debtors submit the relief requested is necessary and appropriate, is in the best interests of their estates and creditors and should be granted in all respects.

## V. NOTICE

20.     The Debtors will provide notice of this Motion to: (i) the Office of the United States Trustee for the District of Delaware; (ii) holders of the forty (40) largest unsecured claims on a consolidated basis against the Debtors; (iii) the Prepetition Lender; and (iv) all parties who have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## VI. CONCLUSION

WHEREFORE, the Debtors respectfully request that this Court enter an order substantially in the form attached hereto granting the Motion and awarding the Debtors such other and further relief as is just and proper.

Dated:  January 16, 2015

/s/ *Maris J. Kandestin*
Michael R. Nestor, Esq. (DE Bar No. 3526)
Maris J. Kandestin, Esq. (DE Bar No. 5294)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Tel:    (302) 571-6600
Fax:    (302) 571-1253
Email:  mnestor@ycst.com
        mkandestin@ycst.com

and

Lee R. Bogdanoff, Esq.
Michael L. Tuchin, Esq.
David M. Guess, Esq.
Jonathan M. Weiss, Esq.
KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 Avenue of the Stars, 39th Floor
Los Angeles, CA 90067
Tel:    (310) 407-4022
Fax:    (310) 407-9090
Email:  lbogdanoff@ktbslaw.com
        mtuchin@ktbslaw.com
        dguess@ktbslaw.com
        jweiss@ktbslaw.com

## EXHIBIT A

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>THE WET SEAL, INC., a Delaware corporation, *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No.: 15-10081 (___)<br><br>(Jointly Administered)<br><br>Re: Docket No. __ |

## ORDER EXTENDING THE DEBTORS' DEADLINE TO FILE SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

Upon the motion (the "Motion")[2] of The Wet Seal, Inc. and its subsidiaries, the debtors and debtors in possession (the "Debtors") in the above-captioned jointly administered chapter 11 cases (the "Cases"), for entry of an order, pursuant to sections 105(a) and 521 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rules 1007 and 2015.3 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 1001-1(c), 1007-1, and 2002-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), extending the time within which the Debtors must file their Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements") through and including March 1, 2015; and upon consideration of the Hillebrandt Declaration and the entire record of these Cases; and it appearing that the Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 1334 and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and it appearing that the Motion is a core

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: The Wet Seal, Inc. (5940); The Wet Seal Retail, Inc. (6265); Wet Seal Catalog, Inc. (7604); and Wet Seal GC, LLC (2855-VA). The Debtors' address is 26972 Burbank, Foothill Ranch, CA 92610.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

01:16512385.1

153410.5

matter pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue of these Cases and of the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and adequate notice of the Motion has been given under the circumstances, and that no other or further notice need be given; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation, and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT**:

1.  The Motion is GRANTED, as set forth herein.

2.  The time within which the Debtors shall file their Schedules and Statements is extended through and including March 1, 2015 (the "Filing Deadline").

3.  This Order shall be without prejudice to the Debtors' rights to seek an additional extensions of the Filing Deadline.

4.  This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: Wilmington, Delaware
_____, 2015

_____
UNITED STATES BANKRUPTCY JUDGE

01:16512385.1                                    2

153410.5