UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>THE WET SEAL, INC., a Delaware corporation, *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No.: 15-10081 (CSS)<br><br>(Jointly Administered)<br><br>Re: Docket No. 6 |

**ORDER (I) AUTHORIZING PAYMENT OF CERTAIN PREPETITION EMPLOYEE CLAIMS, INCLUDING WAGES, SALARIES AND BONUSES, (II) AUTHORIZING PAYMENT OF CERTAIN EMPLOYEE BENEFITS AND CONFIRMING RIGHT TO CONTINUE EMPLOYEE BENEFITS ON POSTPETITION BASIS, (III) AUTHORIZING PAYMENT OF REIMBURSEMENT TO EMPLOYEES FOR PREPETITION EXPENSES, (IV) AUTHORIZING PAYMENT OF WITHHOLDING AND PAYROLL-RELATED TAXES, (V) AUTHORIZING PAYMENT OF PREPETITION CLAIMS OWING TO ADMINISTRATORS OR THIRD PARTY PROVIDERS, AND (VI) DIRECTING BANKS TO HONOR PREPETITION CHECKS AND FUND TRANSFERS FOR AUTHORIZED PAYMENTS**

Upon the motion (the "Motion")[2] of The Wet Seal, Inc. and its subsidiaries, the debtors and debtors in possession (the "Debtors") in the above-captioned jointly administered chapter 11 cases (the "Cases"), for entry of an order, pursuant to sections 105(a), 363(b), and 507(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9013-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (1) authorizing, but not directing, the Debtors: (a) to pay and/or perform, as applicable, prepetition obligations to their employees (the "Employees"), including accrued prepetition wages and salaries; (b) to honor any prepetition obligations in respect of, and

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: The Wet Seal, Inc. (5940); The Wet Seal Retail, Inc. (6265); Wet Seal Catalog, Inc. (7604); and Wet Seal GC, LLC (2855-VA). The Debtors' address is 26972 Burbank, Foothill Ranch, CA 92610.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

01:16514612.3

153421.6

continue in the ordinary course of business until further notice (but not assume), certain of the Debtors' vacation, sick time and holiday time policies, workers' compensation, severance, employee and retiree benefit plans and programs, as described below; (c) to reimburse Employees for prepetition expenses that Employees incurred on behalf of the Debtors in the ordinary course of business; (d) to pay all related prepetition payroll taxes and other deductions; and (e) to the extent that any of the foregoing programs is administered, insured or paid through a third-party administrator or provider, to pay any prepetition claims of such administrator and provider in the ordinary course of business to ensure the uninterrupted delivery of payments or other benefits to the Employees (collectively, the "<u>Prepetition Employee Obligations</u>"); and (2) authorizing banks and other financial institutions (collectively, the "<u>Banks</u>") to honor and process check and electronic transfer requests related to the foregoing; and upon consideration of the Hillebrandt Declaration and the entire record of these chapter 11 cases; and it appearing that the Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 1334 and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and it appearing that the Motion is a core matter pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue of these cases and of the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and adequate notice of the Motion has been given under the circumstances, and that no other or further notice need be given; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation, and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED, as set forth herein.

2. Upon entry of this Order, and subject to the limitations contained in sections 507(a)(4) and (a)(5) of the Bankruptcy Code, the Debtors are authorized, but not directed, to pay and/or honor (including to any third parties that provide or aid in the monitoring, processing or administration of the Prepetition Employee Obligations), in their sole discretion, the Prepetition Employee Obligations as and when such obligations are due, in amounts not to exceed the limits set forth in the Motion, ~~and in accordance with the budget under the Debtors' postpetition financing facility~~.

3. The Debtors are authorized, but not directed, in their sole discretion, in amounts not to exceed the limits set forth in the Motion, ~~and in accordance with the budget under the Debtors' postpetition financing facility~~, to honor and continue their Employee Bonus Programs, Employee Expense policies, their Employee Withholding policies, the Employee Administrator Obligations, and the Employee Benefits that were in effect as of the Petition Date, including but not limited to Vacation time, Sick Leave, severance obligations, the Health Plan, the Dental Plan, the Vision Plan, COBRA, the life insurance and disability plans, the EAP, the Retirement Plan, the New York State Temporary Disability Insurance plan and the WC Program; provided, however, that such relief shall not constitute or be deemed an assumption or an authorization to assume any of such Employee Benefit under section 365(a) of the Bankruptcy Code.

