# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re | Chapter 11 |
| THE WET SEAL, INC., a Delaware corporation, *et al.*[1] | Case No.: 15-10081 (CSS) |
| Debtors. | (Jointly Administered) |
|  | **Hearing Date: February 11, 2015 at 10:00 a.m. (ET)**<br>**Objection Deadline: February 4, 2015 at 4:00 p.m. (ET)** |

## DEBTORS' MOTION PURSUANT TO SECTIONS 501 AND 502 OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2002 AND 3003(c)(3), AND LOCAL RULE 2002-1(e) FOR ORDER ESTABLISHING DEADLINES FOR FILING PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF

The Wet Seal, Inc. and its subsidiaries, the debtors and debtors in possession (the "Debtors") in the above-captioned jointly administered chapter 11 cases (the "Cases"), hereby move the Court (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to sections 501 and 502 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rules 2002 and 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2002-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") (i) establishing deadlines for filing proofs of claim in the Debtors' Cases; and (ii) approving the form, timing and manner of notice of such deadlines. In support of the Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: The Wet Seal, Inc. (5940); The Wet Seal Retail, Inc. (6265), Wet Seal Catalog, Inc. (7604), and Wet Seal GC, LLC (2855-VA). The Debtors' address is 26972 Burbank, Foothill Ranch, CA 92610.

## I. JURISDICTION

1.      The United States Bankruptcy Court for the District of Delaware (the "Court")
has jurisdiction over these Cases and the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the
*Amended Standing Order of Reference* from the United States District Court for the District of
Delaware dated February 29, 2012.  This is a core proceeding within the meaning of 28 U.S.C.
§ 157(b)(2).  Venue of these Cases and the Motion in this district is proper under 28 U.S.C.
§§ 1408 and 1409.

2.      Pursuant to Rule 9013-1(f) of the Local Rules, the Debtors consent to the entry of
a final judgment or order with respect to the Motion if it is determined that the Court, absent
consent of the parties, cannot enter final orders or judgments consistent with Article III of the
United States Constitution.

3.      The statutory and legal predicates for the relief requested herein are sections 501
and 502 of the Bankruptcy Code, Bankruptcy Rules 2002 and 3003(c)(3), and Local Rule 2002-
1(e).

## II. BACKGROUND

4.      On January 15, 2015 (the "Petition Date"), each of the Debtors commenced a
voluntary case under chapter 11 of the Bankruptcy Code.

5.      The Debtors are authorized to continue to operate their business and manage their
property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.
To date, no trustee, examiner or statutory committee has been appointed in these Cases by the
United States Trustee.

6.      The detailed factual background relating to the Debtors and the commencement of
these Cases is set forth in the *Declaration of Thomas R. Hillebrandt in Support of First Day
Motions* filed on the Petition Date [Docket No. 19].

01:16559948.1

7.     As of the date hereof, the Debtors have not filed their schedules of assets and liabilities and statements of financial affairs (together, the "Schedules").  However, the Debtors anticipate completing and filing their Schedules on or before March 1, 2015 (such filing date, the "Schedules Filing Date").

### III.  RELIEF REQUESTED

8.     By this Motion, the Debtors request that the Court enter an order, (the "Bar Date Order"), substantially in the form attached hereto as **Exhibit A**, (i) establishing 5:00 p.m. (prevailing Eastern Time) on the date that is thirty-five (35) days after the Bar Date Notice Mailing Date (as defined below) as the deadline by which each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts), other than governmental units, must file a proof of claim (each, a "Proof of Claim") based on claims against the Debtors that arose prior to the Petition Date, including requests for allowance and payment under section 503(b)(9) of the Bankruptcy Code for goods delivered and received by the Debtors in the 20 days prior to the Petition Date (the "General Bar Date"), (ii) establishing the later of (x) 5:00 p.m. (prevailing Eastern Time) on the date that is sixty (60) days after the Bar Date Notice Mailing Date; and (y) July 14, 2015, at 5:00 p.m. (prevailing Eastern Time), as the deadline by which any governmental unit (as such term is defined in section 101(27) of the Bankruptcy Code) must file Proofs of Claim against the Debtors (the "Government Bar Date"), (iii) approving the proposed bar date notice procedures (the "Bar Date Notice Procedures"), as set forth below, (iv) approving extensions of the General Bar Date with respect to claims filed in response to amendments of the Debtors' Schedules or for rejection damage claims, as set forth below, (v) approving the proposed form of bar date notice (the "Bar Date Notice"), and (vi) approving the proposed manner of publication of the Bar Date Notice.

