# Exhibit A

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>THE WET SEAL, INC., a Delaware corporation, et al.[1]<br><br>Debtors. | Chapter 11<br><br>Case No.: 15-10081 (CSS)<br><br>(Jointly Administered)<br><br>**Re: Docket No. ___** |

## ORDER ESTABLISHING DEADLINES FOR FILING PROOFS OF CLAIM AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF

Upon the motion (the "Motion")[2] of The Wet Seal, Inc. and its subsidiaries, the debtors and debtors in possession (the "Debtors") in the above-captioned jointly administered chapter 11 cases (the "Cases"), for entry of an order, pursuant to sections 501 and 502 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rules 2002 and 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2002-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") (i) establishing 5:00 p.m. (prevailing Eastern Time) on the date that is thirty-five (35) days after the Bar Date Notice Mailing Date as the deadline by which each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts), other than governmental units, must file a proof of claim (each, a "Proof of Claim") based on claims against the Debtors that arose prior to the Petition Date, including requests for allowance and payment under section

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: The Wet Seal, Inc. (5940); The Wet Seal Retail, Inc. (6265), Wet Seal Catalog, Inc. (7604), and Wet Seal GC, LLC (2855-VA). The Debtors' address is 26972 Burbank, Foothill Ranch, CA 92610.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

01:16559948.1

154073.3

503(b)(9) of the Bankruptcy Code for goods delivered and received by the Debtors in the 20 days prior to the Petition Date (the "General Bar Date"), (ii) establishing the later of (x) 5:00 p.m. (prevailing Eastern Time) on the date that is sixty (60 days after the Bar Date Notice Mailing Date; and (y) July 14, 2015, at 5:00 p.m. (prevailing Eastern Time), as the deadline by which any governmental unit (as such term is defined in section 101(27) of the Bankruptcy Code) must file Proofs of Claim against the Debtors (the "Government Bar Date"), (iii) approving the Bar Date Notice Procedures, (iv) approving the Supplemental Bar Date and Rejection Bar Date with respect to claims filed in response to amendments of the Debtors' Schedules or for rejection damage claims; (v) approving the proposed form of Bar Date Notice, and (vi) approving the proposed manner of publication of the Bar Date Notice; and upon consideration of the record of these chapter 11 Cases; and it appearing that the Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 1334 and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and it appearing that the Motion is a core matter pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue of these Cases and of the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and adequate notice of the Motion has been given under the circumstances, and that no other or further notice need be given; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation, and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED as set forth herein.

01:16559948.1

2. Except as otherwise provided herein, (i) 5:00 p.m. (prevailing Eastern Time) on the date that is thirty-five (35) days after the Bar Date Notice Mailing Date is established as the General Bar Date and (ii) the later of (x) 5:00 p.m. (prevailing Eastern Time) on the date that is sixty (60) days after the Bar Date Notice Mailing Date; and (y) July 14, 2015, at 5:00 p.m. (prevailing Eastern Time) is established as the Government Bar Date.

3. If the Debtors file an amendment to or supplement their Schedules subsequent to the mailing of the Bar Date Notice and related information, they will provide notice of any such amendment or supplement to the holders of the claims affected thereby within ten (10) days of such filing. Holders of the claims affected by any such amendments must file Proofs of Claim with respect to such claims on or before the later of (i) the applicable General Bar Date or Government Bar Date and (ii) twenty-one (21) days after the date on which notice is served (the "<u>Supplemental Bar Date</u>").

4. Any counterparty or other party in interest asserting a claim or claims against the Debtors arising from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection on or before the later of (i) the date that is thirty (30) days after the entry of an order approving the rejection of the executory contract or unexpired lease, and (ii) the General Bar Date (the "<u>Rejection Bar Date</u>").

5. The following persons or entities are **not** required to file a Proof of Claim on or before the General Bar Date or the Government Bar Date, as applicable:

    a. any person or entity whose claim is listed on the Schedules and (i) whose claim is not described therein as "disputed," "contingent," or "unliquidated," and (ii) who does not dispute the amount or nature of the claim as set forth in the Schedules; and (iii) who does not dispute that the claim as listed in the Schedules is an obligation of the specific Debtor against whom the claim is listed;

    b. any person or entity whose claim has been paid in full by the Debtors;

