## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re<br><br>THE WET SEAL, INC., a Delaware corporation, *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No.:  15-10081 (CSS)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 259** |

## ORDER APPROVING CERTAIN BID PROCEDURES GOVERNING THE SUBMISSION OF COMPETING PROPOSALS TO (I)(A) SPONSOR A PLAN OF REORGANIZATION FOR THE DEBTORS OR (B) ACQUIRE ALL OR SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE AND (II) PROVIDE DEBTOR-IN-POSSESSION FINANCING

Upon the motion (the "Motion")[2] of The Wet Seal, Inc. and its subsidiaries, the

debtors and debtors in possession (the "Debtors") in the above-captioned jointly administered

chapter 11 cases (the "Cases"), for entry of an order, pursuant to sections 105(a) and 363 of title

11 of the United States Code (the "Bankruptcy Code"), Rules 2002 and 6004 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 6004-1 of the Local Rules of

Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

Delaware (the "Local Rules"), authorizing and approving certain proposed bid procedures (the

"Bid Procedures") governing the submission of competing proposals to (i)(a) sponsor a plan of

reorganization for the Debtors (a "Plan Transaction") or (b) acquire all or substantially all of the

Debtors' assets (collectively, the "Assets") pursuant to section 363 of the Bankruptcy Code (a

"363 Transaction") and, (ii) with respect to either a Plan Transaction or a 363 Transaction,

---

[1]   The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: The Wet Seal, Inc. (5940); The Wet Seal Retail, Inc. (6265), Wet Seal Catalog, Inc. (7604), and Wet Seal GC, LLC (2855-VA).  The Debtors' address is 26972 Burbank, Foothill Ranch, CA 92610.

[2]   Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

provide debtor-in-possession financing ("Replacement Financing") to replace the Debtors' current debtor-in-possession financing; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation, and good and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**[3]

A.    This Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.

B.    This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.  Venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

C.    The statutory and legal predicates for the relief requested in the Motion and provided for herein are sections 105(a) and 363 of the Bankruptcy Code, Bankruptcy Rules 2002, and 6004, and Local Rule 6004-1.

D.    In the Motion, the Debtors demonstrated that good and sufficient notice of the relief granted by this Order has been given and no further notice is required.  A reasonable opportunity to object or be heard regarding the relief granted by this Order has been afforded to those parties entitled to notice pursuant to Local Rule 2002-1(b) and all other interested parties.

E.    The Bid Procedures are fair, reasonable, and appropriate and are designed to maximize the value to be received by the Debtors, their estates, and creditors.

F.    Entry of this Order is in the best interests of the Debtors, their estates and creditors and all other interested parties; and therefore:

---

[3]  Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact to the fullest extent of the law. *See* Fed. R. Bankr. P. 7052.

01:16677964.4

**IT IS HEREBY ORDERED THAT:**

1. The Motion is hereby GRANTED as set forth herein.

2. The Bid Procedures, attached hereto as **Exhibit 1**, are approved, and the Debtors are authorized to take any and all actions necessary or appropriate to implement the Bid Procedures.

3. The Bid Procedures shall govern the submission, receipt, and analysis of all Bids, and any party desiring to submit a higher or better offer shall do so strictly in accordance with the terms of this Bid Procedures Order and the Bid Procedures.

4. As further described in the Bid Procedures, any entity wishing to participate in the Auction must submit a Bid in writing to: (i) Debtors: The Wet Seal, Inc., 26972 Burbank, Foothill Ranch, California 92610, Attn: Edmond S. Thomas, CEO, email: Ed.Thomas@wetseal.com; (ii) Debtors' Counsel: Klee, Tuchin, Bogdanoff & Stern LLP, 1999 Avenue of the Stars, 39th Floor, Los Angeles, CA 90067, Attn: Lee Bogdanoff and Michael Tuchin, email: lbogdanoff@ktbslaw.com and mtuchin@ktbslaw.com; and Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, Delaware 19801, Attn: Michael R. Nestor, email: mnestor@ycst.com; (iii) proposed Debtors' Investment Banker: Houlihan Lokey Capital, Inc., 245 Park Avenue 20th Fl., New York, NY 10167, Attn: Derek Pitts, email: dpitts@hl.com; (iv) proposed Debtors' Financial Advisor: FTI Consulting, Inc., 200 State Street, 2nd Floor, Boston, MA 02109, Attn: Michael Nowlan, email: mike.nowlan@fticonsulting.com; and (v) proposed Committee's Counsel: Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, Wilmington, DE 19899, Attn: Bradford Sandler, email: bsandler@pszjlaw.com and Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 11th Floor, Los Angeles, CA 90067, Attn: Jeffrey Pomerantz, email: jpomerantz@pszjlaw.com,

01:16677964.4

so as to be received not later than **4:00 p.m. (Prevailing Pacific Time) on March 5, 2015**. A hard copy of such Bid shall be delivered to Klee, Tuchin, Bogdanoff & Stern LLP, 1999 Avenue of the Stars, 39th Floor, Los Angeles, CA 90067, Attn: Michael Tuchin and Lee Bogdanoff.

5.    If the Debtors receive a Qualified Bid from an entity other than the Sponsor, the Debtors will conduct an auction (the "Auction") on **March 10, 2015 at 10:00 a.m. (Prevailing Pacific Time)**, or such other date as determined by the Debtors, in consultation with the Committee (provided that such other date must allow sufficient time before the date set for hearing on the Disclosure Statement to conduct the Auction and designate the Successful Bid), at the offices of Klee, Tuchin, Bogdanoff & Stern LLP, 1999 Avenue of the Stars, 39th Floor, Los Angeles, CA 90067, or another location as determined by the Debtors.

6.    Only a Qualified Bidder that has submitted a Qualified Bid will be eligible to participate at the Auction.  The authorized representatives of each of the Qualified Bidders (including Sponsor), the Debtors, the Committee (including Committee members and their counsel) and all creditors shall be permitted to attend the Auction, *provided,* that for a creditor (other than a Qualified Bidder or Committee member) to be permitted to attend the Auction, such creditor must advise of its intent to attend via electronic mail to spearson@ktbslaw.com on or before the Bid Deadline.

7.    Each Bid shall be irrevocable by the Potential Bidder until the selection of the Successful Bidder and, if applicable, the Back-up Bidder, provided that if such Potential Bidder is selected as the Successful Bidder, its Bid must remain irrevocable until, as applicable, (a) the closing of a 363 Transaction with the Successful Bidder, or (b) the Bankruptcy Court confirmation of the Plan or such other plan of reorganization as may be submitted pursuant to a Plan Transaction with the Successful Bidder.

01:16677964.4

8.      Notwithstanding anything to the contrary, pursuant to the Court's orders granting the PSA Motion and approving the DIP Financing, the Sponsor shall not terminate the PSA as modified until it is no longer either the Successful Bidder or the Back-Up Bidder.  Conversely, once B. Riley is no longer either the Successful Bidder or the Back-Up Bidder, it shall be authorized to terminate the PSA as modified.

9.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of the Order.

Dated: February _18_, 2015
       Wilmington, Delaware

CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE