# EXHIBIT 1

# BID PROCEDURES

## BID PROCEDURES

On January 15, 2015, The Wet Seal, Inc. and its subsidiaries that are debtors and debtors in possession (the "Debtors") in the chapter 11 cases (the "Cases") pending in the United States Bankruptcy Court for the District of Delaware ("Court") and jointly administered under Case No. 15-10081 (CSS), filed a motion [Docket No. 3] (the "PSA Motion"), seeking, among other things, approval of the Debtors' assumption of that certain Plan Sponsorship Agreement (together with all exhibits thereto, the "PSA"),[1] dated as of January 15, 2015, entered into by and among the Debtors and B. Riley Financial, Inc. and its affiliates and designees (collectively, "B. Riley" or "Sponsor"). As described in the PSA Motion, the PSA contemplates a proposed plan of reorganization that will, among other things, provide for the purchase by B. Riley of 80% of newly issued common stock in the reorganized Debtors in consideration of $25 million in the form of (i) conversion of the principal amount of B. Riley's debtor-in-possession term loan facility (the "DIP Financing") into equity and (ii) cash. On February 5, 2015, the Court entered the "Order Pursuant to 11 U.S.C. §§105(a), 365(a) and 503(b)(1) (I) Approving and Authorizing the Assumption of the Plan Sponsorship Agreement as Modified, and (II) Approving and Authorizing the Payment of Break-Up Fee and Expense Reimbursement" (the "Sale Order"), thereby approving the Debtors' assumption of the PSA as modified. In accordance therewith, the Debtors have filed or will be filing their proposed joint plan of reorganization (together with all schedules and exhibits and as amended, supplemented and modified from time to time pursuant to its terms, the "Plan") and accompanying disclosure statement (the "Disclosure Statement").

Set forth below are the bid procedures (the "Bid Procedures") governing the submission of competing proposals to sponsor a plan of reorganization for the Debtors ("Plan Transaction") or acquire all or substantially all of the Debtors' assets (collectively, the "Assets") pursuant to section 363 of the Bankruptcy Code ("363 Transaction"), and, with respect to either a Plan Transaction or a Sale Transaction, to provide debtor-in-possession financing ("Replacement Financing") to replace the Debtors' current DIP Financing.

### Investment Opportunity

The Debtors are offering investors the opportunity to sponsor a Plan Transaction on terms superior to the PSA as modified and the Plan, or to acquire the Assets pursuant to a 363 Transaction. Under either a Plan Transaction or a Sale Transaction, investors must also furnish Replacement Financing.

### Due Diligence

Upon execution of a confidentiality agreement reasonably acceptable to the Debtors, any prospective bidder (each, a "Potential Bidder") identified by the Debtors, with the assistance of their financial advisors and after consultation with the official committee of unsecured creditors appointed in the Cases (the "Committee"), as reasonably likely to be a Qualified Bidder (as

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the PSA Motion and the PSA as modified, as applicable.

defined below) that wishes to conduct due diligence on the Debtors or their assets with respect to a potential bid may be granted access to all material information regarding the Debtors, <u>provided</u> that if any Potential Bidder is (or is affiliated with) a competitor of the Debtors, the Debtors, after consultation with the Committee, will not be required to disclose to such Potential Bidder any trade secrets or proprietary information unless the confidentiality agreement executed by such Potential Bidder contains appropriate provisions to ensure that such trade secrets or proprietary information will not be used for an improper purpose or to gain an unfair competitive advantage. Mador Lending, LLC ("<u>Mador Lending</u>"), an affiliate of Versa Capital Management, LLC ("<u>Versa</u>"), is deemed a Potential Bidder.

Each Potential Bidder shall comply with all reasonable requests for additional information and due diligence access by the Debtors or their advisors regarding such Potential Bidder and its contemplated transaction ("<u>Bidder Related Information</u>"). If the Debtors, after consultation with the Committee, determine that a Potential Bidder no longer is reasonably likely to be a Qualified Bidder, then such Potential Bidder's ability to receive due diligence access or additional non-public information shall terminate.

### Bid Deadline

The deadline for submitting a proposal for a Plan Transaction or a 363 Transaction and, in either instance, Replacement Financing (a "<u>Bid</u>") by a Potential Bidder shall be March 5, 2015 at 4:00 p.m. (Prevailing Pacific Time) (the "<u>Bid Deadline</u>"), or such other date as determined by the Debtors, in consultation with the Committee, provided that such other date must allow sufficient time before the date set for hearing on the Disclosure Statement to conduct the Auction (as defined below) and designate the Successful Bid (as defined below).

