# EXHIBIT B

## Declaration of Paul Huygens

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE WET SEAL, INC., a Delaware corporation, *et al.*,[1] | ) ) ) | Case No. 15-10081 (CSS) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**DECLARATION IN SUPPORT OF APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT OF PROVINCE, INC. AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS EFFECTIVE AS OF JANUARY 30, 2015**

I, Paul Huygens, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 and pursuant to Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure and Rule 2014-1 of the Local Rules as follows:

1. I am a principal with the firm of Province, Inc. ("Province"). I am authorized to submit this Declaration in Support of the Application for Entry of an Order Authorizing and Approving the Employment of Province, Inc. as Financial Advisor to the Official Committee of Unsecured Creditors of The Wet Seal, Inc., a Delaware Corporation, et al., Effective as of January 30, 2015(the "Application").

2. Neither I, Province, nor any employee thereof, insofar as I have been able to ascertain, has any connection with the Debtors, their creditors, or any other parties in interest herein, or their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee, except as set forth herein.

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification number are as follows: The Wet Seal, Inc. (5940), The Wet Seal Retail, Inc. (6265), Wet Seal Catalog, Inc. (7604), and Wet Seal GC, LLC (2855-VA). The Debtors' address is 26972 Burbank, Foothill Ranch, CA 92610.

3. Section 1103(b) of the Bankruptcy Code does not incorporate the general "disinterestedness" standard of section 327(a). However, Bankruptcy Rule 2014 requires that an application for employment under section 1103 disclose all connections with the Debtors, their estates, the professionals, and the Office of the Trustee.

4. Province has conducted an extensive conflict check within its database and thus far, Province has not encountered any creditors of the Debtors or other parties in interest of the Debtors for which an actual conflict exists between Province and such parties. If, at any time during the course of this proceeding, Province learns of any representation which may give rise to a conflict, Province will promptly file with the Court and the US Trustee, an amended declaration identifying and specifying such involvement.

5. Province and certain of its principals have represented and in the future will likely represent creditors of the Debtors in connection with matters unrelated to the Debtors and these cases. At this time, Province is unaware of any such representation. If Province identifies any further such representations, Province shall make further disclosures as may be appropriate at that time.

6. Province represented, represents, and in the future will likely represent many committees in matters unrelated to the Debtors and these cases, whose members may be creditors and/or committee members in these cases. Province, however, is not representing any of those entities in these cases and will not represent any members of these committees in any claims that they may have collectively or individually against the Debtors.

7. Province has represented, represents, and in the future will likely represent debtors, creditors' committees, and other parties in interest in cases unrelated to the Debtors and these chapter 11 cases wherein professionals retained in these cases have also served as professionals. For example, Province is currently involved in matters wholly unrelated to the Debtors in various capacities where the following professionals are also involved: Pachulski Stang Ziehl & Jones LLP ("Pachulski") (proposed Committee counsel), Klee Tuchin Bogdanoff & Stern, LLP (Debtors' counsel), Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden") (B. Riley's counsel), and FTI Consulting (Debtors' financial advisor). In addition, a principal of Province, Peter Kravitz, serves as the liquidating trustee or plan administrator in cases wholly unrelated to the Debtors where the following professionals involved in these cases also represent the post confirmation liquidating trust: Pachulski (Orchard Supply Hardware Stores and Groeb Farms) and Skadden (Gibraltar Insurance Co., Ltd.).

8. Province represented, represents, and in the future will likely represent parties in interest in other chapter 11 cases that are wholly unrelated to the Debtors and these chapter 11 cases wherein advisors to Committee members retained in these cases are also serving as professionals. For example, a principal of Province has served or is serving as liquidating trustee or plan administrator in cases unrelated to the Debtors where the following professionals represent the liquidating trust and are also advisors to the following Committee members in these cases: Blank Rome LLP (counsel for Hansae Co.), Kelley Drye & Warren L.L.P. (counsel for GGP Limited Partnership), and ASK LLP (advisor for Heart and Hips).

DOCS_DE:197783.5

9. Province has neither received any retainer from the Debtors nor Committee nor any payment, nor has it received any promise of payment, during the one-year period prior to the filing of the Debtors' petitions. No compensation has been paid or promised to be paid from a source other than the Debtors' estates in these chapter 11 cases. No promises have been received by Province nor by any attorneys thereof as to compensation in connection with these chapter 11 cases other than in accordance with the provisions of the Bankruptcy Code. Province has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with these chapter 11 cases, except among employees of Province. Neither the Committee nor its members (or any of their representatives) are or will be liable for fees or costs incurred by Province in its representation of the Committee.

10. Province intends to apply for compensation for professional services rendered in connection with these chapter 11 cases subject to approval of this Court as stated in the Application, and in compliance with applicable provisions of the Bankruptcy Code, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by Province. Province's standard hourly rates are:

| Position | Rate |
|---|---|
| Principal | $635-650 |
| Director | $425-510 |
| Analyst / Senior Analyst | $295-380 |

11. In addition to the fees described above, Province will bill for all of its out-of-pocket expenses reasonably incurred by Province in connection with the matters contemplated by this Agreement.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 9, 2015

By: _____
Paul Huygens