UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>THE WET SEAL, INC., et al. a Delaware corporation[1]<br><br>Debtors. | Chapter 11<br><br>Case No.: 15-10081 (CSS)<br><br>(Jointly Administered) |

### DECLARATION OF DEREK PITTS IN SUPPORT OF MOTION OF THE DEBTORS FOR ENTRY OF ORDER PURSUANT TO SECTIONS 105, 361, 362, 363 AND 364 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002, 4001 AND 9014: (I) AUTHORIZING REPLACEMENT POSTPETITION FINANCING FROM MADOR LENDING, LLC, (II) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE PRIORITY, (III) AUTHORIZING USE OF CASH COLLATERAL AND PROVIDING FOR ADEQUATE PROTECTION, AND (IV) MODIFYING THE AUTOMATIC STAY

I, Derek Pitts, declare as follows:

1. I am a Managing Director with Houlihan Lokey Capital, Inc. (together with its affiliates, its wholly-owned subsidiaries, and independent contractors, "Houlihan Lokey"), which is an investment banker and financial advisor to The Wet Seal, Inc. and its subsidiaries, the debtors and debtors in possession (collectively, the "Debtors"). I lead the Houlihan Lokey team in connection with its representation of the Debtors as investment banker and financial advisor. I am authorized to execute this declaration (the "Declaration") on behalf of Houlihan Lokey.

2. I am an individual over the age of eighteen. Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein, and if called upon to testify, I would testify competently to all of the facts set forth herein.

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: The Wet Seal, Inc. (5940); The Wet Seal Retail, Inc. (6265), Wet Seal Catalog, Inc. (7604), and Wet Seal GC, LLC (2855-VA). The Debtors' address is 26972 Burbank, Foothill Ranch, CA 92610.

01:16795045.1

154103.7

3. Houlihan Lokey is a nationally-recognized investment banking and financial advisory firm, with eighteen offices worldwide and more than 1,000 professionals. Houlihan Lokey's Financial Restructuring Group, which has more than 160 professionals, including me, is one of the leading advisors and investment bankers to debtors, secured and unsecured creditors, acquirers, and other parties in interest involved with financially-troubled companies in a variety of industries, both in and outside of bankruptcy, including in the retail sector.

4. As a Managing Director at Houlihan Lokey, I have worked on numerous financial restructuring, corporate finance and valuation engagements across several industries, including retail, consumer products, textiles, restaurants, energy and industrials since 2000. Prior to my employment with Houlihan Lokey, I worked for eight years in corporate financial management and business development in the financial services and software development industries. During my career, I have advised on more than 40 restructuring transactions, including approximately 19 in the retail sector, including in connection with young adult retailer Deb Shops. I also have significant expertise in procuring, structuring and negotiating DIP and exit financing facilities.

5. I received my B.S. from Northeastern University and my M.B.A. from the Darden School of Business at the University of Virginia. I am registered with FINRA as a General Securities Representative (Series 7 and 63) and a Limited Representative – Investment Banking (Series 79).

6. As the leader of the Houlihan Lokey team, I have become familiar with the Debtors' day-to-day operations, business affairs, financial condition and books and records. My testimony herein is based upon my representation of the Debtors and my review of information compiled and communicated to me, at my request, by other employees of Houlihan Lokey.

5.  General background concerning the Debtors, including their efforts to obtain debtor-in-possession financing and an exit strategy are set forth in the *Declaration of Thomas R. Hillebrandt in Support of First Day Motions* [Dkt. No. 19] (the "Prior Hillebrandt Declaration") and the *Declaration of Derek Pitts*, etc. [Dkt. No. 22] (the "Prior Pitts Declaration"). That background is not repeated in this Declaration. Parties reviewing this Declaration are referred to the Prior Hillebrandt Declaration and the Prior Pitts Declaration for background facts.

7.  I make this Declaration in support of the concurrently-filed *Motion of the Debtors for Entry of Order Pursuant to Sections 105, 361, 362, 363 and 364 of the Bankruptcy Code and Bankruptcy Rules 2002, 4001 and 9014: (i) Authorizing Replacement Postpetition Financing from Mador Lending, LLC, (ii) Granting Liens and Providing Superpriority Administrative Expense Priority, (iii) Authorizing Use of Cash Collateral and Providing for Adequate Protection, and (iv) Modifying the Automatic Stay*. The purpose of this Declaration is to describe the extensive process leading up to the March 10 and 12, 2015 auction.

8.  On February 18, 2015, the Court entered an order approving bid procedures governing the submission of competing proposals to sponsor a plan of reorganization or acquire all or substantially all of the Debtors' assets pursuant to section 363 of the Bankruptcy Code and, in either case, provide replacement debtor-in-possession financing.

9.  The bid procedures provided the Debtors with a roughly one-month process in which to solicit superior proposals. The bid procedures were developed and proposed in the first few days of February 2015 and contemplated a bid deadline of March 5, 2015.

10. As part of this process, immediately after the development and proposal of the bid procedures, Houlihan Lokey identified and made contact with 85 prospective financial and strategic investors (consisting of 78 financial investors and 7 strategic investors) that might be

01:16795045.1

154103.7                                3

willing to make a superior proposal to the Debtors, including 8 previously interested parties. In identifying the prospective financial and strategic investors, Houlihan Lokey considered, among other things, the Debtors' industry, the competitive landscape, and the anticipated transaction size and structure. Introductory discussions were focused on providing background information on the Debtors, outlining their turnaround strategy and describing the investment opportunity and timeframe for submission of superior proposals. Select investors also received a short teaser document and certain publicly-available documents to facilitate their evaluation process.

11. Following initial conversations, 24 of the interested parties were interested in learning more about the opportunity. Houlihan Lokey provided these 24 interested parties with non-disclosure agreements to enable access to non-public information. Ultimately, 12 parties executed non-disclosure agreements.[2] These 12 parties received access to a comprehensive data room populated with extensive diligence materials such as a summary business plan and cash flow presentation, detailed financial projections, four-wall performance data and extensive corporate and operational information. Houlihan Lokey maintained an ongoing dialogue with these investors, including providing these investors with additional diligence. Discussions focused on Wet Seal's footprint rationalization, top-line improvements (*e.g.*, merchandising, e-commerce, etc.), and cost-cutting initiatives as well as process and potential deal structures.

12. Only three investors, including B. Riley Financial, Inc. and Versa Capital Management, LLC, held calls and meetings with the Debtors' management. Shortly before the bid deadline, the third investor advised the Debtors that it was not submitting a bid. As a result, only B. Riley Financial, Inc. and Mador Lending, LLC, which I understand to be an affiliate of Versa Capital Management, LLC, participated in the March 10 and 12, 2015 auction.

---

[2] Five of these interested parties executed non-disclosure agreements during an earlier period.

01:16795045.1

13. I believe, based upon my experience with marketing the opportunity to submit a superior proposal to the Debtors over this past month, that the bids presented to the Debtors by B. Riley Financial, Inc. and Mador Lending, LLC are the highest and / or best available offers and that further marketing of the opportunity is unlikely to result in more superior offers.

14.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: March 13, 2015
       New York, New York

HOULIHAN LOKEY

By: _____
    Derek Pitts
    Managing Director