**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>THE WET SEAL, INC., a Delaware corporation, *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No.: 15-10081 (CSS)<br><br>(Jointly Administered)<br><br>**Hearing Date: N/A**<br>**Objection Deadline: N/A** |

**MOTION OF THE DEBTORS FOR ORDER SHORTENING NOTICE WITH RESPECT TO DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING (A) THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS FREE AND CLEAR OF ALL CLAIMS, LIENS, RIGHTS, INTERESTS AND ENCUMBRANCES; (B) THE DEBTORS TO ENTER INTO AND PERFORM THEIR OBLIGATIONS UNDER THE ASSET PURCHASE AGREEMENT; AND (C) THE DEBTORS TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

The Wet Seal, Inc. ("WSI") and its subsidiaries, the debtors and debtors in possession (the "Debtors") in the above-captioned jointly administered chapter 11 cases (the "Cases"), hereby submit this motion (the "Motion to Shorten"), pursuant to section 105 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for an order (a) shortening the notice period required under Rules 2002 and 9006 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") with respect to the *Debtors' Motion for Entry of an Order Authorizing (A) the Sale of Substantially All of the Debtors' Assets Free and Clear of All Claims, Liens, Rights, Interests and Encumbrances; (B) the Debtors to Enter into and Perform Their Obligations Under the Asset Purchase Agreement; and (C) the Debtors to Assume and Assign Certain Executory Contracts and*

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: The Wet Seal, Inc. (5940); The Wet Seal Retail, Inc. (6265), Wet Seal Catalog, Inc. (7604), and Wet Seal GC, LLC (2855-VA). The Debtors' address is 26972 Burbank, Foothill Ranch, CA 92610.

*Unexpired Leases* (the "Sale Motion"),[2] filed contemporaneously herewith, so that the Sale Motion may be heard at the special purpose hearing scheduled for April 1, 2015, at 10:00 a.m. (ET), and (b) providing that any objections to (i) the Sale Motion, (ii) the Debtors' proposed assumption and assignment of Contracts and Leases pursuant to the Sale Motion, or (iii) the Cure Amounts with respect to such Contracts and Leases must be filed and served so as to be received on or before March 25, 2015, at 4:00 p.m. (ET).  In support of this Motion to Shorten, the Debtors respectfully represent as follows:

## I.  JURISDICTION

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over these Cases and the Motion to Shorten pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue of these Cases and the Motion to Shorten in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to the Motion to Shorten if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3. The statutory and legal predicates for the relief requested herein are Bankruptcy Code section 105(a) and Local Rule 9006-1(e).

---

[2]  Capitalized terms not herein defined shall have the meaning ascribed to them in the Sale Motion.

01:16789813.2

## II.  BACKGROUND

4. On January 15, 2015 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code.

5. The Debtors continue to operate their business and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On January 30, 2015, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors of the Debtors (the "Committee").  To date, no trustee or examiner or other statutory committee has been appointed in these Cases by the U.S. Trustee.

6. The detailed factual background relating to the Debtors and the commencement of these Cases is set forth in the *Declaration of Thomas R. Hillebrandt in Support of First Day Motions* [Docket No. 19].

7. As more fully set forth in the Sale Motion, on March 10 and 12, 2015, the Debtors conducted an auction (the "Auction") for higher and better offers to either sponsor a plan of reorganization or acquire all or substantially all of the Debtors' assets pursuant to section 363 of the Bankruptcy Code and, in either case, to provide replacement debtor-in-possession financing.  At the conclusion of the Auction, the Debtors, in consultation with the Committee, selected Mador Lending, LLC ("Mador"), an affiliate of Versa Capital Management, LLC, as the successful bidder.  Specifically, Mador has agreed, among other things, to provide replacement secured post-petition superpriority financing and, pursuant to that certain *Asset Purchase Agreement* dated March 12, 2015 (the "APA"), (a) to purchase substantially all of the Debtors' operating assets and (b) to assume certain of the Debtors' liabilities (collectively, the "Transactions").  Contemporaneously herewith, through the Sale Motion, the Debtors are seeking the entry of an order authorizing and approving the Transactions.

### III.  RELIEF REQUESTED

8. By this Motion to Shorten, the Debtors request an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (a) shortening, pursuant to section 105 of the Bankruptcy Code and Local Rule 9006-1(e), the notice period required under Bankruptcy Rules 2002 and 9006 with respect to the Sale Motion, filed contemporaneously herewith, so that the Sale Motion may be heard at the hearing on **April 1, 2015, at 10:00 a.m. (ET)**, and (b) providing that any objections to (i) the Sale Motion, (ii) the Debtors' proposed assumption and assignment of Contracts and Leases pursuant to the Sale Motion, or (iii) the Cure Amounts with respect to such Contracts and Leases must be filed and served so as to be received on or before **March 25, 2015, at 4:00 p.m. (ET)**.

