# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| THE WET SEAL, INC., *et al.*,[1] | ) | Case No. 15-10081 (CSS) |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

## DECLARATION OF PAUL HALPERN IN SUPPORT OF DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING (A) THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS FREE AND CLEAR OF ALL CLAIMS, LIENS, RIGHTS, INTERESTS AND ENCUMBRANCES; (B) THE DEBTORS TO ENTER INTO AND PERFORM THEIR OBLIGATIONS UNDER THE ASSET PURCHASE AGREEMENT; AND (C) THE DEBTORS TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Pursuant to 28 U.S.C. § 1746, I, Paul Halpern, declare as follows:

1.      I am an individual over the age of eighteen.  I make this declaration of, and to the best of, my own personal knowledge.  If called to testify as to the truth of the matters stated herein, I could and would do so competently.

2.      I am an authorized representative of Mador Lending, LLC ("**Mador**"), a duly formed Delaware limited liability company.  Mador is an affiliate of Versa Capital Management, LLC ("**Versa**").  I am also the Chief Investment Officer of Versa.

3.      In my capacity as the authorized representative of Mador, I have knowledge of Mador's business records maintained in the ordinary course of its business with respect to its relationship with The Wet Seal, Inc., The Wet Seal Retail, Inc., Wet Seal Catalog, Inc. and Wet Seal GC, LLC (collective, the "**Debtors**").  Further, as a result of performing duties associated therewith, I am familiar with Mador's relationship with the Debtors, including Mador's proposed purchase of substantially all of the Debtors' assets.

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: The Wet Seal, Inc. (5940); The Wet Seal Retail, Inc. (6265), Wet Seal Catalog, Inc. (7604), and Wet Seal GC, LLC (2855-VA).  The Debtors' address is 26972 Burbank, Foothill Ranch, CA 92610.

4.     I make this Declaration in support of the concurrently-filed *Debtors' Motion For Entry Of An Order Authorizing (A) The Sale Of Substantially All Of The Debtors' Assets Free And Clear Of All Claims, Liens, Rights, Interests And Encumbrances; (B) The Debtors To Enter Into And Perform Their Obligations Under The Asset Purchase Agreement; And (C) The Debtors To Assume And Assign Certain Executory Contracts And Unexpired Leases*.

5.     On March 12, 2015, Mador and the Debtors entered into that certain Asset Purchase Agreement (the "**APA**"),[2] whereby the Debtors agreed to sell, and Mador agreed to acquire, substantially all of the Debtors' assets, other than certain Excluded Assets, and the Debtors have agreed to transfer and Mador has agreed to assume certain of the Debtors' liabilities, specifically the Assumed Liabilities.

6.     Pursuant to Section 2.6(b) of the APA, Mador has agreed that the Debtors will assume and assign to Mador at least 140 of the Debtors' current non-residential real property leases (the "**Assumed Leases**"), subject to the terms of the APA.  In determining the total number of Leases assumed and assigned to Mador, the following shall be included (in addition to Leases actually assumed and assigned to Mador): (x) store locations that were previously closed by Debtors but reopened by Mador (provided that Mador pays the Cure Amounts due with respect to the Lease for such store); and (y) any Lease for which the landlord thereunder objects to the assignment and assumption of such Lease for any reason (other than payment of the Cure Amount) and such objection is not resolved in a manner acceptable to Mador.

7.     In accordance with Section 4.5 of the APA, Mador, as of the Closing, will be capable of providing adequate assurance of future performance with respect to the Assumed Leases, including, satisfying the conditions contained in sections 365(b)(1)(C) and 365(f) of the Bankruptcy Code with respect to the Assumed Leases.  In this regard, it is important to note that

---

[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the APA.

*CHI 65692355v2*

before commencement of these cases, the Debtors closed underperforming locations and, before and after the filing, completed reductions in forces. These efforts will facilitate the return to profitability of these businesses. In addition, pursuant to the APA, Mador is not assuming the vast portion of the Debtors' general unsecured indebtedness, which I understand is at least $130 million. Thus, the business will emerge without having to satisfy these liabilities.

8.      Versa is the sole manager of Mador. Based in Philadelphia, Pennsylvania, Versa is a private equity firm with more than $1.4 billion in assets under management. Versa invests in all facets of a company's capital structure and its portfolio includes turnaround investments in numerous specialty retailers, including AVENUE Stores, Bob's Stores, Eastern Mountain Sports (EMS) and Sports Chalet. As an experienced investor in the retail industry, Versa is well positioned, as the sole manager of Mador, to facilitate the transactions contemplated by the APA, including Mador's obligations under the Assumed Leases.

9.      In accordance with Section 2.6(b) of the APA, Mador will be capable of paying any Cure Amounts associated with any of the Assumed Leases in connection with the Debtors' assumption of the Assumed Leases.

10.      In accordance with Section 2.8 of the APA, at the Closing, in connection with Mador's ability to perform its obligations under the Assumed Leases, Mador shall have in place, from a third party lender or one of Mador's affiliates, an exit credit facility that provides Mador with undrawn availability of at least $10 million on the Closing Date and which exit credit facility shall not be used to fund the Cash Payment component of the Purchase Price. This facility, along with the continuing operational and cost improvements described above, should enable Mador to obtain an adequate level and mix of inventory, in contrast to what has been the case during the chapter 11 cases.

-3-

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 16th day of March, 2015

By: _____

Paul Halpern, in his capacity as an
Authorized Representative of
Mador Lending, LLC

CHI 65692355v2