IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE WET SEAL, INC., a Delaware corporation, *et al.*,[1] | ) | Case No. 15-10081 (CSS) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

Objection Deadline: April 9, 2015 at 4:00 p.m.
Hearing Date: Scheduled only if Necessary

**FIRST MONTHLY APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROVINCE, INC., AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, <u>FOR THE PERIOD FROM JANUARY 30, 2015 THROUGH FEBRUARY 28, 2015</u>**

| Name of Applicant: | Province, Inc. |
|---|---|
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | Effective as of January 30, 2015 by order signed on or about March 17, 2015 |
| Period for which Compensation and Reimbursement is Sought: | January 30, 2015 – February 28, 2015[2] |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $293,914.50 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $872.12 |

This is a:   <u>X</u> monthly        ___ interim        ___final application.

### Monthly Billing Summary

The total time expended for fee application preparation in this Application Period is 2.6 hours and the corresponding compensation requested is approximately $1,654.00.

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification number are as follows: The Wet Seal, Inc. (5940), The Wet Seal Retail, Inc. (6265), Wet Seal Catalog, Inc. (7604), and Wet Seal GC, LLC (2855-VA). The Debtors' address is 26972 Burbank, Foothill Ranch, California 92610.

[2] The applicant reserves the right to include any time expended in the time period indicated above in future application(s) if it is not included herein.

This is the first monthly application filed in these cases.

## PRIOR MONTHLY APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| N/A | | | | | |

## PROVINCE PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Peter Kravitz, Esq. | Principal - Corporate Restructuring.  Bar Admission in 1995. | $650.00 | 36.7 | $23,855.00 |
| Paul Huygens, CPA | Principal - Corporate restructuring.  CPA license in 1995. | $635.00 | 145.9 | $91,186.00 |
| Walter Bowser, CPA | Director - Corporate restructuring.  CPA license in 1990. | $440.00 | 106.8 | $46,992.00 |
| Victor Delaglio | Director - Corporate restructuring.  Investment banking and restructuring employment since 2005. | $500.00 | 129.4 | $64,700.00 |
| Stilian Morrison | Director - Corporate restructuring.  Investment banking and restructuring employment since 2005. | $465.00 | 107.3 | $49,894.50 |
| Ricky Ng | Sr. Analyst - Corporate restructuring.  Investment banking and restructuring employment since 2008. | $295.00 | 58.6 | $17,287.00 |

**Grand Total: $293,914.5**
**Total Hours:  584.7**

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Case Administration | 47.1 | $18,922.50 |
| Claims Administration/Objections | 34.5 | $17,641.00 |
| Fee/Employment Applications | 2.6 | $1,654.00 |
| Committee Activities | 100.7 | $55,210.00 |
| Data Analysis | 296.4 | $140,952.00 |
| Plan and Disclosure Statement | 46.0 | 25,509.00 |
| Financing Activities | 52.8 | $32,565.50 |
| Travel Time | 4.6 | $1,460.50 |

## EXPENSE SUMMARY

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Airfare | Paul Huygens, airfare for two roundtrips from LAS to LAX | $711.30 |
| Lodging | | $0.0 |
| Ground Transportation | Taxi and parking | $47.14 |
| Meals | Various | $48.43 |
| Telephone | Conference calls | $65.25 |

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE WET SEAL, INC., a Delaware corporation, | ) | Case No. 15-10081 (CSS) |
| et al.,[1] | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |

**Objection Deadline: April 9, 2015 at 4:00 p.m.**
**Hearing Date: Scheduled only if Necessary**

**FIRST MONTHLY APPLICATION FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES OF PROVINCE, INC., AS FINANCIAL
ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS,
FOR THE PERIOD FROM JANUARY 30, 2015 THROUGH FEBRUARY 28 , 2015**

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the "Bankruptcy Rules"), and the Court's *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, signed on or about February 9, 2015 (the "Administrative Order"), Province, Inc. ("Province" or the "Firm"), financial advisor for the Official Committee of Unsecured Creditors (the "Committee"), hereby submits its First Monthly Application for Compensation and for Reimbursement of Expenses for the Period from January 30, 2015 through February 28, 2015 (the "Application").

