UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>THE WET SEAL, INC., a Delaware corporation, et al.[1]<br><br>Debtors. | Chapter 11<br><br>Case No.: 15-10081 (CSS)<br><br>(Jointly Administered)<br><br>Hearing Date: May 26, 2015 at 11:00 a.m. (ET)<br>Objection Deadline: April 23, 2015 at 4:00 p.m. (ET) |

## DEBTORS' MOTION FOR AN ORDER, PURSUANT TO BANKRUPTCY RULES 9006 AND 9027, EXTENDING THE PERIOD WITHIN WHICH THE DEBTORS MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452

The Wet Seal, Inc. ("WSI") and its subsidiaries, the debtors and debtors in possession (the "Debtors") in the above-captioned jointly administered chapter 11 cases (the "Cases"), hereby submit this motion (the "Motion") for the entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), pursuant to Rules 9006 and 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), extending the period within which the Debtors may remove actions pursuant to 28 U.S.C. § 1452 through and including July 14, 2015. In support of the Motion, the Debtors respectfully state as follows:

### Jurisdiction and Venue

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over the Cases and the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of the Cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: The Wet Seal, Inc. (5940); The Wet Seal Retail, Inc. (6265), Wet Seal Catalog, Inc. (7604), and Wet Seal GC, LLC (2855-VA). The Debtors' address is 26972 Burbank, Foothill Ranch, CA 92610.

01:16935967.2

2.      Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final judgment or order with respect to the Motion to Shorten if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3.      The statutory and legal predicates for the relief requested herein are Bankruptcy Rules 9006 and 9027.

## Background

4.      On January 15, 2015 (the "Petition Date"), each of the Debtors commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. Each Debtor is authorized to continue to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      On January 30, 2015, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee"). No trustee or examiner or other statutory committee has been appointed in the Cases.

6.      The detailed factual background relating to the Debtors and the commencement of the Cases is set forth in the *Declaration of Thomas R. Hillebrandt in Support of First Day Motions* [Docket No. 19].

## Relief Requested

7.      The Debtors' current deadline to file notices of removal pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027 is April 15, 2015 (the "Current Removal Deadline"). By this Motion, the Debtors request the Court enter the Proposed Order, extending the period

01:16935967.2

within which the Debtors may remove actions and related proceedings, by 90 days, through and including July 14, 2015,[2] without prejudice to the rights of the Debtors and their estates to seek further extensions of the time within which to remove actions and related proceedings.

## Basis for Relief

8. Bankruptcy Rule 9027 and 28 U.S.C. § 1452 govern the removal of pending civil actions. Specifically, section 1452(a) provides that:

> [a] party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a). Bankruptcy Rule 9027(a)(2) further provides, in pertinent part that:

> [i]f the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed in the bankruptcy court only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

9. Bankruptcy Rule 9006(b) provides that the Court may extend unexpired time periods, such as the Debtors' removal period, without notice:

> [W]hen an act is required or allowed to be done at or within a specified period by [the Bankruptcy Rules] or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order.

---

[2] Pursuant to Local Rule 9006-2, the filing of the Motion prior to the expiration of the Current Removal Deadline shall automatically extend the Current Removal Deadline until the Court acts on the Motion without the necessity for entry of a bridge order.

01:16935967.2

*Id.* at 9006(b)(1). Accordingly, the Court is authorized to grant the relief requested herein. *See Raff v. Gordon*, 58 B.R. 988 (Bankr. E.D. Pa. 1986) (stating that period in which to file a motion to remove may be expanded pursuant to Bankruptcy Rule 9006); *Jandous Elec. Constr. Corp. v. City of N.Y. (In re Jandous Elec. Constr. Corp.)*, 106 B.R. 48 (Bankr. S.D.N.Y. 1989) (same); *see also Doan v. Loomis (In re Fort Dodge Creamery Co.)*, 117 B.R. 438 (Bankr. N.D. Iowa 1990) (implying that time period in which removal motion may be filed may be extended pursuant to Bankruptcy Rule 9006); *In re Boyer*, 108 B.R. 19 (Bankr. N.D.N.Y. 1988) (same).

10. The Debtors are parties to actions currently pending in the courts of certain states and federal districts (each an "Action," and, collectively, the "Actions"), and believe that it is prudent to seek an extension of the time established by Bankruptcy Rule 9027 to protect the rights of the Debtors and their estates to remove these Actions.

