IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SEAL123, INC., *et al.,*[1] | ) Case No. 15-10081 (CSS) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

**Objection Deadline:  May 7, 2015 at 4:00 p.m.**
**Hearing Date:  Scheduled only if Necessary**

**SECOND MONTHLY APPLICATION FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES OF PROVINCE, INC., AS FINANCIAL
ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS,
FOR THE PERIOD FROM MARCH 1, 2015 THROUGH MARCH 31, 2015**

| | |
|---|---|
| Name of Applicant: | Province, Inc. |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | Effective as of January 30, 2015 by order signed on or about March 17, 2015 |
| Period for which Compensation and Reimbursement is Sought: | March 1, 2015 – March 31, 2015[2] |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $162,575.50 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $1,282.31 |

This is a:    _X_ monthly        ___ interim      ___ final application.

**Monthly Billing Summary**

The total time expended for fee application preparation in this Application Period is 16

hours and the corresponding compensation requested is approximately $8,034.50.

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Seal123, Inc. (f/k/a The Wet Seal, Inc.) (5940); Seal123 Retail, Inc. (f/k/a The Wet Seal Retail, Inc.) (6265), Seal123 Catalog, Inc. (f/k/a Wet Seal Catalog, Inc.) (7604), and Seal123 GC, LLC (f/k/a Wet Seal GC, LLC) (2855-VA).  The Debtors' address is 26972 Burbank, Foothill Ranch, CA 92610.

[2] The applicant reserves the right to include any time expended in the time period indicated above in future application(s) if it is not included herein.

This is the second monthly application filed in these cases.

## PRIOR MONTHLY APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 3/17/15 | January 30 - February 28, 2015 | $293,914.50 | $872.12 | $293,914.50 | $872.12 |

## PROVINCE PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Peter Kravitz, Esq. | Principal - Corporate Restructuring. Bar Admission in 1995. | $650.00 | 21.7 | $14,105.00 |
| Paul Huygens, CPA, CFE | Principal - Corporate restructuring. CPA license in 1999, CFE license in 2015 | $635.00 | 88.5 | $54,864.00 (net of $1,333.50 reduction for travel time) |
| Walter Bowser, CPA | Director - Corporate restructuring. CPA license in 1990. | $440.00 | 69.8 | $30,712.00 |
| Victor Delaglio | Director - Corporate restructuring. Investment banking and restructuring employment since 2005. | $500.00 | 13.9 | $6,950.00 |
| Stilian Morrison | Director - Corporate restructuring. Investment banking and restructuring employment since 2005. | $465.00 | 94.3 | $43,849.50 |
| Ricky Ng | Sr. Analyst - Corporate restructuring. Investment banking and restructuring employment since 2008. | $295.00 | 41.0 | $12,095.00 |

**Grand Total: $162,575.50    Total Hours: 329.2**

DOCS_DE:199454.1 93583/002

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Case Administration | 17.4 | $5,888.00 |
| Claims Administration/Objections | 101.2 | $46,824.50 |
| Fee/Employment Applications | 16.0 | $8,034.50 |
| Committee Activities | 27.8 | $15,615.50 |
| Data Analysis | 42.5 | $21,377.00 |
| Litigation | 43.7 | $18,790.00 |
| Plan and Disclosure Statement | 23.8 | $13,504.50 |
| Financing Activities | 52.6 | $31,208.00 |
| Travel Time | 4.2 | $1,333.50 |

## EXPENSE SUMMARY

| Expense Category | Description | Total Expenses |
|---|---|---|
| Airfare | Paul Huygens, airfare from LAS to LAX for auction | $474.20 |
| Lodging | Paul Huygens & Peter Kravitz to attend auction | $357.18 |
| Ground Transportation | Taxi and parking | $410.30 |
| Meals | Various | $40.63 |
| Telephone | Conference calls | - |

DOCS_DE:199454.1 93583/002

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SEAL123, INC., *et al.,*[1] | ) | Case No. 15-10081 (CSS) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**Objection Deadline: May 7, 2015 at 4:00 p.m.**
**Hearing Date: Scheduled only if Necessary**

**SECOND MONTHLY APPLICATION FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES OF PROVINCE, INC., AS FINANCIAL
ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS,
FOR THE PERIOD FROM MARCH 1, 2015 THROUGH MARCH 31 , 2015**

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy

Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the "Bankruptcy

Rules"), and the Court's *Order Establishing Procedures for Interim Compensation and

Reimbursement of Expenses of Professionals*, signed on or about February 9, 2015 (the

"Administrative Order"), Province, Inc. ("Province" or the "Firm"), financial advisor for the

Official Committee of Unsecured Creditors (the "Committee"), hereby submits its Second

Monthly Application for Compensation and for Reimbursement of Expenses for the Period from

March 1, 2015 through March 31, 2015 (the "Application").

