IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| SEAL123, INC., et al., ) | Case No. 15-10081 (CSS) |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |
| ) | **Hearing Date: TBD** |
| ) | **Objection Date: May 28, 2015** |
| ) | |
| ) | **Related Docket No. 679** |

**ORACLE'S LIMITED OBJECTION TO AND RESERVATION OF RIGHTS
REGARDING DEBTORS' FIRST OMNIBUS NOTICE OF ASSUMPTION
AND ASSIGNMENT OF EXECUTORY CONTRACTS**

Oracle America, Inc., successor in interest to both Oracle USA, Inc., and Taleo (collectively, "Oracle"), a creditor and contract counter-party in the above-captioned jointly administered Chapter 11 case, and a partner of Ignitiv, Inc. and Infolob, submits its Limited Objection to and Reservation of Rights (the "Rights Reservation") regarding the Debtors' First Omnibus Notice Of Assumption And Assignment Of Executory Contracts (the "Assumption Notice"), filed by Seal123, Inc., *et al.* ("Debtors") and in support of the Rights Reservation, Oracle states as follows:

**I.      INTRODUCTION**

1.      By the Assumption Notice, the Debtors seek Bankruptcy Court authority to, among other things, assume and assign certain executory contracts between the Debtors and Oracle.

2.      The targeted Oracle agreements are, or pertain to, licenses of intellectual property and Oracle objects to the proposed assumption and assignment for several reasons.

3.      First, the Assumption Notice does not adequately describe the contracts the Debtors seek to assume and assign, making it impossible for Oracle either to accurately assess whether the agreements at issue are assignable.

4. Second, pleadings recently filed with the court create ambiguity regarding the contracts the Debtors seek to assume and assign and those the Debtors seek to reject.

5. Finally, based on the limited information provided by the Assumption Notice, Oracle is unable to determine the accuracy of the cure amount identified in the Assumption Notice.

6. Accordingly, Oracle requests that the Court deny the Assumption Notice to the extent it seeks authority for the Debtors to assume and assign any Oracle agreements.

## II. FACTUAL BACKGROUND

7. The above captioned case was filed on January 15, 2015, and an order directing joint administration was entered on January 20, 2015.

8. On March 16, 2015, The Debtors filed a Motion For Entry Of An Order Authorizing (A) The Sale Of Substantially All Of the Debtors' Assets Free And Clear Of All Claims, Liens, Rights, Interests, And Encumbrances; (B) the Debtors To Enter Into And Perform Their Obligations Under The Asset Purchase Agreement; and (C) the Debtors To Assume And Assign Certain Executory Contracts And Unexpired Leases ("Sale Motion").

9. On March 18, 2015, the Debtors filed and served the Notice of (I) Possible Treatment Of Contracts And Leases, (II) Fixing Of Cure Amounts, And (III) Deadline To Object Thereto ("Cure Notice").

10. The Cure Notice identified those contract counter-parties whose contracts may be assumed and assigned pursuant to the Sale Motion.

11. Exhibit "A" to the Cure Notice listed twelve (12) agreements between the Debtors and Oracle, or between the Debtors and an entity which is either an Oracle Partner or to which Oracle is the successor in interest, as follows**:**

| Contract Counterparty | Contract Name | Reason for Contract | Cure Amount |
|---|---|---|---|
| Ignitiv, Inc. | WS POS | Oracle POS Enhancements | $0 |

|  |  | enhancements and Issue Fixes |  |
|---|---|---|---|
| Infolob | Agreement & Modifications to Agreement | Licenses/Oracle | $0 |
| Oracle | Services Agreement | Service Contract #5839936, Oracle Taleo Service renewal | $26,400 |
| Oracle | Services Agreement | Service Contract, #2773833, Oracle Retail back office renewal | $ 0 |
| Oracle | Services Agreement | Service Contract #1738369, Database, Financial Internet renewal | $0 |
| Oracle | Services Agreement | Service Contract #3189758, Oracle Database renewal | $ 0 |
| Oracle | Services Agreement | Taleo Performance Reviews, Goals Mgmt renewal | $ 0 |
| Oracle | Services Agreement | Service Contract #5173481, Weblogic update & support | $ 0 |
| Oracle | Services Agreement | XBR Software Maint & ADC | $ 0 |
| Oracle | Services Agreement | Renewal, Taleo Recruiting and Onboarding | $ 0 |
| Oracle License and Services Agreement | Ordering Document | Software License | $ 0 |
| Taleo/Oracle | Oracle Subscription Agreement | Software/Online apps | $ 0 |

12.    On March 27, 2015, Oracle filed a Limited Objection to and Reservation of Rights regarding the Debtors Sale Motion and Cure Notice ("Sale Motion Objection") (D.E. No 501). The Sale Motion Objection is incorporated by reference herein.

