IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SEAL123, INC., et al.,[1] | ) Case No. 15-10081 (CSS) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

Objection Deadline: July 14, 2015 at 4:00 p.m.
Hearing Date: Scheduled only if Necessary

**FOURTH MONTHLY APPLICATION FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF
PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL FOR
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR
THE PERIOD FROM MAY 1, 2015 THROUGH MAY 31, 2015**

| | |
|---|---|
| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | Effective as of January 30, 2015 by order signed on or about March 16, 2015 |
| Period for which Compensation and Reimbursement is Sought: | May 1, 2015 – May 31, 2015[2] |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $31,160.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $989.13 |

This is a:    x monthly    ___ interim    ___ final application.

The total time expended for preparation of this monthly fee application is approximately 3.0 hours and the corresponding compensation requested is approximately $2,500.00.

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Seal123, Inc. (f/k/a The Wet Seal, Inc.) (5940); Seal123 Retail, Inc. (f/k/a The Wet Seal Retail, Inc.) (6265), Seal123 Catalog, Inc. (f/k/a Wet Seal Catalog, Inc.) (7604), and Seal123 GC, LLC (f/k/a Wet Seal GC, LLC) (2855-VA). The Debtors' address is 26972 Burbank, Foothill Ranch, CA 92610.

[2] The applicant reserves the right to include any time expended in the time period indicated above in future application(s) if it is not included herein.

## PRIOR MONTHLY APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 03/23/15 | January 30, 2015 – February 28, 2015 | $354,023.25 | $3,947.37 | $354,023.25 | $3,947.37 |
| 04/27/15 | March 1, 2015 – March 31, 2015 | $298,100.50 | $5,294.99 | $298,100.50 | $5,294.99 |
| 06/15/15 | April 1 2015 - April 30, 2015 | $75,226.50 | $10,437.42 | Pending | Pending |

## PSZ&J PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Robert J. Feinstein | Partner 2001; Member NY Bar since 1982; Member MA Bar since 1982 | $995.00 | 5.80 | $5,771.00 |
| Andrew W. Caine | Of Counsel 2013 [Former Partner 1989]; Member of the CA Bar since 1984 | $925.00 | .20 | $ 185.00 |
| Jeffrey N. Pomerantz | Partner 1995; Member of CA Bar since 1989 | $895.00 | 4.10 | $3,669.50 |
| Bradford J. Sandler | Partner 2010; Member of the DE Bar since 2001; Member of the PA Bar since 1996; Member of the NJ Bar since 1996; and Member of the NY Bar since 2008 | $825.00 | 7.70 | $6,352.50 |
| James E. O'Neill | Partner 2005; Member of DE Bar since 2001; Member of PA Bar since 1985 | $750.00 | 1.60 | $1,200.00 |
| Shirley S. Cho | Of Counsel 2009; Member of CA Bar since 1997; Member of NY Bar since 2002 | $750.00 | 3.20 | $2,400.00 |
| Maria A. Bove | Of Counsel 2001; Member of NY Bar since 2001 | $725.00 | 1.20 | $ 870.00 |
| Jason H. Rosell | Associate 2010; Member of CA Bar since 2010; Member of NY Bar since 2011 | $525.00 | 5.20 | $2,730.00 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Peter J. Keane | Associate 2010; Member of DE Bar since 2010; Member of NH Bar since 2010; Member of PA Bar since 2008 | $525.00 | 1.90 | $ 997.50 |
| Monica Molitor | Paralegal 2009 | $305.00 | 20.00 | $6,100.00 |
| Patricia Jeffries | Paralegal 1999 | $305.00 | 2.90 | $ 884.50 |

**Grand Total:** $31,160.00
**Total Hours:** 53.80
**Blended Rate:** $579.18

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Asset Disposition | 1.60 | $1,375.00 |
| Avoidance Actions | .20 | $ 185.00 |
| Bankruptcy Litigation | 3.70 | $2,097.50 |
| Case Administration | 14.30 | $4,619.50 |
| Claims Administration/Objections | 1.40 | $ 878.00 |
| Compensation of Professionals | 6.60 | $3,159.50 |
| Compensation of Professionals/Others | 4.80 | $2,554.00 |
| Executory Contracts | 1.10 | $ 423.50 |
| General Creditors' Committee | 6.80 | $4,435.50 |
| Plan and Disclosure Statement | 11.50 | $9,762.50 |
| Tax Issues | 1.80 | $1,670.00 |

## EXPENSE SUMMARY

| Expense Category | Service Provider[3] (if applicable) | Total Expenses |
|---|---|---|
| Conference Call | AT&T | $122.02 |
| Delivery/Courier Service | Digital Legal | $277.28 |
| FedEx | | $ 22.03 |
| Pacer – Court Research | | $ 46.80 |
| Postage | | $120.10 |
| Reproduction Expense | | $157.10 |
| Reproduction/ Scan Copy | | $243.80 |

