IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| SEAL123, INC., <u>et al.</u>, ) | Case No. 15-10081 (CSS) |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |
| ) | **Hearing Date: TBD** |
| ) | **Objection Date: June 28, 2015** |
| ) | Related Docket No. 764 |

**ORACLE'S RESERVATION OF RIGHTS REGARDING DEBTORS' SECOND
OMNIBUS NOTICE OF REJECTION OF EXECUTORY CONTRACTS**

Oracle America, Inc., successor in interest to both Oracle USA, Inc., and Taleo (collectively, "Oracle"), a creditor and contract counter-party in the above-captioned jointly administered Chapter 11 case, and a partner of Ignitiv, Inc. and Infolob, submits its Reservation of Rights (the "Rights Reservation") regarding the Second Omnibus Notice of Rejection of Executory Contracts (the "Rejection Notice") filed by Seal123, Inc., *et al*. ("Debtors") on June 18, 2015. In support of the Rights Reservation, Oracle states:

**I.     INTRODUCTION**

1.     By the Rejection Notice, the Debtors seek Bankruptcy Court authority to reject two executory contracts between the Debtors and Oracle, effective as of June 19, 2015.

2.     Although Oracle does not object to rejection of the identified contracts, amounts owed under at least one of the contracts should be paid as a cure obligation in connection with the proposed assumption of another, related agreement, as is discussed below.

3.     Accordingly, Oracle reserves its rights to assert a claim or administrative request against the Debtors for any unpaid amounts owed under the agreements the Debtors now intend to reject, including as a cure obligation.

## II.     BACKGROUND AND ANALYSIS

4. The above captioned case was filed on January 15, 2015, and an order directing joint administration was entered on January 20, 2015.

5. On March 16, 2015, the Debtors filed a Motion For Entry Of An Order Authorizing (A) The Sale Of Substantially All Of the Debtors' Assets Free And Clear Of All Claims, Liens, Rights, Interests, And Encumbrances; (B) The Debtors To Enter Into And Perform Their Obligations Under The Asset Purchase Agreement; and (C) The Debtors To Assume And Assign Certain Executory Contracts And Unexpired Leases ("Sale Motion").

6. On March 18, 2015, the Debtors filed and served a Notice of (I) Possible Treatment Of Contracts And Leases, (II) Fixing Of Cure Amounts, And (III) Deadline To Object Thereto ("Cure Notice").  The Cure Notice identified those contract counter-parties whose contracts may be assumed and assigned pursuant to the Sale Motion.

7. Exhibit "A" to the Cure Notice listed twelve agreements between the Debtors and Oracle, or between the Debtors and an entity which is either an Oracle Partner or to which Oracle is the successor in interest.

8. On March 27, 2015, Oracle filed its Limited Objection To And Reservation Of Rights Regarding The Debtors' Sale Motion And Cure Notice ("Sale Motion Objection").  In the Sale Motion Objection, Oracle raised, among other things, that (a) the Debtors failed to adequately describe the Oracle contracts designated for assumption and assignment; and (b) based on the inadequate contract descriptions, Oracle was unable to determine the accuracy of the Debtors' proposed cure amount.

9. The hearing regarding Oracle's Sale Motion Objection has been continued to a date to be determined and remains unresolved.

10. On April 1, 2015, the Court entered an Order Authorizing (A) The Sale Of Substantially All Of The Debtors' Assets Free And Clear Of All Claims, Liens, Rights, Interests And Encumbrances; (B) The Debtors To Enter Into And Perform Their Obligations Under The Asset Purchase Agreement; and (C) The Debtors To Assume And Assign Certain Executory Contracts And Unexpired Leases ("Sale Order").

11. The Sale Order authorized the Debtors to sell substantially all of their operating assets to Mador Lending LLC. Paragraph 38 of the Sale Order provides that "all filed objections relating to the proposed Cure Amounts, adequate assurance of future performance or other issues, as noted on the attached Exhibit 4 will be set for a continued hearing date … and notwithstanding anything to the contrary in this Order, each such counterparty … reserves all rights to raise a future objection to the assumption and assignment …".

12. Oracle's Sale Motion Objection is identified on Exhibit 4 to the Sale Order, thereby reserving all of Oracle's rights with respect to the Sale Motion Objection.

13. As of the date of filing this Rights Reservation, the Debtors have yet to definitively determine which Oracle agreements they intend to assume pursuant to the Cure Notice.

14. On February 27, 2013, the Debtors and Oracle entered into an Ordering Document ("2013 Ordering Document") for certain Taleo cloud-based services, to be renewed on an annual basis for a three-year term.

15. The Debtors' most recent support renewal pursuant to the 2013 Ordering Document covered the period from February 27, 2015, to February 26, 2016.

16. On March 27, 2015, the Debtors and Oracle entered into a new Ordering Document ("2015 Ordering Document") which states that it "terminates and supersedes" the 2013 Ordering Document.

