**<u>EXHIBIT 1</u>**

Revised Proposed Order

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re | Chapter 11 |
| SEAL123, INC., *et al.*,[1] | Case No.  15-10081 (CSS) |
| Debtors. | (Jointly Administered) |
|  | **Re: Docket Nos. 355 & 912** |

### REVISED ORDER (I) APPROVING DISCLOSURE STATEMENT, (II) FIXING VOTING RECORD DATE, (III) SCHEDULING PLAN CONFIRMATION HEARING AND APPROVING FORM AND MANNER OF RELATED NOTICE AND OBJECTION PROCEDURES, (IV) APPROVING SOLICITATION PACKAGES AND PROCEDURES AND DEADLINES FOR SOLICITING, RECEIVING AND TABULATING VOTES ON THE PLAN, AND (V) APPROVING THE FORMS OF BALLOT AND NOTICE TO NON-VOTING PLAN CLASSES

Upon the motion (the "Motion")[2] of Seal123, Inc. (f/k/a The Wet Seal, Inc.) and its

subsidiaries, the debtors and debtors in possession (the "Debtors") in the above-captioned jointly

administered chapter 11 cases (the "Cases"), for entry of an order, pursuant to sections 105,

1125, 1126, and 1128 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the

"Bankruptcy Code"), Rules 2002, 3017, 3018, and 3020 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), and Rules 2002-1, 3017-1, and 9013-1 of the Local Rules

of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

Delaware (the "Local Rules") (i) approving the *Disclosure Statement for the First Amended Joint*

*Plan of Liquidation of Seal123, Inc. and Subsidiary Debtors and Their Official Committee of*

---

[1]   The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows:
Seal123, Inc. (f/k/a The Wet Seal, Inc.) (5940); Seal123 Retail, Inc. (f/k/a The Wet Seal Retail, Inc.) (6265);
Seal123 Catalog, Inc. (f/k/a Wet Seal Catalog, Inc.) (7604); and Seal123 GC, LLC (f/k/a Wet Seal GC, LLC)
(2855-VA).  The Debtors' address is 26972 Burbank, Foothill Ranch, CA 92610.

[2]   Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

*Unsecured Creditors* [Docket No. 912] (as it may be amended, supplemented or modified from time to time, the "Disclosure Statement") as containing adequate information, (ii) fixing a record date (the "Voting Record Date") for voting on the *First Amended Joint Plan of Liquidation of Seal123, Inc. and Subsidiary Debtors and Their Official Committee of Unsecured Creditors* [Docket No. 911] (as it may be amended, supplemented or modified from time to time pursuant to the terms thereof, the "Plan"), (iii) scheduling a date of the hearing to consider confirmation of the Plan (the "Confirmation Hearing") and approving the form and manner of the related notice and objection procedures for the Confirmation Hearing, (iv) approving the proposed contents of the solicitation packages (the "Solicitation Packages") and establishing solicitation, voting, and tabulating procedures with respect to the Plan, and (v) approving the forms of ballots for Holders of Claims in Class 5 (the "Voting Class"), including the form of election set forth therein, and notice to Holders of Claims and Equity Interests in Classes 1, 2, 3, 4, 6 and 7 (the "Non-Voting Classes"); and upon consideration of the record of these chapter 11 Cases; and it appearing that the Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 1334 and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and it appearing that the Motion is a core matter pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue of these Cases and of the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and adequate notice of the Motion has been given under the circumstances, and that no other or further notice need be given; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation, and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      Any and all objections to approval of the Disclosure Statement, to the extent not previously resolved or withdrawn, are overruled in their entirety.

3.      The Disclosure Statement contains adequate information as required by Bankruptcy Code Section 1125 and is hereby approved.  The Debtors are authorized to distribute, or cause to be distributed, the Solicitation Packages in order to solicit votes on, and pursue Confirmation of, the Plan.  Prior to the Solicitation Date, the Debtors are also authorized to make additional correcting, conforming and finalizing changes to the Disclosure Statement or Plan.

4.      The procedures set forth below for the solicitation and tabulation of votes to accept or reject the Plan provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

5.      The contents of the Solicitation Packages and Non-Voting Packages, as set forth in this Disclosure Statement Order, comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties including, without limitation, Holders of Claims against and Equity Interests in the Debtors.

6.      The notice of the Confirmation Hearing, substantially in the form attached hereto as Exhibit 1 (the "Confirmation Hearing Notice") complies with the requirements of Bankruptcy Rules 2002(b), 2002(d), and 3017(d) and is approved.

7.      The form of Ballot for the Voting Class, substantially in the forms attached hereto as Exhibit 2 is approved.

8.      The Notice of Non-Voting Status, substantially in the form attached hereto as Exhibit 3 is approved.

9.      The Voting Record Date with respect to Holders of Claims shall be September 8, 2015.  The Voting Record Date shall be used for purposes of determining: (i) the Holders of Claims the Voting Class, who will receive Solicitation Packages and are entitled to vote to accept or reject the Plan, (ii) the Holders of Claims and Equity Interests in the Non-Voting Classes, who will receive a Non-Voting Package and are not entitled to vote to accept or reject the Plan; (iii) the amount of each Holder's Claim for solicitation and voting purposes; and (iv) whether Claims have been properly and timely assigned or transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee (and not the original Claim Holder) can vote to accept or reject the Plan as the Holder of a Claim.  With respect to transferred Claims, if any, (i) if the notice of transfer required by Bankruptcy Rule 3001(e) is filed on or before the Voting Record Date, the Solicitation Package or Non-Voting Package, as applicable, will be mailed to the transferee in accordance with the notice of transfer, and the transferee will be entitled to cast a Ballot to accept or to reject the Plan if such Claim is in the Voting Class, and (ii) if the notice of transfer is filed after the Voting Record Date, then the Solicitation Package or Non-Voting Package, as applicable, will be mailed to the Claim Holder as of the Voting Record Date, and such Claim Holder will be entitled to cast a Ballot to accept or to reject the Plan if such Claim is in the Voting Class.

10.      The Debtors are authorized to distribute, or cause to be distributed, by first-class mail to each Holder of a Claim in the Voting Class as of the Voting Record Date a Solicitation Package containing the following:

   •      The Disclosure Statement, including the Plan and all other Exhibits annexed thereto;

- The Disclosure Statement Order (excluding exhibits);

- The Confirmation Hearing Notice;

- A single Ballot, to be used in voting to accept or to reject the Plan, and applicable Voting Instructions;

- A pre-addressed, postage pre-paid return envelope;

- Letters from each of the Debtors and the Committee recommending that Holders of Claims in the Voting Class vote to accept the Plan; and

- Such other materials as the Bankruptcy Court may direct or approve.

For the avoidance of doubt, the Solicitation Packages shall be distributed to all Entities in Class 5 subject to the terms of this Disclosure Statement Order, including all Entities that have filed a general unsecured non-priority Proof of Claim by the applicable claims bar date and such Proof of Claim is not the subject of an objection as of the Voting Record Date.

11.    The Debtors are authorized (but not required) to distribute the Disclosure Statement (together with all exhibits thereto, including the Plan) to the Voting Class in CD format in lieu of paper format.

12.    The Debtors are authorized to distribute, or cause to be distributed, by first-class mail to all Holders of Claims and Equity Interests in the Non-Voting Classes a Non-Voting Package, consisting of (a) the Confirmation Hearing Notice and (b) the Notice of Non-Voting Status.

13.    The Debtors are authorized to distribute, or cause to be distributed, a Confirmation Hearing Notice by first-class mail to all Entities whose Claims are listed in the Debtors' Schedules as contingent, unliquidated, or disputed.  For the avoidance of doubt, Entities whose Claims are listed in the Debtors' Schedules as contingent, unliquidated, or disputed and who do not otherwise timely file a Proof of Claim that is not the subject of an objection as of the

Voting Record Date, will not receive a Solicitation Package and will not be entitled to vote on the Plan.

14.      To the extent that the U.S. Trustee, governmental units having an interest in these Cases or those parties requesting notice pursuant to Bankruptcy Rule 2002 have not otherwise received a Solicitation Package, the Debtors are authorized to mail, or cause to be mailed, to such parties a complete copy of the Solicitation Package, excluding the Ballot.

15.      The Debtors shall complete, or cause to be completed, the distribution of the appropriate Solicitation Packages and Non-Voting Packages to all Holders of Claims or Equity Interests, as applicable, no later than September 18, 2015 (the "<u>Solicitation Date</u>").

16.      The Debtors shall not be required to mail the Solicitation Packages and Non-Voting Packages to any Holders of Claims or Equity Interests, as applicable, that have listed addresses that have previously been determined to be undeliverable, unless the Debtors (through the Voting Agent) are provided with an accurate address for each Claim or Equity Interest Holder's previously undeliverable address not less than five (5) calendar days prior to the Solicitation Date.

17.      The deadline by which all Ballots must be properly executed, completed, delivered to, and actually received by the Voting Agent shall be October 19, 2015 at 4:00 p.m. (prevailing Eastern Time) (the "<u>Voting Deadline</u>"), provided, however, that the Debtors are permitted, in consultation with the Committee, to extend the Voting Deadline at any time before the Voting Deadline, on behalf of any individual voter or the Voting Class, as facts and circumstances may require.

18.      Each Holder of a Claim in the Voting Class shall be entitled to vote the amount of its Claim as of the Voting Record Date.  For purposes of voting and distribution in connection

with the Plan, the Debtors will be substantively consolidated, meaning that all of the assets and liabilities of the Debtors will be deemed to be the assets and liabilities of a single Entity. Votes to accept or reject the Plan by Holders of Claims against a particular Debtor shall be tabulated as votes to accept or reject the Plan for the substantively-consolidated Debtors. Solely for purposes of voting on the Plan, and not for the purpose of making distributions on account of a Claim and without prejudice to the rights of the Debtors or any other proper party in interest in any other context, including Claims objections, with respect to all Holders of Claims in the Voting Class against the Debtors, the amount of a Claim used to tabulate acceptance or rejection of the Plan shall be as follows:

a. The amount of the Claim listed in each of the applicable Debtor's Schedules; provided that (i) such Claim is not scheduled as contingent, unliquidated, undetermined or disputed or in the amount of $0.00, (ii) no Proof of Claim has been timely filed (or otherwise deemed timely filed under applicable law), (iii) such Claim has not been satisfied by the Debtors, or (iv) such Claim has not been resolved pursuant to a stipulation or order entered by the Court.

b. The undisputed, non-contingent and liquidated amount specified in a Proof of Claim against a particular Debtor or Debtors timely filed with the Court or the Voting Agent by the applicable claims bar date (or otherwise deemed timely filed by the Court under applicable law) to the extent such Proof of Claim has not been amended or superseded by another Proof of Claim and is not the subject of an objection filed at least ten (10) days before the Voting Deadline (or, if such Claim has been resolved pursuant to a stipulation or order entered by the Court, the amount set forth in such stipulation or order).

c. If applicable, the amount temporarily allowed by the Court for voting purposes pursuant to Bankruptcy Rule 3018.

d. Except as otherwise provided in subsection (c) hereof, a Ballot cast by an alleged Creditor who has timely filed a Proof of Claim in a wholly unliquidated, unknown or uncertain amount that is not the subject of a claim objection filed at least ten (10) days before the Voting Deadline shall be counted in determining whether the numerosity requirement of section 1126(c) of the Bankruptcy Code has been met, and shall be ascribed a value of one dollar ($1.00) for voting purposes only.

e. Except as otherwise provided in subsection (c) hereof, with respect to a Ballot cast by an alleged Creditor who has timely filed a Proof of Claim, but the Claim is

7

the subject of a claim objection filed at least ten (10) days before the Voting Deadline, the Ballot will not be counted for voting purposes.

f.     Notwithstanding subsection (e) hereof and except as otherwise provided in subsection (c) hereof, if the Debtors have requested that a Claim be reclassified and/or allowed in a fixed, reduced amount pursuant to a claim objection to such Claim, the Ballot of the Holder of such Claim shall be counted in the reduced amount requested by the Debtors and/or in the requested Class.

g.     Any Claim, or portion thereof, as to which two or more Debtors are co-liable as a legal or contractual matter, including, without limitation, based on principles of joint or several liability or based upon contractual guarantees, is defined under the Plan as a "Multi-Debtor Consolidated Claim" and Holders of Class 5 Claims that constitute Multi-Debtor Consolidated Claims as of the Voting Record Date shall hold a single Class 5 Claim against the substantively-consolidated Debtors that is in a voting amount that is 150% of the face amount of such Holder's Multi-Debtor Consolidated Claim against a single Debtor;[3] provided, however, that, except as otherwise provided in subsection (c) hereof, such Claims are reflected in the particular Debtors' Schedules or applicable Proofs of Claim against such particular Debtors that are not the subject of an objection by the Debtors.

19.     The following voting procedures and standard assumptions shall be used in tabulating the Ballots in the Voting Class:

a.     For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single Creditor against a Debtor in the Voting Class will be aggregated as if such Creditor held a single Claim against the consolidated Debtors in the Voting Class, and the votes related to those Claims shall be treated as a single vote on the Plan, provided, however, that separate Claims held as of the Petition Date by different but related or affiliated Entities shall not be deemed to be held by a single Creditor pursuant to this provision, and the votes related to such Claims shall be treated as separate votes on the Plan.

b.     Creditors with multiple Claims within the Voting Class must vote all such Claims to either accept or reject the Plan, and may not split their vote(s). Accordingly, an individual Ballot that partially rejects and partially accepts the Plan on account of multiple Claims within the Voting Class will not be counted.

c.     Each Creditor will be provided a single individual Ballot for all Claims held by such Creditor in the Voting Class against all applicable Debtors.

---

[3] By way of illustration, a Holder of a Class 5 Claim as of the Voting Record Date in the face amount of $1,000,000 against a Debtor based on a contract and against another Debtor based upon a guarantee with respect to that contract will be entitled to vote such Class 5 Claim in an amount of $1,500,000 against the Debtors.

d.      In the event a Claim is transferred after the Voting Record Date, only the Holder of such Claim as of the Voting Record Date may execute and submit a Ballot to the Voting Agent, the transferee of such Claim shall be bound by any such vote (and the consequences thereof) made by the Holder of such transferred Claim as of the Voting Record Date, and no "cause" will exist to permit any vote change under Bankruptcy Rule 3018(a).

e.      The delivery of a Ballot will be deemed made only when the Voting Agent has actually received the original, executed Ballot.

f.      Except as otherwise provided in subsection (d) hereof, any party who has previously delivered a valid Ballot for the acceptance or rejection of the Plan may revoke such Ballot and change its vote by delivering to the Voting Agent prior to the Voting Deadline a subsequent properly completed Ballot for acceptance or rejection of the Plan.  In the case where multiple Ballots are received from the same Holder with respect to the same Claim prior to the Voting Deadline, the last timely received, properly executed Ballot will be deemed to reflect that voter's intent and will supersede and revoke any prior Ballot.

g.      Notwithstanding subsection (f) hereof, if a Holder of a Claim casts multiple Ballots on account of the same Claim, which are received by the Voting Agent on the same day and at the same time, but which are voted inconsistently, such Ballots shall not be counted.

h.      Except as otherwise provided in subsection (d) hereof, any party who has delivered a valid Ballot for the acceptance or rejection of the Plan may withdraw such acceptance or rejection by delivering a written notice of withdrawal to the Voting Agent at any time prior to the Voting Deadline.  To be valid, a notice of withdrawal must (i) contain the description of the Claims to which it relates and the aggregate principal amount represented by such Claims, (ii) be signed by the withdrawing party in the same manner as the Ballot being withdrawn, (iii) contain a certification that the withdrawing party owns the Claims and possesses the right to withdraw the vote sought to be withdrawn, and (iv) be actually received by the Voting Agent prior to the Voting Deadline  The Debtors' right to contest the validity of any such withdrawals of Ballots is expressly reserved.

20.     The following types of Ballots will not be counted in determining whether the

Plan has been accepted or rejected:

a.      Any Ballot that fails to clearly indicate an acceptance or rejection, or that indicates both an acceptance and a rejection, of the Plan.

b.      Any Ballot received after the Voting Deadline, except by order of the Court or if the Debtors, in consultation with the Committee, have granted an extension of the Voting Deadline with respect to such Ballot.

      c.      Any Ballot containing a vote that the Court determines was not solicited or procured in good faith or in accordance with the applicable provisions of the Bankruptcy Code.

      d.      Any Ballot that is illegible or contains insufficient information to permit the identification of the Claim Holder.

      e.      Any Ballot cast by an Entity that does not hold a Claim in the Voting Class.

      f.      Any unsigned Ballot or Ballot without an original signature.

