IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Seal123, Inc., (f/k/a The Wet Seal, Inc.), et al.,[1] | ) Case No. 15-10081 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Objection Deadline: September 4, 2015 at 4:00 p.m. ET** |
| | ) **Hearing Date: September 11, 2015 at 11:00 a.m. ET** |

## MOTION OF PROJECT 28 LLC TO COMPEL DEBTORS TO AMEND SCHEDULES PURSUANT TO FED. R. BANKR. P. 1009(a)

Project 28 Clothing, LLC ("Project 28"), by and through its undersigned counsel, hereby moves (the "Motion") for an order compelling Debtors to amend schedules pursuant to Fed. R. Bankr. P. 1009(a), and in support thereof respectfully represents as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding that the Court has authority to hear and determine within the meaning of 28 U.S.C. § 157(b)(2)(A).

2. Venue before this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND

3. On January 15, 2015 (the "Petition Date"), each of the debtors in the above-captioned case (the "Debtors" or "Wet Seal") filed voluntary petitions for relief under chapter 11 of title 11 of the of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Seal123, Inc. (f/k/a The Wet Seal, Inc.) (5940); Seal123 Retail, Inc. (f/k/a The Wet Seal Retail, Inc.) (6265), Seal123 Catalog, Inc. (f/k/a Wet Seal Catalog, Inc.) (7604); and Seal123 GC, LLC (f/k/a Wet Seal GC, LLC) (2855-VA). The Debtors' address is 26972 Burbank, Foothill Ranch, CA 92610.

4. Prior to the Petition Date Project 28 and the Debtors were engaged in a business relationship. The Parties had various agreements and a course of dealings whereby Debtors would purchase goods from Project 28.

5. On February 27, 2015, the Debtors filed their Schedule Fs listing Creditors Holdings Unsecured Non-Priority Claims. (Docket Nos. 360, 362, 364, and 366). On Schedule F of debtor The Wet Seal Retail, Inc. (Case No. 15-10082), the Debtors listed Project 28 as holding a general unsecured, non-priority claim of $192,189.20 (Docket No. 362) (the "Scheduled Claim").

6. On February 27, 2015, Project 28 filed proof of claim no. 235 ("Claim #235"), a copy of this proof of claim is attached hereto as "Exhibit A." On March 16, 2015, Project 28 filed proof of claim number 429 ("Claim #429" and collectively with Claim #235, the "Project 28 Claims"), a copy of which is attached hereto as "Exhibit B"). The Project 28 Claims are both asserted against Seal123, Inc., (f/k/a The Wet Seal, Inc., Case No. 15-10081), and each claim asserts a general unsecured claim in the amount of $331,279.20 for goods sold and delivered to the Debtors prior to the Petition Date. The Project 28 Claims are duplicates of each other, each filed in the same amount, against the same Debtor.

7. On April 15, 2015, Arlene Jan, who upon information and belief is an accounts supervisor at Wet Seal, sent an email to Bruce Cotter of Project 28, and stated that Wet Seal had issued checks for the goods that Project 28 sought payment for through the Project 28 Claims before the Petition Date, but that the checks had been voided. Wet Seal represented that because the checks had been voided, the Debtors incorrectly stated that amount owed to Project 28 on its Schedule F. The email exchange is attached hereto as "Exhibit C."

8. Prior to the Petition Date, Project 28 purchased insurance from Euler Hermes North American Insurance Company ("Euler Hermes") to protect itself against uncollected accounts receivables (the "Accounts Receivables Insurance"). The Debtors owe Project 28 $331,279.20 for goods purchased from Project 28. In light of Debtors' Bankruptcy Cases, Project 28 filed a claim with Euler Hermes for the uncollected accounts receivables. However, Euler Hermes has represented to Project 28 that it will pay only the amount listed on the Debtors schedules or the amount ordered by the Court. Thus, Project 28 may only receive the due and owing prepetition accounts receivables from Euler Hermes within a reasonable time if the schedules are amended. Otherwise, despite the acknowledgment of the Debtors' representatives that the amount listed in the Scheduled Claim is incorrect, Project 28 will not receive payment under its Accounts Receivables Insurance until the Debtors make their final distributions in these cases.[2]

## RELIEF REQUESTED

9. Pursuant to Fed. R. Bankr. P. 1009(a), "[o]n motion of a party in interest, after notice and a hearing, the court may order any voluntary petition, list, schedule, or statement to be amended and the clerk shall give notice of the amendment to entities designated by the court." Fed. R. Bankr. P. 1009(a).

10. Project 28 is a party in interest because Project 28 is a creditor of the Debtors. The Debtors' schedules should reflect accurate claim amounts to ensure the proper administration of the Bankruptcy Cases.

---

[2] Under the Accounts Receivables Insurance contract, the Project 28 Claims are to be assigned to Euler Hermes. Euler Hermes (or its assignees), will eventually collect any distribution made on account of the Project 28 Claims.

3

11. Additionally, it is necessary that Project 28's claims against the Debtors be scheduled accurately because the inaccurate statements in the Debtors' schedules adversely affect Project 28's rights in other contractual dealings. Euler Hermes has refused to fully perform under a receivables insurance policy unless Project 28's claims against the Debtors unless the Debtors' schedules match the amounts claimed by Project or the Project 28 Claims are adjudicated by the Court. Although Project 28 has filed a proof of claim against the Debtors, Project 28 cannot afford to wait, perhaps years, for the claims process to bear itself out. Project 28 purchased insurance in order to protect itself against uncollected accounts receivables, and now is unable to collect the full amount owed under the insurance policy even though the Debtors have admitted that it incorrectly scheduled Project 28's claims.

12. Moreover, the Debtors' amendment to its schedules to reflect the correct amount owed to Project 28, in no way prejudices the Debtors.

WHEREFORE, for the foregoing reasons, Project 28 requests that this Court enter an Order, in substantially the form attached hereto, directing the Debtors to amend Schedule F of the Schedules of Assets and Liabilities of The Wet Seal, Inc. (Case No. 15-10081) to reflect the correct claim amount of no less than $331,279.20 within five (5) days after entry of the Order pursuant to this Motion, and granting such further relief as this Court deems just and proper.

[signature block on following page]

Dated: August 21, 2015          Respectfully Submitted,

                                           **WOMBLE CARLYLE SANDRIDGE & RICE, LLP**

                                             */s/ Kevin J. Mangan*
                                             Kevin J. Mangan (Del. Bar No. 3810)
                                             Nicholas T. Verna (Del. Bar No. 6082)
                                             222 Delaware Avenue, Suite 1501
                                             Wilmington, DE 19801
                                             Telephone:  (302) 252-4320
                                             Facsimile:  (302) 252-4330
                                             E-mail:  kmangan@wcsr.com
                                             E-mail:  nverna@wcsr.com

                                             Counsel to Project 28 Clothing, LLC