UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re<br><br>SEAL123, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-10081 (CSS)<br><br>(Jointly Administered)<br><br>**Re: Docket Nos. 355 & 970** |

**REVISED ORDER (I) APPROVING DISCLOSURE STATEMENT, (II) FIXING VOTING RECORD DATE, (III) SCHEDULING PLAN CONFIRMATION HEARING AND APPROVING FORM AND MANNER OF RELATED NOTICE AND OBJECTION PROCEDURES, (IV) APPROVING SOLICITATION PACKAGES AND PROCEDURES AND DEADLINES FOR SOLICITING, RECEIVING AND TABULATING VOTES ON THE PLAN, AND (V) APPROVING THE FORMS OF BALLOT AND NOTICE TO NON-VOTING PLAN CLASSES**

Upon the motion (the "Motion")[2] of Seal123, Inc. (f/k/a The Wet Seal, Inc.) and its subsidiaries, the debtors and debtors in possession (the "Debtors") in the above-captioned jointly administered chapter 11 cases (the "Cases"), for entry of an order, pursuant to sections 105, 1125, 1126, and 1128 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rules 2002, 3017, 3018, and 3020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2002-1, 3017-1, and 9013-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") (i) approving the *Disclosure Statement for the First Amended Joint Plan of Liquidation of Seal123, Inc. and Subsidiary Debtors and Their Official Committee of*

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Seal123, Inc. (f/k/a The Wet Seal, Inc.) (5940); Seal123 Retail, Inc. (f/k/a The Wet Seal Retail, Inc.) (6265); Seal123 Catalog, Inc. (f/k/a Wet Seal Catalog, Inc.) (7604); and Seal123 GC, LLC (f/k/a Wet Seal GC, LLC) (2855-VA). The Debtors' address is 26972 Burbank, Foothill Ranch, CA 92610.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

154922.11

*Unsecured Creditors* [Docket No. 970] (as it may be amended, supplemented or modified from time to time, the "Disclosure Statement") as containing adequate information, (ii) fixing a record date (the "Voting Record Date") for voting on the *First Amended Joint Plan of Liquidation of Seal123, Inc. and Subsidiary Debtors and Their Official Committee of Unsecured Creditors* [Docket No. 969] (as it may be amended, supplemented or modified from time to time pursuant to the terms thereof, the "Plan"), (iii) scheduling a date of the hearing to consider confirmation of the Plan (the "Confirmation Hearing") and approving the form and manner of the related notice and objection procedures for the Confirmation Hearing, (iv) approving the proposed contents of the solicitation packages (the "Solicitation Packages") and establishing solicitation, voting, and tabulating procedures with respect to the Plan, and (v) approving the forms of ballots for Holders of Claims in Class 5 (the "Voting Class"), including the form of election set forth therein, and notice to Holders of Claims and Equity Interests in Classes 1, 2, 3, 4, 6 and 7 (the "Non-Voting Classes"); and upon consideration of the record of these chapter 11 Cases; and it appearing that the Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 1334 and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and it appearing that the Motion is a core matter pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue of these Cases and of the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and adequate notice of the Motion has been given under the circumstances, and that no other or further notice need be given; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation, and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Any and all objections to approval of the Disclosure Statement, to the extent not previously resolved or withdrawn, are overruled in their entirety.

3. The Disclosure Statement contains adequate information as required by Bankruptcy Code Section 1125 and is hereby approved. The Debtors are authorized to distribute, or cause to be distributed, the Solicitation Packages in order to solicit votes on, and pursue Confirmation of, the Plan. Prior to the Solicitation Date, the Debtors are also authorized to make additional correcting, conforming and finalizing changes to the Disclosure Statement or Plan.

4. The procedures set forth below for the solicitation and tabulation of votes to accept or reject the Plan provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

5. The contents of the Solicitation Packages and Non-Voting Packages, as set forth in this Disclosure Statement Order, comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties including, without limitation, Holders of Claims against and Equity Interests in the Debtors.

6. The notice of the Confirmation Hearing, substantially in the form attached hereto as Exhibit 1 (the "Confirmation Hearing Notice") complies with the requirements of Bankruptcy Rules 2002(b), 2002(d), and 3017(d) and is approved.

7. The form of Ballot for the Voting Class, substantially in the forms attached hereto as Exhibit 2 is approved.

8. The Notice of Non-Voting Status, substantially in the form attached hereto as Exhibit 3 is approved.

9. The joint letter from the Debtors and the Committee, substantially in the form attached hereto as Exhibit 4, recommending that Holders of Claims in the Voting Class vote to accept the Plan (the "Solicitation Letter"), is approved.

