IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | CHAPTER 11 |
| | § | |
| SEAL123, INC., et al | § | Case No. 15-10081 (CSS) |
| | § | |
| | § | (Jointly Administered) |
| Debtors | § | |

OBJECTION OF ARLINGTON INDEPENDENT SCHOOL DISTRICT, CROWLEY INDEPENDENT SCHOOL DISTRICT, BURLESON INDEPENDENT SCHOOL DISTRICT, SPRING BRANCH INDEPENDENT SCHOOL DISTRICT, CLEAR CREEK INDEPENDENT SCHOOL DISTRICT, CITY OF HOUSTON, BRAZORIA COUNTY TAX OFFICE, FORT BEND INDEPENDENT SCHOOL DISTRICT, FORT BEND COUNTY LEVEE IMPROVEMENT DISTRICT #2, DICKINSON INDEPENDENT SCHOOL DISTRICT, GALVESTON COUNTY MUNICIPAL UTILITY DISTRICT #54, WOODLANDS METRO CENTER MUNICIPAL UTILITY DISTRICT, WOODLANDS ROAD & UTILITY DISTRICT #1, MIDLAND COUNTY, AND TYLER INDEPENDENT SCHOOL DISTRICT (THE "TEXAS TAXING ENTITIES") TO THE FIRST AMENDED JOINT PLAN OF LIQUIDATION OF SEAL123, INC. AND SUBSIDIARY DEBTORS AND THEIR OFFICIAL COMMITTEE OF UNSECURED CREDITORS

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Arlington Independent School District, Crowley Independent School District, Burleson Independent School District, Spring Branch Independent School District, Clear Creek Independent School District, City of Houston, Brazoria County Tax Office, Fort Bend Independent School District, Fort Bend County Levee Improvement District #2, Dickinson Independent School District, Galveston County Municipal Utility District #54, Woodlands Metro Center Municipal Utility District, Woodlands Road & Utility District #1, Midland County and Tyler Independent School District (the "Texas Taxing Entities") file their Objection to the First Amended Joint Plan of Liquidation of Seal123, Inc. and Subsidiary Debtors and their Official Committee of Unsecured Creditors filed on September 8, 2015 (the "Plan") and respectfully show as follows:

## Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, *et seq.* This is a core proceeding under 28 U.S.C. § 157(b)(2)(L). This Objection is designated as a contested matter under Bankruptcy Rule 9014.

## Background

2. The Texas Taxing Entities are political subdivisions of the State of Texas, authorized and required by the Texas Constitution and laws to levy and collect taxes on taxable property within their boundaries.

3. The Texas Taxing Entities hold secured pre-petition tax claims for the 2015 tax year, secured by tax liens on property of the Debtors' estates consisting of tangible personal property in the approximate amount of $22,000.00[1].

4. The claims of the Texas Taxing Entities are secured by unavoidable liens that are generally superior to those of other secured claims pursuant to Article VIII, Section 15 of the Texas Constitution, and Sections 32.01 and Section 32.05(b) of the Texas Property Tax Code. See also Stanford v. Butler, 826 F.2d 353 (5th Cir. 1987): Universal Seismic Associates, Inc. 288 F.3d 205 (5th Cir. 2002); In Re Winn's Stores, Inc. 177 B.R. 253 (Bktcy W.D. Tex. 1995).

## Proposed Plan Treatment

(Remainder of the page left blank intentionally)

---

[1] The 2015 taxes are estimated since the appraisal/assessment process in not complete.

5.      It appears that the Texas Taxing Entities' claims are to be treated either under Article III, Section 3.2.2 Class 2 – Secured Claims of the Plan which provides:

> 3.2.2  **Class 2: Secured Claims**. On, or as soon as reasonably practicable after, the later of (i) the Effective Date and (ii) thirty (30) days following the date on which a Secured Claim becomes

> an Allowed Secured Claim, the Holder of such Allowed Secured Claim shall receive, at the election of the Liquidation Trustee or Buyer (solely to the extent that the Secured Claim is an Assumed Claim) in full satisfaction, settlement, and release of and in exchange for, such Allowed Secured Claim, (i) Cash equal to the value of such Claim, (ii) the return of the Holder's Collateral securing such Claim, (iii) such Claim reinstated pursuant to sections 1124(1) or 1124(2) of the Bankruptcy Code, or (iv) such other less favorable treatment as to which such Holder and the Liquidation Trustee or Buyer, as applicable, shall have agreed upon in writing. Any Holder of an Allowed Secured Claim shall retain its Lien in the Collateral or the proceeds of the Collateral (to the extent that such Collateral is sold by the Liquidation Trust free and clear of such Lien) to the same extent and with the same priority as such Lien held as of the Effective Date until such time as (A) such Holder (i) has been paid Cash equal to the value of such Claim, (ii) has received a return of the Collateral securing such Claim, (iii) has such Claim reinstated pursuant to sections 1124(1) or 1124(2) of the Bankruptcy Code, or (iv) has been afforded such other less favorable treatment as to which such Holder and the Liquidation Trustee or Buyer, as applicable, shall have agreed upon in writing; or (B) such purported Lien has been determined by an Order of the Bankruptcy Court to be invalid or otherwise avoidable. Class 2 is Unimpaired and therefore Holders of Secured Claims are conclusively presumed to have accepted the Plan.

