UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | CASE NO. 15-10081 (CSS) |
| SEAL 123, INC., et al., | Chapter 11<br>Jointly Administered |
| Debtors. | Hearing: Friday, October 30, 2015, at 2:00 p.m. ET |

**<u>Local Texas Tax Authorities' Objection to Confirmation of<br>First Amended Joint Plan of Liquidation</u>**

TO THE HONORABLE COURT:

NOW COME Bexar County, Cypress-Fairbanks ISD, Dallas County, Fort Bend County, Frisco, Gregg County, Harris County, Hidalgo County, Jefferson County, McAllen, Montgomery County, Nueces County, San Marcos CISD and Tarrant County (jointly the "Local Texas Tax Authorities" or "Tax Authorities"), and file their Objection to confirmation of the proposed First Amended Joint Plan of Reorganization. In support of their Objection, the Local Tax Authorities would show the Court as follows:

I.

The Local Texas Tax Authorities are political subdivisions of the State of Texas, authorized to assess and collect taxes. The Tax Authorities have filed claims for property taxes owed for the 2015 tax year on the Debtors' business personal property. These property taxes were duly assessed in accordance with the laws of the State and constitute valid, liquidated secured claims against the

1

Debtors' property entitled to priority over other secured claims under 11 U.S.C.A. § 506.  The pre-petition claims of the Tax Authorities total approximately $90,000[1].

The Tax Authorities' claims are for ad valorem taxes assessed against the Debtors on January 1, 2015, pursuant to Texas Property Tax Code §§. 32.01 and 32.07.  These taxes are secured by first priority liens on the personal property of the Debtors pursuant to Tex. Prop. Tax Code §§ 32.01 and 32.05. The Tax Authorities' liens take priority over the claim of any holder of a lien on property encumbered by the tax lien, whether or not the debt or lien existed before the attachment of the tax lien.  See Texas Property Tax Code §32.05 (b); See also Central Appraisal District of Taylor County v. Dixie-Rose Jewels, Inc., 894 S.W. 2d 841 (Tex. App. 1995) (bank's foreclosure of its purchase money lien on personal property did not defeat or destroy the taxing unit's statutory tax lien).  The tax lien arises on January 1 of each tax year and "floats" to after acquired property.  See City of Dallas v. Cornerstone Bank, 879 S.W. 2d 264 (Tex. App. - Dallas 1994).  The tax lien is a lien *in solido* and is a lien on all personal property of the Debtor.  See In re Universal Seismic, 288 F.3d 205 (5th Cir. 2002).  The tax lien is also unavoidable.  See In re: Winns, 177 B.R. 253 (Bankr. W.D. Tex. 1995). These tax claims are entitled to priority as secured claims, senior to other secured claims, according to the Bankruptcy Code, 11 U.S.C. §506.  Stanford v. Butler, 826 F.2d 353 (5th Cir. 1987).

II.

It appears from the proposed Plan that the Debtors intend to treat the Tax Authorities' claims as Class 2 Other Secured Claims.  This class is allegedly unimpaired.   However, in fact, the Tax Authorities' are impaired by the Plan, and therefore they object to their treatment.

---

[1] The pre-petition amount is as of the petition date and does not include interest to which the Tax Authorities are entitled pursuant to 11 U.S.C. § 506(b) as oversecured creditors. The tax claims contain estimated amounts; the actual amount of the 2015 taxes is currently being determined pursuant to applicable State law, and amended claims will be filed as the actual amounts become available.

The proposed Plan fails to properly provide for the payment of interest on the Tax Authorities' claims as required by 11 U.S.C. §§506(b), and 1129(b)(2)(A)(i)(II). While the Plan provides in § 7.2 Interest on Claims that interest under 11 U.S.C. § 506(b) is allowed, that section specifically provides that no other interest is allowed, thus wholly failing to provide for the payment of post-Effective Date interest as required under § 1129. The payment of interest from and after the Effective Date on pre-petition secured claims is mandated by § 1129 to protect the present value of secured claims. This Plan does not preserve the "present value as of the effective date" contemplated by Congress and required by the Bankruptcy Code. Absent the requirement that the Debtors pay interest on these claims, there is no incentive for them to file and resolve claim objections in a timely manner. In a case of this size, it is not unlikely that objections could be filed only days before the claim objection bar date (which is 90 days after the Effective Date) and a hearing put off for many months. Or, even more likely, the Claim Objection Bar Date would be extended pursuant to § 8.3 of the Plan, and without notice or hearing. The Plan should not be confirmed unless and until it is amended to clearly provide for payment of interest on the allowed amount of the Tax Authorities' pre-petition secured claims from the Effective Date through the date of payment. "Unimpaired" claims are entitled to this interest at their statutory rate, which in the case of the Local Texas Tax Authorities is 12% per annum. 11 U.S.C. § 511; see also U. S. v. Graham, 59 Fed. Appx. 660 (6th Cir. 2003).

The personal property that was the collateral for the Tax Authorities' claims was sold and the tax liens transferred to the sale proceeds. The Tax Authorities object to the use of their cash collateral to pay any other creditor or used for any purpose until and unless their tax claims are paid in full. The Tax Authorities ask that their cash collateral be segregated and accounted for pursuant to 11 U.S.C. § 363(c) (4),

WHEREFORE, the Local Tax Authorities request the Court to enter an order denying confirmation of the proposed Plan and for such other and further relief to which the Court may find they are entitled.

Dated:  August 7, 2009

                    Respectfully submitted,

                    Linebarger Goggan Blair & Sampson, LLP

                    By:  /s/ Elizabeth Weller
                          Elizabeth Weller
                          Tex.Bar No. 00785514

                    2777 N. Stemmons Fwy., Ste. 1000
                    Dallas, TX 75207
                    (469)221-5075 Phone
                    (469)221-5003 Fax
                    BethW@publicans.com Email

## CERTIFICATE OF SERVICE

I hereby certify that this 19th day of October, 2015, I caused a true and exact copy of the foregoing to be served upon all parties to the Court's electronic servicing system and upon the following parties via electronic mail:

Michael Tuchin at mtuchin@ktbslaw.com
Lee Bogdanoff at lbogdanoff@ktbslaw.com
Michael Nestor at mnestor@ycst.com
Jeffrey Pomerantz at jpomerantz@pszjlaw.com
Shirley Cho at scho@pszjlaw.com
Robert Feinstein at rfeinstein@pszjlaw.com
Bradford Sandler at bsandler@pszjlaw.com
Nancy Peterman at petermann@gtlaw.com
Domenic Pacitti at dpacitti@klehr.com
Benjamin Hackman at Benjamin.a.hackman@usdoj.gov

                    /s/ Elizabeth Weller
                    _____

                    Elizabeth Weller