4. The prepetition amounts authorized to be paid by this Order are as follows:

| | |
|---|---|
| Wages and Salaries | $750,000 |
| Vacation (only at separation and where required by state law) | $1,085,000 |
| Bonuses | $0 |

01:16514612.3

153421.6

3

| | |
|---|---|
| Health Plan | $550,000 |
| Dental Plan | $20,000 |
| Vision Plan | $1,000 |
| Severance Payments | $0 |
| Life, Disability and Related Coverage | $50,000 |
| COBRA | $1,000 |
| Flexible Spending Accounts | $1,500 |
| Employee Assistance Program | $500 |
| New York State TDI | $5,000 |
| Workers' Compensation Program | $115,000 |
| Retirement Plan | $5,000 |
| Employee Expenses | $75,000 |
| Employee Withholdings | $140,000 |
| Employee Administrator Obligations | $125,000 |

5. In addition the foregoing, the Debtors are authorized to make payments in an amount not to exceed $10,000 in the aggregate to reimburse certain Employees for out-of-pocket expenses associated with prepetition payroll payments that were unintentionally omitted and/or prepetition checks for payroll that did not clear. For the avoidance of doubt, the payment of these amounts will not result in any single Employee being paid more than the statutory cap amounts set forth in section 507(a)(4) of the Bankruptcy Code.

6. The Debtors' banks shall be and hereby are authorized to receive, process, honor and pay all prepetition and postpetition checks and fund transfers on account of the Prepetition Employee Obligations that had not been honored and paid as of the Petition Date, provided that sufficient funds are on deposit in the applicable accounts to cover such payments. The Debtors' banks are prohibited from placing any holds on, or attempting to reverse, any automatic transfers to any account of an Employee or other party for Prepetition Employee Obligations. The Debtors

shall be and hereby are authorized to issue new postpetition checks or effect new postpetition fund transfers on account of the Prepetition Employee Obligations to replace any prepetition checks or fund transfer requests that may be dishonored or rejected.

7.  Notwithstanding any other provision of this Order, any Bank may rely on the representations of the Debtors with respect to whether any check, draft, wire, or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to any order of this Court, and any Bank that honors a prepetition check or other item drawn on any account that is the subject of this Order (a) at the direction of the Debtors, (b) in a good-faith belief that the Court has authorized such prepetition check or item to be honored, or (c) as a result of an innocent mistake made despite the above-described protective measures, shall not be liable to the Debtors or their estates on their account of such prepetition check or other item being honored postpetition.

8.  The Debtors may pay any and all withholding, including social security, FICA, federal and state income taxes, garnishments, health care payments, retirement fund withholding, and other types of withholding, whether these relate to the period prior to or after the Petition Date.

9.  Any party receiving payment from the Debtors is authorized ~~and directed~~ to rely upon the representations of the Debtors as to which payments are authorized by this Order.

10.  Nothing in the Motion or this Order or the relief granted (including any actions taken or payments made by the Debtors pursuant to the relief) shall (a) be construed as a request for authority to assume any executory contract under 11 U.S.C. § 365; (b) waive, affect or impair any of the Debtors' rights, claims or defenses, including, but not limited to, those arising from section 365 of the Bankruptcy Code, other applicable law and any agreement; (c) grant third-

party beneficiary status or bestow any additional rights on any third party; or (d) be otherwise enforceable by any third party.

11. Nothing in this Order shall be construed as binding on the Court or any other party-in-interest, or to establish the law of the case, with respect to whether an individual is or is not an insider within the meaning of section 101(31) of the Bankruptcy Code.

12. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

13. Nothing in this Order shall be deemed to (i) authorize the payment of any amounts subject to section 503(c) of the Bankruptcy Code, (ii) authorize or approve any bonus plan or severance plan that is subject to section 503(c) of the Bankruptcy Code, or (iii) authorize the Debtors to cash out unpaid vacation or leave time upon termination of an employee unless applicable state law requires such payment.

14. Bankruptcy Rule 6003(b) has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors. Notwithstanding any provision in the Bankruptcy Rules to the contrary: (a) this Order shall be effective immediately and enforceable upon its entry; (b) the Debtors are not subject to any stay in the implementation, enforcement, or realization of the relief granted in this order; and (c) the Debtors are authorized and empowered, and may in their discretion and without further delay, take any action necessary or appropriate to implement this Order.

15. The Court retains jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: January 20, 2015
Wilmington, Delaware

_____
CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

01:16514612.3

7

153421.6