A.      **Bar Dates**

9.      In compliance with Bankruptcy Rule 2002(a)(7), the proposed General Bar Date

provides claimants with thirty-five (35) days' notice of the General Bar Date to review the

information provided by the Debtors and their own records and, if necessary, prepare and file a

Proof of Claim.  In addition, the proposed Government Bar Date meets the requirements of

section 502(b)(9) of the Bankruptcy Code by providing governmental units a minimum of 180

days after the Petition Date to file any Proofs of Claim.

10.     If the Debtors file an amendment to or supplement their Schedules subsequent to

the mailing of the Bar Date Notice and related information, they will provide notice of any such

amendment or supplement to the holders of the claims affected thereby within ten (10) days of

such filing.  Consequently, pursuant to Local Rule 1009-2, the Debtors propose that holders of

the claims affected by any such amendments must file Proofs of Claim with respect to such

claims on the later of (i) the applicable General Bar Date or Government Bar Date and

(ii) twenty-one (21) days after the date on which notice is served (the "Supplemental Bar Date").

11.     With respect to the claims of any affected counterparty or other party in interest

asserting a claim or claims against the Debtors arising from the rejection of an executory contract

or unexpired lease, the Debtors propose the deadline for filing a Proof of Claim asserting any

claims based on such rejection to be the later of (i) the date that is thirty (30) days after the entry

of an order approving the rejection of the executory contract or unexpired lease, and (ii) the

General Bar Date (the "Rejection Bar Date" and, together with the General Bar Date,

Government Bar Date, and Supplemental Bar Date, the "Bar Dates").

B.      **Bar Date Notice Form**

12.     Pursuant to Bankruptcy Rule 2002(a)(7), the Debtors propose to mail a Bar Date

Notice, in the manner set forth below, in a form substantially similar to **Exhibit B** attached

hereto.  The proposed Bar Date Notice provides notice of the Bar Dates and contains information regarding who must file a Proof of Claim, the procedure for filing a Proof of Claim, the consequences of failure to timely file a Proof of Claim, and instructions for completing a Proof of Claim.

13.    Pursuant to the proposed Bar Date Order and the Bar Date Notice, an **original** Proof of Claim must be delivered so as to be received on or before the applicable Bar Date by first-class mail, overnight delivery service, or hand delivery to the Court-appointed claims and noticing agent, Donlin, Recano & Company, Inc. (the "Claims Agent"), as set forth in the Bar Date Notice.  The Bar Date Order and Bar Date Notice will further provide that (i) the Claims Agent will **not** accept Proofs of Claim sent by facsimile, telecopy, or electronic mail transmission, and (ii) Proofs of Claim are deemed timely filed only if such claims are **actually received** by the Claims Agent on or before the applicable Bar Date, in accordance with the requirements set forth in this Motion.

**C.    Creditors Who Must File a Proof of Claim**

14.    Pursuant to the proposed Bar Date Order and the Bar Date Notice, each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust, or governmental unit) that asserts a claim (as defined in section 101(5) of the Bankruptcy Code) against a Debtor that arose prior to the Petition Date, must file an original, written proof of such claim that substantially conforms to the proof of claim form (the "Proof of Claim Form"), annexed hereto as **Exhibit C**, so as to be received on or before the applicable Bar Date by the Claims Agent.  The Proof of Claim Form is based on Official Bankruptcy Form No. 10.  Except as otherwise provided herein, a holder that asserts a claim against multiple Debtors must file a separate Proof of Claim Form against each such Debtor.