c. any person or entity that holds an interest in any of the Debtors, which interest is based exclusively upon the ownership of common stock, preferred stock, membership interests, partnership interests, or rights to purchase, sell, or subscribe to such an interest; *provided, however*, that interest holders who wish to assert claims (as opposed to ownership interests) against any of the Debtors that arise out of or relate to the ownership or purchase of an interest, including claims arising out of or relating to the sale, issuance, or distribution of the interest, must file Proofs of Claim on or before the applicable Bar Date unless another exception identified herein applies;[3]

d. any holder of a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration of the Debtors' estates, except any holder of a claim arising under section 503(b)(9) of the Bankruptcy Code, which must be asserted by filing a Proof of Claim on or prior to the General Bar Date;

e. any person or entity that holds a claim that has been allowed by an order of this Court entered on or before the applicable Bar Date;

f. any holder of a claim for which a separate deadline is fixed by this Court;

g. any holder of a claim against the Debtors that has previously been properly filed with the Clerk of the Court or with the Claims Agent (utilizing a claim form that substantially conforms to the Proof of Claim Form);

h. any Debtor holding a claim against another Debtor;

i. any person or entity holding a claim payable to the Court or the United States Trustee Program pursuant to 28 U.S.C. § 1930;

j. any non-debtor subsidiary or affiliate of any Debtor holding a claim against a Debtor;

k. any current employee, to the extent that an order of this Court previously authorized the Debtors to honor such claim in the ordinary course as a wage or benefit; *provided, however*, that a current employee must submit a Proof of Claim by the General Bar Date if he or she disputes the amount of his or her previously authorized claim or his or her claim relates to damages arising from claims for wrongful termination, discrimination, and/or workers' compensation insurance; and

---

[3] The Debtors reserve all rights with respect to such claims including without limitation to assert that such claims are subject to subordination pursuant to section 510(b) of the Bankruptcy Code.

01:16559948.1

154073.3

4

      l.    any current officer or director who has a claim for indemnification, contribution, or reimbursement.

6.    The Debtors' Claims Agent shall mail the Bar Date Package on a date that is on or after the Schedules Filing Date. Each creditor entitled to receive notice hereunder will receive a Proof of Claim Form, substantially in the form attached to the Motion as **Exhibit C**, provided, however, that such Proof of Claim Form may be customized for each creditor whose claim is listed on the Schedules (whose claim is not disputed, contingent, or unliquidated) with the creditor's name, address, and information regarding the nature, amount, and status of its claim(s) as reflected in the Schedules.

7.    The Claims Agent shall prominently display the Bar Dates on its website at www.donlinrecano.com/wetseal.

8.    All Proofs of Claim filed against the Debtors must substantially conform to the Proof of Claim Form and all **original** Proofs of Claim must be received by the Claims Agent on or before the applicable Bar Date by first-class mail, overnight delivery service, or hand delivery at the following address, as applicable:

    If Proof of Claim is sent by regular mail, to:

    Donlin, Recano & Company, Inc.
    Re: The Wet Seal, Inc., et al.
    P.O. Box 899
    Madison Square Station
    New York, NY 10010

    If Proof of Claim is sent by Overnight Courier / Hand Delivery, to:

    Donlin, Recano & Company, Inc.
    Re: The Wet Seal, Inc., et al.
    6201 15th Avenue
    Brooklyn, NY 11219

9.    Proofs of Claim will be deemed timely filed only if **actually received** by the Claims Agent on or before the applicable Bar Date.

10. Each Proof of Claim must:

   a. be written in the English language;

   b. denominate the claim in lawful currency of the United States as of the applicable Petition Date;

   c. conform substantially with the Proof of Claim Form;

   d. be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant;

   e. indicate the particular Debtor against which the claim is asserted; include supporting documentation (or, if such documentation is voluminous, include a summary of such documentation) or an explanation as to why such documentation is not available; *provided, however*, that a Proof of Claim may be filed without supporting documentation upon the prior written consent of the Debtors;

   f. any request for payment under section 503(b)(9) of the Bankruptcy Code must (a) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date, and (b) attach any documentation identifying the particular invoices for which the section 503(b)(9) claim is being asserted; and

   g. parties who wish to receive from the Claims Agent a proof of receipt of their proofs of claim, must also include with their original Proof of Claim a copy of such claim and a self-addressed and pre-stamped envelope.

11. All entities asserting claims against more than one Debtor shall be required to file a separate Proof of Claim with respect to each such Debtor.