Written copies of each Bid shall be delivered by electronic mail to the following parties (collectively, the "<u>Notice Parties</u>"): (i) Debtors: The Wet Seal, Inc., 26972 Burbank, Foothill Ranch, California 92610, Attn: Edmond S. Thomas, CEO, email: Ed.Thomas@wetseal.com; (ii) Debtors' Counsel: Klee, Tuchin, Bogdanoff & Stern LLP, 1999 Avenue of the Stars, 39th Floor, Los Angeles, CA 90067, Attn: Michael Tuchin and Lee Bogdanoff, email: mtuchin@ktbslaw.com and lbogdanoff@ktbslaw.com; (iii) Debtors' Investment Banker: Houlihan Lokey Capital, Inc., 245 Park Avenue 20th Fl., New York, NY 10167, Attn: Derek Pitts, email: dpitts@hl.com; (iv) Debtors' Financial Advisor: FTI Consulting, Inc., 200 State Street, 2nd Floor, Boston, MA 02109, Attn: Michael Nowlan, email: mike.nowlan@fticonsulting.com; and (v) Committee's Counsel: Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, Wilmington, DE 19899, Attn: Bradford Sandler, email: bsandler@pszjlaw.com and Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 11th Floor, Los Angeles, CA 90067, Attn: Jeffrey Pomerantz, email: jpomerantz@pszjlaw.com. A hard copy of such Bid shall be delivered to Klee, Tuchin, Bogdanoff & Stern LLP, 1999 Avenue of the Stars, 39th Floor, Los Angeles, CA 90067, Attn: Michael Tuchin and Lee Bogdanoff. The Good Faith Deposit (as defined below) shall be contemporaneously provided by wire transfer or certified check pursuant to delivery instructions to be provided by the Debtors before the Bid Deadline.

Any Bid received after the Bid Deadline shall not constitute a Qualified Bid.

## Bid Requirements

To be eligible to participate in the Auction, each Bid must satisfy each of the following conditions (the "Bid Requirements"):

(a) Each Bid must state that the applicable Bidder either:

   (i) offers to (x) sponsor a plan of reorganization pursuant to a Plan Transaction, upon the terms and conditions substantially as set forth in the PSA as modified and the Plan and (y) provide Replacement Financing, upon the terms and conditions substantially as set forth in the DIP Financing, which proposed Plan Transaction and Replacement Financing, are no less favorable in the aggregate, as the Debtors reasonably determine (after consultation with the Committee), than the transactions contemplated in the PSA as modified and Plan, and the DIP Financing; or

   (ii) offers to (x) acquire the Assets pursuant to a 363 Transaction and (y) provide Replacement Financing, upon the terms and conditions substantially as set forth in the DIP Financing, which proposed 363 Transaction and Replacement Financing are no less favorable in the aggregate, as the Debtors reasonably determine (after consultation with the Committee), than the transactions contemplated in the PSA and Plan, and the DIP Financing.

(b) Each Bid, other than a Bid submitted by the Sponsor, must be accompanied by a deposit (the "Good Faith Deposit") in the form of a wire transfer or certified check or such other form acceptable to the Debtors, payable to the order of the Debtors in an amount equal to $1,500,000.

(c) Each Bid must specify the amount of cash or other consideration offered by the Potential Bidder (the "Purchase Price"). The Purchase Price must have a value to the Debtors, in the Debtors' reasonable business judgment (after consultation with the Committee), that provides for a recovery to the Debtors' unsecured creditors of a value of at least $500,000 greater than the projected recovery to unsecured creditors offered under the PSA as modified and the Plan (plus $1,000,000, representing an amount equal to the break-up fee and estimated permitted PSA-related expense reimbursement owing to the Sponsor) (which $1,500,000 amount is collectively referred to as the "Additional Bid Increment"); provided that, in determining such value, the Debtors will not be limited to evaluating the dollar amount of a Bid, but may also consider factors including but not limited to the assumed liabilities and the other obligations to be performed or assumed by the Potential Bidder, the claims likely to be created by such Bid in relation to other Bids, the proposed revisions to the relevant Transaction Documents (as defined below), and other factors affecting the speed, certainty and value of the proposed transactions.