### IV.  BASIS FOR RELIEF

9. Pursuant to Local Rule 9006-1 and Bankruptcy Rules 2002(a) and 9006(f), parties are required to provide at least 21 days' notice of motions referred to in Bankruptcy Rule 2002(a)(2) unless approval of shortened notice is granted by the Court pursuant to Local Rule 9006-1(e).  The Debtors respectfully submit that cause exists to shorten the notice periods provided by the Bankruptcy Rules and the Local Rules.

10. After an extensive marketing process, competitive bidding, and arm's-length negotiation with Mador (with the active involvement and cooperation of the Committee), the Debtors concluded that the APA and the Transactions contemplated thereunder constitute or provide the highest or otherwise best offer and provide fair and reasonable consideration to the Debtors for the sale of all Acquired Assets and the assumption of all Assumed Liabilities, which will provide a greater recovery for the Debtors' estates than would be possible by any other available alternative.  The Debtors' selection of Mador as the successful bidder is also

affirmatively supported by the Committee. Consequently, approval of the Sale Motion is in the best interests of the Debtors, their respective creditors, estates and other parties in interest.

11. The need for approval of the APA is urgent and immediate. The terms of the APA require that the a final, non-appealable sale order be entered by April 15, 2015, which in turn requires that the Debtors' proposed Sale Order be entered by April 1, 2015. Similarly, the Debtors' proposed replacement debtor-in-possession financing provided by Mador will be in default in accordance with its terms if the Sale Order is not entered by April 1, 2015. The Debtors' motion to approve entry into the proposed replacement debtor-in-possession financing provide by Mador is scheduled to be heard and considered by the Court on March 18, 2015 at 11:30 a.m. (ET).

12. The Debtors believe that there is substantial risk of deterioration of the value of the Acquired Assets if the Transactions are not consummated quickly. The Debtors have operated in chapter 11 for over two months, which has created a severe diversion of their resources and kept management from fully focusing on the Debtors' core business. There is an increased likelihood that the Debtors' business will not be able to survive if these Cases are prolonged any further, as the strain of administrative expenses and the difficulty of operating a competitive business in bankruptcy will only increase. It is crucial for the Debtors' business to exit bankruptcy in the near future, and the APA presents the Debtors with the best option to do so in a value-maximizing and efficient way.

13. Based on the foregoing, the Debtors submit that cause exists to shorten the notice period for the hearing on the Sale Motion and that allowing the Sale Motion to be considered on shortened notice at the hearing scheduled for April 1, 2015, is reasonable and appropriate under the facts presented.

## V.  NOTICE

14. In order to mitigate any potential prejudice resulting from the shortened notice and objection periods, the Debtors have served this Motion to Shorten and the Sale Motion by either hand delivery or overnight mail upon: (i) the U.S. Trustee; (ii) counsel for the Committee; (iii) counsel for Bank of America, N.A.; (iv) counsel for B. Riley Financial, Inc.; (v) counsel for Mador; and (vi) all parties who have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.  The Debtors submit that no other or further notice need be provided.

## VI. CONCLUSION

WHEREFORE the Debtors respectfully request that the Court enter the Proposed Order (a) scheduling consideration of the Sale Motion for the hearing to be held on April 1, 2015, at 10:00 a.m. (ET); (b) providing that any objections to (i) the Sale Motion, (ii) the Debtors' proposed assumption and assignment of Contracts and Leases pursuant to the Sale Motion, or (iii) the Cure Amounts with respect to such Contracts and Leases must be filed and served so as to be received on or before March 25, 2015, at 4:00 p.m. (ET); and (c) granting such other and further relief the Court deems just and proper.

| | |
|---|---|
| Dated:  March 16, 2015 | */s/ Maris J. Kandestin* |
| | Michael R. Nestor, Esq. (DE Bar No. 3526) |
| | Maris J. Kandestin, Esq. (DE Bar No. 5294) |
| | Travis G. Buchanan, Esq. (DE Bar No. 5595) |
| | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
| | Rodney Square |
| | 1000 North King Street |
| | Wilmington, Delaware 19801 |
| | Tel:     (302) 571-6600 |
| | Fax:    (302) 571-1253 |
| | Email:  mnestor@ycst.com |
| |              mkandestin@ycst.com |
| |              tbuchanan@ycst.com |
| | |
| | and |
| | |
| | Lee R. Bogdanoff, Esq. |
| | Michael L. Tuchin, Esq. |
| | David M. Guess, Esq. |
| | Jonathan M. Weiss, Esq. |
| | KLEE, TUCHIN, BOGDANOFF & STERN LLP |
| | 1999 Avenue of the Stars, 39th Floor |
| | Los Angeles, CA 90067 |
| | Tel:     (310) 407-4022 |
| | Fax:    (310) 407-9090 |
| | Email: lbogdanoff@ktbslaw.com |
| |              mtuchin@ktbslaw.com |
| |              dguess@ktbslaw.com |
| |              jweiss@ktbslaw.com |
| | |
| | *Counsel for the Debtors and Debtors in Possession* |