By this Application, Province seeks a monthly interim allowance of compensation in the amount of $293,914.50 and actual and necessary expenses in the amount of $872.12 for a total allowance of $294,786.62 and payment of $235,131.60 (80% of the allowed fees) and reimbursement of $872.12 (100% of the allowed expenses) for a total payment of $236,003.72

---

[1]The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification numbers are: The Wet Seal, Inc. (5940); The Wet Seal Retail, Inc. (6265); Wet Seal Catalog, Inc. (7604); and Wet Seal GC, LLC (2855). The mailing address for each of the Debtors is: 26972 Burbank, Foothill Ranch, CA 92610.

for the period January 30, 2015 through February 28, 2015 (the "Interim Period").  In support of

this Application, Province respectfully represents as follows:

## Background

1.      On January 15, 2015 (the "Petition Date"), the Debtors each filed a

voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue in

possession of their property and continue to operate and manage their businesses as debtors in

possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or

examiner has been appointed in the Debtors' chapter 11 cases.

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.      On January 30, 2015, the United States Trustee for Region 3 appointed the

Committee to represent the interests of all unsecured creditors in this Case pursuant to section

1102 of the Bankruptcy Code.

4.      On or about February 9, 2 015, the Court signed the Administrative Order,

authorizing certain professionals and members of any official committee ("Professionals") to

submit monthly applications for interim compensation and reimbursement for expenses, pursuant

to the procedures specified therein.  The Administrative Order provides, among other things, that

a Professional may submit monthly fee applications.  If no objections are made within twenty-

one (21) days after service of the monthly fee application the Debtors are authorized to pay the

Professional eighty percent (80%) of the requested fees and one hundred percent (100%) of the

requested expenses.  Beginning with the period ending March 31, 2015, and at three-month

intervals or such other intervals convenient to the Court, each Professional shall file and serve an interim application for allowance of the amounts sought in its monthly fee applications for that period. All fees and expenses paid are on an interim basis until final allowance by the Court.

5.     The retention of Province, as financial advisor to the Committee, was approved effective as of January 30, 2015 by this Court's *Order Authorizing and Approving the Employment of Province, Inc. as Financial Advisor to the Official Committee of Unsecured Creditors Effective as of January 30, 2015*, signed on or about March 17, 2015 (the "Retention Order"). The Retention Order authorized Province to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

### PROVINCE'S APPLICATION FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES

#### Compensation Paid and Its Source

6.     All services for which Province requests compensation were performed for or on behalf of the Committee.

7.     Province has received no payment and no promises for payment from any source other than the Debtors for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between Province and any other person other than the employees of Province for the sharing of compensation to be received for services rendered in these cases. Province has received no retainer in this matter.

### Fee Statements

8.      Province seeks allowance of compensation for professional services

rendered to the Committee during the Interim Period in the aggregate amount of $293,914.50 and

for reimbursement of expenses incurred in connection with the rendition of such services in the

aggregate amount of $872.12.

9.      Attached as <u>Exhibit A</u> is a list of professionals providing services; their

respective billing rates; the aggregate hours expended by each professional; a general description

of services rendered, summarized by project category; a fee summary; detailed time records with

a description of the services performed by each professional and the time expended; and a

summary and detail of out-of-pocket expenses incurred.

### Summary of Services

10.      The employees of Province who have rendered professional services

during the Interim Period in these cases are as follows: Peter Kravitz, Paul Huygens, Walter

Bowser, Victor Delaglio, Stilian Morrison, Ricky Ng.

11.      During the Interim Period, the Committee relied heavily on the experience

and expertise of the above-named persons in dealing with matters described in detail below.  As

a result, Province's highly skilled restructuring and bankruptcy professionals devoted significant

time and effort to perform properly and expeditiously the required professional services.

12.      A summary of some of the more significant services rendered by Province

during the Interim Period follows.  This summary is divided according to the project categories

used by Province in its billing in these Cases.  A detailed time log of all tasks performed by

Province during the Interim Period is set forth on **Exhibit A** hereto.