11. Since the commencement of these Cases, the Debtors' management and professional advisors have devoted a significant amount of effort towards ensuring a smooth transition of the Debtors' operations into chapter 11. Furthermore, since the Petition Date, the Debtors and their advisors have had to devote a substantial amount of time, energy and resources toward a number of critical matters in these Cases. Specifically, in the approximately three months that the Cases have been pending, the Debtors and their professionals have been focused on, among other things: (i) resolving issues related to the Debtors' post-petition financing arrangements (including securing replacement financing post-petition); (ii) preparing the Debtors' schedules of assets and liabilities and statements of financial affairs; (iii) addressing numerous matters raised by employees, vendors, taxing authorities, utility companies, and other parties in interest; (iv) reviewing and analyzing executory contracts and unexpired leases for assumption and assignment or rejection, including filing five omnibus rejection motions and two

01:16935967.2

notices of rejection; (v) coordinating with the U.S. Trustee and the Committee to provide requested financial information and comply with the reporting requirements under the Bankruptcy Code; (vi) drafting and filing a disclosure statement and plan of reorganization; (vii) developing bid procedures governing the submission of competing bids to either sponsor a plan of reorganization or acquire all or substantially all of the Debtors' assets pursuant to section 363 of the Bankruptcy Code and, in either case, to provide replacement debtor-in-possession financing; (viii) conducting an auction pursuant to the bid procedures and successfully consummating the sale of substantially all of the Debtors' assets; and (ix) handling the various other tasks related to the administration of the Debtors' bankruptcy estates and the Cases.

12. As a result of the foregoing efforts and various others, the Debtors have not had sufficient time to review the Actions to determine if any should be removed pursuant to Bankruptcy Rule 9027(a). Accordingly, the Debtors submit that extending the Current Removal Deadline is in the best interests of the Debtors, their estates, and creditors. The extension sought will afford the Debtors an opportunity to make more fully informed decisions concerning the removal of any Actions and will assure that the Debtors and their estates do not forfeit the valuable rights afforded to them under 28 U.S.C. § 1452. Furthermore, the Debtors submit that granting the extension requested herein will not prejudice the rights of their adversaries in the Actions because, in many (if not all) circumstances, such parties may not prosecute these actions absent relief from the automatic stay. In addition, nothing herein will prejudice any party to an Action that the Debtors may ultimately attempt to remove from seeking the remand of such action under 28 U.S.C § 1452(b) at the appropriate time.

13. For the reasons set forth above, the Debtors submit that extending the Current Removal Deadline through and including July 14, 2015, is necessary, prudent, and in the best interests of the Debtors, their estates, and creditors.

## Notice

14. Notice of this Motion will be provided to the following parties: (a) the U.S. Trustee; (b) counsel for the Committee; (c) counsel for Bank of America, N.A.; (d) counsel for B. Riley Financial, Inc.; (e) counsel for Mador Lending, LLC; (f) all known parties to the Actions and their counsel, if known; and (g) all persons and entities that have filed a request for service of filings in these the Cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

WHEREFORE, the Debtors request the Court enter the Proposed Order, granting the relief requested herein and such other and further relief as is just and proper.

Dated: April 9, 2015

/s/ Travis G. Buchanan
Michael R. Nestor, Esq. (DE Bar No. 3526)
Maris J. Kandestin, Esq. (DE Bar No. 5294)
Travis G. Buchanan, Esq. (DE Bar No. 5595)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Tel:   (302) 571-6600
Fax:   (302) 571-1253
Email: mnestor@ycst.com
       mkandestin@ycst.com
       tbuchanan@ycst.com

and

Lee R. Bogdanoff, Esq.
Michael L. Tuchin, Esq.
David M. Guess, Esq.
Jonathan M. Weiss, Esq.
KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 Avenue of the Stars, 39th Floor
Los Angeles, CA 90067
Tel:   (310) 407-4022
Fax:   (310) 407-9090
Email: lbogdanoff@ktbslaw.com
       mtuchin@ktbslaw.com
       dguess@ktbslaw.com
       jweiss@ktbslaw.com

*Counsel for the Debtors and Debtors in Possession*