By this Application, Province seeks a monthly interim allowance of compensation

in the amount of $162,575.50 and actual and necessary expenses in the amount of $1,282.31 for

a total allowance of $163,857.81 and payment of $130,060.40 (80% of the allowed fees) and

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Seal123, Inc. (f/k/a The Wet Seal, Inc.) (5940); Seal123 Retail, Inc. (f/k/a The Wet Seal Retail, Inc.) (6265), Seal123 Catalog, Inc. (f/k/a Wet Seal Catalog, Inc.) (7604), and Seal123 GC, LLC (f/k/a Wet Seal GC, LLC) (2855-VA).  The Debtors' address is 26972 Burbank, Foothill Ranch, CA 92610.

reimbursement of $1,282.31 (100% of the allowed expenses) for a total payment of $131,342.71

for the period March 1, 2015 through March 31, 2015 (the "Interim Period"). In support of this

Application, Province respectfully represents as follows:

### Background

1.      On January 15, 2015 (the "Petition Date"), the Debtors each filed a

voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue in

possession of their property and continue to operate and manage their businesses as debtors in

possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or

examiner has been appointed in the Debtors' chapter 11 cases.

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.      On January 30, 2015, the United States Trustee for Region 3 appointed the

Committee to represent the interests of all unsecured creditors in this Case pursuant to section

1102 of the Bankruptcy Code.

4.      On or about February 9, 2015, the Court signed the Administrative Order,

authorizing certain professionals and members of any official committee ("Professionals") to

submit monthly applications for interim compensation and reimbursement for expenses, pursuant

to the procedures specified therein. The Administrative Order provides, among other things, that

a Professional may submit monthly fee applications. If no objections are made within twenty-

one (21) days after service of the monthly fee application the Debtors are authorized to pay the

Professional eighty percent (80%) of the requested fees and one hundred percent (100%) of the

DOCS_DE:199454.1 93583/002

requested expenses.  Beginning with the period ending March 31, 2015, and at three-month

intervals or such other intervals convenient to the Court, each Professional shall file and serve an

interim application for allowance of the amounts sought in its monthly fee applications for that

period.  All fees and expenses paid are on an interim basis until final allowance by the Court.

     5.     The retention of Province, as financial advisor to the Committee, was

approved effective as of January 30, 2015 by this Court's *Order Authorizing and Approving the*

*Employment of Province, Inc. as Financial Advisor to the Official Committee of Unsecured*

*Creditors Effective as of January 30, 2015*, signed on or about March 17, 2015 (the "Retention

Order").  The Retention Order authorized Province to be compensated on an hourly basis and to

be reimbursed for actual and necessary out-of-pocket expenses.

### PROVINCE'S APPLICATION FOR COMPENSATION AND
### FOR REIMBURSEMENT OF EXPENSES

### Compensation Paid and Its Source

     6.     All services for which Province requests compensation were performed

for or on behalf of the Committee.

     7.     Province has received no payment and no promises for payment from any

source other than the Debtors for services rendered or to be rendered in any capacity whatsoever

in connection with the matters covered by this Application.  There is no agreement or

understanding between Province and any other person other than the employees of Province for

the sharing of compensation to be received for services rendered in these cases.  Province has

received no retainer in this matter.

3

**Fee Statements**

8.      Province seeks allowance of compensation for professional services rendered to the Committee during the Interim Period in the aggregate amount of $162,575.50 and for reimbursement of expenses incurred in connection with the rendition of such services in the aggregate amount of $1,282.31.