13.    In the Sale Motion Objection, Oracle raised, among other things, that (a) Debtors failed to adequately describe the contracts designated for assumption and assignment and; (b) based on the contract descriptions, Oracle was unable to determine the accuracy of the cure amount.

14. The hearing regarding Oracle's Sale Motion Objection has been continued to a date to be determined and remains unresolved.

15. On April 1, 2015, the Court entered an Order Authorizing (A) The Sale Of Substantially All Of The Debtors' Assets Free And Clear Of All Claims, Liens, Rights, Interests And Encumbrances; (B) The Debtors To Enter Into And Perform Their Obligations Under The Asset Purchase Agreement; and (C) The Debtors To Assume And Assign Certain Executory Contracts And Unexpired Leases ("Sale Order").

16. The Sale Order authorized the Debtors to sell substantially all of its operating assets to Mador Lending LLC.

17. Paragraph 38 of the Sale Order provides that "all filed objections relating to the proposed Cure Amounts, adequate assurance of future performance or other issues, as noted on the attached Exhibit 4 will be set for a continued hearing date … and notwithstanding anything to the contrary in this Order, each such counterparty … reserves all rights to raise a future objection to the assumption and assignment …".

18. The Oracle Sale Motion Objection is identified on Exhibit 4 to the Sale Order, thereby reserving all of Oracle's rights with respect to the Sale Motion Objection.

19. On May 14, 2015 the Debtors filed the Assumption Notice which identifies those contracts the Debtors intend to assume and assign to The Wet Seal, LLC ("Assignee").

20. Schedule "A" to the Assumption Notice lists five agreements between the Debtors and Oracle, or between the Debtors and an entity which is either an Oracle Partner or to which Oracle is the successor in interest as follows:

| Name of Vendor | Reason for Contract | Cure Amount |
|---|---|---|
| IGNITIV, INC.<br>19925 STEVENS CREEK BLVD. STE 100<br>CUPERTINO, CA 95014 | Oracle POS Enhancements | $- |

| | | |
|---|---|---|
| INFOLOB<br>ORACLE AMERICA, INC.<br>500 ORACLE PARKWAY<br>REDWOOD SHORES CA 94065 | Licenses/Oracle | $- |
| ORACLE LICENSE AND SERVICES AGREEMENT<br>500 ORACLE PARKWAY<br>REDWOOD SHORES CA 94065 | Software License | $- |
| ORACLE LICENSE AND SERVICES AGREEMENT<br>500 ORACLE PARKWAY<br>REDWOOD SHORES CA 94065 | Original Purchase Agreement and Perpetual License | $- |
| ORACLE<br>500 ORACLE PARKWAY<br>REDWOOD SHORES CA 94065 | Service Contract #5173481, Weblogic update & support | $- |

Each of the agreements listed above is referred to herein as an "Oracle Agreement" and are referred to collectively as the "Oracle Agreements."

21. These Oracle Agreements were also identified in the Cure Notice.

22. On May 14, 2015, the Debtors also filed its First Omnibus Notice Of Rejection Of Executory Contracts ("Rejection Notice") which identifies those contracts the Debtors now wish to reject.