---

[3] PSZ&J may use one or more service providers. The service providers identified herein below are the primary service providers for the categories described.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SEAL123, INC., et al.,[1] | ) | Case No. 15-10081 (CSS) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

Objection Deadline: July 14, 2015 at 4:00 p.m.
Hearing Date: Scheduled only if Necessary

### FOURTH MONTHLY APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR THE PERIOD FROM MAY 1, 2015 THROUGH MAY 31, 2015

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the "Bankruptcy Rules"), and the Court's *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, signed on or about February 9, 2015 (the "Administrative Order"), Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm"), counsel for the Official Committee of Unsecured Creditors (the "Committee"), hereby submits its *Fourth Monthly Application for Compensation and for Reimbursement of Expenses for the Period from May 1, 2015 through May 31, 2015* (the "Application").

By this Application, PSZ&J seeks a monthly interim allowance of compensation in the amount of $31,160.00 and actual and necessary expenses in the amount of $989.13 for a total allowance of $32,149.13 and payment of $24,928.00 (80% of the allowed fees) and

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Seal123, Inc. (f/k/a The Wet Seal, Inc.) (5940); Seal123 Retail, Inc. (f/k/a The Wet Seal Retail, Inc.) (6265), Seal123 Catalog, Inc. (f/k/a Wet Seal Catalog, Inc.) (7604), and Seal123 GC, LLC (f/k/a Wet Seal GC, LLC) (2855-VA). The Debtors' address is 26972 Burbank, Foothill Ranch, CA 92610.

DOCS_LA:289623.2 93583/002

reimbursement of $989.13 (100% of the allowed expenses) for a total payment of $25,917.13 for the period May 1, 2015 through May 31, 2015 (the "Interim Period"). In support of this Application, PSZ&J respectfully represents as follows:

## Background

1. On January 15, 2015 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue in possession of their property and continue to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. On January 30, 2015, the United States Trustee for Region 3 appointed the Committee to represent the interests of all unsecured creditors in this Case pursuant to section 1102 of the Bankruptcy Code.

4. On or about February 9, 2015, the Court signed the Administrative Order, authorizing certain professionals and members of any official committee ("Professionals") to submit monthly applications for interim compensation and reimbursement for expenses, pursuant to the procedures specified therein. The Administrative Order provides, among other things, that a Professional may submit monthly fee applications. If no objections are made within twenty-one (21) days after service of the monthly fee application the Debtors are authorized to pay the Professional eighty percent (80%) of the requested fees and one hundred percent (100%) of the

requested expenses. Beginning with the period ending March 31, 2015, and at three-month intervals or such other intervals convenient to the Court, each Professional shall file and serve an interim application for allowance of the amounts sought in its monthly fee applications for that period. All fees and expenses paid are on an interim basis until final allowance by the Court.

5. The retention of PSZ&J, as counsel to the Committee, was approved effective as of January 30, 2015 by this Court's *Order Authorizing and Approving the Retention of Pachulski Stang Ziehl & Jones LLP as Counsel to the Official Committee of Unsecured Creditors Effective as of January 30, 2015*, signed on or about March 16, 2015 (the "Retention Order"). The Retention Order authorized PSZ&J to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

### PSZ&J'S APPLICATION FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES

#### Compensation Paid and Its Source

6. All services for which PSZ&J requests compensation were performed for or on behalf of the Committee. PSZ&J has received no payment and no promises for payment from any source other than the Debtors for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between PSZ&J and any other person other than the partners of PSZ&J for the sharing of compensation to be received for services rendered in this case. PSZ&J has not received a retainer in this case.

### Fee Statements

7.     The fee statements for the Interim Period are attached hereto as <u>Exhibit A</u>. These statements contain daily time logs describing the time spent by each attorney and paraprofessional during the Interim Period. To the best of PSZ&J's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules and the Administrative Order. PSZ&J's time reports are initially handwritten by the attorney or paralegal performing the described services. The time reports are organized on a daily basis. PSZ&J is particularly sensitive to issues of "lumping" and, unless time was spent in one time frame on a variety of different matters for a particular client, separate time entries are set forth in the time reports. PSZ&J's charges for its professional services are based upon the time, nature, extent and value of such services and the cost of comparable services other than in a case under the Bankruptcy Code. PSZ&J has reduced its charges related to any non-working travel time to fifty percent (50%) of PSZ&J's standard hourly rate. To the extent it is feasible, PSZ&J professionals attempt to work during travel.