17. The 2015 Ordering Document provides for fewer products and fewer users than did the 2013 Ordering Document, and covers the period of March 17, 2015, to March 16, 2016. Section D.1 of the 2015 Ordering Document states, "You agree to pay any fees for Previous Services that have accrued prior to the effective date of this Ordering Document." "Previous Services" are defined as services provided under the 2013 Ordering Document, and the effective date of the 2015 Ordering Document is March 17, 2015.[1]

18. On June 18, 2015, the Debtors filed the Rejection Notice which identifies those contracts the Debtors intend to reject. Schedule "A" to the Proposed Order approving the Rejection Notice identifies two agreements between the Debtors and Oracle, as follows**:**

| Contract Counterparty | Reason for Contract | Cure Amount |
|---|---|---|
| ORACLE<br>500 ORACLE PARKWAY<br>REDWOOD SHORES CA 94065<br><br>ORACLE AMERICA, INC.<br>DEBORAH MILLER/MICHAEL CZULADA, ESQ.<br>500 ORACLE PARKWAY<br>REDWOOD SHORES CA 94065<br><br>TALEO/ORACLE<br>ORACLE AMERICA, INC.<br>500 ORACLE PARKWAY<br>REDWOOD SHORES CA  94065 | Service Contract #589936, Oracle Taleo Service renewal SUPERCEDED BY NEW AGREEMENT 3/2015-3/2016 | $26,400 |
| ORACLE<br>500 ORACLE PARKWAY<br>REDWOOD SHORES CA 94065 | Service Contract #2773833, Oracle Retail back office renewal; MAINTENANCE | $- |

---

[1] Oracle notes that any unpaid Previous Services provided by Oracle pursuant to the 2013 Ordering Document occurred between February 27, 2015 and March 16, 2015, i.e., post-petition. Oracle reserves its rights to assert an administrative expense claim pursuant to Bankruptcy Code section 503(b) for any unpaid amounts owed pursuant to the 2013 Ordering Document.

| | |
|---|---|
| ORACLE AMERICA, INC. DEBORAH MILLER/MICHAEL CZULADA, ESQ. 500 ORACLE PARKWAY REDWOOD SHORES CA 94065 | AGREEMENT ALREADY CANCELLED BY WET SEAL |
| TALEO/ORACLE ORACLE AMERICA, INC. 500 ORACLE PARKWAY REDWOOD SHORES CA  94065 | |

19.     Oracle believes that, pursuant to the Rejection Notice, the Debtors intend to reject the 2013 Ordering Document, described by the Debtors as "Service Contract #5839936, Oracle Taleo Service renewal."

20.     The Debtors have yet to confirm to Oracle whether they intend to assume or reject the 2015 Ordering Document, which is not identified on the Rejection Notice.

21.     Before assuming and assigning any executory contract, the Debtors must cure (or provide adequate assurance of a prompt cure of) any default under the subject contracts.  11 U.S.C. § 365(b)(1).

22.     Therefore, if the Debtors intend to assume the 2015 Ordering Document, pursuant to section D.1 of that agreement, they are obligated to cure any amounts owed under the 2013 Ordering Document.

23.     Accordingly, Oracle reserves its rights to assert a cure claim in the amount of any default under the 2013 Ordering Document in the event that the Debtors seek to assume the 2015 Ordering Document.

**III.     CONCLUSION**

24.     For the reasons set forth above, Oracle reserves its rights to assert a claim against the Debtors for any unpaid amounts owed under the agreements which the Debtors now intend to

reject, whether as a cure obligation, rejection damages, an administrative expense claim, or as is otherwise appropriate, based on the still-developing facts.

| | |
|---|---|
| Dated: June 26, 2015<br>Wilmington, Delaware | Respectfully submitted,<br>**MARGOLIS EDELSTEIN**<br><br>/s/ James E. Huggett<br>James E. Huggett, Esq. (#3956)<br>300 Delaware Avenue, Suite 800<br>Wilmington, Delaware 19801<br>Telephone: (302) 888-1112<br>E-mail: jhuggett@margolisedelstein.com<br><br>Amish R. Doshi, Esq.<br>**MAGNOZZI & KYE, LLP**<br>23 Green Street, Suite 302<br>Huntington, New York 11743<br>Telephone: (631) 923-2858<br><br>Shawn M. Christianson, Esq.<br>**BUCHALTER NEMER P.C.**<br>55 Second Street, Suite 1700<br>San Francisco, California 94105<br>Telephone: (415) 227-0900<br><br>Deborah Miller, Esq.<br>Michael Czulada, Esq.<br>**ORACLE AMERICA, INC.**<br>500 Oracle Parkway<br>Redwood City, California 94065<br>Telephone: (650) 506-5200<br><br>*Attorneys for Oracle America, Inc.* |