For the avoidance of doubt, each Holder of a Claim in the Voting Class may elect to opt out of the releases set forth in Section 11.12 of the Plan, by checking the appropriate box on the applicable Ballot, if such Holder does not otherwise vote to accept or reject the Plan (either by failing to indicate an acceptance or rejection, indicating both an acceptance and rejection or otherwise submitting a Ballot that is not counted in determining whether the Plan has been accepted or rejected).

      21.      The Debtors are authorized to reject any and all Ballots not in proper form, the acceptance of which would, in the opinion of the Debtors or their counsel, be unlawful.  The Debtors are further authorized to permit for the cure of any defects or irregularities or conditions of delivery as to any particular Ballot.  The interpretation of all balloting rules and procedures (including the Ballot and the respective instructions thereto) by the Voting Agent and the Debtors, unless otherwise directed by the Court, will be final and binding on all parties.  Any defects or irregularities in connection with deliveries of Ballots must be cured within such time as the Debtors (or the Court) determine.  Neither the Debtors nor any other person will be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots nor will any of them incur any liabilities for failure to provide such notification.  Unless otherwise directed by the Court, delivery of such Ballots will not be deemed to have been made

until such irregularities have been cured.  Ballots previously furnished (and as to which any

irregularities have not theretofore been cured) will be invalidated.

      22.     The Voting Agent shall file its Voting Report by October 21, 2015, verifying the

results of its voting tabulations reflecting the votes cast to accept or reject the Plan.  The Voting

Report will, among other things, describe every Ballot that does not conform to the Voting

Instructions or that contains any form of irregularity, including, but not limited to, those Ballots

that are late, illegible (in whole or in material part), unidentifiable, lacking signatures, lacking

necessary information, or damaged.

      23.     The date set for the Confirmation Hearing shall be October 30, 2015 at 11:00 a.m.

(prevailing Eastern Time).  The Confirmation Hearing may be continued by the Debtors from

time to time without further notice to Holders of Claims or Equity Interests or other parties in

interest.

      24.     The Debtors shall publish the Confirmation Hearing Notice once in the national

edition of *USA Today* on a date not less than twenty-eight (28) calendar days before the Plan

Objection Deadline.

      25.     The deadline for filing and serving Plan Objections shall be October 19, 2015 at

4:00 p.m. (prevailing Eastern Time) (the "Plan Objection Deadline").  Plan Objections must (i)

be in writing; (ii) state the name, address, and nature of the Claim or Equity Interest of the

objecting or responding party; (iii) state with particularity the legal and factual basis and nature

of any Plan Objection; and (iv) be filed with the Court and served on the following parties by the

Objection Deadline: (i) counsel to the Debtors, Klee, Tuchin, Bogdanoff & Stern LLP, 1999

Avenue of the Stars, 39th Floor, Los Angeles, California 90067 (Attn: Michael L. Tuchin, Esq.

and Lee R. Bogdanoff, Esq.; Email: mtuchin@ktbslaw.com and lbogdanoff@ktbslaw.com); and

Young Conaway Stargatt & Taylor, LLP, 1000 N. King St., Rodney Square, Wilmington, Delaware 19801 (Attn: Michael R. Nestor, Esq.; Email: mnestor@ycst.com); (ii) counsel to the Official Committee of Unsecured Creditors, Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, California 90067 (Attn: Jeffrey N. Pomerantz, Esq. and Shirley S. Cho, Esq.; Email: jpomerantz@pszjlaw.com and scho@pszjlaw.com); 780 Third Ave., 34th Floor, New York, NY 10017 (Attn: Robert J. Feinstein, Esq.; Email: rfeinstein@pszjlaw.com); and 919 N. Market Street, 17th Floor, Wilmington, Delaware 19899 (Attn: Bradford J. Sandler, Esq.; Email: bsandler@pszjlaw.com); (iii) counsel to Mador Lending, LLC, Greenberg Traurig, LLP, 77 West Wacker Drive, Suite 3100, Chicago, IL 60601 (Attn: Nancy A. Peterman, Esq.; Email: petermann@gtlaw.com) and Klehr Harrison Harvey Branzburg LLP, 919 N. Market Street, Suite 1000, Wilmington, Delaware 19801 (Attn: Domenic E. Pacitti, Esq.; Email: dpacitti@klehr.com); and (iv) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Benjamin A. Hackman, Esq.; Email: benjamin.a.hackman@usdoj.gov).

26.    The Debtors, or any other party supporting Confirmation of the Plan, are authorized to file a response to any Plan Objections no later than October 26, 2015 at 4:00 p.m. (prevailing Eastern Time).  At that time, the Debtors shall also file their proposed findings of fact and conclusions of law in support of Confirmation of the Plan together with a form of order confirming the Plan.

27.    Copies of the Plan and all pleadings and orders of this Court shall be publicly available free of charge at the Debtors' restructuring website at: https://www.donlinrecano.com/Clients/wsi/Index.

28.     The Debtors are authorized to make non-substantive or immaterial changes to the Disclosure Statement and all related documents (including, without limitation, all exhibits thereto) without further order of the Court, including, without limitation, (i) making ministerial changes to correct typographical and grammatical errors, and making conforming changes among the Disclosure Statement, the Plan, the Ballots, and any other materials in the Solicitation Packages prior to mailing as may be appropriate; and (ii) altering the format of such documents to facilitate their prompt and economical distribution (e.g., if applicable, single spacing the documents and the like).

29.     The Debtors are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Disclosure Statement Order.

30.     The Court retains jurisdiction and power with respect to all matters arising from or related to the implementation or interpretation of this Disclosure Statement Order.


Dated:
_____, 2015
        Wilmington, Delaware

                                        _____
                                        Christopher S. Sontchi
                                        United States Bankruptcy Judge

# Exhibit 1

**Confirmation Hearing Notice**

154922.9

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re<br><br>SEAL123, INC., *et al.*[1]<br><br>               Debtors. | Chapter 11<br><br>Case No.: 15-10081 (CSS)<br><br>(Jointly Administered)<br><br>**Re: Docket No. ___** |

**NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT, (II) ESTABLISHMENT OF VOTING RECORD DATE, (III) HEARING ON CONFIRMATION OF PLAN AND PROCEDURES AND DEADLINE FOR OBJECTING TO CONFIRMATION OF PLAN, AND (IV) PROCEDURES AND DEADLINE FOR VOTING ON PLAN**

**PLEASE TAKE NOTICE OF THE FOLLOWING**:

      1.     ***Approval of Disclosure Statement***.  By order dated [_____], 2015 (the "Disclosure Statement Order"), the United States Bankruptcy Court for the District of Delaware (the "Court"), having jurisdiction over the chapter 11 cases of the above-captioned debtors (the "Debtors"), approved the *Disclosure Statement for the First Amended Joint Plan of Liquidation of Seal123, Inc. and Subsidiary Debtors and Their Official Committee of Unsecured Creditors* (as it may be amended, supplemented or modified from time to time, the "Disclosure Statement") as containing adequate information within the meaning of section 1125 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), and authorized the Debtors to solicit votes to accept or reject the *First Amended Joint Plan of Liquidation of Seal123, Inc. and Subsidiary Debtors and Their Official Committee of Unsecured Creditors* (as it may be amended, supplemented or modified from time to time pursuant to the terms thereof, the "Plan"),[2] annexed as Exhibit A to the Disclosure Statement.

      2.     ***Deadline for Voting on the Plan***.  By the Disclosure Statement Order, the Bankruptcy Court established **October 19, 2015 at 4:00 p.m. (prevailing Eastern Time)** (the "Voting Deadline") as the deadline by which Ballots accepting or rejecting the Plan must be received.  Only Holders of Claims in Class 5 under the Plan are entitled to vote on the Plan and will receive Ballots for casting such votes. To be counted, original Ballots must **actually be received** on or before the Voting Deadline by Donlin, Recano & Company, Inc. (the "Voting Agent") at (i) Donlin, Recano & Company, Inc., Attn: Seal123, Inc. Ballot Processing, P.O. Box 2034, Murray Hill Station, New York, NY 10156-0701, if by first-class mail, or (ii) Donlin, Recano & Company, Inc., Attn: Seal123, Inc. Ballot Processing, 6201 15th Avenue, Brooklyn, NY 11219, if by personal delivery or overnight courier.  Ballots cast by e-mail, facsimile or any other electronic format will not be counted, unless approved by the Debtors.  Holders of Unimpaired Claims under the Plan and Classes that are deemed to reject the Plan are not entitled to vote on the Plan and, therefore, will receive a Notice of Non-Voting Status rather than a ballot.

---

[1]The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Seal123, Inc. (f/k/a The Wet Seal, Inc.) (5940); Seal123 Retail, Inc. (f/k/a The Wet Seal Retail, Inc.) (6265); Seal123 Catalog, Inc. (f/k/a Wet Seal Catalog, Inc.) (7604); and Seal123 GC, LLC (f/k/a Wet Seal GC, LLC) (2855-VA).  The Debtors' address is 26972 Burbank, Foothill Ranch, CA 92610.

[2] All capitalized terms used but not otherwise defined herein shall have the meaning provided to them in the Plan.

3.     *Confirmation Hearing*.  A hearing (the "Confirmation Hearing") will be held before the Honorable Christopher S. Sontchi, United States Bankruptcy Judge, on **October 30, 2015 at 11:00 a.m. (prevailing Eastern Time)**, in Courtroom 6 of the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 5th Floor, Wilmington, Delaware 19801, to consider confirmation of the Plan, and for such other and further relief as may be just or proper.  The Confirmation Hearing may be continued from time to time without further notice other than the announcement of the adjourned date(s) at the Confirmation Hearing or any continued hearing or on the applicable hearing agenda.  The Plan may be modified in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Plan and other applicable law, without further notice, prior to or as a result of the Confirmation Hearing.  If the Court enters an order confirming the Plan, Bankruptcy Code section 1141 shall become applicable with respect to the Plan and the Plan shall be binding on all parties to the fullest extent permitted by the Bankruptcy Code.

4.     *Deadline for Objections to Confirmation of Plan*.  Objections, if any, to confirmation of the Plan, must (a) be in writing; (b) state the name and address of the objecting party and the nature of the claim or interest of such party; (c) state with particularity the legal and factual basis and nature of any objection or response; and (d) be filed with the Bankruptcy Court and served on the following parties so as to be actually received **before 4:00 p.m. (prevailing Eastern Time) on October 19, 2015**: (i) counsel to the Debtors, Klee, Tuchin, Bogdanoff & Stern LLP, 1999 Avenue of the Stars, 39th Floor, Los Angeles, California 90067 (Attn: Michael L. Tuchin, Esq. and Lee R. Bogdanoff, Esq.; Email: mtuchin@ktbslaw.com and lbogdanoff@ktbslaw.com); and Young Conaway Stargatt & Taylor, LLP, 1000 N. King St., Rodney Square, Wilmington, Delaware 19801 (Attn: Michael R. Nestor, Esq.; Email: mnestor@ycst.com); (ii) counsel to the Official Committee of Unsecured Creditors, Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, California 90067 (Attn: Jeffrey N. Pomerantz, Esq. and Shirley S. Cho, Esq.; Email: jpomerantz@pszjlaw.com and scho@pszjlaw.com); 780 Third Ave., 34th Floor, New York, NY 10017 (Attn: Robert J. Feinstein, Esq.; Email: rfeinstein@pszjlaw.com); and 919 N. Market Street, 17th Floor, Wilmington, Delaware 19899 (Attn: Bradford J. Sandler, Esq.; Email: bsandler@pszjlaw.com); (iii) counsel to Mador Lending, LLC, Greenberg Traurig, LLP, 77 West Wacker Drive, Suite 3100, Chicago, IL 60601 (Attn: Nancy A. Peterman, Esq.; Email: petermann@gtlaw.com) and Klehr Harrison Harvey Branzburg LLP, 919 N. Market Street, Suite 1000, Wilmington, Delaware 19801 (Attn: Domenic E. Pacitti, Esq.; Email: dpacitti@klehr.com); and (iv) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Benjamin A. Hackman, Esq.; Email: benjamin.a.hackman@usdoj.gov).  Objections to the Plan may be submitted by any parties in interest in the Debtors' Chapter 11 Cases.

5.     *Releases, Discharges, Injunctions, and Exculpations*.  **PLEASE BE ADVISED THAT THE PLAN CONTAINS CERTAIN RELEASES, DISCHARGES, INJUNCTIONS, AND EXCULPATIONS.  YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, DISCHARGE, INJUNCTION, AND EXCULPATION PROVISIONS SET FORTH IN ARTICLE XI OF THE PLAN, AS YOUR RIGHTS MIGHT BE AFFECTED.**

6.     *Additional Copies of Documents*.  Copies of the Plan are available for review under the "Plan and Disclosure Statement" tab by accessing https://www.donlinrecano.com/Clients/wsi/Index.  In addition, copies of the Plan are available upon written request via first class mail to the Debtors' Voting Agent at Donlin, Recano & Company, Inc., Re: Seal123, Inc., *et al.*, P.O. Box 2034, Murray Hill Station, New York, NY 10156-0701.  Further, copies of the Plan can be requested via email to balloting@donlinrecano.com with Seal123 referenced in the subject line.

Dated: _____, 2015

_____

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Tel:    (302) 571-6600

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 Avenue of the Stars, 39th Floor
Los Angeles, CA 90067
Tel:    (310) 407-4022

*Counsel for the Debtors and Debtors in Possession*

# Exhibit 2

**Form of Class 5 Ballot**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re<br><br>SEAL123, INC., *et al.*,[1]<br><br>        Debtors. | Chapter 11<br><br>Case No.:  15-10081 (CSS)<br><br>(Jointly Administered) |

**BALLOT FOR CLASS 5 GENERAL UNSECURED CLAIMS**
**FOR ACCEPTING OR REJECTING THE FIRST AMENDED JOINT PLAN**
**OF LIQUIDATION OF SEAL123, INC. AND SUBSIDIARY DEBTORS**
**AND THEIR OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

**TO BE COUNTED, YOUR VOTE MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY DONLIN, RECANO & COMPANY, INC. BY OCTOBER 19, 2015, AT 4:00 P.M. (PREVAILING EASTERN TIME).**

This ballot (the "<u>Ballot</u>") is being submitted to you by the above-captioned debtors and debtors in possession (the "<u>Debtors</u>") to solicit your vote to accept or reject the *First Amended Joint Plan of Liquidation of Seal123, Inc. and Subsidiary Debtors and Their Official Committee of Unsecured Creditors* (as it may be amended, supplemented or modified from time to time pursuant to the terms thereof, the "<u>Plan</u>")[2] submitted by the Debtors and described in the related *Disclosure Statement for the First Amended Joint Plan of Liquidation of Seal123, Inc. and Subsidiary Debtors and Their Official Committee of Unsecured Creditors* (as it may be amended, supplemented or modified from time to time, the "<u>Disclosure Statement</u>"), that was approved by an order of the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>").  The Disclosure Statement describes the Plan and provides information to assist you in deciding how to vote your Ballot.  Court approval of the Disclosure Statement does not indicate Court approval of the Plan.  If you do not have a Disclosure Statement or Plan, you may obtain a copy free of charge at the Debtors' restructuring website maintained by Donlin, Recano & Company, Inc. (the "<u>Voting Agent</u>") at https://www.donlinrecano.com/Clients/wsi/Index.  Copies of the Disclosure Statement and Plan are also available: (a) for a fee, on the Court's website, www.deb.uscourts.gov (a PACER account is required); (b) upon written request to the Voting Agent at Donlin, Recano & Company, Inc., Re: Seal123, Inc., *et al.*, P.O. Box 2034, Murray Hill Station, New York, NY 10156; or (c) by contacting the Voting Agent via email to balloting@donlinrecano.com with Seal123 referenced in the subject line.

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Seal123, Inc. (f/k/a The Wet Seal, Inc.) (5940); Seal123 Retail, Inc. (f/k/a The Wet Seal Retail, Inc.) (6265); Seal123 Catalog, Inc. (f/k/a Wet Seal Catalog, Inc.) (7604); and Seal123 GC, LLC (f/k/a Wet Seal GC, LLC) (2855-VA).  The Debtors' address is 26972 Burbank, Foothill Ranch, CA 92610.

[2] All capitalized terms used but not otherwise defined herein have the meanings set forth in the Plan.