10. The Voting Record Date with respect to Holders of Claims shall be September 8, 2015. The Voting Record Date shall be used for purposes of determining: (i) the Holders of Claims in the Voting Class, who will receive Solicitation Packages and are entitled to vote to accept or reject the Plan, (ii) the Holders of Claims and Equity Interests in the Non-Voting Classes, who will receive a Non-Voting Package and are not entitled to vote to accept or reject the Plan; (iii) the amount of each Holder's Claim for solicitation and voting purposes; and (iv) whether Claims have been properly and timely assigned or transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee (and not the original Claim Holder) can vote to accept or reject the Plan as the Holder of a Claim. With respect to transferred Claims, if any, (i) if the notice of transfer required by Bankruptcy Rule 3001(e) is filed on or before the Voting Record Date, the Solicitation Package or Non-Voting Package, as applicable, will be mailed to the transferee in accordance with the notice of transfer, and the transferee will be entitled to cast a Ballot to accept or to reject the Plan if such Claim is in the Voting Class, and (ii) if the notice of transfer is filed after the Voting Record Date, then the Solicitation Package or Non-Voting Package, as applicable, will be mailed to the Claim Holder as of the Voting Record Date, and such Claim Holder will be entitled to cast a Ballot to accept or to reject the Plan if such Claim is in the Voting Class.

11. The Debtors are authorized to distribute, or cause to be distributed, by first-class mail to each Holder of a Claim in the Voting Class as of the Voting Record Date a Solicitation Package containing the following:

- The Disclosure Statement, including the Plan and all other Exhibits annexed thereto;
- The Disclosure Statement Order (excluding exhibits);
- The Confirmation Hearing Notice;
- A single Ballot, to be used in voting to accept or to reject the Plan, and applicable Voting Instructions;
- A pre-addressed, postage pre-paid return envelope;
- The Solicitation Letter; and
- Such other materials as the Bankruptcy Court may direct or approve.

For the avoidance of doubt, the Solicitation Packages shall be distributed to all Entities in Class 5 subject to the terms of this Disclosure Statement Order, including all Entities that have filed a general unsecured non-priority Proof of Claim by the applicable claims bar date and such Proof of Claim is not the subject of an objection as of the Voting Record Date.

12. The Debtors are authorized (but not required) to distribute the Disclosure Statement (together with all exhibits thereto, including the Plan) to the Voting Class in CD format in lieu of paper format.

13. The Debtors are authorized to distribute, or cause to be distributed, by first-class mail to all Holders of Claims and Equity Interests in the Non-Voting Classes a Non-Voting Package, consisting of (a) the Confirmation Hearing Notice and (b) the Notice of Non-Voting Status.

14. The Debtors are authorized to distribute, or cause to be distributed, a Confirmation Hearing Notice by first-class mail (1) to all Entities whose Claims are listed in the

Debtors' Schedules as contingent, unliquidated, or disputed and (2) to Entities who timely filed a Proof of Claim that is the subject of an objection as of the Voting Record Date. For the avoidance of doubt, Entities whose Claims are listed in the Debtors' Schedules as contingent, unliquidated, or disputed and who do not otherwise timely file a Proof of Claim that is not the subject of an objection as of the Voting Record Date, will not receive a Solicitation Package and will not be entitled to vote on the Plan.

15. To the extent that the U.S. Trustee, governmental units having an interest in these Cases or those parties requesting notice pursuant to Bankruptcy Rule 2002 have not otherwise received a Solicitation Package, the Debtors are authorized to mail, or cause to be mailed, to such parties a complete copy of the Solicitation Package, excluding the Ballot.

16. The Debtors shall complete, or cause to be completed, the distribution of the appropriate Solicitation Packages and Non-Voting Packages to all Holders of Claims or Equity Interests, as applicable, no later than September 18, 2015 (the "Solicitation Date").

17. The Debtors shall not be required to mail the Solicitation Packages and Non-Voting Packages to any Holders of Claims or Equity Interests, as applicable, that have listed addresses that have previously been determined to be undeliverable, unless the Debtors (through the Voting Agent) are provided with an accurate address for each Claim or Equity Interest Holder's previously undeliverable address not less than five (5) calendar days prior to the Solicitation Date.