or under Article III, Section 3.1.6 Priority Tax Claims of the Plan which provides:

> 3.1.6  **Priority Tax Claims**. In full satisfaction, settlement, and release of and in exchange for such Claims, Allowed Priority Tax Claims shall be paid by Buyer, at Buyer's option, as follows: (a) Cash equal to the unpaid portion of the Face Amount of such Allowed Priority Tax Claim on the later of the Effective Date or thirty (30) days following the date on which such Priority Tax Claim becomes an Allowed Priority Tax Claim, (b) in regular installment payments in Cash over a period not exceeding five (5) years after the Petition Date, plus interest on the unpaid portion thereof at the rate determined under applicable non-bankruptcy law as of the calendar month in which the Confirmation Date occurs, and (c) such other treatment as to which the Holder of an Allowed Priority Tax Claim and the Buyer shall have agreed upon in writing.

## Objections

6. To the extent their claims are treated as Class 2 Secured Claims the Texas Taxing Entities object to the confirmation of the Plan to the extent 1) it does not provide for the payment of interest, as provided under Texas law, on their Allowed Secured Tax Claims until the claims are paid in full as required by 11 U.S.C. §511, and 2) provides that they may receive the collateral securing their claims, since their collateral has been liquidated.

7. To the extent their claims are treated as Priority Claims the Texas Taxing Entities object to the confirmation of the Plan to the extent it does not provide for the retention of their tax liens until their claims are paid in full.

8. The Texas Taxing Entities object to the confirmation of the Plan to the extent it provides for the payment of claims of inferior priority prior to the payment of their claims.

9. The Texas Taxing Entities vote against the confirmation of the Plan.

WHEREFORE, the Texas Taxing Entities object to the confirmation of the First Amended Joint Plan of Liquidation of Seal123, Inc. and Subsidiary Debtors and their Official Committee of Unsecured Creditors and request such other and further request other relief as is just.

Dated: October 19, 2015.

        Respectfully submitted,

        PERDUE, BRANDON, FIELDER, COLLINS & MOTT, L.L.P.
        Attorneys for Texas Taxing Entities
        1235 North Loop West, Suite 600
        Houston, Texas 77008
        (713) 862-1860 (phone)
        (713) 862-1429 (fax)

        /s/ *Owen M. Sonik*
        Owen M. Sonik
        Texas State Bar No. 18847250
        Elizabeth Banda Calvo
        Texas State Bar No. 24012238

CERTIFICATE OF SERVICE

I hereby certify that on this the 19th day of October, 2015, I sent a true and correct copy of the above and foregoing Objection to First Amended Joint Plan of Liquidation of Seal123, Inc. and Subsidiary Debtors and their Official Committee of Unsecured Creditors to the following parties by the following means:

**COUNSEL FOR DEBTORS**

KLEE, TUCHIN, BOGDANOFF & STERN LLP
Michael L. Tuchin, whose email address is:     mtuchin@ktbslaw.com
Lee R. Bogdanoff, whose email address is:     lbogdanoff@ktbslaw.com

YOUNG, CONAWAY, STARGATT & TAYLOR LLP
Michael R. Nestor, whose email address is:     mnestor@yest.com

**COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

PACHULSKI, STANG, ZIEHL & JONES LLP
Jeffrey N. Pomerantz, whose email address is:     jpomerantz@pszjlaw.com
Shirley S. Cho, whose email address is:     scho@pszjlaw.com

**COUNSEL TO MAJOR LENDING**

GREENBERG TRAURIG, LLP
Nancy A. Peterman, whose email address is:     petermann@gtlaw.com

KLEHR HARRISON HARVEY BRANZBURG LLP
Domenic E. Pacitti, whose email address is:     dpacitti@klehr.com

**UNITED STATES TRUSTEE**

Benjamin A. Hackman, whose email address is:     benjamin.a.hackman@usdoj.gov

/s/ Owen M. Sonik
Owen M. Sonik