15.     Pursuant to the proposed Bar Date Order and Bar Date Notice, the following

persons or entities are *not required* to file a Proof of Claim on or before the applicable Bar Date:

a.     any person or entity whose claim is listed on the Schedules and (i) whose claim is not described therein as "disputed," "contingent," or "unliquidated," and (ii) who does not dispute the amount or nature of the claim as set forth in the Schedules; and (iii) who does not dispute that the claim as listed in the Schedules is an obligation of the specific Debtor against whom the claim is listed;

b.     any person or entity whose claim has been paid in full by the Debtors;

c.     any person or entity that holds an interest in any of the Debtors, which interest is based exclusively upon the ownership of common stock, preferred stock, membership interests, partnership interests, or rights to purchase, sell, or subscribe to such an interest; *provided, however*, that interest holders who wish to assert claims (as opposed to ownership interests) against any of the Debtors that arise out of or relate to the ownership or purchase of an interest, including claims arising out of or relating to the sale, issuance, or distribution of the interest, must file Proofs of Claim on or before the applicable Bar Date unless another exception identified herein applies;[2]

d.     any holder of a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration of the Debtors' estates, except any holder of a claim arising under section 503(b)(9) of the Bankruptcy Code, which must be asserted by filing a Proof of Claim on or prior to the General Bar Date;

e.     any person or entity that holds a claim that has been allowed by an order of this Court entered on or before the applicable Bar Date;

f.     any holder of a claim for which a separate deadline is fixed by this Court;

g.     any holder of a claim against the Debtors that has previously been properly filed with the Clerk of the Court or with the Claims Agent (utilizing a claim form that substantially conforms to the Proof of Claim Form);

h.     any Debtor holding a claim against another Debtor;

i.     any person or entity holding a claim payable to the Court or the United

---

[2] The Debtors reserve all rights with respect to such claims including without limitation to assert that such claims are subject to subordination pursuant to section 510(b) of the Bankruptcy Code.

01:16559948.1

States Trustee Program pursuant to 28 U.S.C. § 1930;

j.  any non-debtor subsidiary or affiliate of any Debtor holding a claim against a Debtor;

k.  any current employee, to the extent that an order of this Court previously authorized the Debtors to honor such claim in the ordinary course as a wage or benefit; *provided, however*, that a current employee must submit a Proof of Claim by the General Bar Date if he or she disputes the amount of his or her previously authorized claim or his or her claim relates to damages arising from claims for wrongful termination, discrimination, and/or workers' compensation insurance; and

l.  any current officer or director who has a claim for indemnification, contribution, or reimbursement.

16.    Any person or entity that relies on the Schedules has the responsibility to determine that the Claim is accurately listed in the Schedules.

**D.    Consequence of Failure to File a Proof of Claim**

17.    Pursuant to Bankruptcy Rule 3003(c)(2), the Debtors propose that, unless otherwise ordered by the Court, any holder of a claim against any of the Debtors who is required, but fails, to file a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date shall be forever barred, estopped, and enjoined from asserting such claim against any of the Debtors (or subsequently filing a Proof of Claim with respect thereto), and the Debtors and their properties shall be forever discharged from any and all indebtedness or liability with respect to such claim.  Moreover, such holder shall not be permitted to vote to accept or reject any chapter 11 plan filed in these Cases, participate in any distribution in these Cases on account of such claim, or receive further notices regarding such claim.

**E.    Procedure for Filing a Proof of Claim**

18.    The Proof of Claim Form to be used in these Cases is substantially similar to the Official Bankruptcy Form B10 and is available on the Claim Agent's website at www.donlinrecano.com/wetseal.  As reflected in the proposed Bar Date Order, each Proof of

01:16559948.1

Claim must:

    a.    be written in the English language;

    b.    denominate the claim in lawful currency of the United States as of the applicable Petition Date;

    c.    conform substantially with the Proof of Claim Form;

    d.    be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant;

    e.    indicate the particular Debtor against which the claim is asserted; include supporting documentation (or, if such documentation is voluminous, include a summary of such documentation) or an explanation as to why such documentation is not available; *provided, however*, that a Proof of Claim may be filed without supporting documentation upon the prior written consent of the Debtors;

    f.    any request for payment under section 503(b)(9) of the Bankruptcy Code must (a) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date, and (b) attach any documentation identifying the particular invoices for which the section 503(b)(9) claim is being asserted;

    g.    parties who wish to receive from the Claims Agent a proof of receipt of their proofs of claim, must also include with their original Proof of Claim a copy of such claim and a self-addressed and pre-stamped envelope; and

    h.    each original Proof of Claim, including supporting documentation, must be sent by United States Postal Service mail, overnight delivery, or hand delivery, so as to actually be received by the Claims Agent on or before the applicable Bar Date in accordance with the Bar Date Order, at the following address, as applicable:

If Proof of Claim is sent by regular mail, to:

Donlin, Recano & Company, Inc.
Re: The Wet Seal, Inc., et al.
P.O. Box 899
Madison Square Station
New York, NY 10010

If Proof of Claim is sent by Overnight Courier / Hand Delivery, to:

Donlin, Recano & Company, Inc.
Re: The Wet Seal, Inc., et al.