12. All holders of claims under section 503(b)(9) of the Bankruptcy Code shall be required to file a Proof of Claim prior to the General Bar Date.

13. Unless otherwise ordered by the Court, any holder of a claim against any of the Debtors who is required, but fails, to file proof of such claim in accordance with the Bar Date Order on or before the applicable Bar Date shall be forever barred, estopped, and enjoined from asserting such claim against any of the Debtors (or filing a Proof of Claim with respect thereto), and the Debtors and their properties shall be forever discharged from any and all indebtedness or

liability with respect to such claim. Moreover, such holder shall not be permitted to vote to accept or reject any chapter 11 plan filed in these Cases, participate in any distribution in these Cases on account of such claim, or receive further notices regarding such claim.

14. Notice of the Bar Date Package shall be deemed good, adequate, and sufficient notice if it is served by deposit in the United States mail, first class postage prepaid, on a date that is on or after the Schedules Filing Date, upon the following Bar Date Notice Parties:

   a. the United States Trustee;

   b. any official committee(s) appointed in these Cases;

   c. all known holders of claims listed on the Schedules at the addresses stated therein (as amended or supplemented from time to time);

   d. all parties known to the Debtors as having potential claims against any of the Debtors' estates;

   e. all counterparties to the Debtors' executory contracts and unexpired leases listed on the Schedules at the addresses stated therein (as amended or supplemented from time to time);

   f. all parties to litigation with any of the Debtors (as of the date of the entry of the Bar Date Order);

   g. all parties who have requested notice pursuant to Bankruptcy Rule 2002;

   h. the Internal Revenue Service;

   i. all regulatory agencies that have jurisdiction over the Debtors;

   j. all applicable state and local tax authorities;

   k. the Debtors' current officers, directors, and employees;

   l. the Debtors' former officers, directors, and employees to the extent that contact information for such former officers, directors, and employees is available in the Debtors' records for the three years prior to the Petition Date; and

   m. all holders of equity interests in the Debtors.

15. The Bar Date Notice is approved in all respects.

16. Pursuant to Bankruptcy Rule 2002(l), the Court finds that notice by mail to all potential creditors is impracticable and therefore the Debtors shall, on or near the Bar Date Notice Mailing Date, publish the Bar Date Notice, with such changes as may be required for publication, once in the national edition of *USA Today*, which publication is hereby approved in all respects and which shall be deemed good, adequate, and sufficient publication notice of the Bar Dates.

17. The Debtors retain all rights to (i) object to any Proof of Claim on any grounds; (ii) dispute, or assert offsets or defenses to, any claim reflected on the Schedules, or any amendments thereto, as to amount, liability, classification, or otherwise; and (only with respect to the Debtors) (iii) subsequently designate any claim as disputed, contingent, unliquidated, or undetermined.

18. Notification of the relief granted in this Order as provided herein is fair and reasonable and is approved, and will provide good, sufficient, and proper notice to all creditors of their obligations in connection with claims they may have against any of the Debtors in these Cases.

19. Entry of this Order is without prejudice to the rights of the Debtors to seek a further order of this Court fixing the date by which holders of claims not subject to the Bar Dates established herein must file such claims against the Debtors or be forever barred from voting upon any chapter 11 plan, from receiving any payment or distribution of property from the Debtors, the Debtors' estates, or their successors or assigns with respect to such claims, and from asserting such claims against the Debtors.

20. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

21. The Court retains jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: Wilmington, Delaware
_____, 2015

                                                                                  Christopher S. Sontchi
                                                                                   United States Bankruptcy Judge

# Exhibit B

**Bar Date Notice**

01:16559948.1

154073.3

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>THE WET SEAL, INC., a Delaware corporation, et al.[1]<br><br>Debtors. | Chapter 11<br><br>Case No.: 15-10081 (CSS)<br><br>(Jointly Administered)<br><br>Re: Docket No. ___ |