(d) Each Bid must be irrevocable by the Potential Bidder until the selection of the Successful Bidder and, if applicable, the Back-up Bidder (as defined below), <u>provided</u> that if such Potential Bidder is selected as the Successful Bidder, its Bid must remain irrevocable until the earlier of (i) closing of a 363 Transaction with the Successful Bidder, or (ii) the Court's confirmation of the Plan or such other plan of reorganization as may be submitted pursuant to a Plan Transaction with the Successful Bidder. For purposes of clarification, the selection of the Successful Bidder shall be deemed to occur upon the occurrence of, as applicable, (x) the filing of a notice with the Court that no Qualified Bids have been received by the Bid Deadline and the Sponsor is the Successful Bidder, (y) the entry of orders approving the plan sponsorship agreement with the Successful Bidder and approving the Replacement Financing with the Successful Bidder, or (z) the filing of a motion to approve the 363 Transaction and entry of the order approving the Replacement Financing with the Successful Bidder.[2]

(e) A Bid must include either (i) an executed asset purchase agreement, together with all exhibits and schedules thereto, pursuant to which the Qualified Bidder proposes to effectuate a 363 Transaction (the "<u>363 Transaction Documents</u>") or (ii) an executed plan sponsorship agreement, together with all exhibits and schedules thereto, along with any changes to the plan of reorganization filed with the Court on or before February 18, 2015, pursuant to which the Potential Bidder proposes to effectuate a Plan Transaction (the "<u>Plan Transaction Documents</u>" and, together with the 363 Transaction Documents, the "<u>Transaction Documents</u>"). The Plan Transaction Documents shall include a copy of the PSA as modified marked to show all changes requested by the Potential Bidder. The Transaction Documents must include a commitment to close as soon as practicable, but in any event no later than the Effective Date as set forth in Section 2(a) of the PSA as modified.

(f) Each Bid must include an executed debtor-in-possession credit agreement, together with all exhibits and schedules thereto, pursuant to which the Potential Bidder proposes to provide Replacement Financing to the Debtors (the "<u>Replacement Financing Documents</u>"). The Replacement Financing Documents shall include a copy of the DIP Credit Agreement, DIP Security Agreement and Final Order Approval the DIP Financing, all marked to show those changes requested by the Potential Bidder. Each Potential Bidder must be ready, willing and able to fund the Replacement Financing immediately upon the designation of such entity's Bid as the Successful Bid.

(g) A Bid may not be conditioned on unperformed due diligence, obtaining financing (other than as set forth in the PSA as modified), or any internal approval or

---

[2] For purposes of further clarification, pursuant to the Court's orders granting the PSA Motion and approving the DIP Financing, the Sponsor shall not terminate the PSA as modified until it is no longer either the Successful Bidder or the Back-Up Bidder. Conversely, once B. Riley is no longer either the Successful Bidder or the Back-Up Bidder, it shall be authorized to terminate the PSA as modified.

otherwise be subject to contingencies more burdensome than those in the PSA as modified. To the extent that a Bid waives the Exit Financing contingency in the PSA as modified, such waiver shall be taken into account by the Debtors (in consultation with the Committee) in evaluating the value of that Bid.

(h) Each Bid must contain written evidence of a commitment for financing or other evidence of the ability to fund the Replacement Financing and consummate the Plan Transaction or 363 Sale satisfactory to the Debtors (after consultation with the Committee) with appropriate contact information for such financing sources, including, in the case of a Plan Transaction, to establish the feasibility of the plan of reorganization.

(i) Each Bid must contain written evidence satisfactory to the Debtors (after consultation with the Committee) of authorization and approval from the Qualified Bidder's board of directors (or comparable governing body) with respect to the submission, execution, delivery and closing of such Bid and any Overbid(s) (as defined below), and related Transaction Documents and Replacement Financing Documents.

(j) Each Bid, other than a Bid submitted by the Sponsor, must contain written evidence satisfactory to the Debtors (after consultation with the Committee) of a commitment to provide the Additional Deposit (as defined below) if such Bid is selected as the Successful Bid, within five (5) Business Days of such selection.

(k) A Bid may not request or entitle the Potential Bidder to any break-up fee, termination fee, expense reimbursement or similar type of payment.

(l) Each Bid must fully disclose the identity of each entity that will be bidding for the Assets or otherwise sponsoring, financing (including through the issuance of debt in connection with such Bid), participating in or benefiting from (including through license or similar arrangement with respect to the assets to be acquired in connection with such Bid) such Bid, and the complete terms of any such sponsorship, participation, financing or benefit.

(m) Each Bid must be received by the Bid Deadline.