A.    **Case Administration (Task Code 05)**

   **Fees: $18,922.50**            **Total Hours: 47.1**

   13.        Incorporated within this task code is time incurred by Province personnel

while performing tasks necessary in the administration of the Chapter 11 Cases that do not fit

clearly into other project categories.

   14.        Such functions include, but are not limited to:

      i.    Accessing the Court docket to review the latest information related to the

            Chapter 11 Cases;

      ii.   Managing and coordinating work to be completed by and among various

            Province professionals and performing general tasks related to the

            administration of these Chapter 11 Cases;

      iii.  Correspondences with the Debtors' counsel regarding case status and

            progress updates; and,

      iv.   Correspondences with Province team members with respect to workload

            and staffing on this matter.

B.    **Claims Analysis/Objections (Task Code 06)**

   **Fees: $17,641.00**       **Total Hours: 34.5**

   15.        Incorporated within this task code is time incurred by Province personnel

while performing various functions directly related to the research, review, reconciliation,

estimation and analysis of potential claims ("Claims") filed and to be filed against the Debtors.

   16.        Specific services provided by Province during the First Application Period

include, but are not limited to:

    i.    Reviewing the executory contracts list and incorporating such data into liquidation and claim stratification analyses;

    ii.    Reviewing and recalculating 502(b)(6) estimates for each of the shuttered and go forward stores;

    iii.    Identifying and segmenting classes of Claims;

    iv.    Corresponding or meeting with various Debtor and Committee counsel regarding the classification and treatment of Claims filed with the Court; and,

    v.    Reviewing and monitoring Claims Register for recent claims on a periodic basis.

## C.    Committee Activities (Task Code 24)

**Fees: $55,210.00          Total Hours: 100.7**

17.    Incorporated within this task code is time incurred by Province personnel while performing various functions directly related to preparing for, meeting with, and corresponding with the Committee of these Chapter 11 Cases.  To preserve the economic interests of the Committee, Province was required to analyze the Debtors' business plan, DIP financing offers from B.Riley and Versa Capital Management ("Versa"), and provide the Committee with its opinion related to these matters.  Time incurred in this project category was extensive because of the volume of information to analyze which required numerous meetings with the Committee to address the issues.

18.    Specific services provided by Province during the First Application Period include, but are not limited to:

    i.    Preparing for and participating in meetings with the Committee and their counsel on issues related to the bankruptcy proceeding;

    ii.    Preparing summaries of various analyses into presentation materials to be shared with the Committee and their counsel;

    iii.    Meeting and corresponding with members of the Committee and their counsel directly related to questions and concerns of the Committee in regard to actions and projections of the Debtors; and

    iv.    Conferring with other Province professionals regarding various analyses and issues directly related to questions and concerns of the Committee.

**D.**    **Data Analysis (Task Code 18)**

    **Fees: $140,952.00**    **Total Hours: 296.4**

    19.    Incorporated within this task code is time spent by Province personnel in connection with the evaluation and analysis of certain aspects of Debtors' business in the context of these Chapter 11 Cases. From the inception of these Cases, the Debtors' proposed restructuring plan contemplated the purchase by B. Riley and Co. (B Riley) of 80 percent of newly issued common stock in reorganized WSI, with the remaining 20% being issued primarily to the General Unsecured Creditors ("Creditors"), primarily through the conversion of the principal amount of B Riley's DIP Term Credit Agreement into equity and cash. Versa's DIP and purchase offer also contemplated the creditors receiving stock in the reorganized company. The Debtors filed their Plan and Disclosure Statement on February 6, 2015, which was later amended on February 11, 2015. As such, Province spent a significant amount of time gaining an understanding of the Debtors' business, modelling the Debtors' financial projections and calculating the estimated recovery to Creditors under a variety of different potential purchase scenarios, then in turn sharing summaries of the findings with the Committee.