9.      Attached as <u>Exhibit A</u> is a list of professionals providing services; their respective billing rates; the aggregate hours expended by each professional; a general description of services rendered, summarized by project category; a fee summary; detailed time records with a description of the services performed by each professional and the time expended; and a summary and detail of out-of-pocket expenses incurred.

**Summary of Services**

10.     The employees of Province who have rendered professional services during the Interim Period in these cases are as follows: Peter Kravitz, Paul Huygens, Walter Bowser, Victor Delaglio, Stilian Morrison, Ricky Ng.

11.     During the Second Monthly Application Period, the Committee relied heavily on the experience and expertise of the above-named persons in dealing with matters described in detail below.  As a result, Province's highly skilled restructuring and bankruptcy professionals devoted significant time and effort to perform properly and expeditiously the required professional services.

4

12.     A summary of some of the more significant services rendered by Province during the Second Monthly Application Period follows.  This summary is divided according to the project categories used by Province in its billing in these Cases.  A detailed time log of all tasks performed by Province during the Second Monthly Application Period is set forth on **Exhibit A** hereto.

A.     **Case Administration (Task Code 05)**

Fees:  **$5,888.00**              Total Hours: **17.4**

13.     Incorporated within this task code is time incurred by Province personnel while performing tasks necessary in the administration of the Chapter 11 Cases that do not fit clearly into other project categories.

14.     Such functions include, but are not limited to:

i.     Accessing the Court docket to review the latest information related to the Chapter 11 Cases;

ii.     Managing and coordinating work to be completed by and among various Province professionals and performing general tasks related to the administration of these Chapter 11 Cases;

iii.     Correspondences with the Debtors' counsel regarding case status and progress updates; and,

iv.     Correspondences with Province team members with respect to workload and staffing on this matter.

B.     **Claims Analysis/Objections (Task Code 06)**

Fees:  **$46,824.50**            Total Hours: **101.2**

15.     Incorporated within this task code is time incurred by Province personnel while performing various functions directly related to the research, review, reconciliation, estimation and analysis of scheduled and potential claims ("Claims") filed and to be filed against

5

the Debtors. The Debtors filed their Schedules of Assets and Liabilities on February 27, 2015 and Province spent a significant amount of time reviewing, analyzing, and summarizing these Schedules for the Committee in this Second Application period.

16.    Specific services provided by Province during the Second Application Period include, but are not limited to:

     i.    Reviewing the executory contracts list and incorporating such data into liquidation and claim stratification analyses;

     ii.    Reviewing and recalculating 502(b)(6) estimates for each of the shuttered and go forward stores;

     iii.    Identifying and segmenting classes of Claims;

     iv.    Analyzing and reconciling the list of scheduled claims provided by the Debtor to previous estimates of claims against the Debtor;

     v.    Corresponding or meeting with various Debtor and Committee counsel regarding the classification and treatment of Claims filed with the Court; and,

     vi.    Reviewing and monitoring the Claims Register for recent claims on a periodic basis.

## C.    Committee Activities (Task Code 24)

**Fees: $15,615.50          Total Hours: 27.8**

17.    Incorporated within this task code is time incurred by Province personnel while performing various functions directly related to preparing for, meeting with, and corresponding with the Committee of these Chapter 11 Cases.

18.    Specific services provided by Province during the Second Monthly Application Period include, but are not limited to:

     i.    Preparing for and participating in meetings with the Committee and their

6

counsel on issues related to the bankruptcy proceeding;

ii.  Preparing summaries of various analyses into presentation materials to be shared with the Committee and their counsel;

iii.  Meeting and corresponding with members of the Committee and their counsel directly related to questions and concerns of the Committee in regard to actions and projections of the Debtors; and

iv.  Conferring with other Province professionals regarding various analyses and issues directly related to questions and concerns of the Committee.

**D.    Data Analysis (Task Code 18)**

**Fees: $21,377.00        Total Hours: 42.5**

19.    Incorporated within this task code is time spent by Province personnel in connection with the evaluation and analysis of certain aspects of Debtors' business in the context of these Chapter 11 Cases.