23. Schedule "A" to the Rejection Notice identifies four Oracle contracts as follows:

| Name of Vendor | Reason for Contract | Cure Amount |
|---|---|---|
| ORACLE<br>500 ORACLE PARKWAY<br>REDWOOD SHORES CA 94065<br><br>ORACLE LICENSE AND SERVICES AGREEMENT<br>500 ORACLE PARKWAY<br>REDWOOD SHORES CA 94065 | Taleo Performance Reviews, Goals Mgmt renewal | **$-** |
| ORACLE<br>500 ORACLE PARKWAY<br>REDWOOD SHORES CA 94065<br><br>ORACLE LICENSE AND SERVICES AGREEMENT<br>500 ORACLE PARKWAY | XBR Software Maint & ADC | **$-** |

| | | |
|---|---|---|
| REDWOOD SHORES CA 94065 | | |
| ORACLE<br>500 ORACLE PARKWAY<br>REDWOOD SHORES CA 94065<br><br>ORACLE LICENSE AND SERVICES AGREEMENT<br>500 ORACLE PARKWAY<br>REDWOOD SHORES CA 94065 | Renewal, Taleo Recruiting and Onboarding | $- |
| TALEO/ORACLE<br>ORACLE AMERICA, INC.<br>500 ORACLE PARKWAY<br>REDWOOD SHORES CA 94065 | Software/Online apps | $- |

24.     Subsequent to filing the Assumption Notice and Rejection Notice, Debtors have provided Oracle with some additional identifying information regarding the Oracle Agreements; however ambiguity remains regarding the identity of the contracts to be assumed and assigned, and those to be rejected.

### III.    ARGUMENT

#### A.    The Debtors May Not Assume And Assign The Oracle Agreements Absent Oracle's Consent Because They Pertain To One Or More Licenses Of Intellectual Property.

25.     Section 365(c)(1) of the Bankruptcy Code provides, in relevant part:

> The trustee may not assume or assign any executory contract ... of the debtor ... if (1)(A) applicable law excuses a party, other than the debtor, to such contract or lease from accepting performance from or rendering performance to an entity other than the debtor ..., whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties; and (B) such party does not consent to such assumption or assignment.

26.     Federal law makes non-exclusive patent licenses non-assignable absent consent of the licensor.  *See In re Catapult Entertainment, Inc.*, 165 F.3d 747 (9th Cir. 1999), *cert. dismissed*, 528 U.S. 924 (1999) (patent law renders non-exclusive patent licenses personal and non-assignable under Bankruptcy Code § 365(c)(1)); *See, In re Access Beyond Technologies, Inc.,* 237 B.R. 32, 48-49 (Bankr. D. Del 1999) *(citing In re: West Elec., Inc.)* 852 F. 2d 79 (3d Cir. 1988)*; In re ANC Rental Corporation, Inc.*, 277 B.R. 226, 235 (Bankr. D. Del. 2002); *In re*

6

*Golden Books Family Entertainment, Inc.,* 269 B.R. 311, 316 (Bankr. D. Del. 2001)); *see also In re Trump Entm't Resorts, Inc.*, 2015 Bankr. LEXIS 523 (Bankr. D. Del. Feb. 20, 2015) ("Non-exclusive patent and copyright licenses create only personal and not property rights in the licensed intellectual property and so are not assignable.")**.**

27. The Oracle Agreements referenced by the Assumption Notice are, or pertain to, non-exclusive licenses of patented software. Therefore, the Debtors may not assume and assign the Oracle Agreements without Oracle's Consent.

28. As a condition to Oracle's consent, and as raised by the Sale Motion Objection, Oracle requests that the Debtors provide confirmation that Assignee will (a) execute an Oracle Assignment Agreement and related documentation which identifies with specificity <u>all</u> of the Oracle executory contracts to be assigned, and, if appropriate, (b) enter into an Oracle Master Licensing Agreement.

**B.    The Debtors Have Not Adequately Identified The Oracle Agreements To Be Assumed and Assigned.**

29. As previously raised in Oracle's Sale Motion Objection, the Debtors have failed to adequately describe the Oracle Agreements.

30. For example, the Debtors are parties to active support contracts and license agreements with Oracle that do not appear to be identified in the Assumption Notice.

31. In addition, Oracle and the Debtors may be parties to expired support contracts associated with the license agreements the Debtors seek to assume and assign.

32. Under appropriate circumstances, Oracle may consent to a partial assignment of only the active support contracts and underlying license agreement, with a corresponding termination of the unsupported licenses.

33. However, it is impermissible for the Debtors to attempt to segregate the underlying Oracle license agreement from the corresponding support and any payment

7

agreements for purposes of assumption and assignment, if that is the Debtors' intention. *See In re Interstate Bakeries Corporation*, 751 F.3d 955, 963 (8th Cir. 2014); *In re Buffets Holdings*, 387 B.R. 115 (Bankr. D. Del. 2008).