### Actual and Necessary Expenses

8.     A summary of actual and necessary expenses incurred by PSZ&J for the Interim Period is attached hereto as part of <u>Exhibit A</u>. PSZ&J customarily charges $0.10 per page for photocopying expenses related to cases, such as this, arising in Delaware. PSZ&J's photocopying machines automatically record the number of copies made when the person that is doing the copying enters the client's account number into a device attached to the photocopier. PSZ&J summarizes each client's photocopying charges on a daily basis.

9. PSZ&J charges $1.00 per page for out-going facsimile transmissions. There is no additional charge for long distance telephone calls on faxes. The charge for outgoing facsimile transmissions reflects PSZ&J's calculation of the actual costs incurred by PSZ&J for the machines, supplies and extra labor expenses associated with sending telecopies and is reasonable in relation to the amount charged by outside vendors who provide similar services. PSZ&J does not charge the Committee for the receipt of faxes in this case.

10. With respect to providers of on-line legal research services (e.g., LEXIS and WESTLAW), PSZ&J charges the standard usage rates these providers charge for computerized legal research. PSZ&J bills its clients the actual amounts charged by such services, with no premium. Any volume discount received by PSZ&J is passed on to the client.

11. PSZ&J believes the foregoing rates are the market rates that the majority of law firms charge clients for such services. In addition, PSZ&J believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

**Summary of Services Rendered**

12. The names of the timekeepers of PSZ&J who have rendered professional services in this case during the Interim Period are set forth in the attached Exhibit A. PSZ&J, by and through such persons, has prepared and assisted in the preparation of various motions and orders submitted to the Court for consideration, advised the Committee on a regular basis with respect to various matters in connection with the Debtors' bankruptcy case, and performed all

necessary professional services which are described and narrated in detail below. PSZ&J's efforts have been extensive due to the size and complexity of the Debtors' bankruptcy cases.

## Summary of Services by Project

13.  The services rendered by PSZ&J during the Interim Period can be grouped into the categories set forth below. PSZ&J attempted to place the services provided in the category that best relates to such services. However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category. These services performed, by categories, are generally described below, with a more detailed identification of the actual services provided set forth on the attached Exhibit A. Exhibit A identifies the attorneys and paraprofessionals who rendered services relating to each category, along with the number of hours for each individual and the total compensation sought for each category.

### A.  Avoidance Actions

14.  Time billed to this category relates to, among other things, communications regarding potential preference actions and strategy.

   Fees: $185.00     Hours: .20

### B.  Asset Disposition

15.  Time billed to this category relates to, among other things: (i) review of the Debtors assumption and assignment of contracts; (ii) communications regarding purchase price allocation; and (iii) communications regarding Visa/Mastercard claims.

   Fees: $1,375.00    Hours: 1.60

C.    **Bankruptcy Litigation**

16.    Time billed to this category primarily relates to, among other things, preparation for May 26, 2015 omnibus hearing.

Fees: $2,097.50        Hours: 3.70

D.    **Case Administration**

17.    This category relates to work regarding administration of these cases. During the Interim Period, the Firm, among other things: (i) reviewed correspondence and pleadings and forwarded them to appropriate parties; (ii) maintained a memorandum of critical dates; (iii) maintained document control; (iv) maintain service lists; and (v) conferred and corresponded regarding case administration issues.

Fees: $4,619.50        Hours: 14.30

E.    **Claims Administration and Objections**

18.    Time billed to this category relates to, among other things, the review and analysis of Hi-Tech Outsourcing's proof of claim, and communications with Province regarding administrative claims.

Fees: $878.00        Hours: 1.40

F.    **Compensation of Professionals**

19.    Time billed to this category relates to the preparation of the Firm's monthly fee statement as well as first quarterly interim fee application.

Fees: $3,159.50        Hours: 6.60

G.  **Compensation of Professionals (Others)**

20. Time billed to the category relates to compensation of estate professionals. During the Interim Period, the Firm, among other things: (i) reviewed monthly fee statements and first interim fee applications of the Debtors' professionals; (ii) reviewed an omnibus order granting interim fee applications; and (iii) had communications regarding Committee Member expenses.

Fees: $2,554.00    Hours: 4.80

H.  **Executory Contracts**

21. This category relates to the review of the Debtors' leases and contracts. During the Interim Period, the Firm, among other things, reviewed the Debtors' lease and contract assumption notices and communicated with creditors regarding rejection of contracts.

Fees: $423.50    Hours: 1.10

I.  **General Creditors' Committee**

22. This category includes work related to general Committee issues. During the Interim Period, the Firm, among other things: (i) prepared a summary of substantive pleadings for Committee review; (ii) participated in Committee meetings; and (iii) attended to Committee member certifications.