154922.9

**IMPORTANT**

**You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your Claim has been placed in Class 5 – General Unsecured Claims under the Plan.**

**If your Ballot is not <u>actually</u> <u>received</u> by the Voting Agent on or before October 19, 2015, at 4:00 p.m. (prevailing Eastern Time) (the "<u>Voting Deadline</u>"), and such deadline is not extended by the Debtors (in consultation with the Creditors' Committee) or order of the Court, your vote will not count as either an acceptance or rejection of the Plan. If the Plan is confirmed by the Court it will be binding on you whether or not you vote.**

**You may return your Ballot in the return envelope provided in your package or send it to:**

| | |
|---|---|
| *If by First Class Mail:* | *If by Hand Delivery or Overnight Courier:* |
| **Donlin, Recano & Company, Inc.** | **Donlin, Recano & Company, Inc.** |
| **Re: Seal123, Inc.,** *et al.* | **Re: Seal123, Inc.,** *et al.* |
| **Attn: Seal123, Inc. Ballot Processing** | **Attn: Seal123, Inc. Ballot Processing** |
| **P.O. Box 2034, Murray Hill Station** | **6201 15th Avenue** |
| **New York, NY 10156-0701** | **Brooklyn, NY 11219** |

## <u>ACCEPTANCE OR REJECTION OF THE PLAN</u>

**Item 1. Vote Amount**. For purposes of voting to accept or reject the Plan, as of September 8, 2015 (the "<u>Voting Record Date</u>"), the undersigned (the "<u>Claimant</u>") was a holder of a Class 5 General Unsecured Claim in the aggregate amount set forth below.

> Amount: $_____

**Item 2. Vote on Plan**. **CHECK ONE BOX ONLY:**

> ☐      **ACCEPTS (votes FOR) the Plan**.

> ☐      **REJECTS (votes AGAINST) the Plan**.

**Item 3. Tax Information**. Under penalty of perjury, Claimant certifies that:

> A.      Claimant's correct taxpayer identification number is:

> (Social Security Number) ____-__-____,

> (or Employer Identification Number) ___-_____; and

> B.      Claimant is not subject to backup withholding because (please check appropriate box):

> ☐      (i)  Claimant is exempt from backup withholding;

> ☐      (ii)  Claimant has not been notified by the Internal Revenue Service ("**<u>IRS</u>**") that Claimant is subject to backup withholding as a result of a failure to report all interest or dividends; or

> ☐      (iii)  The IRS has notified Claimant that Claimant is no longer subject to backup withholding.

**Item 4.  Opt-Out Election (for Holders of Class 5 General Unsecured Claims that DO NOT vote to accept or reject the Plan only)**.  By checking the box below, the undersigned Claimant that **DID NOT** either vote to accept or reject the Plan, elects **NOT** to release the Released Parties as set forth in Section 11.12 of the Plan.  **IF YOU VOTED IN ITEM 2 ABOVE ONLY TO REJECT THE PLAN, REGARDLESS OF WHETHER YOU CHECK THE BOX BELOW, YOU WILL NOT BE BOUND BY THE RELEASES SET FORTH IN SECTION 11.12 OF THE PLAN.  IF YOU VOTED IN ITEM 2 ABOVE ONLY TO ACCEPT THE PLAN, REGARDLESS OF WHETHER YOU CHECK THE BOX BELOW, YOU WILL BE DEEMED TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED AND DISCHARGED THE RELEASED PARTIES FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION TO THE EXTENT PROVIDED IN SECTION 11.12 OF THE PLAN.**

☐    **The undersigned Claimant elects <u>not</u> to grant (OPTS OUT of) the releases set forth in Section 11.12 of the Plan**.

## <u>IMPORTANT INFORMATION REGARDING THE RELEASES</u>

Following confirmation, subject to Article IX of the Plan, the Plan will be substantially consummated on the Effective Date.  Among other things, effective as of the Confirmation Date but subject to the occurrence of the Effective Date, certain release, injunction, exculpation and discharge provisions set forth in Section 11.12 of the Plan will become effective.  In determining how to cast your vote on the Plan, it is important to read the provisions contained in Section 11.12 of the Plan very carefully so that you understand how confirmation and substantial consummation of the Plan — which effectuates such provisions — will affect you and any Claim(s) you may hold against the Released Parties under the Plan.

Specifically, the releases in Section 11.12 of the Plan (the "<u>Releases</u>") bind the "Releasing Parties," which the Plan defines as "(a) the Debtors, (b) the Estates, (c) any Entity seeking to exercise the rights of the Estates, including, without limitation, any successor to the Debtors or any Estate representative appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code, (d) Rodam, and (e) all Holders of Claims in Class 5 that (i) vote to accept the Plan or (ii) do not otherwise vote to accept or reject the Plan and do not timely submit a Release Opt-Out indicating such Holder's decision to not participate in the releases set forth in Section 11.12 of the Plan."  The Releases provide for, among other things, the following:

*On the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, each of the Releasing Parties shall be deemed to have forever released, waived, and discharged each of the Released Parties from any and all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action (including, without limitation, Avoidance Actions), and liabilities whatsoever, whether known or unknown, whether foreseen or unforeseen, whether liquidated or unliquidated, whether fixed or contingent, whether matured or unmatured, existing or hereafter arising, at law, in equity, or otherwise, that are based in whole or in part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, the Chapter 11 Cases, the Plan or any other previously-proposed chapter 11 plan of reorganization or plan sponsorship agreement, the APA, or the Sale Order, except for acts or omissions that are determined in a Final Order to have constituted actual fraud, gross negligence or willful misconduct; <u>provided</u>, <u>however</u>, that nothing in this Section 11.12 shall affect any Person's rights, claims or causes of action against the Debtors, the Liquidation Trust or Buyer under the Plan, the Confirmation Order, the APA, the Sale Order, the L/C Credit Agreement, or the L/C Facility Orders, or the liabilities or obligations of such parties thereunder.*

3

**Item 5.  Certification**.  By signing this Ballot, the Claimant certifies that: (a) on the Voting Record Date, it was the Holder of the Class 5 General Unsecured Claim to which this Ballot pertains or an authorized signatory for such Holder; (b) it has full power and authority to vote to accept or reject the Plan, make the Opt Out Election, execute, and return the Ballot; and (c) it has received a copy of the Disclosure Statement, the Plan, and other solicitation materials.  The undersigned understands that an otherwise properly completed, executed and timely-returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted.  The undersigned also certifies that its vote on the Plan is subject to all the terms and conditions set forth in the Plan and the Disclosure Statement.

Name of Claimant: _____

Signature: _____

Name (if different from Claimant): _____

Title: _____

Address: _____

_____

_____

Dated: _____

**Please make sure you have provided all information requested in this Ballot.  Please read and follow the instructions set forth in the attached Voting Instructions carefully.  Please complete, sign and date this Ballot and return it by mail, hand delivery or overnight courier so that it is received by the Voting Agent by October 19, 2015, at 4:00 p.m. (prevailing Eastern Time).**

## <u>VOTING INSTRUCTIONS</u>

**1.**     In order for your vote to count, you must:

(i)     In the boxes provided in Item 2 of the Ballot, indicate <u>either</u> acceptance or rejection of the Plan by checking the appropriate box; and

(ii)     Review and sign the certifications in Item 5 of the Ballot. Please be sure to sign and date your Ballot. Your signature is required in order for your vote to be counted. If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing. If the General Unsecured Claim is held by an entity, your Ballot must be executed in the name of an authorized signatory. In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

**2.**     To facilitate distributions under the Plan (to the extent that the Plan is confirmed and consummated), please complete Item 3, which requests certain tax information that is necessary to make distributions to Holders of Claims.

**3.**     If you <u>did not</u> either vote to accept or reject the Plan, review the opt-out election disclosure in Item 4, and determine whether to opt out of the Plan's release provisions by checking the box in Item 4.

**4.**     **To have your vote counted and for any elections made in this Ballot to be effective, you must complete, sign and return this Ballot so that it is <u>actually received</u> by the Voting Agent not later than 4:00 p.m. (prevailing Eastern Time) on October 19, 2015.**

**5.**     Return the completed Ballot to the Voting Agent in the pre-addressed, postage pre-paid return envelope enclosed with this Ballot or return it to:

| *If by First Class Mail:* | *If by Hand Delivery or Overnight Mail:* |
|---|---|
| Donlin, Recano & Company, Inc. | Donlin, Recano & Company, Inc. |
| Re: Seal123, Inc., *et al.* | Re: Seal123, Inc., *et al.* |
| Attn: Seal123, Inc. Ballot Processing | Attn: Seal123, Inc. Ballot Processing |
| P.O. Box 2034, Murray Hill Station | 6201 15th Avenue |
| New York, NY 10156-0701 | Brooklyn, NY 11219 |

**6.**     DO NOT SUBMIT YOUR BALLOT BY FAX, EMAIL OR ELECTRONIC TRANSMISSION. A Ballot submitted by fax, email or electronic transmission will not be counted, unless approved by the Debtors or otherwise ordered by the Court.

**7.**     A Ballot that either indicates both acceptance and rejection of the Plan or fails to indicate either an acceptance or rejection of the Plan, will not be counted.

**8.**     You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan. A Ballot that partially rejects and partially accepts the Plan will not be counted.

**9.**     If you have previously delivered a valid Ballot for the acceptance or rejection of the Plan, you may revoke such Ballot and change your vote by delivering to the Voting Agent prior to the Voting Deadline a subsequent properly completed Ballot for acceptance or rejection of the Plan.

If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the last timely received, properly executed Ballot will be deemed to reflect your intent and shall supersede and revoke any earlier received Ballot.  If you cast multiple Ballots on account of the same Claim, which are received by the Voting Agent on the same day and at the same time, but which are voted inconsistently, such Ballots shall not be counted.

**10.**    Any Ballot that is illegible or that contains insufficient information to permit the identification of the Claimant will not be counted.

**11.**    This Ballot does not constitute, and shall not be deemed to be, a proof of claim against any of the Debtors or an assertion or admission of a Claim by any of the Debtors.

**12.**    It is important that you vote.  The Plan can be confirmed by the Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount <u>and</u> more than one-half in number of the Claims in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>").  If the requisite acceptances are not obtained, the Court nonetheless may confirm the Plan if it finds that the Plan:  (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes voting to reject the Plan; and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  To confirm a plan over the objection of a dissenting Class, the Court also must find that at least one Impaired Class has accepted the plan, with such acceptance being determined without including the acceptance of any "insider" in such Class.

**13.**    NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER SOLICITATION MATERIALS APPROVED BY THE COURT, INCLUDING, WITHOUT LIMITATION, THE DISCLOSURE STATEMENT.

**14.**    PLEASE RETURN YOUR BALLOT PROMPTLY.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THESE VOTING INSTRUCTIONS, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (877) 814-9751.

# **Exhibit 3**

**Notice of Non-Voting Status**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re<br><br>SEAL123, INC., *et al.*,[1]<br><br>　　　　　　　Debtors. | Chapter 11<br><br>Case No.: 15-10081 (CSS)<br><br>(Jointly Administered) |

**NOTICE OF NON-VOTING STATUS TO HOLDERS OF**
**CLASS 1, 2, 3, 4, 6 & 7 CLAIMS AND EQUITY INTERESTS**

PLEASE TAKE NOTICE THAT the above-captioned debtors and debtors in possession (the "Debtors") submitted the *First Amended Joint Plan of Liquidation of Seal123, Inc. and Subsidiary Debtors and Their Official Committee of Unsecured Creditors* (as it may be amended, supplemented or modified from time to time pursuant to the terms thereof, the "Plan"),[2] which is described in the related *Disclosure Statement for the First Amended Joint Plan of Liquidation of Seal123, Inc. and Subsidiary Debtors and Their Official Committee of Unsecured Creditors* (as it may be amended, supplemented or modified from time to time, the "Disclosure Statement"), that was approved by an order (the "Disclosure Statement Order") of the United States Bankruptcy Court for the District of Delaware (the "Court"). The Disclosure Statement Order authorizes the Debtors to solicit votes to accept or reject the Plan, from the Holders of Claims in Voting Classes that are (or may be) entitled to receive Distributions under the Plan.

**YOU ARE OR MIGHT BE THE HOLDER OF CLAIMS AND/OR EQUITY INTERESTS IN THE FOLLOWING CLASSES OF UNIMPAIRED CLAIMS AND EQUITY INTERESTS OR IMPAIRED CLAIMS AND EQUITY INTERESTS UNDER ARTICLE II OF THE PLAN THAT, IN EITHER CASE, ARE NOT ENTITLED TO VOTE ON THE PLAN:**

| Class | Description of Class | Treatment |
|---|---|---|
| 1 | Prepetition Credit Agreement Claims | Unimpaired; Deemed to Accept Plan |
| 2 | Secured Claims | Unimpaired; Deemed to Accept Plan |
| 3 | Priority Claims | Unimpaired; Deemed to Accept Plan |
| 4 | Assumed General Unsecured Claims | Unimpaired; Deemed to Accept Plan |
| 6 | Subordinated Claims | Impaired; Deemed to Reject Plan |
| 7 | Equity Interests | Impaired; Deemed to Reject Plan |

**UNDER THE TERMS OF THE PLAN, HOLDERS OF CLAIMS AGAINST AND EQUITY INTERESTS IN THE DEBTORS IN CLASSES 1, 2, 3 AND 4 ARE UNIMPAIRED UNDER THE PLAN AND, THEREFORE, PURSUANT TO BANKRUPTCY CODE SECTION**

---

[1]  The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Seal123, Inc. (f/k/a The Wet Seal, Inc.) (5940); Seal123 Retail, Inc. (f/k/a The Wet Seal Retail, Inc.) (6265); Seal123 Catalog, Inc. (f/k/a Wet Seal Catalog, Inc.) (7604); and Seal123 GC, LLC (f/k/a Wet Seal GC, LLC) (2855-VA).  The Debtors' address is 26972 Burbank, Foothill Ranch, CA 92610.

[2] All capitalized terms used but not otherwise defined herein have the meanings set forth in the Plan.

**1126(f), ARE (I) PRESUMED TO HAVE ACCEPTED THE PLAN, AND (II) NOT ENTITLED TO VOTE ON THE PLAN.**

**UNDER THE TERMS OF THE PLAN, HOLDERS OF CLAIMS OR EQUITY INTERESTS IN CLASSES 6 AND 7 ARE IMPAIRED AND ARE NOT ENTITLED TO RECEIVE OR RETAIN ANY PROPERTY ON ACCOUNT OF THEIR CLAIMS OR EQUITY INTERESTS IN THOSE CLASSES AND ARE THEREFORE, PURSUANT TO BANKRUPTCY CODE SECTION 1126(g), (I) DEEMED TO HAVE REJECTED THE PLAN, AND (II) NOT ENTITLED TO VOTE ON THE PLAN.**

**To request a copy of the Plan, Disclosure Statement, or Disclosure Statement Order, contact the Debtors' Voting Agent, Donlin, Recano & Company, Inc., via email to balloting@donlinrecano.com with Seal123 referenced in the subject line, or in writing at Donlin, Recano & Company, Inc., Re: Seal123, Inc., _et al_., P.O. Box 2034, Murray Hill Station, New York, NY 10156-0701. Please be advised that the Voting Agent cannot provide legal advice. Copies of the Plan, Disclosure Statement, Disclosure Statement Order, Solicitation Procedures Order, and other materials are available online for free at https://www.donlinrecano.com/Clients/wsi/Index. Alternatively, these documents may be accessed for a fee through the Court's "pacer" website, https://ecf.deb.uscourts.gov. A pacer password and login are needed to access documents on the court's "pacer" website. A pacer password can be obtained at http://www.pacer.gov.**

DATED: [_____ __], 2015

                                      _____

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Michael R. Nestor, Esq.

_-and-_

KLEE, TUCHIN, BOGDANOFF & STERN LLP
Lee R. Bogdanoff, Esq.
Michael L. Tuchin, Esq.
David M. Guess, Esq.