18. The deadline by which all Ballots must be properly executed, completed, delivered to, and actually received by the Voting Agent shall be October 19, 2015 at 4:00 p.m. (prevailing Eastern Time) (the "Voting Deadline"), provided, however, that the Debtors are permitted, in consultation with the Committee, to extend the Voting Deadline at any time before

the Voting Deadline, on behalf of any individual voter or the Voting Class, as facts and circumstances may require.

19. Each Holder of a Claim in the Voting Class shall be entitled to vote the amount of its Claim as of the Voting Record Date. For purposes of voting and distribution in connection with the Plan, the Debtors will be substantively consolidated, meaning that all of the assets and liabilities of the Debtors will be deemed to be the assets and liabilities of a single Entity. Votes to accept or reject the Plan by Holders of Claims against a particular Debtor shall be tabulated as votes to accept or reject the Plan for the substantively-consolidated Debtors. Solely for purposes of voting on the Plan, and not for the purpose of making distributions on account of a Claim and without prejudice to the rights of the Debtors or any other proper party in interest in any other context, including Claims objections, with respect to all Holders of Claims in the Voting Class against the Debtors, the amount of a Claim used to tabulate acceptance or rejection of the Plan shall be as follows:

    a. The amount of the Claim listed in each of the applicable Debtor's Schedules; provided that (i) such Claim is not scheduled as contingent, unliquidated, undetermined or disputed or in the amount of $0.00, (ii) no Proof of Claim has been timely filed (or otherwise deemed timely filed under applicable law), (iii) such Claim has not been satisfied by the Debtors, or (iv) such Claim has not been resolved pursuant to a stipulation or order entered by the Court.

    b. The undisputed, non-contingent and liquidated amount specified in a Proof of Claim against a particular Debtor or Debtors timely filed with the Court or the Voting Agent by the applicable claims bar date (or otherwise deemed timely filed by the Court under applicable law) to the extent such Proof of Claim has not been amended or superseded by another Proof of Claim and is not the subject of an objection filed at least ten (10) days before the Voting Deadline (or, if such Claim has been resolved pursuant to a stipulation or order entered by the Court, the amount set forth in such stipulation or order).

    c. If applicable, the amount temporarily allowed by the Court for voting purposes pursuant to Bankruptcy Rule 3018.

    d. Except as otherwise provided in subsection (c) hereof, a Ballot cast by an alleged Creditor who has timely filed a Proof of Claim in a wholly unliquidated, unknown

or uncertain amount that is not the subject of a claim objection filed at least ten (10) days before the Voting Deadline shall be counted in determining whether the numerosity requirement of section 1126(c) of the Bankruptcy Code has been met, and shall be ascribed a value of one dollar ($1.00) for voting purposes only.

e. Except as otherwise provided in subsection (c) hereof, with respect to a Ballot cast by an alleged Creditor who has timely filed a Proof of Claim, but the Claim is the subject of a claim objection filed at least ten (10) days before the Voting Deadline, the Ballot will not be counted for voting purposes.

f. Notwithstanding subsection (e) hereof and except as otherwise provided in subsection (c) hereof, if the Debtors have requested that a Claim be reclassified and/or allowed in a fixed, reduced amount pursuant to a claim objection to such Claim, the Ballot of the Holder of such Claim shall be counted in the reduced amount requested by the Debtors and/or in the requested Class.

g. Any Claim, or portion thereof, as to which two or more Debtors are co-liable as a legal or contractual matter, including, without limitation, based on principles of joint or several liability or based upon contractual guarantees, is defined under the Plan as a "<u>Multi-Debtor Consolidated Claim</u>" and Holders of Class 5 Claims that constitute Multi-Debtor Consolidated Claims as of the Voting Record Date shall hold a single Class 5 Claim against the substantively-consolidated Debtors that is in a voting amount that is 150% of the face amount of such Holder's Multi-Debtor Consolidated Claim against a single Debtor;[3] provided, however, that, except as otherwise provided in subsection (c) hereof, such Claims are reflected in the particular Debtors' Schedules or applicable Proofs of Claim against such particular Debtors that are not the subject of an objection by the Debtors.