6201 15th Avenue
Brooklyn, NY 11219

19.     The Debtors also propose that all entities asserting claims against more than one

Debtor be required to file a separate Proof of Claim with respect to each such Debtor.  If entities

are permitted to assert claims against more than one Debtor in a single Proof of Claim, the

Claims Agent may have difficulty maintaining separate claims registers for each Debtor, and the

Debtors may be required to object to a Proof of Claim simply to clarify the proper Debtor liable

for the amounts identified in the claim. Requiring parties to identify a specific Debtor against

which a claim is asserted will expedite the Debtors' review of Proofs of Claim in these cases.

This requirement will not unduly burden claimants because those entities will know, or should

know, the identity of the Debtor against which they are asserting a claim.

**F.      Bar Date Notice Procedures**

20.     Bankruptcy Rule 2002(a)(7) requires that the clerk of the Court or a party ordered

by the court give "at least 21 days' notice by mail of ... the time fixed for filing proofs of claims

pursuant to Rule 3003(c)."  Fed. R. Bankr. P. 2002(a)(7). Consistent with Bankruptcy Rule

2002(a)(7), the Debtors propose to mail a Bar Date Package (as defined below) to the following

parties (the "Bar Date Notice Parties") on a date that is on or after the Schedules Filing Date

(such mailing date, the "Bar Date Notice Mailing Date"), that will allow all claim holders whose

claims are subject to the General Bar Date thirty-five (35) days to prepare and file their Proofs of

Claim:

    a.      the Office of the United States Trustee for the District of Delaware (the
            "United States Trustee");

    b.      any official committee(s) appointed in these Cases;

    c.      all known holders of claims listed on the Schedules at the addresses stated
            therein (as amended or supplemented from time to time);

01:16559948.1

    d.    all parties known to the Debtors as having potential claims against any of the Debtors' estates;

    e.    all counterparties to the Debtors' executory contracts and unexpired leases listed on the Schedules at the addresses stated therein (as amended or supplemented from time to time);

    f.    all parties to litigation with any of the Debtors (as of the date of the entry of the Bar Date Order);

    g.    all parties who have requested notice pursuant to Bankruptcy Rule 2002;

    h.    the Internal Revenue Service;

    i.    all regulatory agencies that have jurisdiction over the Debtors;

    j.    all applicable state and local tax authorities;

    k.    the Debtors' current officers, directors, and employees;

    l.    the Debtors' former officers, directors, and employees to the extent that contact information for such former officers, directors, and employees is available in the Debtors' records for the three years prior to the Petition Date; and

    m.    all holders of equity interests in the Debtors.

21.    The Debtors propose to mail the following documents to the Bar Date Notice Parties (the "Bar Date Package"):

    a.    the Bar Date Notice;

    b.    a blank Proof of Claim Form; and

    c.    information from the Schedules regarding the claimant's claim, which information may be pre-printed on the Proof of Claim Form.

22.    After the initial mailing of the Bar Date Package, the Debtors may, in their discretion, make supplemental mailings of notices or packages, including in the event that: (a) notices are returned by the post office with forwarding addresses[3]; (b) certain parties acting

---

[3] However, if notices are returned as "return to sender" without a forwarding address, the Debtors respectfully request that they should not be required to mail additional notices to such creditors.

01:16559948.1

on behalf of parties in interest (e.g. banks and brokers with respect to equity or interest holders) decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing, and (c) additional potential claimants become known as a result of the Bar Date mailing process.  In this regard, the Debtors request that the Court permit them to make supplemental mailings of the Bar Date Package in these and similar circumstances at any time up to 21 days in advance of the Bar Date, with any such mailings being deemed timely and the Bar Date being applicable to the recipient entities.