## NOTICE OF DEADLINE FOR FILING OF PROOFS OF CLAIM

**PLEASE TAKE NOTICE THAT:**

The United States Bankruptcy Court for the District of Delaware (the "Court"), having jurisdiction over the chapter 11 cases of The Wet Seal, Inc., The Wet Seal Retail, Inc., Wet Seal Catalog, Inc., and Wet Seal GC, LLC (collectively, the "Debtors") has entered an order (the "Bar Date Order") establishing (a) [_____], 2015, at 5:00 p.m. (prevailing Eastern Time) as the deadline by which each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts), other than governmental units, must file a proof of claim (each, a "Proof of Claim") based on claims against the Debtors that arose prior to the Petition Date (as defined below), including requests for allowance and payment under section 503(b)(9) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") for goods delivered and received by the Debtors in the 20 days prior to the Petition Date (the "General Bar Date"), and (b) [_____], 2015, at 5:00 p.m. (prevailing Eastern Time) as the deadline by which any governmental unit (as such term is defined in section 101(27) of the Bankruptcy Code) must file Proofs of Claim against the Debtors (the "Government Bar Date" and together with the General Bar Date, the Rejection Bar Date, and the Supplemental Bar Date (each as defined below), the "Bar Dates"). The Bar Date Order, the Bar Dates, as applicable, and the procedures set forth below for the filing of Proofs of Claim, apply to all claims against the Debtors that arose prior to January 15, 2015 (the "Petition Date"), on which each of the Debtors commenced chapter 11 cases under the Bankruptcy Code (the "Cases").

1.  **WHO MUST FILE A PROOF OF CLAIM**

You **MUST** file a Proof of Claim to vote on a chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim (as defined in section 101(5) of the Bankruptcy Code) that arose prior to the Petition Date and it is not one of the other types of claims described in section 2 below. Acts or omissions of the Debtors that

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: The Wet Seal, Inc. (5940); The Wet Seal Retail, Inc. (6265), Wet Seal Catalog, Inc. (7604), and Wet Seal GC, LLC (2855-VA). The Debtors' address is 26972 Burbank, Foothill Ranch, CA 92610.

01:16559948.1

154073.3

arose before the Petition Date may give rise to claims against the Debtors that must be filed by the applicable Bar Date, notwithstanding that such claims may not have matured or become fixed or liquidated prior to the Petition Date.

Under section 101(5) of the Bankruptcy Code and as used herein, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

2. **PARTIES WHO NEED NOT FILE A PROOF OF CLAIM**

You need not file a Proof of Claim if:

a. your claim is listed on the schedules of assets and liabilities filed by a Debtor (collectively, the "Schedules") and (i) your claim is not described therein as "disputed," "contingent," or "unliquidated," and (ii) you do not dispute the amount or nature of the claim as set forth in the Schedules; and (iii) who does not dispute that the claim as listed in the Schedules is an obligation of the specific Debtor against whom the claim is listed;

b. your claim has been paid in full by the Debtors;

c. you hold an interest in any of the Debtors, which interest is based exclusively upon the ownership of common stock, preferred stock, membership interests, partnership interests, or rights to purchase, sell, or subscribe to such an interest; *provided, however,* that you are an interest holder and wish to assert claims (as opposed to ownership interests) against any of the Debtors that arise out of or relate to the ownership or purchase of an interest, including claims arising out of or relating to the sale, issuance, or distribution of the interest, you must file Proofs of Claim on or before the applicable Bar Date unless another exception identified herein applies;[2]

d. you hold a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration of the Debtors' estates, except for any holder of a claim arising under section 503(b)(9) of the Bankruptcy Code, which must be asserted by filing a Proof of Claim on or prior to the General Bar Date;

e. you hold a claim that has been allowed by an order of this Court entered

---

[2] The Debtors reserve all rights with respect to such claims including without limitation to assert that such claims are subject to subordination pursuant to section 510(b) of the Bankruptcy Code.

01:16559948.1

154073.3                                              2

on or before the applicable Bar Date;

f. you hold a claim for which a separate deadline is fixed by this Court;

g. you hold of a claim against the Debtors properly filed previously with the Clerk of the Court or with the Debtors' claims and noticing agent, Donlin, Recano & Company, Inc. (the "Claims Agent") (utilizing a claim form that substantially conforms to the Proof of Claim Form);

h. you are a Debtor holding a claim against another Debtor;

i. you hold a claim payable to the Court or the United States Trustee Program pursuant to 28 U.S.C. § 1930;

j. you are any non-debtor subsidiary or affiliate of any Debtor holding a claim against a Debtor;

k. you are a current employee asserting a claim to the extent that an order of the Court previously authorized the Debtors to honor such claim in the ordinary course as a wage or benefit; *provided, however*, that if you are a current employee, you must submit a Proof of Claim by the General Bar Date if you dispute the amount of your previously authorized claim or his or her claim relates to damages arising from claims for wrongful termination, discrimination, and/or workers' compensation insurance; and

l. you are a current officer or director who has a claim for indemnification, contribution, or reimbursement.