### Designation as Qualified Bidder

A qualified bidder ("Qualified Bidder") is a Potential Bidder that (1) has timely submitted a Bid that satisfies each of the Bid Requirements and (2) has submitted a Bid that is valued, in accordance with these Bid Procedures, in an amount equal to the consideration to be provided by the Sponsor under the PSA as modified, plus the Additional Bid Increment, and (b) is be able to consummate a Plan Transaction or 363 Transaction, as applicable, within the required timeframes, and in either instance the Replacement Financing if selected as a Successful Bidder (such Bid submitted by a Qualified Bidder, a "Qualified Bid").

As promptly as practicable after a Potential Bidder delivers all of the documents described above, the Debtors will determine (in consultation with the Committee) and notify the Potential Bidder with respect to whether such Potential Bidder is a Qualified Bidder.

For the avoidance of doubt, the Sponsor is a Qualified Bidder, the PSA as modified is a Qualified Bid deemed to satisfy all Bid Requirements, the Sponsor is authorized to submit any Overbids (as defined below) during the Auction, in each instance without further qualification required of the Sponsor, and the Sponsor shall be bound to serve as the Back-Up Bidder, in accordance with the provisions of these Bid Procedures, if it is designated as the Back-Up Bidder. Mador Lending shall be deemed a Qualified Bidder if (i) Mador Lending reaffirms its most recent offer submitted to the Debtors that expired on February 3, 2015, (ii) Mador Lending enhances that offer by increasing the consideration thereunder by at least the amount of the Additional Bid Increment, (iii) Mador Lending provides the Debtors with a Good Faith Deposit by the Bid Deadline, and (iv) Versa, or some other person or entity with funds sufficient to the Debtors and the Committee, guarantees all of Mador Lending's obligations and its performance in connection with its bid.

### Auction

If the Debtors receive one or more Qualified Bids in addition to the PSA as modified, the Debtors will conduct an auction (the "Auction") to determine the highest or otherwise best bid with respect to the Assets. The Auction shall commence on March 10, 2015 at 10:00 a.m. (Prevailing Pacific Time), or such other date as determined by the Debtors, in consultation with the Committee, provided that such other date must allow sufficient time before the date set for hearing on the Disclosure Statement to conduct the Auction and designate the Successful Bid, at the offices of Klee, Tuchin, Bogdanoff & Stern LLP, 1999 Avenue of the Stars, 39th Floor, Los Angeles, CA 90067, or another location as determined by the Debtors.

No later than the day prior to the commencement of the Auction, the Debtors will (i) notify all Qualified Bidders in writing of the highest and best Qualified Bid, as determined by the Debtors in their discretion (in consultation with the Committee) (the "Baseline Bid"); and (ii) provide all Qualified Bidders with complete copies of all Transaction Documents, Replacement Financing Documents, and all other bid materials submitted by each other Qualified Bidder, subject to exclusion of any confidential financial information, as determined by the Debtors in their reasonable discretion or which has been so designated by the Qualified Bidder.

No later than the day prior to the commencement of the Auction, each Qualified Bidder who has timely submitted a Qualified Bid must inform the Debtors whether it intends to attend the Auction; provided that in the event a Qualified Bidder elects not to attend the Auction, such Qualified Bidder's Qualified Bid shall nevertheless remain fully enforceable against such Qualified Bidder; provided further that the Sponsor shall not be required to, but may, attend and participate at the Auction.

If there is an Auction, it shall be conducted according to the following procedures:

(n)   Only a Qualified Bidder that has submitted a Qualified Bid will be eligible to participate at the Auction. The authorized representatives of each of the Qualified

Bidders (including Sponsor), the Debtors, the Committee (including Committee members and their counsel) and all creditors shall be permitted to attend the Auction, *provided,* that for a creditor (other than a Qualified Bidder or Committee member) to be permitted to attend the Auction, such creditor must advise of its intent to attend via electronic mail to spearson@ktbslaw.com on or before the Bid Deadline.

(o) The Debtors and their professionals shall direct and preside over the Auction. At the start of the Auction, the Debtors shall describe the terms of the Baseline Bid. The determination of which Qualified Bid constitutes the Baseline Bid shall take into account any factors the Debtors (in consultation with the Committee) reasonably deem relevant to the value of the Qualified Bid to the estates and the projected recovery to unsecured creditors. All Bids made thereafter shall be Overbids (as defined below) and shall be made and received on an open basis, and all material terms of each Bid shall be fully disclosed to all other Qualified Bidders. The Debtors shall maintain a transcript of all Bids made and announced at the Auction, including the Baseline Bid, all Overbids and the Successful Bid. The Debtors (in consultation with the Committee) reserve the right to conduct the auction in the manner designed to maximize value based upon the nature and extent of the Qualified Bids received.