20.    Specific activities include, but are not limited to, the following:

i.    Preparing and reviewing analyses related to the Debtors' historical operating results;

ii.    Preparing and reviewing various analyses related to Debtors' historical monthly balance sheets, income statements, and cash flow statements;

iii.    Assisting in the preparation of financial information for distribution to the Committee and legal counsel, including projections and budgets, liquidation analysis, analysis of the effect of various assumptions on projected financial results, and other ad hoc analyses as requested or deemed necessary;

iv.    Discussions with FTI and further analysis of accrued expenses including reserves for customer programs, accrued employee expenses, and other accrued operating liabilities;

v.    Analysis of investment banking fee proposed by Houlihan Lokey, including research of fees paid in comparable engagements;

vi.    Analysis of intellectual property (IP) valuations, including research of historical sales of IP in comparable situations;

vii.    Creation of comprehensive store-level financial model, including year-on-year sales, inventory levels, and e-commerce sales;

viii.    Development and maintenance of a preliminary substantive consolidation and recovery model; and,

ix.    Investigation of nature of WARN litigation, including a preliminary analysis of employee count and compensation.

E.     **Financing Activities (Task Code 25)**

    **Fees: $32,565.50          Total Hours: 52.8**

        21.    Incorporated within this task code is time incurred by Province personnel while performing various functions directly related to the financing activities of these Chapter 11 Cases.

        22.    Specific activities include, but are not limited to, the following:

        i.    Review and analysis of bid procedures;

        ii.    Meeting with Debtors and their counsel and potential DIP and emergence lenders to discuss and question various aspects of their financing proposals;

        iii.    Meeting with Houlihan Lokey personnel to discuss potential bidder interest and transaction structure; and

        iv.    Meeting with the Committee and their counsel to discuss various aspects of the financing options.

F.     **Plan and Disclosure Statement (Task Code 13)**

    **Fees: $25,509.00          Total Hours: 46.0**

        23.    Incorporated within this task code is time incurred by Province personnel while performing various functions directly related to the Plan and Disclosure Statement of the Debtors ("Plan") for these Chapter 11 Cases.

        24.    Specific activities include, but are not limited to, the following:

        i.    Review and analysis of the first day motions;

        ii.    Review and analysis of several drafts of the Plan and Disclosure Statement;

    iii.    Review and analysis of several drafts of the Plan Sponsorship Agreement; and

    iv.    Meeting with Debtors and their counsel and also with the Committee and their counsel to negotiate a confirmable Chapter 11 Plan.

**G.    <u>Fee / Employment Applications (Task Code 08)</u>**

**Fees: $1,654.00        Total Hours: 2.6**

25.    Incorporated within this task code is time incurred by Province personnel while performing various functions directly related to the fee applications of Province of these Chapter 11 Cases.

26.    Such functions include, but are not limited to:

    i.    Compiling and organizing time and expense information submitted by, and supporting documentation received from, Province personnel assigned to these matters;

    ii.    Reviewing time entries, expense information and supporting documentation submitted by Province personnel assigned to these matters in order to ensure compliance with the OUST billing guidelines; and

    iii.    Preparing and finalizing the January 30 through February 28 monthly bill and the exhibits thereto, and corresponding with counsel for the Debtors and the Committee regarding same.

**H.    <u>Travel Time (Task Code 22)</u>**

**Fees: $1,460.50        Total Hours: 4.6 (2.3 hours net of reduction)**

27.    This task code includes non-working travel time incurred in connection with: 1) travel to and from Las Vegas to attend various meetings with the Debtor and their

counsel and members of the Committee and their counsel.  Province took a voluntary reduction of 50 percent of all the time its professionals incurred for non-working travel time incurred.

## ACTUAL AND NECESSARY EXPENSES

28.    It is Province's policy to charge its clients for identifiable, non-overhead travel expenses incurred in connection with the client's case that would not have been incurred except in connection with the representation of that particular client.  It is also Province's policy to charge its clients only the amount actually incurred by Province in connection with such items. Examples of such travel expenses are described below.  Province **does not** charge for telephone calls (except the cost of specifically identified conference call charges), faxes, and other administrative expenses.  The policies employed by Province for seeking reimbursement for out-of-pocket travel expenses are as follows:

i.    **Airfare/Train** - Costs incurred by Province professionals when traveling by air or train to/from other cities on behalf of the Committee are incorporated into this First Application;

ii.    **Ground Transportation** – Expenses incurred by Province professionals for local transportation while outside of their home cities (on matters related to these Chapter 11 Cases) are incorporated into this First Application.  Such costs consist primarily of taxi-cab fares incurred by Province personnel while traveling. Also incorporated within this category are expenses incurred by Province professionals in connection with traveling to/from airports and parking at airports while traveling out-of-town on client matters;

iii.    **Lodging** – Costs incurred by Province professionals for lodging while traveling on behalf of the Debtor (on matters related to these Chapter 11