20.    Specific activities include, but are not limited to, the following:

i.  Preparing and reviewing analyses related to the Debtors' performance relative to their DIP budget and long-range projections;

ii.  Assisting in the preparation of financial information for distribution to the Committee and legal counsel, including projections and budgets, liquidation analysis, analysis of the effect of various assumptions on projected financial results, and other analyses as requested or deemed necessary;

iii.  Preparing and reviewing recovery estimates under a variety of potential restructuring alternatives in preparation for the auction;

iv.  Development and maintenance of a preliminary substantive consolidation and recovery model; and

7

     v.    Analyzing the effect of landlord and other creditor corporate guarantee claims on recoveries to the broader GUC pool.

**E.**    <u>**Financing Activities (Task Code 25)**</u>

    **Fees: $31,208.00**              **Total Hours: 52.6**

    21.    Incorporated within this task code is time incurred by Province personnel while performing various functions directly related to the financing activities of these Chapter 11 Cases.

    22.    Specific activities include, but are not limited to, the following:

    i.    Reviewing and analyzing equity plan term sheets;

    ii.    Preparing and reviewing models comparing B Riley and Versa bids; and

    iii.    Attending pre-auction meetings with potential bidders, then attending the auction on March 10, 2015 and subsequent meetings with Versa to finalize their bid and negotiate the plan.

**F.**    <u>**Litigation (Task Code 11)**</u>

    **Fees: $18,790.00**              **Total Hours: 43.7**

    23.    Incorporated within this task code is time incurred by Province personnel while performing various functions directly related to analyzing the recovery value of litigation assets to be retained by the GUC.

    24.    Specific activities include, but are not limited to, the following:

    i.    Analysis of the potential recovery value of the Debtors' lawsuit against Visa/MasterCard for alleged price-fixing and antitrust violations;

    ii.    Research and review of complaints of retailers who opted out of the settlement in the class action case: In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation;

8

    iii.    Analysis of sales data for Debtors and other retailers who opted out for the period of 2004 through 2012 to estimate potential pro rata payout for purposes of assignment.

## G.    Plan and Disclosure Statement (Task Code 13)

**Fees: $13,504.50**        **Total Hours: 23.8**

25.    Incorporated within this task code is time incurred by Province personnel while performing various functions directly related to the Plan and Disclosure Statement of the Debtors ("Plan") for these Chapter 11 Cases.

26.    Specific activities include, but are not limited to, the following:

    i.    Reviewing and analyzing several drafts of the revised Plan and Disclosure Statement;

    ii.    Reviewing and analyzing several drafts of the Asset Purchase Agreement; and

    iii.    Discussion and consideration of the structure of the post confirmation trust.

## H.    Fee / Employment Applications (Task Code 08)

**Fees: $8,034.50**        **Total Hours: 16.0**

27.    Incorporated within this task code is time incurred by Province personnel while performing various functions directly related to the fee applications of Province of these Chapter 11 Cases.

28.    Such functions include, but are not limited to:

    i.    Compiling and organizing time and expense information submitted by, and supporting documentation received from, Province personnel assigned to these matters;

9

    ii.    Reviewing time entries, expense information and supporting documentation submitted by Province personnel assigned to these matters in order to ensure compliance with the OUST billing guidelines; and

    iii.    Preparing and finalizing the First Monthly Fee Application for the period of January 30, 2015 through February 28, 2015 and the exhibits thereto, and corresponding with counsel for the Debtors and the Committee regarding same.

## I.    <u>Travel Time (Task Code 22)</u>

    **Fees: $1,333.50**        **Total Hours: 4.2 (2.1 hours net of reduction)**

    29.    This task code includes non-working travel time incurred in connection with travel to and from Los Angeles to attend various meetings with the Debtor and their counsel and members of the Committee and their counsel, including the auction and pre-auction meeting with bidders. Province took a voluntary reduction of 50 percent of all the time its professionals incurred for non-working travel time incurred.