34. Oracle requests that with respect to each contract the Debtors seek to assume and assign, the Debtors provide (a) a specific contract name; (b) a contract identification number, where one is not already provided, as well as an ordering document number; (c) whether the targeted contracts pertain to support or support renewals; and (d) the governing license agreement for each contract.

35. This information will enable Oracle to evaluate whether the Oracle Agreements are assignable, whether they are in default and, if so, what the appropriate cure amount is, and whether Oracle may accept performance from an entity other than the Debtors.

36. Oracle reserves its right to be heard on this issue after the contracts the Debtors seek to assume and assign are identified with greater specificity.

**C.    The Oracle Agreements Are Inconsistently Treated By The Cure Notice, The Assumption Notice And The Rejection Notice Filed In Connection With The Sale Motion.**

37. As noted above, the Debtors original Cure Notice identified twelve Oracle Agreements.

38. After the Sale Order was entered, the Debtors filed the Assumption Notice that includes a newly identified Oracle contract as well as four Oracle contracts which were identified in the Cure Notice.

39. The Rejection Notice, which was filed on the same date as the Assumption Notice, also included four Oracle contracts identified in the Cure Notice.

40. However, the following four Oracle contracts which were identified in the Cure Notice were not identified in either the recently filed Assumption or Rejection Notice;

| Contract Counterparty | Contract Name | Reason for Contract | Cure |

| | | | Amount |
|---|---|---|---|
| Oracle | Services Agreement | Service Contract #5839936, Oracle Taleo Service renewal | $26,400 |
| Oracle | Services Agreement | Service Contract, #2773833, Oracle Retail back office renewal | $ 0 |
| Oracle | Services Agreement | Service Contract #1738369, Database, Financial Internet renewal | $0 |
| Oracle | Services Agreement | Service Contract #3189758, Oracle Database renewal | $ 0 |

41.    Debtors counsel has provided additional clarifying information regarding the agreements sought to be assumed and assigned and those sought to be rejected, and in particular has identified Service Contract #3189758, as an agreement the Debtors wish to assume.

42.    However, it remains unclear as to whether Debtors intend to assume and assign or reject the balance of the contracts omitted from the Assumption Notice and Rejection Notice.

43.    Until the Debtors provide further clarification, Oracle reserves all rights regarding the appropriate cure amounts and potential rejection damages regarding these four contracts.

### D.    The Debtors Have Not Provided The Correct Cure Amount.

44.    Before assuming and assigning any executory contract, the Debtors must cure (or provide adequate assurance of a prompt cure of) any default under the subject contracts.  11 U.S.C. § 365(b)(1).

45.    As discussed above, the Debtors have failed to describe the Oracle Agreements they seek to assume and assign with sufficient particularity for Oracle to identify the universe of agreements at issue, and thereby confirm the corresponding cure amount.

46.    Oracle reserves its right to be heard further on the cure amount after the contracts the Debtors seek to assume and assign are identified with enough specificity to allow Oracle to determine the correct cure amount.

**IV**     <u>**CONCLUSION**</u>

47. For the reasons set forth above, Oracle respectfully requests that the Court deny the Assumption Notice to the extent it seeks to assume and assign any of the Oracle Agreements. Oracle reserves its right to be heard on all issues set forth herein.

Dated: May 28, 2015                 Respectfully submitted,
Wilmington, Delaware             **MARGOLIS EDELSTEIN**

<u>/s/ James E. Huggett</u>
James E. Huggett, Esq. (#3956)
300 Delaware Avenue, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 888-1112
E-mail: jhuggett@margolisedelstein.com

Amish R. Doshi, Esq.
**MAGNOZZI & KYE, LLP**
23 Green Street, Suite 302
Huntington, New York 11743
Telephone: (631) 923-2858

Shawn M. Christianson, Esq.
**BUCHALTER NEMER P.C.**
55 Second Street, Suite 1700
San Francisco, California 94105
Telephone: (415) 227-0900

Deborah Miller, Esq.
Michael Czulada, Esq.
**ORACLE AMERICA, INC.**
500 Oracle Parkway
Redwood City, California 94065
Telephone: (650) 506-5200

*Attorneys for Oracle America, Inc.*