Fees: $4,435.50    Hours: 6.80

J.  **Plan and Disclosure Statement**

23. Time billed to this category relates to work performed in connection with the Debtors' plan of reorganization. During the Interim Period, the Firm, among other things: (i)

communicated with counsel and Committee members regarding plan issues; (ii) reviewed and commented on the amended plan; and (iii) reviewed materials relating to the liquidation analysis.

Fees: $9,762.50     Hours: 11.50

K.   **Tax Issues**

24.   During the Interim Period, the Firm, among other things, analyzed the Debtors' net operating losses.

Fees: $1,670.00     Hours: 1.80

**Valuation of Services**

25.   Attorneys and paraprofessionals of PSZ&J expended a total 53.80 hours in connection with their representation of the Committee during the Interim Period, as follows:

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Robert J. Feinstein | Partner 2001; Member NY Bar since 1982; Member MA Bar since 1982 | $995.00 | 5.80 | $5,771.00 |
| Andrew W. Caine | Of Counsel 2013 [Former Partner 1989]; Member of the CA Bar since 1984 | $925.00 | .20 | $ 185.00 |
| Jeffrey N. Pomerantz | Partner 1995; Member of CA Bar since 1989 | $895.00 | 4.10 | $3,669.50 |
| Bradford J. Sandler | Partner 2010; Member of the DE Bar since 2001; Member of the PA Bar since 1996; Member of the NJ Bar since 1996; and Member of the NY Bar since 2008 | $825.00 | 7.70 | $6,352.50 |
| James E. O'Neill | Partner 2005; Member of DE Bar since 2001; Member of PA Bar since 1985 | $750.00 | 1.60 | $1,200.00 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Shirley S. Cho | Of Counsel 2009; Member of CA Bar since 1997; Member of NY Bar since 2002 | $750.00 | 3.20 | $2,400.00 |
| Maria A. Bove | Of Counsel 2001; Member of NY Bar since 2001 | $725.00 | 1.20 | $ 870.00 |
| Jason H. Rosell | Associate 2010; Member of CA Bar since 2010; Member of NY Bar since 2011 | $525.00 | 5.20 | $2,730.00 |
| Peter J. Keane | Associate 2010; Member of DE Bar since 2010; Member of NH Bar since 2010; Member of PA Bar since 2008 | $525.00 | 1.90 | $ 997.50 |
| Monica Molitor | Paralegal 2009 | $305.00 | 20.00 | $6,100.00 |
| Patricia Jeffries | Paralegal 1999 | $305.00 | 2.90 | $ 884.50 |

**Grand Total:** $31,160.00
**Total Hours:** 53.80
**Blended Rate:** $579.18

26. The nature of work performed by these persons is fully set forth in Exhibit A attached hereto. These are PSZ&J's normal hourly rates for work of this character. The reasonable value of the services rendered by PSZ&J for the Committee during the Interim Period is $31,160.00.

27. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PSZ&J is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code. Moreover, PSZ&J has reviewed the

requirements of Del. Bankr. LR 2016-2 and the Administrative Order and believes that this Application complies with such Rule and Order.

WHEREFORE, PSZ&J respectfully requests that, for the period May 1, 2015 through May 31, 2015, an interim allowance be made to PSZ&J for compensation in the amount $31,160.00 and actual and necessary expenses in the amount of $989.13 for a total allowance of $32,149.13 and payment of $24,928.00 (80% of the allowed fees) and reimbursement of $989.13 (100% of the allowed expenses) for a total payment of $25,917.13, and for such other and further relief as this Court may deem just and proper.

Dated: June 23, 2015

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Bradford J. Sandler*
Bradford J. Sandler (Bar No. 4142)
Jeffrey N. Pomerantz (CA Bar No. 143717)
Peter J. Keane (Bar No. 5503)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email:   bsandler@pszjlaw.com
            jpomerantz@pszjlaw.com
            pkeane@pszjlaw.com

Counsel to the Official Committee of Unsecured Creditors

## DECLARATION

STATE OF DELAWARE        :
                                              :
COUNTY OF NEW CASTLE  :

Bradford J. Sandler, after being duly sworn according to law, deposes and says:

a) I am a partner with the applicant law firm Pachulski Stang Ziehl & Jones LLP, and have been admitted to appear before this Court.

b) I am familiar with many of the legal services rendered by Pachulski Stang Ziehl & Jones LLP as counsel to the Committee.

c) I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Del. Bankr. LR 2016-2 and the Administrative Order signed on or about February 9, 2015 and submit that the Application substantially complies with such Rule and Order.

Dated: June 23, 2015

                                                /s/ Bradford J. Sandler
                                                Bradford J. Sandler