**_Counsel for the Debtors and Debtors in Possession_**

**EXHIBIT 2**

Blackline

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| ~~THE WET~~ SEAL~~,~~123, INC.~~, a Delaware corporation~~, *et al.*,[1] | Case No.  15-10081 (CSS) |
| | (Jointly Administered) |
| Debtors. | **Re: Docket ~~No~~Nos. ——355 & 912** |

**REVISED ORDER (I) APPROVING DISCLOSURE STATEMENT, (II) FIXING VOTING RECORD DATE, (III) SCHEDULING PLAN CONFIRMATION HEARING AND APPROVING FORM AND MANNER OF RELATED NOTICE AND OBJECTION PROCEDURES, (IV) APPROVING ~~PROCEDURES AND DEADLINES CONCERNING EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (V) APPROVING~~ SOLICITATION PACKAGES AND PROCEDURES AND DEADLINES FOR SOLICITING, RECEIVING AND TABULATING VOTES ON THE PLAN, AND (~~VI~~V) APPROVING THE FORMS OF ~~BALLOTS~~BALLOT AND NOTICE TO NON-VOTING PLAN CLASSES**

Upon the motion (the "Motion")[2] of ~~The Wet~~ Seal~~,~~123, Inc. (f/k/a The Wet Seal, Inc.) and

its subsidiaries, the debtors and debtors in possession (the "Debtors") in the above-captioned

jointly administered chapter 11 cases (the "Cases"), for entry of an order, pursuant to sections

105, 1125, 1126, and 1128 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the

"Bankruptcy Code"), Rules 2002, 3017, 3018, and 3020 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), and Rules 2002-1, 3017-1, and 9013-1 of the Local Rules

of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

Delaware (the "Local Rules") (i) approving the *Disclosure Statement for the First Amended Joint*

*Plan of ~~Reorganization of The Wet~~Liquidation of Seal~~,~~123, Inc. and Subsidiary Debtors and*

---

[1]   The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Seal123, Inc. (f/k/a The Wet Seal, Inc.) (5940); Seal123 Retail, Inc. (f/k/a The Wet Seal Retail, Inc.) (6265)~~;~~; Seal123 Catalog, Inc. (f/k/a Wet Seal Catalog, Inc.) (7604)~~;~~; and Seal123 GC, LLC (f/k/a Wet Seal GC, LLC) (2855~~-~~VA).  The Debtors' address is 26972 Burbank, Foothill Ranch, CA 92610.

[2]   Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

*Their Official Committee of Unsecured Creditors* [Docket No. ~~298~~912] (as it may be amended, supplemented or modified from time to time, the "Disclosure Statement") as containing adequate information, (ii) fixing a record date (the "Voting Record Date") for voting on the *First Amended Joint Plan of ~~Reorganization of The Wet~~Liquidation of Seal~~,~~ 123, Inc. and Subsidiary Debtors and Their Official Committee of Unsecured Creditors* [Docket No. ~~297~~911] (as it may be amended, supplemented or modified from time to time pursuant to the terms thereof, the "Plan"), (iii) scheduling a date of the hearing to consider confirmation of the Plan (the "Confirmation Hearing") and approving the form and manner of the related notice and objection procedures for the Confirmation Hearing, (iv) ~~approving certain procedures and deadlines concerning the Debtors' Designated Contracts, (v)~~ approving the proposed contents of the solicitation packages (the "Solicitation Packages") and establishing solicitation, voting, and tabulating procedures with respect to the Plan, and (~~vi~~v) approving the forms of ballots for ~~Voting Classes~~Holders of Claims in Class 5 (the "Voting Class"), including the form of election set forth therein, and notice to Holders of Claims and Equity Interests in Classes 1, 2, 3, 4, 6 and 7 (the "Non-Voting Classes"); and upon consideration of the record of these chapter 11 Cases; and it appearing that the Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 1334 and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and it appearing that the Motion is a core matter pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue of these Cases and of the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and adequate notice of the Motion has been given under the circumstances, and that no other or further notice need be given; and it appearing that the relief requested in the Motion is in the best interests of the

Debtors' estates, their creditors, and other parties in interest; and after due deliberation, and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      Any and all objections to approval of the Disclosure Statement, to the extent not previously resolved or withdrawn, are overruled in their entirety.

3.      The Disclosure Statement contains adequate information as required by Bankruptcy Code Section 1125 and is hereby approved.  The Debtors are authorized to distribute, or cause to be distributed, the ~~Disclosure Statement and~~ Solicitation Packages in order to solicit votes on, and pursue Confirmation of, the Plan.  Prior to the Solicitation Date, the Debtors are also authorized to make additional correcting, conforming and finalizing changes to the Disclosure Statement or Plan.

4.      The procedures set forth below for the solicitation and tabulation of votes to accept or reject the Plan provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

5.      The contents of the Solicitation Packages and Non-Voting Packages, as set forth in ~~the Motion~~<u>this Disclosure Statement Order</u>, comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties including, without limitation, Holders of Claims against and <u>Equity</u> Interests in the Debtors.

6.      The notice of the Confirmation Hearing, substantially in the form attached hereto as <u>Exhibit 1</u> (the "<u>Confirmation Hearing Notice</u>") complies with the requirements of Bankruptcy Rules 2002(b), 2002(d), and 3017(d) and is approved.

7.      The ~~Ballots~~<u>form of Ballot for the Voting Class</u>, substantially in the forms attached hereto as ~~Exhibits~~<u>Exhibit</u> 2 ~~and 3 are~~<u>is</u> approved.

8.      The Notice of Non-Voting Status, substantially in the form attached hereto as Exhibit ~~4~~ <u>3</u> is approved.

~~9.      The Cure Notice, substantially in the form attached hereto as Exhibit 5 is approved.~~

<u>9.</u>      ~~10.~~The Voting Record Date with respect to Holders of Claims shall be ~~March 17,~~<u>September 8,</u> 2015.  The Voting Record Date shall be used for purposes of determining: (i) the Holders of Claims ~~in~~ the Voting ~~Classes~~<u>Class</u>, who will receive Solicitation Packages and are entitled to vote to accept or reject the Plan, (ii) the Holders of Claims and <u>Equity</u> Interests in the Non-Voting Classes, who will receive a ~~Notice of~~ Non-Voting ~~Status~~<u>Package</u> and are not entitled to vote to accept or reject the Plan; (iii) the amount of each Holder's Claim for solicitation and voting purposes; and (iv) whether Claims have been properly and timely assigned or transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee (and not the original Claim ~~holder~~<u>Holder</u>) can vote to accept or reject the Plan as the Holder of a Claim.  With respect to transferred ~~claims~~<u>Claims</u>, if any, (i) if the notice of transfer required by Bankruptcy Rule 3001(e) is filed on or before ~~March 17, 2015,~~<u>the Voting Record Date,</u> the Solicitation Package or Non-Voting Package, as applicable, will be mailed to the transferee in accordance with the notice of transfer, and the transferee will be entitled to cast a Ballot to accept or to reject the Plan ~~(~~if such Claim is in ~~a~~<u>the</u> Voting Class~~)~~, and (ii) if the notice of transfer is filed after ~~March 17, 2015,~~<u>the Voting Record Date,</u> then the Solicitation Package or Non-Voting Package, as applicable, will be mailed to the ~~original or immediately preceding Claim holder~~<u>Claim Holder as</u>

of the Voting Record Date, and such Claim holderHolder will be entitled to cast a Ballot to

accept or to reject the Plan (if such Claim is in athe Voting Class).

10.    11. The Debtors are authorized to distribute, or cause to be distributed, by

first-class mail to each Holder of a Claim in one of the Voting ClassesClass as of the Voting

Record Date a Solicitation Package containing the following:

> The Disclosure Statement, including the Plan and all other Exhibits annexed thereto;
>
> The Disclosure Statement Order (excluding exhibits);
>
> The Confirmation Hearing Notice;
>
> A single Ballot, to be used in voting to accept or to reject the Plan, and applicable Voting Instructions; and
>
> A pre-addressed, postage pre-paid return envelope;
>
> Letters from each of the Debtors and the Committee recommending that Holders of Claims in the Voting Class vote to accept the Plan; and
>
> Such other materials as the Bankruptcy Court may direct or approve.

For the avoidance of doubt, the Solicitation Packages shall be distributed to all Entities in Class 5

subject to the terms of this Disclosure Statement Order, including all Entities that have filed a

general unsecured non-priority Proof of Claim by the applicable claims bar date and such Proof

of Claim is not the subject of an objection as of the Voting Record Date.

11.    12. The Debtors are authorized (but not required) to distribute the Disclosure

Statement (together with all exhibits thereto, including the Plan) to the Voting ClassesClass in

CD format in lieu of paper format.

12.    13. The Debtors are authorized to distribute, or cause to be distributed, by

first-class mail to all Holders of Claims and Equity Interests in the Non-Voting Classes a

Non-Voting Package, consisting of (a) the Confirmation Hearing Notice and (b) the Notice of Non-Voting Status.

13.    The Debtors are authorized to distribute, or cause to be distributed, a Confirmation Hearing Notice by first-class mail to all Entities whose Claims are listed in the Debtors' Schedules as contingent, unliquidated, or disputed.  For the avoidance of doubt, Entities whose Claims are listed in the Debtors' Schedules as contingent, unliquidated, or disputed and who do not otherwise timely file a Proof of Claim that is not the subject of an objection as of the Voting Record Date, will not receive a Solicitation Package and will not be entitled to vote on the Plan.

14.    To the extent that the U.S. Trustee, governmental units having an interest in these Cases or those parties requesting notice pursuant to Bankruptcy Rule 2002 have not otherwise received a Solicitation Package, the Debtors are authorized to mail, or cause to be mailed, to such parties a complete copy of the Solicitation Package, excluding ~~Ballots~~the Ballot.

15.    The Debtors shall complete, or cause to be completed, the distribution of the appropriate Solicitation Packages and Non-Voting Packages to all Holders of Claims or Equity Interests, as applicable, no later than ~~March 23,~~September 18, 2015 (the "Solicitation Date").

16.    The Debtors shall not be required to mail the Solicitation Packages and Non-Voting Packages to any Holders of Claims or Equity Interests, as applicable, that have listed addresses that have previously been determined to be undeliverable, unless the Debtors (through the Voting Agent) are provided with an accurate address for each Claim or Equity Interest Holder's previously undeliverable address not less than five (5) calendar days prior to the Solicitation Date.

17.    The deadline by which all Ballots must be properly executed, completed, delivered to, and actually received by the Voting Agent shall be ~~April 20,~~October 19, 2015 at 4:00 p.m. (prevailing Eastern Time) (the "Voting Deadline"), provided, however, that the Debtors are permitted, in ~~their sole discretion~~consultation with the Committee, to extend the Voting Deadline at any time before ~~or after~~ the Voting Deadline, on behalf of any individual voter or ~~any voting~~the Voting Class, as facts and circumstances may require.

18.    Each Holder of a Claim in ~~a~~the Voting Class shall be entitled to vote the amount of its Claim as of the Voting Record Date.  For purposes of voting and distribution in connection with the Plan, the Debtors will be substantively consolidated, meaning that all of the assets and liabilities of the Debtors will be deemed to be the assets and liabilities of a single Entity.  Votes to accept or reject ~~a~~the Plan by Holders of Claims against a particular Debtor shall be tabulated as ~~to each Debtor.  For~~votes to accept or reject the Plan for the substantively-consolidated Debtors.  Solely for purposes of voting on the Plan, and not for the purpose of making distributions on account of a Claim and without prejudice to the rights of the Debtors or any other proper party in interest in any other context, including Claims objections, with respect to all Holders of Claims in the Voting Class against the Debtors, the amount of a Claim used to tabulate acceptance or rejection of the Plan shall be as follows:

a.    The amount of the Claim listed in each of the applicable Debtor's Schedules; provided that (i) such Claim is not scheduled as contingent, unliquidated, undetermined or disputed or in the amount of $0.00, (ii) no Proof of Claim has been timely filed (or otherwise deemed timely filed under applicable law), (iii) such Claim has not been satisfied by the Debtors, or (iv) such Claim has not been resolved pursuant to a stipulation or order entered by the Court.

b.    The undisputed, non-contingent and liquidated amount specified in a Proof of Claim against a particular Debtor or Debtors timely filed with the Court or the Voting Agent by the ~~Voting Record Date~~applicable claims bar date (or otherwise deemed timely filed by the Court under applicable law) to the extent such Proof of Claim has not been amended or superseded by another Proof of Claim and is not the subject of an objection filed at least ten (10) days before the Voting Deadline

(or, if such Claim has been resolved pursuant to a stipulation or order entered by the Court, the amount set forth in such stipulation or order).

c.    If applicable, the amount temporarily allowed by the Court for voting purposes pursuant to Bankruptcy Rule 3018.

d.    Except as otherwise provided in subsection (c) hereof, a Ballot cast by an alleged Creditor who has timely filed a Proof of Claim in a wholly unliquidated, unknown or uncertain amount that is not the subject of a claim objection filed at least ten (10) days before the Voting Deadline shall be counted in determining whether the numerosity requirement of section 1126(c) of the Bankruptcy Code has been met, and shall be ascribed a value of one dollar ($1.00) for voting purposes only.

e.    Except as otherwise provided in subsection (c) hereof, with respect to a Ballot cast by an alleged Creditor who has timely filed a Proof of Claim, but the Claim is the subject of a claim objection filed at least ten (10) days before the Voting Deadline, the Ballot will not be counted for voting purposes.

f.    Notwithstanding subsection (e) hereof and except as otherwise provided in subsection (c) hereof, if the Debtors have requested that a Claim be reclassified and/or allowed in a fixed, reduced amount pursuant to a claim objection to such Claim, the Ballot of the Holder of such Claim shall be counted in the reduced amount requested by the Debtors and/or in the requested Class.

g.    ~~Notwithstanding anything to the contrary contained herein, to the extent that a Creditor holds identical and/or duplicate Claims against two or more Debtors (by virtue of one or more timely-filed Proofs of Claim, the Schedules of one or more Debtors, or a combination of both), (i) the amount of such Claim shall be counted only once and not aggregated in duplicate amounts for voting purposes and (ii) such Creditor shall be provided with only one Ballot for voting a single Claim in a Class against each applicable Debtor, regardless of whether the Debtors have objected to such identical and/or duplicate Claims.~~ Any Claim, or portion thereof, as to which two or more Debtors are co-liable as a legal or contractual matter, including, without limitation, based on principles of joint or several liability or based upon contractual guarantees, is defined under the Plan as a "Multi-Debtor Consolidated Claim" and Holders of Class 5 Claims that constitute Multi-Debtor Consolidated Claims as of the Voting Record Date shall hold a single Class 5 Claim against the substantively-consolidated Debtors that is in a voting amount that is 150% of the face amount of such Holder's Multi-Debtor Consolidated Claim against a single Debtor;[3] provided, however, that, except as otherwise provided in subsection (c) hereof, such Claims are reflected in the particular Debtors' Schedules or applicable Proofs of Claim against such particular Debtors that are not the subject of an objection by the Debtors.

---

[3]  By way of illustration, a Holder of a Class 5 Claim as of the Voting Record Date in the face amount of $1,000,000 against a Debtor based on a contract and against another Debtor based upon a guarantee with respect to that contract will be entitled to vote such Class 5 Claim in an amount of $1,500,000 against the Debtors.

1.        The following voting procedures and standard assumptions shall be used in tabulating the Ballots in the Voting Class:

a.        h. For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single Creditor against a Debtor in each~~the~~ Voting Class will be aggregated as if such Creditor held a single Claim against the ~~Debtor~~consolidated Debtors in ~~such~~the Voting Class, and the votes related to those Claims shall be treated as a single vote on the Plan, provided, however, that separate Claims held as of the Petition Date by different but related or affiliated Entities shall not be deemed to be held by a single Creditor pursuant to this provision, and the votes related to such Claims shall be treated as separate votes on the Plan.

b.        i. Creditors with multiple Claims within ~~a particular~~the Voting Class must vote all such Claims ~~in any such Voting Class~~ to either accept or reject the Plan, and may not split their vote(s) ~~within a Voting Class~~.  Accordingly, an individual Ballot that partially rejects and partially accepts the Plan on account of multiple Claims within the ~~same~~ Voting Class will not be counted.

c.        j. Each Creditor will be provided a single individual Ballot for all Claims held by such Creditor in a~~the~~ Voting Class against all applicable Debtors.

d.        k. In the event a Claim is transferred after the ~~transferor has executed and submitted~~Voting Record Date, only the Holder of such Claim as of the Voting Record Date may execute and submit a Ballot to the Voting Agent, the transferee of such Claim shall be bound by any such vote (and the consequences thereof) made by the Holder of such transferred Claim as of the Voting Record Date, and no "cause" will exist to permit any vote change under Bankruptcy Rule 3018(a).

e.        l. The delivery of a Ballot will be deemed made only when the Voting Agent has actually received the original, executed Ballot.

f.        ~~m. If a Holder of a Claim casts more than one Ballot voting~~Except as otherwise provided in subsection (d) hereof, any party who has previously delivered a valid Ballot for the acceptance or rejection of the Plan may revoke such Ballot and change its vote by delivering to the Voting Agent prior to the Voting Deadline a subsequent properly completed Ballot for acceptance or rejection of the Plan.  In the case where multiple Ballots are received from the same Holder with respect to the same Claim~~(s) before~~ prior to the Voting Deadline, the last timely received, properly~~-~~ executed Ballot ~~received before the Voting Deadline shall~~will be deemed to reflect that voter's intent and will supersede and revoke any ~~earlier-received Ballot, and only the last Ballot received before the Voting Deadline shall be counted~~prior Ballot.

g.        ~~n. If~~Notwithstanding subsection (f) hereof, if a Holder of a Claim casts multiple Ballots on account of the same Claim, which are received by the Voting Agent on

the same day and at the same time, but which are voted inconsistently, such Ballots shall not be counted.

h.    o. Except as otherwise provided in subsection (ed) hereof, any party who has delivered a valid Ballot for the acceptance or rejection of the Plan may withdraw such acceptance or rejection by delivering a written notice of withdrawal to the Voting Agent at any time prior to the Voting Deadline.  To be valid, a notice of withdrawal must (i) contain the description of the Claims to which it relates and the aggregate principal amount represented by such Claims, (ii) be signed by the withdrawing party in the same manner as the Ballot being withdrawn, (iii) contain a certification that the withdrawing party owns the Claims and possesses the right to withdraw the vote sought to be withdrawn, and (iv) be actually received by the Voting Agent prior to the Voting Deadline  The Debtors' right to contest the validity of any such withdrawals of Ballots is expressly reserved.

p.    If no Holders of Claims eligible to vote in a particular Class vote to accept or reject the Plan, the Plan will be deemed accepted by the Holders of such Claims in such Class.