20. The following voting procedures and standard assumptions shall be used in tabulating the Ballots in the Voting Class:

a. For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single Creditor against a Debtor in the Voting Class will be aggregated as if such Creditor held a single Claim against the consolidated Debtors in the Voting Class, and the votes related to those Claims shall be treated as a single vote on the Plan, provided, however, that separate Claims held as of the Petition Date by different but related or affiliated Entities shall not be deemed to be held by a single Creditor pursuant to this provision, and the votes related to such Claims shall be treated as separate votes on the Plan.

b. Creditors with multiple Claims within the Voting Class must vote all such Claims to either accept or reject the Plan, and may not split their vote(s). Accordingly, an

---

[3] By way of illustration, a Holder of a Class 5 Claim as of the Voting Record Date in the face amount of $1,000,000 against a Debtor based on a contract and against another Debtor based upon a guarantee with respect to that contract will be entitled to vote such Class 5 Claim in an amount of $1,500,000 against the Debtors.

        individual Ballot that partially rejects and partially accepts the Plan on account of multiple Claims within the Voting Class will not be counted.

    c.    Each Creditor will be provided a single individual Ballot for all Claims held by such Creditor in the Voting Class against all applicable Debtors.

    d.    In the event a Claim is transferred after the Voting Record Date, only the Holder of such Claim as of the Voting Record Date may execute and submit a Ballot to the Voting Agent, the transferee of such Claim shall be bound by any such vote (and the consequences thereof) made by the Holder of such transferred Claim as of the Voting Record Date, and no "cause" will exist to permit any vote change under Bankruptcy Rule 3018(a).

    e.    The delivery of a Ballot will be deemed made only when the Voting Agent has actually received the original, executed Ballot.

    f.    Except as otherwise provided in subsection (d) hereof, any party who has previously delivered a valid Ballot for the acceptance or rejection of the Plan may revoke such Ballot and change its vote by delivering to the Voting Agent prior to the Voting Deadline a subsequent properly completed Ballot for acceptance or rejection of the Plan. In the case where multiple Ballots are received from the same Holder with respect to the same Claim prior to the Voting Deadline, the last timely received, properly executed Ballot will be deemed to reflect that voter's intent and will supersede and revoke any prior Ballot.

    g.    Notwithstanding subsection (f) hereof, if a Holder of a Claim casts multiple Ballots on account of the same Claim, which are received by the Voting Agent on the same day and at the same time, but which are voted inconsistently, such Ballots shall not be counted.

    h.    Except as otherwise provided in subsection (d) hereof, any party who has delivered a valid Ballot for the acceptance or rejection of the Plan may withdraw such acceptance or rejection by delivering a written notice of withdrawal to the Voting Agent at any time prior to the Voting Deadline. To be valid, a notice of withdrawal must (i) contain the description of the Claims to which it relates and the aggregate principal amount represented by such Claims, (ii) be signed by the withdrawing party in the same manner as the Ballot being withdrawn, (iii) contain a certification that the withdrawing party owns the Claims and possesses the right to withdraw the vote sought to be withdrawn, and (iv) be actually received by the Voting Agent prior to the Voting Deadline  The Debtors' right to contest the validity of any such withdrawals of Ballots is expressly reserved.

21.    The following types of Ballots will not be counted in determining whether the Plan has been accepted or rejected:

a. Any Ballot that fails to clearly indicate an acceptance or rejection, or that indicates both an acceptance and a rejection, of the Plan.

b. Any Ballot received after the Voting Deadline, except by order of the Court or if the Debtors, in consultation with the Committee, have granted an extension of the Voting Deadline with respect to such Ballot.

c. Any Ballot containing a vote that the Court determines was not solicited or procured in good faith or in accordance with the applicable provisions of the Bankruptcy Code.

d. Any Ballot that is illegible or contains insufficient information to permit the identification of the Claim Holder.

e. Any Ballot cast by an Entity that does not hold a Claim in the Voting Class.

f. Any unsigned Ballot or Ballot without an original signature.

For the avoidance of doubt, each Holder of a Claim in the Voting Class may elect to opt out of the releases set forth in Section 11.12 of the Plan, by checking the appropriate box on the applicable Ballot, if such Holder does not otherwise vote to accept or reject the Plan (either by failing to indicate an acceptance or rejection, indicating both an acceptance and rejection or otherwise submitting a Ballot that is not counted in determining whether the Plan has been accepted or rejected).

22. The Debtors are authorized to reject any and all Ballots not in proper form, the acceptance of which would, in the opinion of the Debtors or their counsel, be unlawful. The Debtors are further authorized to permit for the cure of any defects or irregularities or conditions of delivery as to any particular Ballot. The interpretation of all balloting rules and procedures (including the Ballot and the respective instructions thereto) by the Voting Agent and the Debtors, unless otherwise directed by the Court, will be final and binding on all parties. Any defects or irregularities in connection with deliveries of Ballots must be cured within such time as the Debtors (or the Court) determine. Neither the Debtors nor any other person will be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots

nor will any of them incur any liabilities for failure to provide such notification. Unless otherwise directed by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured. Ballots previously furnished (and as to which any irregularities have not theretofore been cured) will be invalidated.