**G.    Publication of the Notice of Bar Date**

23.    In light of the size, complexity, and geographic diversity of the Debtors' operations, potential claims against the Debtors may exist that the Debtors have been unable to identify on the Schedules.  Such unknown potential claims may include, for example: (a) claims of trade vendors that failed to submit invoices to the Debtors; (b) claims of former employees; (c) claims of current or former customers; (d) claims of persons or entities with unasserted causes of action against the Debtors; and (e) other claims that, for various other reasons, are not recorded in the Debtors' books and records, are unknown to the Debtors, or are in respect of creditors with addresses unknown to the Debtors.  It is in best interests of the Debtors' estates to give notice to certain parties by publication of the Bar Dates.

24.    Pursuant to Bankruptcy Rule 2002(1), on or near the Bar Date Notice Mailing Date, the Debtors propose to publish the Bar Date Notice, with such changes as may be required for publication, once in the national edition of *USA Today*, thus satisfying the notice requirements of Bankruptcy Rule 2002(a)(7).

## IV.  BASIS FOR RELIEF

### A.    Bar Dates

25.    Bankruptcy Rule 3003(c)(3) provides the Court shall fix the time within which proofs of claim must be filed in a chapter 11 case pursuant to section 501 of the Bankruptcy Code.  *See* Fed. R. Bankr. P. 3003(c)(3).  Bankruptcy Rule 3003(c)(2) further provides that any creditor who asserts a claim against the debtor, and whose claim is not scheduled in the debtor's schedules of assets and liabilities or whose claim is listed on such schedules as disputed, contingent, or unliquidated, must file a proof of claim, failing which such creditor shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution.  *See* Fed. R. Bankr. P. 3003(c)(2).  In addition, section 502(b)(9) of the Bankruptcy Code provides that the "claim of a governmental unit shall be timely filed if it is filed before 180 days after the order for relief ...."  11 U.S.C. § 502(b)(9).

26.    The Bar Dates the Debtors have proposed are more than adequate, considering that Bankruptcy Rule 2002(a)(7) requires that twenty-one (21) days' notice of the deadlines for filing proofs of claim against the debtor be provided to creditors.  Here, the Debtors propose to (i) establish a General Bar Date that gives potential claimants at least thirty-five (35) days' notice following the Bar Date Notice Mailing Date, (ii) a Government Bar Date consistent with the provisions of section 502(b)(9) of the Bankruptcy Code, (iii) a Supplemental Bar Date limited solely to amendments and modifications to the Schedules allowing twenty-one (21) days to file or amend a Proof of Claim in response to any such change, and (iv) a Rejection Bar Date allowing thirty (30) days to file a Proof of Claim.  Under the circumstances of these complex Cases, the Bar Dates provide creditors ample time to prepare and file their Proofs of Claim, are reasonable and necessary for the efficient administration of these cases, and should be approved.

01:16559948.1

## B.    Bar Date Notice and Procedures

27.    The Debtors must ensure that creditors and other interested parties receive adequate and appropriate notice of the Bar Dates.  To determine the adequacy of notice given to a creditor, bankruptcy law distinguishes between "known" and "unknown" creditors.  *See Chemetron Corp. v. Jones (In re Chemetron Corp.)*, 72 F.3d 341, 345 (3d Cir. 1995).  As the Third Circuit in *Chemetron* explained, "[k]nown creditors must be provided with actual written notice of a debtor's bankruptcy filing and bar claims date.  For unknown claimants, notification by publication will generally suffice."  *Id.* at 346 (citations omitted).  A "known" creditor is one whose identity is either known or is "reasonably ascertainable by the debtor."  *Id.* (citing *Tulsa Prof'l Collection Serv., Inc. v. Pope*, 485 U.S. 478, 490 (1988)).  An "unknown" creditor is one whose "interests are either conjectural or future or, although they could be discovered upon investigation, do not in due course of business come to knowledge [of the debtor]."  *Chemetron*, 71 F.3d at 346 (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950)).

28.    In defining the efforts required to identify "known" creditors, the Third Circuit has stated:

> Precedent demonstrates that what is required is not a vast, open-ended investigation . . . .  The requisite search instead focuses on the debtor's own books and records.  Efforts beyond a careful examination of these documents are generally not required.  Only those claimants who are identifiable through a diligent search are "reasonably ascertainable" and hence "known" creditors.