This Notice is being sent to many persons and entities that have had some relationship with or have done business with the Debtors, but may not have an unpaid claim against the Debtors. The fact that you have received this Notice does not mean that you have a claim or that the Debtors or the Court believe that you have a claim against the Debtors.

**YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST ANY OF THE DEBTORS.**

If the Debtors amend or supplement their Schedules subsequent to the mailing of this Bar Date Notice and related information, they will provide notice of any amendment or supplement of their Schedules to the holders of the claims affected thereby within ten (10) days of filing any such amendment or supplement. Holders of the claims affected thereby must file Proofs of Claim with respect to such claims by the later of (i) the applicable Bar Date, and (ii) twenty-one (21) days from the date on which notice is served (the "Supplemental Bar Date").

### 3. EXECUTORY CONTRACTS AND UNEXPIRED LEASES

If you hold a claim arising from the rejection of an executory contract or unexpired lease, you must file a Proof of Claim based on such rejection on or before the later of (i) the date that is

01:16559948.1

154073.3                                    3

thirty (30) days after the entry of an order approving the rejection of the executory contract or unexpired lease or (ii) the General Bar Date (the "Rejection Bar Date").

**4.    WHEN AND WHERE TO FILE**

All original Proofs of Claim must be filed so as to be received on or before the applicable Bar Date at 5:00 p.m. (prevailing Eastern Time) by first-class mail, overnight delivery service, or hand delivery at the following address, as applicable:

**If Proof of Claim is sent by regular mail, to:**

Donlin, Recano & Company, Inc.
Re: The Wet Seal, Inc., et al.
P.O. Box 899
Madison Square Station
New York, NY 10010

**If Proof of Claim is sent by overnight or hand delivery, to:**

Donlin, Recano & Company, Inc.
Re: The Wet Seal, Inc., et al.
6201 15th Avenue
Brooklyn, NY 11219

Proofs of Claim will be deemed timely filed only if **actually received** by the Claims Agent on or before the applicable Bar Date at 5:00 p.m. (prevailing Eastern Time). Proofs of Claim may not be delivered by facsimile, telecopy, or email.

**5.    WHAT TO FILE**

The Debtors are enclosing a proof of claim form (the "Proof of Claim Form") for use in the Debtors' Cases. If your claim is scheduled by the Debtors, the form also sets forth the amount of your claim as scheduled by the Debtors, the specific Debtor against which the claim is scheduled and whether the claim is scheduled as disputed, contingent or unliquidated. You will receive a different Proof of Claim Form for each claim scheduled in your name by the Debtors.

If you file a Proof of Claim, your filed Proof of Claim must (i) be written in the English language; (ii) denominate the claim in lawful currency of the United States as of the Petition Date; (iii) conform substantially with the Proof of Claim Form; (iv) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant; (v) indicate the particular Debtor against which the claim is asserted; and (vi) include supporting documentation (or, if such documentation is voluminous, include a summary of such documentation) or an explanation as to why such documentation is not available; *provided, however*, that a Proof of Claim may be filed without supporting documentation upon the prior written consent of the Debtors.

01:16559948.1

154073.3                                                4

Vendors of goods may be entitled assert claims arising prior to the Petition Date under section 503(b)(9) of the Bankruptcy Code to the extent that they delivered goods to the Debtors within the 20-day period prior to the Petition Date. The Court has deemed the filing of a proof of claim as satisfying the procedural requirements for asserting such a claim arising under section 503(b)(9) of the Bankruptcy Code. In addition to the other requirements of the immediately preceding paragraph above, any Proof of Claim asserting a section 503(b)(9) claim must (a) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date, and (b) attach any documentation identifying the particular invoices for which the section 503(b)(9) claim is being asserted.

Holders of all claims must use the Proof of Claim Form. Proof of Claim Forms may be obtained from the Claims Agent website: www.donlinrecano.com/wetseal. Proof of Claim Forms may also be obtained from the Court's website: www.deb.uscourts.gov.