(p) During the Auction, bidding shall begin initially with the Baseline Bid and subsequently continue in minimum increments of $250,000 (each, an "Overbid"). The Debtors shall announce at the Auction the material terms of each Overbid, value each Overbid in accordance with these Bid Procedures, and provide each Qualified Bidder with an opportunity to make a subsequent Overbid. Additional consideration in excess of the amount set forth in the Baseline Bid may include cash and/or other consideration acceptable to the Debtors (in consultation with the Committee) in accordance with these Bid Procedures. To the extent that an Overbid has been accepted entirely or in part because of the addition, deletion, or modification of a provision or provisions in the applicable Transaction Documents, Replacement Financing Documents, or the PSA as modified, the Debtors shall provide notice to each participant of the value ascribed by the Debtors (in consultation with the Committee) to any such added, deleted, or modified provision or provisions, with such value being determined by the Debtors (in consultation with the Committee).

(q) Any Overbid made from time to time by a Qualified Bidder must remain open and binding on the Qualified Bidder until and unless (i) the Debtors accept a higher or otherwise better Qualified Bid as an Overbid and (ii) such Overbid is not selected as the Back-up Bid (as defined below). To the extent not previously provided (which shall be determined by the Debtors), a Qualified Bidder submitting an Overbid must submit at the Debtors' request, as part of its Overbid, written evidence (in the form of financial disclosure or credit-quality support information or enhancement reasonably acceptable to the Debtors) demonstrating such Qualified Bidder's ability to close the transaction proposed by such Overbid.

The Debtors (in consultation with the Committee) reserve the right to make one or more adjournments in the Auction to, among other things (i) facilitate discussions with individual Qualified Bidders, (ii) allow individual Qualified Bidders to consider how they wish to proceed, and (iii) give Qualified Bidders the opportunity to provide the Debtors with such additional evidence as the Debtors may require (in consultation with the Committee), that the Qualified Bidder has sufficient internal resources, or has received sufficient non-contingent debt and/or equity funding commitments, to consummate the proposed transaction at the prevailing Overbid amount.

If no higher or otherwise better offer is obtained by the Bid Deadline, then the Sponsor will be deemed the Successful Bidder, the PSA as modified will be the Successful Bid, and at the Confirmation Hearing, the Debtors will seek approval of the Plan contemplated by the PSA as modified.

### Selection of Successful Bid

At the conclusion of the Auction, the Debtors, in consultation the Committee shall (i) identify the highest or otherwise best offer for the Assets (the "Successful Bid") and the entity submitting such Successful Bid (the "Successful Bidder"), (ii) identify the next highest or otherwise best offer after the Successful Bid (the "Back-up Bid") and the entity submitting the Back-up Bid (the "Back-up Bidder"), and (iii) advise the Qualified Bidders of such determination.

The Auction shall close when the Debtors announce that the Auction has concluded and a Successful Bid has been selected. For the avoidance of doubt, the Debtors shall not consider or support any bid (whether or not such bid is a Qualified Bid) for any of the Assets received after the close of the Auction.

Within five (5) Business Days following the selection of the Successful Bidder and Successful Bid, the Successful Bidder shall provide an additional deposit (the "Additional Deposit" and, together with the Good Faith Deposit, the "Total Deposit"), in the form of a wire transfer or certified check or such other form acceptable to the Debtors, payable to the order of the Debtors in an amount equal to $1,000,000, such that the total amount on deposit will then equal $2,500,000; provided that if the Sponsor is deemed to be the Successful Bidder, the Sponsor shall not have to provide the Additional Deposit but instead shall furnish the DIP Credit (as defined below). The Total Deposit will be held by the Debtors in a non-interest-bearing escrow or trust account, and the Debtors shall be entitled to retain such Total Deposit as part of their damages if the Successful Bidder fails (i) to provide the Replacement Financing or (ii) to meet its obligations to close with a respect to a Plan Transaction or 363 Transaction, as applicable. The Total Deposit shall be applied to the Purchase Price of the Plan Transaction or 363 Transaction, as applicable, at closing.

The Back-up Bid shall remain open until the earlier of (i) six (6) Business Days following the selection of the Successful Bidder and (ii) the Successful Bidder's making of the Additional Deposit. If the Successful Bidder fails to timely make the Additional Deposit, the Back-up Bidder shall be selected as the new Successful Bidder and, in turn, be required to make the Additional Deposit within five (5) Business Days of receiving such notice from the Debtors;

provided that if the Sponsor's Back-up Bid is subsequently selected to be the Successful Bid, the Sponsor shall not have to provide the Additional Deposit but instead shall furnish the DIP Credit.