Cases) are incorporated into this First Application; and

iv.  **Meals** – Costs incurred by Province professionals for meals while traveling outside of their home cities or for working lunch meetings (on matters related to these Chapter 11 Cases) are incorporated into this First Application.

## V.

## SUMMARY OF FEES AND EXPENSES

29.    The First Application covers Province's fees and expenses incurred during the First Application Period.  The fees incurred total $293,914.50 and the expenses incurred total $872.12.  These fees and expenses are consistent with Province's arrangement with the Committee that the Court approved in the Province Retention Order.   Province respectfully submits that if necessary, a consideration of these factors would result in this Court's allowance of the full compensation requested.

30.    *Time and expertise required.*  Province's professional services on behalf of the Committee have required 584.7 hours of professional time in this Application period. Province has staffed these cases efficiently.  Where work could be performed by professionals with lower rates, Province used such professionals to perform the assignments.  A significant amount of the services rendered required a high degree of professional competence and expertise.  For those services Province used senior professionals in the interest of staffing the cases efficiently.

31.    *Time limitation imposed by these cases.*  Pursuant to the PSA, B Riley required the Debtors meet several critical dates, including confirmation of the Plan, on a short

timeline.  In addition, the Committee was required to understand a large volume of information related to the Debtors and its Plan, having only been appointed on January 30, 2015, approximately two weeks after the case commenced.  Province was required to incur significant time to ensure the progress of this accelerated process.

32.    *The difficulty of questions.*  Unique and complex issues arose during the Application period.  Province has advised the Committee and its counsel in regard to these issues.

33.    *The skill required to perform the financial advisory services properly.*  These bankruptcy cases address issues which raise complex questions.  The cases require a high level of skill and expertise to efficiently and accurately analyze the economic effects of proposed financing structures, to accurately forecast the performance of the Debtors during these Chapter 11 proceedings and the performance of the reorganized company, among other things.

34.    *The amount involved and results obtained.*  Province has been prudent in the amount of time incurred on various tasks believes its efforts are benefiting the Debtors.

35.    *The preclusion of other employment by the Applicant due to acceptance of the cases.*  Province is not aware of any other employment precluded by acceptance of these cases; however Province professionals providing services to the Committee were not available to service other clients at their customary rates.

36.    *The customary fee.*  The compensation sought in this Application is based on Province's normal hourly billing rates for services of this kind and is competitive with other financial advisory firms.

37.     *Whether the fee is fixed or contingent.*  Province's fees are fixed, not dependent on the outcome of these cases; however pursuant to Bankruptcy Code sections 330 and 331, all fees sought by professional retained under sections 327 or 1103 of the Bankruptcy Code are contingent pending final approval by the Court.

38.     *The experience, reputation, and ability of Province.*  Province's professionals engaged in these cases have also worked in several large retail bankruptcy cases. Province currently provides advisory services to the estates of Coldwater Creek, Inc., and Circuit City Liquidating Trust, has provided advisory services to the Ad Hoc Committee of Landlords in the Radio Shack matter and Province personnel have served or are currently serving as liquidating trustee in numerous high profile retail and restaurant bankruptcies.

## RESERVATION

39.     To the extent time or disbursement charges for services rendered or disbursements incurred relate to this Application Period but were not processed prior to the preparation of this Application, or Province has for any other reason not sought compensation or reimbursement of expenses herein for any services rendered or expenses incurred during the Application Period, Province reserves the right to request additional compensation for such services and reimbursement of expenses in a future application.