## <u>ACTUAL AND NECESSARY EXPENSES</u>

    30.    It is Province's policy to charge its clients for identifiable, non-overhead travel expenses incurred in connection with the client's case that would not have been incurred except in connection with the representation of that particular client. It is also Province's policy to charge its clients only the amount actually incurred by Province in connection with such items. Examples of such travel expenses are described below. Province **<u>does not</u>** charge for telephone calls (except the cost of specifically identified conference call charges), faxes, and other administrative expenses. The policies employed by Province for seeking reimbursement for out-of-pocket travel expenses are as follows:

DOCS_DE:199454.1 93583/002

i.  **Airfare/Train** - Costs incurred by Province professionals when traveling by air or train to/from other cities on behalf of the Committee are incorporated into this Second Application;

ii.  **Ground Transportation** – Expenses incurred by Province professionals for local transportation while outside of their home cities (on matters related to these Chapter 11 Cases) are incorporated into this Second Monthly Application.  Such costs consist primarily of taxi-cab fares incurred by Province personnel while traveling. Also incorporated within this category are expenses incurred by Province professionals in connection with traveling to/from airports and parking at airports while traveling out-of-town on client matters;

iii.  **Lodging** – Costs incurred by Province professionals for lodging while traveling on behalf of the Debtor (on matters related to these Chapter 11 Cases) are incorporated into this Second Monthly Application; and

iv.  **Meals** – Costs incurred by Province professionals for meals while traveling outside of their home cities or for working lunch meetings (on matters related to these Chapter 11 Cases) are incorporated into this Second Monthly Application.

## V.

## SUMMARY OF FEES AND EXPENSES

31.    The Second Application covers Province's fees and expenses incurred during the Second Application Period.  The fees incurred total $162,575.50 and the expenses incurred total $1,282.31.  These fees and expenses are consistent with Province's arrangement with the Committee that the Court approved in the Province Retention Order.  Province

11

respectfully submits that if necessary, a consideration of these factors would result in this Court's allowance of the full compensation requested.

32.    *Time and expertise required.*  Province's professional services on behalf of the Committee have required 329.2 hours of professional time in this Application period. Province has staffed these cases efficiently.  Where work could be performed by professionals with lower rates, Province used such professionals to perform the assignments.  A significant amount of the services rendered required a high degree of professional competence and expertise.  For those services Province used senior professionals in the interest of staffing the cases efficiently.

33.    *Time limitation imposed by these cases.*  Pursuant to the PSA, B Riley required the Debtors meet several critical dates, including an auction date of March 10, 2015.  In addition, the Committee was required to understand a large volume of information related to the Debtors and its Plan, having only been appointed on January 30, 2015, approximately two weeks after the case commenced.  Province was required to incur significant time to ensure the progress of this accelerated process.

34.    *The difficulty of questions.*  Unique and complex issues arose during the Application period.  Province has advised the Committee and its counsel in regard to these issues.

35.    *The skill required to perform the financial advisory services properly.* These bankruptcy cases address issues which raise complex questions.  The cases require a high level of skill and expertise to efficiently and accurately analyze the economic effects of proposed

12

financing structures, to accurately forecast the performance of the Debtors during these Chapter 11 proceedings and the performance of the reorganized company, among other things.

36.    *The amount involved and results obtained.*  Province has been prudent in the amount of time incurred on various tasks believes its efforts are benefiting the Debtors.

37.    *The preclusion of other employment by the Applicant due to acceptance of the cases.*  Province is not aware of any other employment precluded by acceptance of these cases; however Province professionals providing services to the Committee were not available to service other clients at their customary rates.

38.    *The customary fee.*  The compensation sought in this Application is based on Province's normal hourly billing rates for services of this kind and is competitive with other financial advisory firms.

39.    *Whether the fee is fixed or contingent.*  Province's fees are fixed, not dependent on the outcome of these cases; however pursuant to Bankruptcy Code sections 330 and 331, all fees sought by professional retained under sections 327 or 1103 of the Bankruptcy Code are contingent pending final approval by the Court.

40.    *The experience, reputation, and ability of Province.*  Province's professionals engaged in these cases have also worked in several large retail bankruptcy cases. Province currently provides advisory services to the estates of Coldwater Creek, Inc., and Circuit City Liquidating Trust, has provided advisory services to the Ad Hoc Committee of Landlords in the Radio Shack matter and Province personnel have served or are currently serving as liquidating trustee in numerous high profile retail and restaurant bankruptcies.

13

## RESERVATION

41.    To the extent time or disbursement charges for services rendered or disbursements incurred relate to this Application Period but were not processed prior to the preparation of this Application, or Province has for any other reason not sought compensation or reimbursement of expenses herein for any services rendered or expenses incurred during the Application Period, Province reserves the right to request additional compensation for such services and reimbursement of expenses in a future application.