1.    The following types of Ballots will not be counted in determining whether the

Plan has been accepted or rejected:

a.    q. Any Ballot that fails to clearly indicate an acceptance or rejection, or that indicates both an acceptance and a rejection, of the Plan.

b.    r. Any Ballot received after the Voting Deadline, except by order of the Bankruptcy Court or if the Debtors, in their sole discretionconsultation with the Committee, have granted an extension of the Voting Deadline with respect to such Ballot.

c.    s. Any Ballot containing a vote that the Bankruptcy Court determines was not solicited or procured in good faith or in accordance with the applicable provisions of the Bankruptcy Code.

d.    t. Any Ballot that is illegible or contains insufficient information to permit the identification of the Claim Holder.

e.    u. Any Ballot cast by an Entity that does not hold a Claim in a votingthe Voting Class.

f.    v. Any unsigned Ballot or Ballot without an original signature.

For the avoidance of doubt, each Holder of a Claim in the Voting Class may elect to opt out of

the releases set forth in Section 11.12 of the Plan, by checking the appropriate box on the

applicable Ballot, if such Holder does not otherwise vote to accept or reject the Plan (either by

failing to indicate an acceptance or rejection, indicating both an acceptance and rejection or otherwise submitting a Ballot that is not counted in determining whether the Plan has been accepted or rejected).

1.     The Debtors are authorized to reject any and all Ballots not in proper form, the acceptance of which would, in the opinion of the Debtors or their counsel, be unlawful.  The Debtors are further authorized to ~~waive~~permit for the cure of any defects or irregularities or conditions of delivery as to any particular Ballot.  The interpretation of all balloting rules and procedures (including the Ballot and the respective instructions thereto) by the Voting Agent and the Debtors, unless otherwise directed by the ~~Bankruptcy~~ Court, will be final and binding on all parties.  ~~Unless waived, any~~Any defects or irregularities in connection with deliveries of ~~ballots~~Ballots must be cured within such time as the Debtors (or the ~~Bankruptcy~~ Court) determine.  Neither the Debtors nor any other person will be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots nor will any of them incur any liabilities for failure to provide such notification.  Unless otherwise directed by the ~~Bankruptcy~~ Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured ~~or waived~~.  Ballots previously furnished (and as to which any irregularities have not theretofore been cured ~~or waived~~) will be invalidated.

~~22.     Each Holder of a Claim in the Voting Classes may choose to opt out of certain releases provided under the Plan if such Holder does not otherwise vote to accept or reject the Plan (either by failing to indicate an acceptance or rejection, indicating both an acceptance and a rejection or otherwise submitting a Ballot that is not counted in determining whether the Plan has been accepted or rejected), but timely submits a Ballot checking the appropriate box indicating an election of the Release Opt-Out by the Voting Deadline.  For the avoidance of doubt each~~

11

~~Holder of a Claim in the Voting Classes that votes to accept the Plan will be deemed to have irrevocably and unequivocally consented to the Releases set forth in Article 11.9 of the Plan and to be a Releasing Party under the Plan and each Holder of a Claim in the Voting Classes that votes to reject the Plan will be deemed not to be a Releasing Party under the Plan.~~

2.    ~~23.~~ The Voting Agent shall file its Voting Report by ~~April 22,~~ October 21, 2015, verifying the results of its voting tabulations reflecting the votes cast to accept or reject the Plan. The Voting Report will, among other things, describe every Ballot that does not conform to the Voting Instructions or that contains any form of irregularity, including, but not limited to, those Ballots that are late, illegible (in whole or in material part), unidentifiable, lacking signatures, lacking necessary information, or damaged.

~~24.    The Debtors are authorized to deliver Cure Notices to each of the counterparties of their Designated Contracts by April 7, 2015.  The Cure Notices will include the following information: (i) the title of the Designated Contract to be assumed; (ii) the name of the counterparty to the Designated Contract; (iii) any applicable estimated cure and reinstatement costs or expenses payable by the Debtors in connection with the assumption of such Designated Contract (the "Cure Costs"); and (iv) that Assumption Objections must be filed with the Court by April 21, 2015 at 4:00 p.m. (prevailing Eastern Time).~~

~~25.    If no Assumption Objection is timely filed with respect to a Designated Contract, the counterparty to such Designated Contract shall be deemed to have consented to the assumption of the Designated Contract and the Cure Costs proposed by the Debtors and shall be forever enjoined and barred from seeking any additional amount(s) on account of the Debtors' cure obligations under section 365 of the Bankruptcy Code or otherwise from the Debtors, their estates or the Reorganized Debtors; provided, however, that the counterparty to such Designated~~

~~Contract may seek additional amount(s) on account of any defaults occurring between the filing~~

~~of the Cure Notice and the occurrence of the Effective Date of the Plan.~~

~~26.     If any outstanding Assumption Objection remains unresolved following the~~

~~Confirmation Hearing, the Debtors' right is reserved to, subject to the terms of the Plan, reject~~

~~the Designated Contract which is the subject of such Assumption Objection at any time prior to~~

~~entry of an order of the Court authorizing the assumption of such Designated Contract.~~

~~27.     In the event of any dispute regarding any executory contract or unexpired lease,~~

~~including, without limitation, as to whether a contract or lease is executory or unexpired or with~~

~~respect to Cure or any other matter relating to assumption, the right of the Debtors or the~~

~~Reorganized Debtors, as applicable, to assume or reject such contract or lease shall be extended~~

~~until the date that is thirty (30) days after entry of a Final Order (as defined in the Plan) by the~~

~~Court resolving such dispute.~~

3.     ~~28.~~ The date set for the Confirmation Hearing shall be ~~April 27,~~ October 30, 2015 at ~~10~~11:00 a.m. (prevailing Eastern Time).  The Confirmation Hearing may be continued by the Debtors from time to time without further notice to Holders of Claims or Equity Interests or other parties in interest.

4.     ~~29.~~ The Debtors shall publish the Confirmation Hearing Notice once in the national edition of *USA Today* on a date not less than twenty-eight (28) calendar days before the Plan Objection Deadline.

5.     ~~30.~~ The deadline for filing and serving Plan Objections shall be ~~April 20,~~ October 19, 2015 at 4:00 p.m. (prevailing Eastern Time) (the "Plan Objection Deadline").  Plan Objections must (i) be in writing; (ii) state the name, address, and nature of the Claim or Equity Interest of the objecting or responding party; (iii) state with particularity the legal and factual

13

basis and nature of any Plan Objection; and (iv) be filed with the ~~Bankruptcy~~ Court and served on the following parties by the Objection Deadline: (i~~) the Debtors, Wet Seal, Inc., et al., 26972 Burbank, Foothill Ranch, California 92610 (Attn: Chief Executive Officer; Attn: Chief Financial Officer); (ii~~) counsel to the Debtors, Klee, Tuchin, Bogdanoff & Stern LLP, 1999 Avenue of the Stars, 39th Floor, Los Angeles, California 90067 (Attn: Michael L. Tuchin, Esq.~~; Attn:~~ and Lee R. Bogdanoff, Esq.; Email: mtuchin@ktbslaw.com and lbogdanoff@ktbslaw.com); and Young Conaway Stargatt & Taylor, LLP, 1000 N. King St., Rodney Square, Wilmington, Delaware 19801 (Attn: Michael R. Nestor, Esq.; ~~Attn: Maris J. Kandestin, Esq.); (iii~~Email: mnestor@ycst.com); (ii) counsel to the Official Committee of Unsecured Creditors, Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, California 90067 (Attn: Jeffrey N. Pomerantz, Esq.~~; Attn: Shirley S. Cho, Esq.) and 919 N. Market Street, 17th Floor, Wilmington, Delaware 19899 (Attn: Bradford J. Sandler, Esq.); (iv) counsel to B. Riley Financial, Inc., Skadden, Arps, Slate, Meagher & Flom LLP, 300 South Grand Avenue, Suite 3400, Los Angeles, California 90071 (Attn: Van C. Durrer II, Esq.; Attn: Adithya Mani, Esq.); (v) counsel to Bank of America, N.A., Riemer & Braunstein LLP, Times Square Tower, Seven Times Square, New York, New York 10036 (Attn: Steven E. Fox~~ and Shirley S. Cho, Esq.; Email: jpomerantz@pszjlaw.com and scho@pszjlaw.com); 780 Third Ave., 34th Floor, New York, NY 10017 (Attn: Robert J. Feinstein, Esq.; Email: rfeinstein@pszjlaw.com); and 919 N. Market Street, 17th Floor, Wilmington, Delaware 19899 (Attn: Bradford J. Sandler, Esq.; Email: bsandler@pszjlaw.com); (iii) counsel to Mador Lending, LLC, Greenberg Traurig, LLP, 77 West Wacker Drive, Suite 3100, Chicago, IL 60601 (Attn: Nancy A. Peterman, Esq.; Email: petermann@gtlaw.com) and Klehr Harrison Harvey Branzburg LLP, 919 N. Market Street, Suite 1000, Wilmington, Delaware 19801 (Attn: Domenic E. Pacitti, Esq.; Email:

dpacitti@klehr.com); and (vi~iv) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801. 19801 (Attn: Benjamin A. Hackman, Esq.; Email: benjamin.a.hackman@usdoj.gov).

6.     31. The Debtors, or any other party supporting Confirmation of the Plan, are authorized to file a response to any Plan Objections no later than April 24, October 26, 2015 at 4:00 p.m. (prevailing Eastern Time). At that time, the Debtors shall also file their proposed findings of fact and conclusions of law in support of Confirmation of the Plan together with a form of order confirming the Plan.

7.     32. Copies of the Plan and all pleadings and orders of this Court shall be publicly available free of charge from the Voting Agent at: www.donlinrecano.com/wetseal.

33.     Notification of the relief granted in this Order as provided herein is fair and reasonable and is approved, and will provide good, sufficient, and proper notice to all creditors of their obligations in connection with claims they may have against any of the Debtors in these Cases at the Debtors' restructuring website at: https://www.donlinrecano.com/Clients/wsi/Index.

8.     34. The Debtors are authorized to make non-substantive or immaterial changes to the Disclosure Statement and all related documents (including, without limitation, all exhibits thereto) without further order of the Court, including, without limitation, (i) making ministerial changes to correct typographical and grammatical errors, and making conforming changes among the Disclosure Statement, the Plan, the Ballots, and any other materials in the Solicitation Packages prior to mailing as may be appropriate; and (ii) altering the format of such documents to facilitate their prompt and economical distribution (e.g., if applicable, single spacing the documents, removing pleading lines, and the like).

9. ~~35.~~ The Debtors are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Disclosure Statement Order.

10. ~~36.~~ The Court retains jurisdiction and power with respect to all matters arising from or related to the implementation or interpretation of this Disclosure Statement Order.

Dated:
_____, 2015
Wilmington, Delaware

_____
~~CHRISTOPHER~~
Christopher S. ~~SONTCHI~~Sontchi
~~UNITED STATES BANKRUPTCY JUDGE~~United

States Bankruptcy Judge

# **Exhibit 1**

**Confirmation Hearing Notice**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

In re

~~THE WET~~ SEAL 123, INC. ~~, a Delaware corporation~~, *et al.*[1]

Debtors.

Chapter 11

Case No.: 15-10081 (CSS)

(Jointly Administered)

**Re: Docket No. ___**

## NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT, (II) ESTABLISHMENT OF VOTING RECORD DATE, (III) HEARING ON CONFIRMATION OF PLAN AND PROCEDURES AND DEADLINE FOR OBJECTING TO CONFIRMATION OF PLAN, AND (IV) PROCEDURES AND DEADLINE FOR VOTING ON PLAN

**PLEASE TAKE NOTICE OF THE FOLLOWING**:

1. ~~37.~~ ***Approval of Disclosure Statement***. By order dated [_____], 2015 (the "Disclosure Statement Order"), the United States Bankruptcy Court for the District of Delaware (the "Court"), having jurisdiction over the chapter 11 cases of ~~The Wet Seal, Inc., The Wet Seal Retail, Inc., Wet Seal Catalog, Inc., and Wet Seal GC, LLC~~ the above-captioned debtors (the "Debtors"), approved the *Disclosure Statement for the First Amended Joint Plan of ~~Reorganization of The Wet~~ Liquidation of Seal 123, Inc. and Subsidiary Debtors and Their Official Committee of Unsecured Creditors* (as it may be amended, supplemented or modified from time to time, the "Disclosure Statement") as containing adequate information within the meaning of section 1125 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), and authorized the Debtors to solicit votes to accept or reject the *First Amended Joint Plan of ~~Reorganization of The Wet~~ Liquidation of Seal 123, Inc. and Subsidiary Debtors and Their Official Committee of Unsecured Creditors* (as it may be amended, supplemented or modified from time to time pursuant to the terms thereof, the "Plan"),[2] annexed as Exhibit A to the Disclosure Statement.

2. ~~38.~~ ***Deadline for Voting on the Plan***. By the Disclosure Statement Order, the Bankruptcy Court established ~~April 20,~~ October 19, 2015 at 4:00 p.m. (prevailing Eastern Time) (the "Voting Deadline") as the deadline by which ~~ballots~~ Ballots accepting or rejecting the Plan must be received. Only ~~holders~~ Holders of ~~claims~~ Claims in ~~Classes~~ Class 5 ~~and 6~~ under the Plan are entitled to vote on the Plan and will receive ~~ballots~~ Ballots for casting such votes. To be counted, original ~~ballots~~ Ballots must **actually be received** on or before the Voting Deadline by Donlin, Recano & Company, Inc. (the "Voting Agent") at (i) Donlin, Recano & Company, Inc., Attn: ~~The Wet~~ Seal 123, Inc. Ballot Processing, P.O. Box 2034, Murray Hill Station, New York, NY 10156-0701, if by first-class mail, or (ii) Donlin, Recano & Company, Inc., Attn: ~~The Wet~~ Seal 123, Inc. Ballot Processing, 6201 15th Avenue, Brooklyn, NY 11219, if by personal delivery or overnight courier. Ballots cast by e-mail, facsimile or any other electronic format will not be counted, unless approved by the Debtors. Holders of ~~unimpaired claims~~ Unimpaired Claims under the Plan and Classes that are deemed to reject the Plan are not entitled to vote on the Plan and, therefore, will receive a Notice of Non-Voting Status rather than a ballot.

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Seal123, Inc. (f/k/a The Wet Seal, Inc.) (5940); Seal123 Retail, Inc. (f/k/a The Wet Seal Retail, Inc.) (6265); Seal123 Catalog, Inc. (f/k/a Wet Seal Catalog, Inc.) (7604); and Seal123 GC, LLC (f/k/a Wet Seal GC, LLC) (2855-VA). The Debtors' address is 26972 Burbank, Foothill Ranch, CA 92610.

[2] All capitalized terms used but not otherwise defined herein shall have the meaning provided to them in the Plan.