23. The Voting Agent shall file its Voting Report by October 21, 2015, verifying the results of its voting tabulations reflecting the votes cast to accept or reject the Plan. The Voting Report will, among other things, describe every Ballot that does not conform to the Voting Instructions or that contains any form of irregularity, including, but not limited to, those Ballots that are late, illegible (in whole or in material part), unidentifiable, lacking signatures, lacking necessary information, or damaged.

24. The date set for the Confirmation Hearing shall be October 30, 2015 at 2:00 p.m. (prevailing Eastern Time). The Confirmation Hearing may be continued by the Debtors from time to time without further notice to Holders of Claims or Equity Interests or other parties in interest.

25. The Debtors shall publish the Confirmation Hearing Notice once in the national edition of *USA Today* on a date not less than twenty-eight (28) calendar days before the Plan Objection Deadline.

26. The deadline for filing and serving Plan Objections shall be October 19, 2015 at 4:00 p.m. (prevailing Eastern Time) (the "Plan Objection Deadline"). Plan Objections must (i) be in writing; (ii) state the name, address, and nature of the Claim or Equity Interest of the objecting or responding party; (iii) state with particularity the legal and factual basis and nature of any Plan Objection; and (iv) be filed with the Court and served on the following parties by the Objection Deadline: (i) counsel to the Debtors, Klee, Tuchin, Bogdanoff & Stern LLP, 1999

Avenue of the Stars, 39th Floor, Los Angeles, California 90067 (Attn: Michael L. Tuchin, Esq. and Lee R. Bogdanoff, Esq.; Email: mtuchin@ktbslaw.com and lbogdanoff@ktbslaw.com); and Young Conaway Stargatt & Taylor, LLP, 1000 N. King St., Rodney Square, Wilmington, Delaware 19801 (Attn: Michael R. Nestor, Esq.; Email: mnestor@ycst.com); (ii) counsel to the Official Committee of Unsecured Creditors, Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, California 90067 (Attn: Jeffrey N. Pomerantz, Esq. and Shirley S. Cho, Esq.; Email: jpomerantz@pszjlaw.com and scho@pszjlaw.com); 780 Third Ave., 34th Floor, New York, NY 10017 (Attn: Robert J. Feinstein, Esq.; Email: rfeinstein@pszjlaw.com); and 919 N. Market Street, 17th Floor, Wilmington, Delaware 19899 (Attn: Bradford J. Sandler, Esq.; Email: bsandler@pszjlaw.com); (iii) counsel to Mador Lending, LLC, Greenberg Traurig, LLP, 77 West Wacker Drive, Suite 3100, Chicago, IL 60601 (Attn: Nancy A. Peterman, Esq.; Email: petermann@gtlaw.com) and Klehr Harrison Harvey Branzburg LLP, 919 N. Market Street, Suite 1000, Wilmington, Delaware 19801 (Attn: Domenic E. Pacitti, Esq.; Email: dpacitti@klehr.com); and (iv) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Benjamin A. Hackman, Esq.; Email: benjamin.a.hackman@usdoj.gov).

27. The Debtors or any other party supporting Confirmation of the Plan, are authorized to file a response to any Plan Objections no later than October 26, 2015 at 4:00 p.m. (prevailing Eastern Time). At that time, the Debtors shall also file their proposed findings of fact and conclusions of law in support of Confirmation of the Plan together with a form of order confirming the Plan.

28. Copies of the Plan and all pleadings and orders of this Court shall be publicly available free of charge at the Debtors' restructuring website at: https://www.donlinrecano.com/Clients/wsi/Index.

29. The Debtors are authorized to make non-substantive or immaterial changes to the Disclosure Statement and all related documents (including, without limitation, all exhibits thereto) without further order of the Court, including, without limitation, (i) making ministerial changes to correct typographical and grammatical errors, and making conforming changes among the Disclosure Statement, the Plan, the Ballots, and any other materials in the Solicitation Packages prior to mailing as may be appropriate; and (ii) altering the format of such documents to facilitate their prompt and economical distribution (e.g., if applicable, single spacing the documents and the like).

30. The Debtors are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Disclosure Statement Order.

31. The Court retains jurisdiction and power with respect to all matters arising from or related to the implementation or interpretation of this Disclosure Statement Order.

Dated: 9/11, 2015
Wilmington, Delaware

Christopher S. Sontchi
United States Bankruptcy Judge