*Chemetron*, 72 F.3d at 346-47 (citations omitted).  As for the particular efforts a debtor must exert to identify known creditors, "[w]hether a creditor received adequate notice of a bar date 'depends upon the facts and circumstances of a given case.'"  *In re Grand Union Co.*, 204 B.R. 864, 871 (Bankr. D. Del. 1997) (citing *Oppenheim, Appel, Dixon & Co. v. Bullock (In re Robintech, Inc.)*, 863 F.2d 393, 396 (5th Cir.), *cert. denied*, 493 U.S. 811 (1989)).

01:16559948.1

29.     The Debtors submit that the proposed notice procedures respecting the Bar Dates satisfy the *Chemetron* standard.  Through the process of completing the Schedules, the Debtors will have identified, following careful review of the Debtors' books and records and those of the Debtors' professionals, where applicable, those persons and entities that are known to the Debtors to hold claims against the Debtors, or are likely to be potential holders of claims.

30.     The Publication Notice that the Debtors may publish has been tailored to provide notice of the Bar Dates on an extensive basis throughout the United States.  The Debtors believe that the Publication Notice would provide any claimants unknown to the Debtors that may potentially hold claims against the Debtors with adequate notice of the Bar Dates.  In addition, the Debtors believe that the Publication Notice constitutes good and sufficient notice to "unknown" creditors, as defined by the Third Circuit in *Chemetron*.

31.     The proposed form of Bar Date Notice is reasonable and appropriate in the context of these Cases.  The proposed Bar Date Notice is easy to comprehend, provides clear notice of the Bar Dates and contains information regarding who must file a Proof of Claim, the procedure for filing a Proof of Claim, the consequences of failure to timely file a Proof of Claim, and instructions for completing a Proof of Claim. The form is similar to those used effectively in other large and complex cases, is appropriate in the context of these Cases, and should be approved.  Furthermore, the publication of the Bar Date Notice has been tailored to provide notice of the Bar Dates on an extensive basis throughout the United States and constitutes good and sufficient notice to "unknown" creditors, as defined by the Third Circuit in *Chemetron*.

32.     In light of the foregoing, the Debtors believe that the fixing of the Bar Dates as proposed herein will assist in the efficient administration of the Debtors' businesses and estates, and ultimately maximize value for the Debtors, their estates and all parties in interest.

01:16559948.1

Accordingly, the relief requested in this Motion is in the best interest of the Debtors and their estates.

## V.  RESERVATION OF RIGHTS

33.     The Debtors reserve their right to object to any Proof of Claim on any grounds. The Debtors reserve their right to dispute, or to assert offsets or defenses to, any claim reflected on the Debtors' Schedules or any amendments thereto, as to amount, liability, classification, or otherwise, and to subsequently designate any claim as disputed, contingent, unliquidated, or undetermined.

## VI.  NOTICE

34.     The Debtors will provide notice of this Motion by overnight mail to: (i) the United States Trustee; (ii) holders of the forty (40) largest unsecured claims on a consolidated basis against the Debtors; (iii) Bank of America, N.A.; and (iv) all parties who have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

01:16559948.1

## VII.  CONCLUSION

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that this

Court enter an order, substantially in the form attached hereto as **Exhibit A**, (i) establishing the

applicable Bar Dates for filing Proofs of Claim, (ii) approving the form and manner of notice of

such Bar Dates, and (iii) granting such other and further relief as it deems just and proper.

Dated:  January 23, 2015

*/s/ Travis G. Buchanan*
Michael R. Nestor, Esq. (DE Bar No. 3526)
Maris J. Kandestin, Esq. (DE Bar No. 5294)
Travis G. Buchanan (DE Bar No. 5595)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Tel:    (302) 571-6600
Fax:    (302) 571-1253
Email:  mnestor@ycst.com
        mkandestin@ycst.com
        tbuchanan@ycst.com

and

Lee R. Bogdanoff, Esq.
Michael L. Tuchin, Esq.
David M. Guess, Esq.
Jonathan M. Weiss, Esq.
KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 Avenue of the Stars, 39th Floor
Los Angeles, CA 90067
Tel:    (310) 407-4022
Fax:    (310) 407-9090
Email:  lbogdanoff@ktbslaw.com
        mtuchin@ktbslaw.com
        dguess@ktbslaw.com
        jweiss@ktbslaw.com

*Proposed Counsel for the Debtors*
*and Debtors in Possession*

01:16559948.1