**YOU MUST ATTACH TO YOUR COMPLETED PROOF OF CLAIM FORM COPIES OF ANY WRITINGS UPON WHICH YOUR CLAIM IS BASED.**

**YOU MUST INCLUDE SUPPORTING DOCUMENTATION (OR, IF SUCH DOCUMENTATION IS VOLUMINOUS, INCLUDE A SUMMARY OF SUCH DOCUMENTATION) OR AN EXPLANATION AS TO WHY SUCH DOCUMENTATION IS NOT AVAILABLE. A PROOF OF CLAIM MAY BE FILED WITHOUT SUPPORTING DOCUMENTATION ONLY UPON THE PRIOR WRITTEN CONSENT OF THE DEBTORS.**

**IF YOU WISH TO ASSERT A CLAIM AGAINST MORE THAN ONE DEBTOR, YOU MUST FILE A SEPARATE PROOF OF CLAIM IN THE CASE OF EACH DEBTOR AGAINST WHICH YOU BELIEVE YOU HOLD SUCH A CLAIM.**

6. **CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE APPLICABLE BAR DATE**

Except with respect to claims of the type set forth in Section 2 above, or unless otherwise ordered by the Court, any holder of a claim against any of the Debtors who is required, but fails, to file a proof of such claim in accordance with the Bar Date Order on or before the applicable Bar Date shall be forever barred, estopped, and enjoined from asserting such claim against any of the Debtors (or filing a Proof of Claim with respect thereto), and the Debtors and their properties shall be forever discharged from any and all indebtedness or liability with respect to such claim. Moreover, such holder shall not be permitted to vote to accept or reject any chapter 11 plan filed in these Cases, participate in any distribution in these Cases on account of such claim, or receive further notices regarding such claim.

7. **THE DEBTORS' SCHEDULES AND ACCESS THERETO**

You may be listed as the holder of a claim against the Debtors in the Schedules. Copies of the Schedules and the Bar Date Order may be examined by interested parties on the Court's electronic docket for the Debtors' Cases, which is available at http://www.deb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov). Additionally, electronic copies of the Schedules and the

01:16559948.1

Bar Date Order may be viewed at the Debtors' Claims Agent's website at www.donlinrecano.com/wetseal. Copies of the Schedules may also be examined by interested parties between the hours of 8:00 a.m. and 4:00 p.m. (prevailing Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware, 19801.

BY ORDER OF THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

Dated: _____, 2015

Michael R. Nestor, Esq. (DE Bar No. 3526)
Maris J. Kandestin, Esq. (DE Bar No. 5294)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Tel:   (302) 571-6600
Fax:   (302) 571-1253
Email: mnestor@ycst.com
       mkandestin@ycst.com

and

Lee R. Bogdanoff, Esq.
Michael L. Tuchin, Esq.
David M. Guess, Esq.
Jonathan M. Weiss, Esq.
KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 Avenue of the Stars, 39th Floor
Los Angeles, CA 90067
Tel:   (310) 407-4022
Fax:   (310) 407-9090
Email: lbogdanoff@ktbslaw.com
       mtuchin@ktbslaw.com
       dguess@ktbslaw.com
       jweiss@ktbslaw.com

*Attorneys for the Debtors and Debtors in Possession*

# Exhibit C

**Proof of Claim Form**

| UNITED STATES BANKRUPTCY COURT DISTRICT OF DELAWARE | | PROOF OF CLAIM |
|---|---|---|
| IN RE: THE WET SEAL, INC., ET AL.<br>Name of Debtor: | 15-10081(CSS)<br>Case Number: | |

NOTE: Other than a claim under 11 U.S.C. § 503(b)(9), this form should not be used to make a claim for an administrative expense arising after the commencement of the case.

Name and Address of Creditor (the person or other entity to whom the debtor owes money or property):

**COURT USE ONLY**

Name and address where notices should be sent:

☐ Check this box if this claim amends a previously filed claim.
Court Claim Number: _____
(If known)
Filed on: _____

Telephone number:            email:

Name and address where payment should be sent (if different from above):

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

Telephone number:            email:

**1. Amount of Claim as of Date Case Filed:** $ _____
If all or part of your claim is secured, complete item 4.
If all or part of your claim is entitled to priority, complete item 5.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** _____
(See instruction #2 on reverse side.)

| 3. Last four digits of any number by which creditor identifies debtor: ____ | 3a. Debtor may have scheduled account as:<br>(See instruction #3a on reverse side.) | 3b. Uniform Claim Identifier (optional):<br>(See instruction #3b on reverse side.) |
|---|---|---|

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:
Value of Property: $_____
Annual Interest Rate _____ % ☐ Fixed  or  ☐ Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
$ _____
Basis for perfection: _____
Amount of Secured Claim:   $ _____
Amount of Unsecured Claim: $ _____

**5. Amount of Claim Entitled to: (i) Priority under 11 U.S.C. § 507(a) or (ii) Administrative Expense under 11 U.S.C. § 503(b)(9).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier - 11 U.S.C. §507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. §507(a)(5).
☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507 (a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. §507(a)(__).
☐ Value of goods received by the debtor within 20 days before the date of commencement of the case - 11 U.S.C. §503(b)(9).