On or about March 10, 2015 if the Auction is not held or, if the Action is held and the Sponsor (i) is selected as the Successful Bidder and Successful Bid or (ii) becomes the Back-up Bidder and the Successful Bidder fails to timely make the Additional Deposit, then the Debtors shall be entitled to a credit against the Debtors' obligations under the DIP Financing of up to $2,500,000 (the "DIP Credit"), which DIP Credit the Debtors shall be entitled to apply against part of their damages if the Sponsor fails to meet its obligations to close with a respect to a Plan Transaction or 363 Transaction, as applicable.

### Implementation of Alternative Plan Transaction

If the Successful Bid proposes a Plan Transaction, the Debtors will prepare and file an appropriate motion requesting approval of the PSA as modified with the Successful Bidder and the Replacement Financing, and, following notice, a hearing to authorize the Debtors to enter into agreements with respect to such Successful Bid (the "PSA/Financing Hearing") will be held before the Court at a date and time consistent with the Court's calendar. The PSA/Financing Hearing may be adjourned or rescheduled by the Debtors without further notice. Neither the Debtors nor the Committee may consider or support any other bid to act as plan sponsor or acquire the Debtors' Assets pursuant to a sale transaction pending consideration by the Court of the Successful Bid at the PSA/Financing Hearing.

Upon the Court's approval of the PSA as modified with the Successful Bidder and the Replacement Financing, the Successful Bid will be deemed accepted by the Debtors, the Debtors and the Committee will be bound to the terms of that Successful Bid with no further opportunity for an auction or other process, the Successful Bidder will replace the Sponsor under the PSA as modified, the Plan, the Disclosure Statement, and all related documents, and the DIP Financing, as the same may be amended by the Debtors and the Successful Bidder in accordance with the Successful Bid, and assume all of the Sponsor's remaining obligations thereunder, without further order of the Bankruptcy Court.

### Implementation of 363 Transaction

If the Successful Bid proposes a 363 Transaction, the Debtors will prepare and file an appropriate motion requesting approval of the 363 Transaction and the Replacement Financing and, following notice, a hearing to authorize the Debtors to enter into agreements with respect to such Successful Bid (the "Sale/Financing Hearing") will be held before the Court at a date and, following notice, a hearing to authorize the Debtors to enter into agreements with respect to such Successful Bid (the "Sale/Financing Hearing") will be held before the Court at a date and time consistent with the Court's calendar. The Sale/Financing Hearing may be adjourned or rescheduled by the Debtors without further notice to a time and date consistent with the Court's calendar. Neither the Debtors nor the Committee may consider or support any other bid to act as plan sponsor or acquire the Debtors' Assets pursuant to a sale transaction pending consideration by the Court of the 363 Transaction or the Replacement Financing at the Sale/Financing Hearing(s).

Upon the Court's approval of the 363 Transaction and the Replacement Financing, the Successful Bid will be deemed accepted by the Debtors, the Debtors and the Committee will be bound to the terms of the Successful Bid with no further opportunity for an auction or other process, and the Successful Bidder will replace the Sponsor under the DIP Financing and all related documents, as the same may be amended by the Debtors and the Successful Bidder in accordance with the Successful Bid, and assume all of the Sponsor's remaining obligations thereunder, pursuant to order of the Bankruptcy Court.

### Additional Procedures and Modifications

The Debtors may modify or adopt additional rules, procedures and deadlines set forth herein that, in their reasonable discretion (in consultation with the Committee), will better promote the goals of these procedures, namely, to maximize value for the estates; <u>provided</u> that all modifications and additional will be non-material. All such additional rules will be provided to each of the Potential Bidders and Qualified Bidders.

### Consent to Jurisdiction as Condition to Bidding

All Qualified Bidders at the Auction shall be deemed to have consented to the core jurisdiction of the Bankruptcy Court and waived any right to a jury trial in connection with any disputes relating to the Auction, and the construction and enforcement of each Qualified Bidder's Transaction Documents, as applicable.

### Return of Good Faith Deposit

Good Faith Deposits of Qualified Bidders, other than the Successful Bidder, shall be held in a non-interest-bearing escrow or trust account and returned to the unsuccessful bidders within five (5) Business Days after selection of the Successful Bidder, in accordance with these Bid Procedures.