## SUMMARY OF PROFESSIONALS

January 30, 2015 through February 28, 2015

| | HOURLY RATE | APPLICATION HOURS | TOTAL FEES |
|---|---|---|---|
| Paul Huygens, Principal | $635.00 | 145.9 | $92,646.50 |
| Peter Kravitz, Principal | $650.00 | 36.7 | $23,855.00 |
| Stilian Morrison, Director | $465.00 | 107.3 | $49,894.50 |
| Victor Delaglio, Director | $500.00 | 129.4 | $64,700.00 |
| Walter Bowser, Director | $440.00 | 106.8 | $46,992.00 |
| Ricky Ng, Senior Analyst | $295.00 | 58.6 | $17,287.00 |
| **Subtotal** | | **584.7** | **$295,375.00** |
| **Blended Rate (Professionals only)[2]** | **$505.17** | | |
| | | **APPLICATION HOURS** | **TOTAL FEES** |
| **Total** | | **584.7** | **$295,375.00** |
| **Less Voluntary Reductions Taken[3]** | | **2.3** | **$1,460.50** |
| **GRAND TOTAL** | | **582.4** | **$293,914.50** |
| **Combined Blended Rate (Professionals and Paraprofessionals)** | **$504.66** | | |

## Conclusion

40.    It is respectfully submitted that the amount requested by Province is fair and reasonable given (a) the complexity of the issues presented, (b) the time and labor required, (c) the skill necessary to perform the financial advisory services, (d) the preclusion of other employment, and (e) the customary fees charged to clients in bankruptcy and non-bankruptcy situations.

---

[2]This blended rate for professionals does not reflect the voluntary reductions taken by professionals, as noted in this chart.

[3]Province has voluntarily reduced the requested compensation by this amount.

WHEREFORE, Province respectfully requests that, for the period January 30, 2015 through February 28, 2015, an interim allowance be made to Province for compensation in the amount of $293,914.50 and actual and necessary expenses in the amount of $872.12 for a total allowance of $294,786.62 and payment of $235,131.60 (80% of the allowed fees) and reimbursement of $872.12 (100% of the allowed expenses) for a total payment of $236,003.72, and for such other and further relief as this Court may deem just and proper.

Dated: March 17, 2015

PROVINCE INC.

By: _____
Paul Huygens, Principal
5915 Edmond St., Suite 102
Las Vegas, NV 89118
Telephone: 702.685.5555
Facsimile:  702.685.5556
Email:  phuygens@provincefirm.com

Financial Advisor to the Official
Committee of Unsecured Creditors

## **VERIFICATION**

STATE OF DELAWARE    :
                         :
COUNTY OF NEW CASTLE  :

       Paul Huygens, a CPA duly admitted in good standing to practice in the State of Nevada, after being duly sworn according to law, deposes and says:

       1.     I am a Principal of the applicant firm Province, Inc. (Province), with offices located in Las Vegas, NV, Agoura Hills, CA, and Wilmington, DE. I am duly authorized to make this verification on behalf of Province. Province was retained as financial advisor to the Official Committee of Unsecured Creditors (the "Committee") pursuant to an order of the Court entered on March 17, 2015 *nunc pro tunc* to January 30, 2015.

       2.     I have personally performed many of the services rendered by Province as financial advisor to the Committee and am familiar with the other work performed on behalf of the Committee by the other professionals in the firm.

       3.     The First Monthly Application for Compensation and Reimbursement of Expenses of Province, Inc., as Financial Advisor to the Official Committee of Unsecured Creditors, for the Period from January 30, 2015 through February 28, 2015 was prepared at my direction. The facts set forth in the foregoing Application are true to the best of my knowledge, information and belief.

       4.     Province's rates for the services rendered by its professionals in these Chapter 11 cases are similar to the rates Province charges for professional services rendered in

comparable bankruptcy and non-bankruptcy cases in a competitive national market for financial advisory services.

5.    I have reviewed the Court's Local Rule 2016-2 and the United States Trustee's Guidelines for Review of Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. s.330 (the "Guidelines"). The Application substantially complies with Local Rule 2016-2 and the Guidelines.

Executed under penalty of perjury of the laws of the United States on this 17th day of March 2015.

_____
Paul Huygens, Principal
Province, Inc.