## SUMMARY OF PROFESSIONALS

### March 1, 2015 through March 31, 2015

|  | HOURLY RATE | APPLICATION HOURS | TOTAL FEES |
|---|---|---|---|
| Paul Huygens, Principal | $635.00 | 88.5 | $56,197.50 |
| Peter Kravitz, Principal | $650.00 | 21.7 | $14,105.00 |
| Stilian Morrison, Director | $465.00 | 94.3 | $43,849.50 |
| Victor Delaglio, Director | $500.00 | 13.9 | $6,950.00 |
| Walter Bowser, Director | $440.00 | 69.8 | $30,712.00 |
| Ricky Ng, Senior Analyst | $295.00 | 41.0 | $12,095.00 |
| **Subtotal** | | **329.2** | **$163,909.00** |
| **Blended Rate (Professionals only)[2]** | **$497.90** | | |
|  | | APPLICATION HOURS | TOTAL FEES |
| **Total** | | **329.2** | **$163,909.00** |
| **Less Voluntary Reductions Taken[3]** | | **2.1** | **$1,333.50** |
| **GRAND TOTAL** | | **327.1** | **$162,575.50** |
| **Combined Blended Rate** | **$497.02** | | |

---

[2]This blended rate for professionals does not reflect the voluntary reductions taken by professionals, as noted in this chart.

[3]Province has voluntarily reduced the requested compensation by 50% for non-working travel.

14

## Conclusion

42.    It is respectfully submitted that the amount requested by Province is fair and reasonable given (a) the complexity of the issues presented, (b) the time and labor required, (c) the skill necessary to perform the financial advisory services, (d) the preclusion of other employment, and (e) the customary fees charged to clients in bankruptcy and non-bankruptcy situations.

WHEREFORE, Province respectfully requests that, for the period March 1, 2015 through March 31, 2015, an interim allowance be made to Province for compensation in the amount of $162,575.50 and actual and necessary expenses in the amount of $1,282.31 for a total allowance of $163,857.81 and payment of $130,060.40 (80% of the allowed fees) and reimbursement of $1,282.31 (100% of the allowed expenses) for a total payment of $131,342.71, and for such other and further relief as this Court may deem just and proper.

Dated: April 9, 2015

PROVINCE, INC.

By: _____
Paul Huygens, Principal
5915 Edmond St., Suite 102
Las Vegas, NV 89118
Telephone: 702.685.5555
Facsimile:  702.685.5556
Email:  phuygens@provincefirm.com

Financial Advisor to the Official
Committee of Unsecured Creditors

## VERIFICATION

STATE OF DELAWARE        :
                             :

COUNTY OF NEW CASTLE  :

Paul Huygens, a CPA duly admitted in good standing to practice in the State of Nevada, after being duly sworn according to law, deposes and says:

1.      I am a Principal of the applicant firm Province, Inc. (Province), with offices located in Las Vegas, NV, Agoura Hills, CA, and Wilmington, DE.  I am duly authorized to make this verification on behalf of Province.  Province was retained as financial advisor to the Official Committee of Unsecured Creditors (the "Committee") pursuant to an order of the Court entered on March 17, 2015 *nunc pro tunc* to January 30, 2015.

2.      I have personally performed many of the services rendered by Province as financial advisor to the Committee and am familiar with the other work performed on behalf of the Committee by the other professionals in the firm.

3.      The Second Monthly Application for Compensation and Reimbursement of Expenses of Province, Inc., as Financial Advisor to the Official Committee of Unsecured Creditors, for the Period from March 1, 2015 through March 31, 2015 was prepared at my direction.  The facts set forth in the foregoing Application are true to the best of my knowledge, information and belief.

4.      Province's rates for the services rendered by its professionals in these Chapter 11 cases are similar to the rates Province charges for professional services rendered in

1

comparable bankruptcy and non-bankruptcy cases in a competitive national market for financial advisory services.

5.    I have reviewed the Court's Local Rule 2016-2 and the United States Trustee's Guidelines for Review of Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. s.330 (the "Guidelines"). The Application substantially complies with Local Rule 2016-2 and the Guidelines.

Executed under penalty of perjury of the laws of the United States on this 9th day of April 2015.

_____
Paul Huygens, Principal
Province, Inc.