3. ~~39.~~ *Confirmation Hearing*.  A hearing (the "Confirmation Hearing") will be held before the Honorable Christopher S. Sontchi, United States Bankruptcy Judge, on ~~April 27,~~ October 30, 2015 at ~~10~~11:00 a.m. (prevailing Eastern Time), in Courtroom 6 of the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 5th Floor, Wilmington, Delaware 19801, to consider confirmation of the Plan, and for such other and further relief as may be just or proper.  The Confirmation Hearing may be continued from time to time without further notice other than the announcement of the adjourned date(s) at the Confirmation Hearing or any continued hearing or on the applicable hearing agenda.  The Plan may be modified in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Plan and other applicable law, without further notice, prior to or as a result of the Confirmation Hearing.  If the Court enters an order confirming the Plan, Bankruptcy Code section 1141 shall become applicable with respect to the Plan and the Plan shall be binding on all parties to the fullest extent permitted by the Bankruptcy Code.

4. ~~40.~~ *Deadline for Objections to Confirmation of Plan*.  Objections, if any, to confirmation of the Plan, must (a) be in writing; (b) state the name and address of the objecting party and the nature of the claim or interest of such party; (c) state with particularity the legal and factual basis and nature of any objection or response; and (d) be filed with the Bankruptcy Court and served on the following parties so as to be actually received **before 4:00 p.m. (prevailing Eastern Time) on** ~~April 20, 2015~~: ~~the Debtors, Wet Seal, Inc., et al., 26972 Burbank, Foothill Ranch, California 92610 (Attn: Chief Executive Officer; Attn: Chief Financial Officer);~~ October 19, 2015: (i) counsel to the Debtors, Klee, Tuchin, Bogdanoff & Stern LLP, 1999 Avenue of the Stars, 39th Floor, Los Angeles, California 90067 (Attn: Michael L. Tuchin, Esq.~~; Attn:~~ and Lee R. Bogdanoff, Esq.; Email: mtuchin@ktbslaw.com and lbogdanoff@ktbslaw.com); and Young Conaway Stargatt & Taylor, LLP, 1000 N. King St., Rodney Square, Wilmington, Delaware 19801 (Attn: Michael R. Nestor, Esq.; ~~Attn: Maris J. Kandestin, Esq.);~~ Email: mnestor@ycst.com); (ii) counsel to the Official Committee of Unsecured Creditors, Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, California 90067 (Attn: Jeffrey N. Pomerantz, Esq.~~; Attn: Shirley S. Cho, Esq.) and 919 N. Market Street, 17th Floor, Wilmington, Delaware 19899 (Attn: Bradford J. Sandler, Esq.); counsel to B. Riley Financial, Inc., Skadden, Arps, Slate, Meagher & Flom LLP, 300 South Grand Avenue, Suite 3400, Los Angeles, California 90071 (Attn: Van C. Durrer II, Esq.; Attn: Adithya Mani, Esq.); counsel to Bank of America, N.A., Riemer & Braunstein LLP, Times Square Tower, Seven Times Square, New York, New York 10036 (Attn: Steven E. Fox~~ and Shirley S. Cho, Esq.; Email: jpomerantz@pszjlaw.com and scho@pszjlaw.com; 780 Third Ave., 34th Floor, New York, NY 10017 (Attn: Robert J. Feinstein, Esq.; Email: rfeinstein@pszjlaw.com; and 919 N. Market Street, 17th Floor, Wilmington, Delaware 19899 (Attn: Bradford J. Sandler, Esq.; Email: bsandler@pszjlaw.com); (iii) counsel to Mador Lending, LLC, Greenberg Traurig, LLP, 77 West Wacker Drive, Suite 3100, Chicago, IL 60601 (Attn: Nancy A. Peterman, Esq.; Email: petermann@gtlaw.com) and Klehr Harrison Harvey Branzburg LLP, 919 N. Market Street, Suite 1000, Wilmington, Delaware 19801 (Attn: Domenic E. Pacitti, Esq.; Email: dpacitti@klehr.com); and (iv) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE ~~19801~~19801 (Attn: Benjamin A. Hackman, Esq.; Email: benjamin.a.hackman@usdoj.gov).  Objections to the Plan may be submitted by any parties in interest in the Debtors' Chapter 11 Cases.

5. ***Releases, Discharges, Injunctions, and Exculpations*.  PLEASE BE ADVISED THAT THE PLAN CONTAINS CERTAIN RELEASES, DISCHARGES, INJUNCTIONS, AND EXCULPATIONS.  YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, DISCHARGE, INJUNCTION, AND EXCULPATION PROVISIONS SET FORTH IN ARTICLE XI OF THE PLAN, AS YOUR RIGHTS MIGHT BE AFFECTED.**

6. *Additional Copies of Documents*.  Copies of the Plan are available for review under the "Plan and Disclosure Statement" tab by accessing

https://~~donlinrecano.com/wetseal~~www.donlinrecano.com/Clients/wsi/Index.  In addition, copies of the Plan are available upon written request via first class mail to the Debtors' Voting Agent at Donlin, Recano & Company, Inc., Re: ~~The Wet Seal,~~Seal123, Inc., *et al.*, P.O. Box 2034, Murray Hill Station, New York, NY 10156-0701.  Further, copies of the Plan can be requested via email to balloting@donlinrecano.com with ~~Wet Seal referenced in the subject line.~~ Seal123 referenced in the subject line.

Dated:  _____, 2015

_____

Young Conaway Stargatt & Taylor, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Tel:      (302) 571-6600

Klee, Tuchin, Bogdanoff & Stern  LLP
1999 Avenue of the Stars, 39th Floor
Los Angeles, CA 90067
Tel:      (310) 407-4022

*Counsel for the Debtors and Debtors in Possession*

# Exhibit 2

**Form of Class 5 Ballot**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>~~THE WET~~ SEAL~~,~~123, INC.~~, a Delaware corporation~~, *et al.*,[1]<br><br><br>Debtors. | Chapter 11<br><br>Case No.: 15-10081 (CSS)<br><br>(Jointly Administered) |

**BALLOT FOR CLASS 5 GENERAL UNSECURED CLAIMS**
**FOR ACCEPTING OR REJECTING THE FIRST AMENDED JOINT PLAN**
**OF ~~REORGANIZATION~~LIQUIDATION OF ~~THE WET~~ SEAL~~,~~123, INC. AND SUBSIDIARY**
**DEBTORS**
**AND THEIR OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

---

**TO BE COUNTED, YOUR VOTE MUST BE ACTUALLY RECEIVED BY DONLIN, RECANO & COMPANY, INC. BY ~~APRIL 20,~~OCTOBER 19, 2015, AT 4:00 P.M. (PREVAILING EASTERN TIME).**

---

This ballot (the "Ballot") is being submitted to you by the above-captioned debtors and debtors in possession (the "Debtors") to solicit your vote to accept or reject the *First Amended Joint Plan of ~~Reorganization of The Wet~~Liquidation of Seal~~,~~123, Inc. and Subsidiary Debtors and their Official Committee of Unsecured Creditors* (as it may be amended, supplemented or modified from time to time pursuant to the terms thereof, the "Plan")[2] submitted by the Debtors and described in the related *Disclosure Statement for the First Amended Joint Plan of ~~Reorganization of The Wet~~Liquidation of Seal~~,~~123, Inc. and Subsidiary Debtors and their Official Committee of Unsecured Creditors* (as it may be amended, supplemented or modified from time to time, the "Disclosure Statement"), that was approved by an order of the United States Bankruptcy Court for the District of Delaware (the "Court"). The Disclosure Statement describes the Plan and provides information to assist you in deciding how to vote your Ballot. Court approval of the Disclosure Statement does not indicate Court approval of the Plan. If you do not have a Disclosure Statement or Plan, you may obtain a copy free of charge ~~on the dedicated webpage of~~at the Debtors' restructuring website maintained by Donlin, Recano & Company, Inc. (the "Voting Agent") at https://www.donlinrecano.com/~~wetseal~~Clients/wsi/Index. Copies of the Disclosure Statement and Plan are also available: (a) for a fee, on the Court's website, www.deb.uscourts.gov (a PACER account is required); (b) upon written request to the Voting Agent at Donlin, Recano & Company, Inc., Re: ~~The Wet~~ Seal~~,~~123, Inc., *et al.*, P.O. Box 2034, Murray Hill Station, New York, NY 10156; or (c) by contacting the Voting Agent via email to balloting@donlinrecano.com with ~~Wet~~ Seal123 referenced in the subject line.

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Seal123, Inc. (f/k/a The Wet Seal, Inc.) (5940); Seal123 Retail, Inc. (f/k/a The Wet Seal Retail, Inc.) (6265); Seal123 Catalog, Inc. (f/k/a Wet Seal Catalog, Inc.) (7604); and Seal123 GC, LLC (f/k/a Wet Seal GC, LLC) (2855-VA). The Debtors' address is 26972 Burbank, Foothill Ranch, CA 92610.

[2] All capitalized terms used but not otherwise defined herein have the meanings set forth in the Plan.

~~DC~~:17490388.1

---

**IMPORTANT**

You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your Claim has been placed in Class 5 – General Unsecured Claims under the Plan. ~~If you hold Claims in more than one Class under the Plan, you will receive a ballot for each Class in which you are entitled to vote.~~

If your Ballot is not <u>actually</u> <u>received</u> by the Voting Agent on or before ~~April 20,~~<u>October 19,</u> 2015, at 4:00 p.m. (prevailing Eastern Time) (the "<u>Voting Deadline</u>"), and such deadline is not extended ~~in the sole discretion of the Debtors~~<u>by the Debtors (in consultation with the Creditors' Committee) or order of the Court</u>, your vote will not count as either an acceptance or rejection of the Plan. If the Plan is confirmed by the Court it will be binding on you whether or not you vote.

You may return your Ballot in the return envelope provided in your package or send it to:

| | |
|---|---|
| *If by First Class Mail:* | *If by Hand Delivery or Overnight Courier:* |
| Donlin, Recano & Company, Inc. | Donlin, Recano & Company, Inc. |
| Re: ~~The Wet~~ Seal<u>123,</u>, Inc., *et al.* | Re: ~~The Wet~~ Seal<u>123,</u>, Inc., *et al.* |
| Attn: ~~The Wet~~ Seal<u>123,</u> Inc. Ballot Processing | Attn: ~~The Wet~~ Seal<u>123,</u> Inc. Ballot Processing |
| P.O. Box 2034, Murray Hill Station | 6201 15th Avenue |
| New York, NY 10156 | ~~-0701~~_____Brooklyn, NY 11219 |

---

**ACCEPTANCE OR REJECTION OF THE PLAN**

**Item 1. Vote Amount**. For purposes of voting to accept or reject the Plan, as of ~~March 17, 2015 (the "Voting Record Date"), the undersigned (the "Claimant") was a holder of a Class 5 General Unsecured Claim in the aggregate amount set forth below.~~<u>September 8, 2015 (the "Voting Record Date"), the undersigned (the "Claimant") was a holder of a Class 5 General Unsecured Claim in the aggregate amount set forth below.</u>

~~$~~_____

~~**Item 2. Vote on Plan**. **CHECK ONE BOX ONLY:**~~

⊟     ~~**ACCEPTS (votes FOR) the Plan**.~~

⊟     ~~**REJECTS (votes AGAINST) the Plan**.~~

~~**Item 3. Treatment Election.** **Unless the Claimant checks the New Equity Election box below**, the Claimant shall receive, in full satisfaction, settlement, release, and discharge of and in exchange for its Allowed General Unsecured Claim, a Cash payment equal to 5% of such Allowed General Unsecured Claim.~~

| | |
|---|---|
| ⊟ | ~~I hereby elect to make the New Equity Election and receive in full satisfaction, settlement, release, and discharge of and in exchange for my Allowed General Unsecured Claim, a Pro Rata share of the Non-Plan Sponsor New Equity based on the unpaid portion of the Face Amount of such Allowed General Unsecured Claim as a percentage of the Debtors'~~ |

~~estimate of the aggregate of the Face Amounts of all Allowed General Unsecured Claims (with any future issuances of Non-Plan Sponsor New Equity to be made consistent with the actual aggregate of the Face Amounts of all Allowed General Unsecured Claims when such aggregate amount is determined).~~

~~**Item 4. Tax Information**. Under penalty of perjury, Claimant certifies that:~~

~~A.    Claimant's correct taxpayer identification number is:~~

~~(Social Security Number) ____ __ ____,~~

~~(or Employer Identification Number) ____ _____; and~~

~~B.    Claimant is not subject to backup withholding because (please check appropriate box):~~

~~☐    (i) Claimant is exempt from backup withholding;~~

~~☐    (ii) Claimant has not been notified by the Internal Revenue Service ("**IRS**") that Claimant is subject to backup withholding as a result of a failure to report all interest or dividends; or~~

~~☐    (iii) The IRS has notified Claimant that Claimant is no longer subject to backup withholding.~~

~~**Item 5. Opt-Out Election (for Holders of Class 5 General Unsecured Claims that DO NOT vote to accept or reject the Plan only)**. By checking the box below, the undersigned Claimant that **DID NOT** either vote to accept or reject the Plan, elects **NOT** to release the Released Parties as set forth in Article 11.9 of the Plan. **IF YOU VOTED IN ITEM 2 ABOVE ONLY TO REJECT THE PLAN, REGARDLESS OF WHETHER YOU CHECK THE BOX BELOW, YOU WILL NOT BE BOUND BY THE RELEASES SET FORTH IN ARTICLE 11.9 OF THE PLAN. IF YOU VOTED IN ITEM 2 ABOVE ONLY TO ACCEPT THE PLAN, REGARDLESS OF WHETHER YOU CHECK THE BOX BELOW, YOU WILL BE DEEMED TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED AND DISCHARGED THE RELEASED PARTIES FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION TO THE EXTENT PROVIDED IN ARTICLE 11.9 OF THE PLAN.**~~

~~☐    **The undersigned Claimant elects not to grant (OPTS OUT of) the releases set forth in Article 11.9 of the Plan.**~~

~~**IMPORTANT INFORMATION REGARDING THE RELEASES**~~

~~Following confirmation, subject to Article IX of the Plan, the Plan will be substantially consummated on the Effective Date. Among other things, effective as of the Confirmation Date but subject to the occurrence of the Effective Date, certain release, injunction, exculpation and discharge provisions set forth in Article 11.9 of the Plan will become effective. In determining how to cast your vote on the Plan, it is important to read the provisions contained in Article 11.9 of the Plan very carefully so that you~~

understand how confirmation and substantial consummation of the Plan — which effectuates such provisions — will affect you and any Claim(s) you may hold against the Released Parties under the Plan.

Specifically, the releases in Article 11.9 of the Plan (the "Releases") bind the "Releasing Parties," which the Plan defines as "(a) the Debtors, (b) the Reorganized Debtors, (c) the Estates, and any Entity seeking to exercise the rights of the Estates, including, without limitation, any successor to the Debtors or any Estate representative appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code, and (d) all Holders of Claims in Classes 5 or 6 that (i) vote to accept the Plan or (ii) do not otherwise vote to accept or reject the Plan and do not timely submit a Release Opt-Out indicating such Holder's decision to not participate in the releases set forth in Article 11.9 of the Plan." The Releases provide for, among other things, the following:

*Notwithstanding anything in the Plan to the contrary, on the Effective Date and effective as of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, each of the Releasing Parties shall be deemed, to the maximum extent permitted by law, to have forever released, waived, and discharged each of the Released Parties from any and all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action (including, without limitation, claims or causes of action arising under chapter 5 of the Bankruptcy Code), and liabilities whatsoever, whether known or unknown, whether foreseen or unforeseen, whether liquidated or unliquidated, whether fixed or contingent, whether matured or unmatured, existing or hereafter arising, at law, in equity, or otherwise, that are based in whole or in part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, the Reorganized Debtors, the Chapter 11 Cases, the Plan, the Restructuring, or the Plan Sponsorship Agreement, except for acts or omissions that are determined in a Final Order to have constituted actual fraud or willful misconduct; provided, however, that nothing in Article 11.9 of the Plan shall be deemed to prohibit the Reorganized Debtors from asserting and enforcing any claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, and liabilities that any of the Reorganized Debtors may have against any directors or officers for alleged breach of confidentiality, or any other contractual obligations owed to any of the Reorganized Debtors, including non-compete and related agreements and obligations.*

**Item 6.  Certification**.  By signing this Ballot, the Claimant certifies that: (a) on the Voting Record Date, it was the Holder of the Class 5 General Unsecured Claim to which this Ballot pertains or an authorized signatory for such Holder; (b) it has full power and authority to vote to accept or reject the Plan, make the New Equity Election and/or Opt Out Election, execute, and return the Ballot; and (c) it has received a copy of the Disclosure Statement, the Plan, and other solicitation materials.  The undersigned understands that an otherwise properly completed, executed and timely returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted.  The undersigned also certifies that its vote on the Plan is subject to all the terms and conditions set forth in the Plan and the Disclosure Statement.