Amount entitled to administrative expense under § 503(b)(9): $ _____

Amount entitled to priority: $ _____

*Amounts are subject to adjustment on 4/1/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6 on reverse side)

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements, or in the case of a claim based upon an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the mortgage proof of claim attachment is being filed with this claim.

(See instruction #7, and the definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

BAR DATE - THE ORIGINAL OF THIS PROOF OF CLAIM MUST BE SENT SO THAT IT IS RECEIVED ON OR BEFORE 5:00 P.M., PREVAILING EASTERN TIME, ON _____, 2015.

| IF PROOF OF CLAIM IS SENT BY MAIL, SEND TO:<br>DONLIN, RECANO & COMPANY, INC.<br>RE: THE WET SEAL, INC., ET AL.<br>P.O. BOX 899, MADISON SQUARE STATION<br>NEW YORK, NY 10010 | IF PROOF OF CLAIM IS SENT BY OVERNIGHT COURIER OR HAND DELIVERY, SEND TO:<br>DONLIN, RECANO & COMPANY, INC.<br>RE: THE WET SEAL, INC., ET AL.<br>6201 15TH AVENUE<br>BROOKLYN, NY 11219 |
|---|---|

Please see instructions on reverse side.

**8. Signature:** (See instruction #8 on reverse side.)
Check the appropriate box.
☐ I am the creditor.  ☐ I am the creditor's authorized agent.  ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)  ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: _____
Title: _____
Company: _____
Address and telephone number (if different from notice address above):
_____
_____

Telephone number: _____   email: _____

(Signature)                              (Date)

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

17

| Debtor Name | Case No. |
|---|---|
| The Wet Seal, Inc. | 15-10081 |
| The Wet Seal Retail, Inc. | 15-10082 |
| Wet Seal Catalog, Inc. | 15-10083 |
| Wet Seal GC, LLC | 15-10084 |

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

## Items to be completed in Proof of Claim form (If not already filled in)

**Name of Debtor and Case Number:**

A complete list of Debtors with corresponding case numbers is listed above. You must fill in the specific Debtor name and case number against which your claim is being asserted. If you are asserting claims against more than one Debtor, you MUST file a separate proof of claim for each debtor.

**Creditor's Name and Address:**

Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

1. **Amount of Claim as of Date Case Filed:**

   State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

2. **Basis for Claim:**

   State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

3. **Last Four Digits of Any Number by Which Creditor Identifies Debtor:**

   State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

   3a. **Debtor May Have Scheduled Account As:**

   Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

   3b. **Uniform Claim Identifier:**

   If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

4. **Secured Claim:**

   Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

5. **Amount of Claim Entitled to (i) Priority Under 11 U.S.C. §507(a) or (ii) Administrative Expense Under 11 U.S.C. §503(b)(9):**

   If any portion of your claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority or administrative expense. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

6. **Credits:**

   An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

7. **Documents:**

   Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

8. **Date and Signature:**

   The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

## ——— DEFINITIONS ———

**Debtor**

A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**

A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before before the date of the bankruptcy filing. See 11 U.S.C. § 101(10).

**Claim**

A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. § 101(5). A claim may be secured or unsecured.

**Proof of Claim**

A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing.

**Secured Claim Under 11 U.S.C. § 506(a)**

A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car.

A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**

An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**

Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Claim Entitled to Administrative Expense Under 11 U.S.C. §503(b)(9)**

Administrative expense priority claims under section 503 (b)(9) of the Bankruptcy Code include those claims for the value of any goods received by the debtor, within 20 days before the date of commencement of a case under the Bankruptcy Code in which the goods have been sold to the debtor in the ordinary course of such debtor's business.

**Redacted**

A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name and only the year of any person's date of birth.

## ——— INFORMATION ———

If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or servcies so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**

Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Acknowledgment of filing of Claim**

To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the Claims Agent's website (www.donlinrecano.com/wetseal) to view your filed proof of claim.

**Offers to Purchase a Claim**

Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.