Name of Claimant: _____

Signature: _____

Name (if different from Claimant): _____

Title: _____

Address: _____
_____
_____

Dated:_____

Please make sure you have provided all information requested in this Ballot. Please read and follow the instructions set forth in the attached Voting Instructions carefully. Please complete, sign and date this Ballot and return it by mail, hand delivery or overnight courier so that it is received by the Voting Agent by April 20, 2015, at 4:00 p.m. (prevailing Eastern Time).

**VOTING INSTRUCTIONS**

1.    In order for your vote to count, you must:

   (i)    In the boxes provided in Item 2 of the Ballot, indicate either acceptance or rejection of the Plan by checking the appropriate box; and

   (ii)    Review and sign the certifications in Item 6 of the Ballot.  Please be sure to sign and date your Ballot.  Your signature is required in order for your vote to be counted.  If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing.  If the General Unsecured Claim is held by an entity, your Ballot must be executed in the name of an authorized signatory.  In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

2.    In the box provided in Item 3, you may make the New Equity Election with respect to the distribution on account of your Claim.

3.    To facilitate distributions under the Plan (to the extent that the Plan is confirmed and consummated), please complete Item 4, which requests certain tax information that is necessary to make distributions to Holders of Claims.

4.    If you did not either vote to accept or reject the Plan, review the opt-out election disclosure in Item 5, and determine whether to opt out of the Plan's release provisions by checking the box in Item 5.

5.    **To have your vote counted and for any elections made in this Ballot to be effective, you must complete, sign and return this Ballot so that it is actually received by the Voting Agent not later than 4:00 p.m. (prevailing Eastern Time) on April 20, 2015.**

6.    Return the completed Ballot to the Voting Agent in the pre-addressed, postage pre-paid return envelope enclosed with this Ballot or return it to:

| | |
|---|---|
| *If by First Class Mail:* | *If by Hand Delivery or Overnight Mail:* |
| Donlin, Recano & Company, Inc. | Donlin, Recano & Company, Inc. |
| Re: The Wet Seal, Inc., *et al.* | Re: The Wet Seal, Inc., *et al.* |
| Attn: The Wet Seal, Inc. Ballot Processing | Attn: The Wet Seal, Inc. Ballot Processing |
| P.O. Box 2034, Murray Hill Station | 6201 15th Avenue |
| New York, NY 10156 | Brooklyn, NY 11219 |

7.    DO NOT SUBMIT YOUR BALLOT BY FAX, EMAIL OR ELECTRONIC TRANSMISSION.  A Ballot submitted by fax, email or electronic transmission will not be counted, unless approved by the Debtors in writing or otherwise ordered by the Court.

8.    A Ballot that either indicates both acceptance and rejection of the Plan or fails to indicate either an acceptance or rejection of the Plan, will not be counted.

9.    You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan.  A Ballot that partially rejects and partially accepts the Plan will not be counted.

10. If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the last properly executed Ballot timely received by the Voting Agent will be deemed to reflect your intent and shall supersede and revoke any earlier received Ballot. If you cast multiple Ballots on account of the same Claim, which are received by the Voting Agent on the same day, but which are voted inconsistently, such Ballots shall not be counted.

11. Any Ballot that is illegible or that contains insufficient information to permit the identification of the Claimant will not be counted.

12. This Ballot does not constitute, and shall not be deemed to be, a proof of claim against any of the Debtors or an assertion or admission of a Claim by any of the Debtors.

13. To the extent possible, the Debtors shall mail each voting claimant a single Ballot on behalf of all Claims held by such claimant in a particular class of Claims.

14. It is important that you vote. The Plan can be confirmed by the Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of title 11 of the United States Code (the "Bankruptcy Code"). If the requisite acceptances are not obtained, the Court nonetheless may confirm the Plan if it finds that the Plan: (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes voting to reject the Plan; and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. To confirm a plan over the objection of a dissenting Class, the Court also must find that at least one Impaired Class has accepted the plan, with such acceptance being determined without including the acceptance of any "insider" in such Class.

15. NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER SOLICITATION MATERIALS APPROVED BY THE COURT, INCLUDING, WITHOUT LIMITATION, THE DISCLOSURE STATEMENT.

16. PLEASE RETURN YOUR BALLOT PROMPTLY.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THESE VOTING INSTRUCTIONS, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (877) 814-9751.

## Exhibit 3

### Form of Class 6 BallotIN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | Chapter 11 |
|---|---|

In re

THE WET SEAL, INC., a Delaware corporation, *et al.*,[1]

Debtors.

Case No.:  15-10081 (CSS)

(Jointly Administered)

**BALLOT FOR CLASS 6 CONVENIENCE CLAIMS FOR
ACCEPTING OR REJECTING THE JOINT PLAN OF REORGANIZATION
OF THE WET SEAL, INC. AND SUBSIDIARY DEBTORS**

**TO BE COUNTED, YOUR VOTE MUST BE ACTUALLY RECEIVED BY DONLIN, RECANO & COMPANY, INC. BY APRIL 20, 2015, AT 4:00 P.M. (PREVAILING EASTERN TIME).**

This ballot (the "Ballot") is being submitted to you by the above-captioned debtors and debtors in possession (the "Debtors") to solicit your vote to accept or reject the *Joint Plan of Reorganization of The Wet Seal, Inc. and Subsidiary Debtors* (as it may be amended, supplemented or modified from time to time pursuant to the terms thereof, the "Plan")[2] submitted by the Debtors and described in the related *Disclosure Statement for the Joint Plan of Reorganization of The Wet Seal, Inc. and Subsidiary Debtors* (as it may be amended, supplemented or modified from time to time, the "Disclosure Statement"), that was approved by an order of the United States Bankruptcy Court for the District of Delaware (the "Court").  The Disclosure Statement describes the Plan and provides information to assist you in deciding how to vote your Ballot.  Court approval of the Disclosure Statement does not indicate Court approval of the Plan.  If you do not have a Disclosure Statement or Plan, you may obtain a copy free of charge on the dedicated webpage of Donlin, Recano & Company, Inc. (the "Voting Agent") at www.donlinrecano.com/wetseal.  Copies of the Disclosure Statement and Plan are also available:  (a) for a fee, on the Court's website, www.deb.uscourts.gov (a PACER account is required); (b) upon written request to the Voting Agent at Donlin, Recano & Company, Inc., Re: The Wet Seal, Inc., et al., P.O. Box 2034, Murray Hill Station, New York, NY 10156; or (c) by contacting the Voting Agent via email to balloting@donlinrecano.com with Wet Seal referenced in the subject line.

You are receiving this Ballot because you may hold a "Convenience Claim," which the Plan defines as follows:  "All Unsecured Claims of a single Holder of a type that would otherwise be included as a General Unsecured Claim in Class 5 that are less than or equal to $30,000 in the aggregate."

**IMPORTANT**

**You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.  Your Claim has been placed in Class 6 — Convenience Claims under the Plan.  If you hold Claims in more than one Class under the Plan, you will receive a ballot for each Class in which you are entitled to vote.**

[1]  The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows:  The Wet Seal, Inc. (5940); The Wet Seal Retail, Inc. (6265); Wet Seal Catalog, Inc. (7604); and Wet Seal GC, LLC (2855 VA).  The Debtors' address is 26972 Burbank, Foothill Ranch, CA 92610.

[2] All capitalized terms used but not otherwise defined herein have the meanings set forth in the Plan.

<div style="border:1px solid">

**If your Ballot is not ~~actually received~~ by the Voting Agent on or before April 20, 2015, at 4:00 p.m. (prevailing Eastern Time) (the "Voting Deadline"), and such deadline is not extended in the sole discretion of the Debtors, your vote will not count as either an acceptance or rejection of the Plan.**

**If the Plan is confirmed by the Court it will be binding on you whether or not you vote.**

**You may return your Ballot in the return envelope provided in your package or send it to:**

*If by First Class Mail:*                                      *If by Hand Delivery or Overnight Mail:*
**Donlin, Recano & Company, Inc.**                    **Donlin, Recano & Company, Inc.**
**Re: The Wet Seal, Inc., et al.**                         **Re: The Wet Seal, Inc., et al.**
**Attn: The Wet Seal, Inc. Ballot Processing**     **Attn: The Wet Seal, Inc. Ballot Processing**
**P.O. Box 2034, Murray Hill Station**           **6201 15th Avenue**
**New York, NY 10156** -             **Brooklyn, NY 11219**

</div>

**ACCEPTANCE OR REJECTION OF THE PLAN**

**Item 1.  Vote Amount**.  For purposes of voting to accept or reject the Plan, as of March 17, 2015 (the "Voting Record Date"), the undersigned (the "Claimant") was a Holder of a Class 6 Convenience Claim in the aggregate amount set forth below.

$_____

Amount: $_____

**Item 2.  Vote on Plan**.  **CHECK ONE BOX ONLY:**

☐       **ACCEPTS (votes FOR) the Plan**.

☐       **REJECTS (votes AGAINST) the Plan**.

**Item 3.  Tax Information**.  Under penalty of perjury, Claimant certifies that:

A.      Claimant's correct taxpayer identification number is:

(Social Security Number) \_\_\_\_-\_\_-\_\_\_\_,

(or Employer Identification Number) \_\_\_-_____; and

B.      Claimant is not subject to backup withholding because (please check appropriate box):

☐       (i)  Claimant is exempt from backup withholding;

☐       (ii)  Claimant has not been notified by the Internal Revenue Service ("**IRS**") that Claimant is subject to backup withholding as a result of a failure to report all interest or dividends; or

☐       (iii)  The IRS has notified Claimant that Claimant is no longer subject to backup withholding.

**Item 4. Opt-Out Election (for Holders of Class ~~6 Convenience~~5 General Unsecured Claims that DO NOT vote to accept or reject the Plan only)**. By checking the box below, the undersigned Claimant that **DID NOT** either vote to accept or reject the Plan, elects **NOT** to release the Released Parties as set forth in ~~Article 11.9~~Section 11.12 of the Plan. **IF YOU VOTED IN ITEM 2 ABOVE ONLY TO REJECT THE PLAN, REGARDLESS OF WHETHER YOU CHECK THE BOX BELOW, YOU WILL NOT BE BOUND BY THE RELEASES SET FORTH IN ~~ARTICLE 11.9~~SECTION 11.12 OF THE PLAN. IF YOU VOTED IN ITEM 2 ABOVE ONLY TO ACCEPT THE PLAN, REGARDLESS OF WHETHER YOU CHECK THE BOX BELOW, YOU WILL BE DEEMED TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED AND DISCHARGED THE RELEASED PARTIES FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION TO THE EXTENT PROVIDED IN ~~ARTICLE 11.9~~SECTION 11.12 OF THE PLAN.**

☐      **The undersigned Claimant elects <u>not</u> to grant (OPTS OUT of) the releases set forth in ~~Article 11.9~~Section 11.12 of the Plan.**

<u>**IMPORTANT INFORMATION REGARDING THE RELEASES**</u>

Following confirmation, subject to Article IX of the Plan, the Plan will be substantially consummated on the Effective Date. Among other things, effective as of the Confirmation Date but subject to the occurrence of the Effective Date, certain release, injunction, exculpation and discharge provisions set forth in ~~Article 11.9~~Section 11.12 of the Plan will become effective. In determining how to cast your vote on the Plan, it is important to read the provisions contained in ~~Article 11.9~~Section 11.12 of the Plan very carefully so that you understand how confirmation and substantial consummation of the Plan — which effectuates such provisions — will affect you and any Claim(s) you may hold against the Released Parties under the Plan.

Specifically, the releases in ~~Article 11.9~~Section 11.12 of the Plan (the "<u>Releases</u>") bind the "Releasing Parties," which the Plan defines as "(a) the Debtors, (b) ~~the Reorganized Debtors, (c)~~ the Estates, ~~and~~(c) any Entity seeking to exercise the rights of the Estates, including, without limitation, any successor to the Debtors or any Estate representative appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code, ~~and~~(d) Rodam, and (e) all Holders of Claims in ~~Classes~~Class 5 ~~or 6~~ that (i) vote to accept the Plan or (ii) do not otherwise vote to accept or reject the Plan and do not timely submit a Release Opt-Out indicating such Holder's decision to not participate in the releases set forth in ~~Article 11.9~~Section 11.12 of the Plan." The Releases provide for, among other things, the following:

~~Notwithstanding anything in the Plan to the contrary, on the Effective Date and effective as of~~On the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, each of the Releasing Parties shall be deemed ~~, to the maximum extent permitted by law,~~ to have forever released, waived, and discharged each of the Released Parties from any and all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action (including, without limitation, ~~claims or causes of action arising under chapter 5 of the Bankruptcy Code~~Avoidance Actions), and liabilities whatsoever, whether known or unknown, whether foreseen or unforeseen, whether liquidated or unliquidated, whether fixed or contingent, whether matured or unmatured, existing or hereafter arising, at law, in equity, or otherwise, that are based in whole or in part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, ~~the Reorganized Debtors,~~ the Chapter 11 Cases, the Plan~~, the Restructuring, or the Plan Sponsorship Agreement~~ or any other previously-proposed chapter 11 plan of reorganization or plan sponsorship agreement, the APA, or the Sale Order, except for acts or omissions that are determined in a Final Order to have constituted actual fraud, gross negligence or willful misconduct; <u>provided</u>, <u>however</u>, that nothing in ~~Article 11.9 of the Plan shall be deemed to~~

*prohibit the Reorganized Debtors from asserting and enforcing any claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, and liabilities that any of the Reorganized Debtors may have against any directors or officers for alleged breach of confidentiality, or any other contractual obligations owed to any of the Reorganized Debtors, including non-compete and related agreements and obligations* *this Section 11.12 shall affect any Person's rights, claims or causes of action against the Debtors, the Liquidation Trust or Buyer under the Plan, the Confirmation Order, the APA, the Sale Order, the L/C Credit Agreement, or the L/C Facility Orders, or the liabilities or obligations of such parties thereunder.*

**Item 5.  Certification**.

 By signing this Ballot, the Claimant certifies that:  (a) on the Voting Record Date, it was the Holder of the Class 6  Convenience 5 General Unsecured Claim to which this Ballot pertains or an authorized signatory for such Holder; (b) it has full power and authority to vote to accept or reject the Plan, make the Opt Out Election, execute, and return the Ballot; and (c) it has received a copy of the Disclosure Statement, the Plan, and other solicitation materials.  The undersigned understands that an otherwise properly completed, executed and timely-returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted.  The undersigned also certifies that its vote on the Plan is subject to all the terms and conditions set forth in the Plan and the Disclosure Statement.

Name of Claimant: _____

Signature: _____

Name (if different from Claimant): _____

Title: _____
_____

Address: _____
_____
_____

Dated: _____

**Please make sure you have provided all information requested in this Ballot.  Please read and follow the instructions set forth in the attached Voting Instructions carefully.  Please complete, sign and date this Ballot and return it by mail, hand delivery or overnight courier so that it is received by the Voting Agent by ~~April 20,~~ October 19, 2015, at 4:00 p.m. (prevailing Eastern Time).**

**VOTING INSTRUCTIONS**

**1.**    ~~17.~~ In order for your vote to count, you must:

  (i)    In the boxes provided in Item 2 of the Ballot, indicate either acceptance or rejection of the Plan by checking the appropriate box; and

  (ii)   Review and sign the certifications in Item 5 of the Ballot.  Please be sure to sign and date your Ballot.  Your signature is required in order for your vote to be counted.  If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing.  If the ~~Convenience~~ General Unsecured Claim is held by an entity, your Ballot must be executed in the name of an authorized signatory.  In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

**2.**    ~~18.~~ To facilitate distributions under the Plan (to the extent that the Plan is confirmed and consummated), please complete Item 3, which requests certain tax information that is necessary to make distributions to Holders of Claims.

**3.**    ~~19.~~ If you did not either vote to accept or reject the Plan, review the opt-out election disclosure in Item 4, and determine whether to opt out of the Plan's release provisions by checking the box in Item 4.

**4.**    ~~20.~~ **To have your vote counted and for any elections made in this Ballot to be effective, you must complete, sign and return this Ballot so that it is actually received by the Voting Agent not later than 4:00 p.m. (prevailing Eastern Time) on ~~April 20,~~ October 19, 2015.**

**5.**    ~~21.~~ Return the completed Ballot to the Voting Agent in the pre-addressed, postage pre-paid return envelope enclosed with this Ballot or return it to:

| *If by First Class Mail:* | *If by Hand Delivery or Overnight Mail:* |
|---|---|
| Donlin, Recano & Company, Inc. | Donlin, Recano & Company, Inc. |
| Re: ~~The Wet~~ Seal~~,~~ 123, Inc., *et al.* | Re: ~~The Wet~~ Seal~~,~~ 123, Inc., *et al.* |
| Attn: ~~The Wet~~ Seal~~,~~ 123, Inc. Ballot Processing | Attn: ~~The Wet~~ Seal~~,~~ 123, Inc. Ballot Processing |
| P.O. Box 2034, Murray Hill Station | 6201 15th Avenue |
| New York, NY 10156 -0701 | Brooklyn, NY 11219 |

**6.**    ~~22.~~ DO NOT SUBMIT YOUR BALLOT BY FAX, EMAIL OR ELECTRONIC TRANSMISSION.  A Ballot submitted by fax, email or electronic transmission will not be counted, unless approved by the Debtors ~~in writing~~ or otherwise ordered by the Court.

**7.**    ~~23.~~ A Ballot that either indicates both acceptance and rejection of the Plan or fails to indicate either an acceptance or rejection of the Plan, will not be counted.

**8.**    ~~24.~~ You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan.  A Ballot that partially rejects and partially accepts the Plan will not be counted.

**9.**    ~~25.~~ If you have previously delivered a valid Ballot for the acceptance or rejection of the Plan, you may revoke such Ballot and change your vote by delivering to the Voting Agent prior to the Voting Deadline a subsequent properly completed Ballot for acceptance or rejection of the Plan.

If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the last timely received, properly executed Ballot timely received by the Voting Agent will be deemed to reflect your intent and shall supersede and revoke any earlier received Ballot. If you cast multiple Ballots on account of the same Claim, which are received by the Voting Agent on the same day and at the same time, but which are voted inconsistently, such Ballots shall not be counted.

10. 26. Any Ballot that is illegible or that contains insufficient information to permit the identification of the Claimant will not be counted.

11. 27. This Ballot does not constitute, and shall not be deemed to be, a proof of claim against any of the Debtors or an assertion or admission of a Claim by any of the Debtors.

28. To the extent possible, the Debtors shall mail each voting claimant a single Ballot on behalf of all Claims held by such claimant in a particular class of Claims.

12. 29. It is important that you vote. The Plan can be confirmed by the Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of title 11 of the United States Code (the "Bankruptcy Code"). If the requisite acceptances are not obtained, the Court nonetheless may confirm the Plan if it finds that the Plan: (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes voting to reject the Plan; and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. To confirm a plan over the objection of a dissenting Class, the Court also must find that at least one Impaired Class has accepted the plan, with such acceptance being determined without including the acceptance of any "insider" in such Class.

13. 30. NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER SOLICITATION MATERIALS APPROVED BY THE COURT, INCLUDING, WITHOUT LIMITATION, THE DISCLOSURE STATEMENT.

14. 31. PLEASE RETURN YOUR BALLOT PROMPTLY.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THESE VOTING INSTRUCTIONS, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (877) 814-9751.

# Exhibit 43

**Notice of Non-Voting Status**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re<br><br>~~THE WET~~ SEAL~~,~~123, INC.~~, a Delaware corporation~~, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No.:  15-10081 (CSS)<br><br>(Jointly Administered) |

**NOTICE OF NON-VOTING STATUS TO HOLDERS OF**
**CLASS 1, 2, 3, 4, ~~7, 8~~6 & ~~9~~7 CLAIMS AND EQUITY INTERESTS**

PLEASE TAKE NOTICE THAT the above-captioned debtors and debtors in possession (the "Debtors") submitted the *First Amended* Joint Plan of ~~Reorganization of The Wet~~*Liquidation of Seal,*123, Inc. and Subsidiary Debtors *and Their Official Committee of Unsecured Creditors* (as it may be amended, supplemented or modified from time to time pursuant to the terms thereof, the "Plan"),[2] which is described in the related *Disclosure Statement for the First Amended* Joint Plan of ~~Reorganization of The Wet~~*Liquidation of* Seal,123, Inc. and Subsidiary Debtors *and Their Official Committee of Unsecured Creditors* (as it may be amended, supplemented or modified from time to time, the "Disclosure Statement"), that was approved by an order (the "Disclosure Statement Order") of the United States Bankruptcy Court for the District of Delaware (the "Court"). The Disclosure Statement Order authorizes the Debtors to solicit votes to accept or reject the Plan, from the Holders of Claims in Voting Classes that are (or may be) entitled to receive Distributions under the Plan.

**YOU ARE OR MIGHT BE THE HOLDER OF CLAIMS AND/OR EQUITY INTERESTS IN THE FOLLOWING CLASSES OF UNIMPAIRED CLAIMS AND EQUITY INTERESTS OR IMPAIRED CLAIMS AND EQUITY INTERESTS UNDER ARTICLE II OF THE PLAN THAT, IN EITHER CASE, ARE NOT ENTITLED TO VOTE ON THE PLAN:**

| Class | Description of Class | Treatment |
|---|---|---|
| 1 | Prepetition Credit Agreement Claims | Unimpaired; Deemed to Accept Plan |
| 2 | Secured ~~Tax~~ Claims | Unimpaired; Deemed to Accept Plan |
| 3 | ~~Other Secured~~Priority Claims | Unimpaired; Deemed to Accept Plan |
| 4 | ~~Non-Tax Priority~~Assumed General Unsecured Claims | Unimpaired; Deemed to Accept Plan |
| ~~7~~6 | Subordinated ~~510(c)~~ Claims | Impaired; Deemed to Reject Plan |
| ~~8~~7 | ~~Subordinated 510(b) Claims~~Equity Interests | Impaired; Deemed to Reject Plan |
| ~~9~~ | ~~Old Equity Interests~~ | ~~Impaired; Deemed to Reject Plan~~ |

---

[1]  The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Seal 123, Inc. (f/k/a The Wet Seal, Inc.) (5940); Seal123 Retail, Inc. (f/k/a The Wet Seal Retail, Inc.) (6265); Seal123 Catalog, Inc. (f/k/a Wet Seal Catalog, Inc.) (7604); and Seal123 GC, LLC (f/k/a Wet Seal GC, LLC) (2855 –VA). The Debtors' address is 26972 Burbank, Foothill Ranch, CA 92610.

[2] All capitalized terms used but not otherwise defined herein have the meanings set forth in the Plan.

~~01~~:17490388.1

154922.9

UNDER THE TERMS OF THE PLAN, HOLDERS OF CLAIMS AGAINST AND EQUITY INTERESTS IN THE DEBTORS IN CLASSES 1, 2, 3 AND 4 ARE UNIMPAIRED UNDER THE PLAN AND, THEREFORE, PURSUANT TO BANKRUPTCY CODE SECTION 1126(f), ARE (I) PRESUMED TO HAVE ACCEPTED THE PLAN, AND (II) NOT ENTITLED TO VOTE ON THE PLAN.

UNDER THE TERMS OF THE PLAN, HOLDERS OF CLAIMS OR EQUITY INTERESTS IN CLASSES 7, 86 AND 97 ARE IMPAIRED AND ARE NOT ENTITLED TO RECEIVE OR RETAIN ANY PROPERTY ON ACCOUNT OF THEIR CLAIMS OR EQUITY INTERESTS IN THOSE CLASSES AND ARE THEREFORE, PURSUANT TO BANKRUPTCY CODE SECTION 1126(g), (I) DEEMED TO HAVE REJECTED THE PLAN, AND (II) NOT ENTITLED TO VOTE ON THE PLAN.

To request a copy of the Plan, Disclosure Statement, or Disclosure Statement Order, contact the Debtors' Voting Agent, Donlin, Recano & Company, Inc., via email to balloting@donlinrecano.com with Wet Seal123 referenced in the subject line, or in writing at Donlin, Recano & Company, Inc., Re: The Wet Seal123, Inc., *et al.*, P.O. Box 2034, Murray Hill Station, New York, NY 10156-0701. Please be advised that the Voting Agent cannot provide legal advice. Copies of the Plan, Disclosure Statement, Disclosure Statement Order, Solicitation Procedures Order, and other materials are available online for free at https://www.donlinrecano.com/wetsealClients/wsi/Index. Alternatively, these documents may be accessed for a fee through the Court's "pacer" website, https://ecf.deb.uscourts.gov. A pacer password and login are needed to access documents on the court's "pacer" website. A pacer password can be obtained at http://www.pacer.gov.

DATED: [_____ __], 2015

_____
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Michael R. Nestor, Esq.
Maris J. Kandestin, Esq.

*-and-*

KLEE, TUCHIN, BOGDANOFF & STERN LLP
Lee R. Bogdanoff, Esq.
Michael L. Tuchin, Esq.
David M. Guess, Esq.
Jonathan M. Weiss, Esq.

*Counsel for the Debtors and Debtors in Possession*


# Exhibit 5


Form of Cure Notice IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| | Case No.:  15-10081 (CSS) |

| THE WET SEAL, INC., a Delaware corporation, *et al.*,[1] | (Jointly Administered) |
| Debtors. | |

## NOTICE OF (I) POSSIBLE ASSUMPTION OF CONTRACTS AND LEASES, (II) FIXING OF CURE AMOUNTS, AND (III) DEADLINE TO OBJECT THERETO

PLEASE TAKE NOTICE that by order dated [_____], 2015 (the "Disclosure Statement Order"), the United States Bankruptcy Court for the District of Delaware (the "Court"), having jurisdiction over the chapter 11 cases of The Wet Seal, Inc., The Wet Seal Retail, Inc., Wet Seal Catalog, Inc., and Wet Seal GC, LLC (the "Debtors"), (i) approved the *Disclosure Statement for the Joint Plan of Reorganization of The Wet Seal, Inc. and Subsidiary Debtors* (as it may be amended, supplemented or modified from time to time, the "Disclosure Statement") as containing adequate information within the meaning of section 1125 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), (ii) authorized the Debtors to solicit votes to accept or reject the *Joint Plan of Reorganization of The Wet Seal, Inc. and Subsidiary Debtors* (as it may be amended, supplemented or modified from time to time pursuant to the terms thereof, the "Plan"),[2] annexed as Exhibit A to the Disclosure Statement, and (iii) approved procedures and deadlines regarding those of the Debtors' executory contracts and unexpired leases that the Debtors propose to assume on the Effective Date of the Plan, except as otherwise provided in Article 6 of the Plan (the "Designated Contracts").

**You are receiving this notice (the "Cure Notice") because you or one of your affiliates is a counterparty to one or more of the Designated Contracts with one or more of the Debtors as set forth on Exhibit A attached hereto (the "Assumption and Cure Schedule").[3]**

PLEASE TAKE FURTHER NOTICE that pursuant to the Disclosure Statement Order and the Plan, the Debtors **may** assume the Designated Contract(s), listed on the Assumption and Cure Schedule, to which you are a counterparty. The Debtors have conducted a review of their books and records and have determined that the cure costs or expenses for unpaid monetary obligations under such Designated Contract(s) are as set forth on the Assumption and Cure Schedule (the "Cure Costs"). If you disagree with the proposed Cure Costs, object to the ability of the Debtors to provide adequate assurance of future performance with respect to any Designated Contract(s) or otherwise object to the proposed assumption of the Designated Contract(s), you must file with the Court and serve an objection (an "Objection"), on the following parties so as to be actually received before **4:00 p.m. (prevailing Eastern Time) on April 21, 2015** (the "Objection Deadline"): the Debtors, Wet Seal, Inc., et al., 26972 Burbank, Foothill Ranch, California 92610 (Attn: Chief Executive Officer; Attn: Chief Financial Officer); counsel to the Debtors, Klee, Tuchin, Bogdanoff & Stern LLP, 1999 Avenue of the Stars, 39th Floor, Los Angeles, California 90067 (Attn: Michael L. Tuchin, Esq.; Attn: Lee R. Bogdanoff, Esq.); and Young Conaway Stargatt & Taylor, LLP, 1000 N. King St., Rodney Square, Wilmington, Delaware 19801 (Attn: Michael R. Nestor, Esq.; Attn: Maris J. Kandestin, Esq.); counsel to the Official Committee of Unsecured Creditors, Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, California 90067 (Attn: Jeffrey N. Pomerantz, Esq.; Attn: Shirley S. Cho, Esq.) and 919 N. Market Street, 17th Floor, Wilmington, Delaware 19899 (Attn: Bradford J. Sandler, Esq.); counsel to B. Riley Financial, Inc., Skadden, Arps, Slate, Meagher & Flom LLP, 300 South Grand Avenue, Suite 3400, Los Angeles,

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: The Wet Seal, Inc. (5940); The Wet Seal Retail, Inc. (6265); Wet Seal Catalog, Inc. (7604); and Wet Seal GC, LLC (2855 VA). The Debtors' address is 26972 Burbank, Foothill Ranch, CA 92610.

[2] All capitalized terms used but not otherwise defined herein shall have the meaning provided to them in the Plan.

[3] This notice is being sent to counterparties to contracts and leases that may be executory contracts and unexpired leases. This notice is *not* an admission by the Debtors that such contract or lease is executory or unexpired.

3

California 90071 (Attn: Van C. Durrer II, Esq.; Attn: Adithya Mani, Esq.); counsel to Bank of America, N.A., Riemer & Braunstein LLP, Times Square Tower, Seven Times Square, New York, New York 10036 (Attn: Steven E. Fox, Esq.); and the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801. **All Objections must (a) be in writing; (b) state the name and address of the objecting party; and (c) set forth with specificity any cure obligations that the objecting counterparty asserts must be cured or satisfied in respect of the Designated Contract(s) and/or any objections to the potential assumption of the Designated Contract(s), with all documentation supporting such Objection.**

PLEASE TAKE FURTHER NOTICE that, a hearing (the "Confirmation Hearing") will be held before the Honorable Christopher S. Sontchi, United States Bankruptcy Judge, on **April 27, 2015 at 10:00 a.m. (prevailing Eastern Time),** in Courtroom 6 of the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 5th Floor, Wilmington, Delaware 19801, at which the Court will consider, among other things, confirmation of the Plan and the assumption of the Designated Contracts.

PLEASE TAKE FURTHER NOTICE that any party that fails to file an Objection by the Objection Deadline shall be deemed to have consented to the assumption of the Designated Contract and the Cure Costs proposed by the Debtors and shall be forever enjoined and barred from seeking any additional amount(s) on account of the Debtors' cure obligations under section 365 of the Bankruptcy Code or otherwise from the Debtors, their estates or the Reorganized Debtors.

PLEASE TAKE FURTHER NOTICE that the Debtors hereby reserve all rights to amend, revise or supplement any documents relating to the Plan and/or to be executed, delivered, assumed and/or performed in connection with the consummation of the Plan on the Effective Date, including the Assumption and Cure Schedule.

PLEASE TAKE FURTHER NOTICE that notwithstanding anything herein, this Cure Notice shall not be deemed to be an assumption, rejection, or termination of any of the Designated Contracts. Moreover, the Debtors explicitly reserve their rights to reject or assume each Designated Contract pursuant to section 365(a) of the Bankruptcy Code and nothing herein (a) alters in any way the prepetition nature of the Designated Contracts or the validity, priority, or amount of any claims of a counterparty to a Designated Contract against the Debtors that may arise under such Designated Contract, (b) creates a postpetition contract or agreement, or (c) elevates to administrative expense priority any claims of an counterparty to a Designated Contract against the Debtors that may arise under such Designated Contract.

Dated: _____, 2015

_____

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square, 1000 North King Street
Wilmington, Delaware 19801
Tel:    (302) 571-6600

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 Avenue of the Stars, 39th Floor
Los Angeles, CA 90067
Tel:    (310) 407-4022

*Counsel for the Debtors and Debtors in Possession*

Document comparison by Workshare Compare on Tuesday, August 11, 2015
7:23:39 PM

| Input: | |
|---|---|
| Document 1 ID | interwovenSite://WORKSITE02/YCST01/17490388/1 |
| Description | #17490388v1<YCST01> - Wet Seal - Disclosure Statement Order [As filed 2/25/15] |
| Document 2 ID | interwovenSite://WORKSITE02/YCST01/17490388/2 |
| Description | #17490388v2<YCST01> - Wet Seal - Disclosure Statement Order [As filed 8/11/15] |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 281 |
| Deletions | 422 |
| Moved from | 13 |
| Moved to | 13 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 729 |