# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| SEAL123, INC., *et al.*,[1] | Case No.: 15-10081 (CSS) |
| Debtors. | (Jointly Administered) |

## DECLARATION OF JUNG W. SONG ON BEHALF OF DONLIN, RECANO & COMPANY, INC. REGARDING VOTING AND TABULATION OF BALLOTS ACCEPTING AND REJECTING FIRST AMENDED JOINT PLAN OF LIQUIDATION OF SEAL123, INC. AND SUBSIDIARY DEBTORS AND THEIR OFFICIAL COMMITTEE OF UNSECURED CREDITORS

I, Jung W. Song, declare, under penalty of perjury to the best of my knowledge, information, and belief:[2]

1. I am the Managing Director at Donlin, Recano & Company, Inc. ("**DRC**") located at 6201 15th Avenue Brooklyn, New York 11219. I am over the age of 18 years and competent to testify.

2. I submit this Declaration with respect to the *First Amended Joint Plan of Liquidation of Seal123, Inc. and Subsidiary Debtors and Their Official Committee of Unsecured Creditors* [Docket No. 969] (as amended, modified, and supplemented from time to time pursuant to the terms thereof, the "**Plan**"). Except as otherwise indicated, all facts set forth herein are based upon my personal knowledge, information supplied to me by the Debtors or their advisors,

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Seal123, Inc. (f/k/a The Wet Seal, Inc.) (5940); Seal123 Retail, Inc. (f/k/a The Wet Seal Retail, Inc.) (6265), Seal123Catalog, Inc. (f/k/a Wet Seal Catalog, Inc.) (7604), and Seal123 GC, LLC (f/k/a Wet Seal GC, LLC) (2855-VA). The Debtors' address is 26972 Burbank, Foothill Ranch, CA 92610.

[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan and the Disclosure Statement Order (each as defined below), as applicable.

including DRC, and my review of relevant documents. If I were called to testify, I could and would testify competently as to the facts set forth herein on that basis.

3. In accordance with the *Order Pursuant to 11 U.S.C. §§ 327(a), 328, and 330, Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure, and Local Rules 2014-1 and 2016-2 Authorizing the Employment and Retention of Donlin, Recano & Company, Inc., as Administrative Agent for the Debtors, Nunc Pro Tunc to the Petition Date* [Docket No. 291], DRC was authorized to assist the Debtors in connection with, *inter alia*, soliciting, receiving, and tabulating Ballots accepting or rejecting the Plan.

I.   **Service and Transmittal of Solicitation Packages and Related Information**

4. The procedures for the solicitation and tabulation of votes on the Plan are set forth by the *Revised Order (I) Approving Disclosure Statement, (II) Fixing Voting Record Date, (III) Scheduling Plan Confirmation Hearing and Approving Form and Manner of Related Notice and Objection Procedures and Deadlines for Soliciting, Receiving and Tabulating Votes on the Plan, and (V) Approving the Forms of Ballot and Notice to Non-Voting Plan Classes* [Docket No. 991] (the "**Disclosure Statement Order**").

5. Pursuant to the Disclosure Statement Order and the Plan, Holders of Claims in Class 5 as of the Voting Record Date were entitled to vote to accept or reject the Plan (the "**Voting Class**").

| Class | Type of Claim |
|---|---|
| Class 5 | General Unsecured Claims |

6. DRC was instructed to solicit, review, determine the validity of, and tabulate Ballots submitted to vote for the acceptance or rejection of the Plan by the Holders of Claims in the Voting Class in accordance with the Disclosure Statement Order.

7.  On or around September 18, 2015, DRC posted links on the Debtors' restructuring website maintained by DRC at http://www.donlinrecano.com/clients/wsi/index to provide parties with access to, among other documents, copies of the Plan, the Disclosure Statement [Docket No. 1001], the Disclosure Statement Order, and the Confirmation Hearing Notice [Docket No. 1007].

8.  In accordance with the Disclosure Statement Order, on September 18, 2015, DRC caused Solicitation Packages to be distributed to Holders of Claims in the Voting Class as of the Voting Record Date.  DRC filed the *Affidavit of Donlin, Recano and Company, Inc. Regarding Service of Solicitation Packages with Respect to Disclosure Statement for the First Amended Joint Plan of Liquidation of SEAL123, Inc. and Subsidiary Debtors and Their Official Committee of Unsecured Creditors* (the "**Affidavit of Service**") dated September 22, 2015 [Docket No. 1013].[3]

## II.    General Tabulation Process

9.  As specified in the Disclosure Statement Order, September 8, 2015 (the "**Voting Record Date**") was established as the record date for determining the Holders of Claims in the Voting Class who would be entitled to vote to accept or reject the Plan.

10. Pursuant to the Disclosure Statement Order, DRC relied on the following information to identify and solicit Holders of Claims in the Voting Class:  (a) the *Schedules of Assets and Liabilities* filed with the Court by each Debtor on February 27, 2015 [Docket Nos. 360, 362, 364, and 366]; and (b) the *Amended Schedules of Assets and Liabilities* filed with the Court with respect to Seal123 Retail, Inc. on September 9, 2015 [Docket No. 976]; (c) the official claims register maintained by DRC as of September 8, 2015; and (d) claims information pertaining to the Debtors' chapter 11 cases as reflected in DRC's internal database to which this information was

---

[3] In addition, on October 8, 2015, at the direction of Debtors' counsel, DRC prepared and mailed Ballots to Nicole Martinez (Claim No. 1270) and Karla Roland (Claim No. 1273).  See *supplemental Affidavit of Service,* dated October 9, 2015 [Docket No. 1040].

loaded. Using this information, and with guidance from the Debtors and their advisors, DRC created a voting database reflecting the name, address, voting amount, and classification of Claims in the Voting Class. Using this voting database, DRC generated Ballots for Holders of Claims entitled to vote to accept or reject the Plan.

11. Ballots returned by mail, hand delivery, or overnight delivery were received by personnel of DRC at its offices in New York, New York and Brooklyn, New York. Ballots received by DRC were processed in accordance with the Disclosure Statement Order. Upon receiving Ballots, DRC took the following actions:

   a. The envelopes containing the Ballots were opened, and the contents were removed and stamped with the date and time received. Each Ballot was then scanned into DRC's system and sequentially numbered (the "**Sequence Number**"); and

   b. DRC then entered into a computer database all pertinent information from each of the Ballots, including among other things, the date and time the Ballot was received, the Sequence Number, the voting dollar amount, whether the creditor submitting the Ballot elected not to grant the releases set forth in Section 11.12 of the Plan, and whether the creditor submitting the Ballot voted to accept or reject the Plan.

12. In order for a Ballot to be counted as valid, the Ballot must have been properly completed in accordance with the Disclosure Statement Order and executed by the relevant Holder, or such Holder's authorized representative, and must have been actually received by DRC by 4:00 p.m. (prevailing Eastern Time) on October 19, 2015 (the "**Voting Deadline**"). All Ballots were to be delivered to DRC as follows: (a) if by hand delivery or overnight courier, to Donlin, Recano & Company, Inc., Re: Seal123, Inc., et al., Attn: Seal123, Inc. Ballot Processing, 6201 15th Avenue Brooklyn, New York 11219; or (b) if by regular mail, to Donlin, Recano & Company, Inc., Re: Seal123, Inc., et al., Attn: Seal123, Inc. Ballot Processing, P.O. Box 2034, Murray Hill Station, New York, New York 10156-0701.

13. All validly executed Ballots cast by Holders of Claims in the Voting Class received by DRC on or before the Voting Deadline were tabulated as outlined in the Disclosure Statement Order.

14. DRC is in possession of the Ballots received by it, and copies of same are available for review during DRC's normal business hours at 6201 15th Avenue, Brooklyn, New York, 11219.

### III. The Voting Results

15. The results of the aforesaid tabulation of properly executed Ballots received on or before the Voting Deadline are set forth below and in the report annexed hereto as **Exhibit A** (the "**Final Tabulation Results**").

| CLASS | TOTAL BALLOTS RECEIVED | | | |
|---|---|---|---|---|
| | **Accept** | | **Reject** | |
| | AMOUNT (% of Amount Voted) | NUMBER (% of Number voted) | AMOUNT (% of Amount Voted) | NUMBER (% of Number Voted) |
| Class 5 – General Unsecured Claims | $81,959,681.18 (99.94%) | 188 (98.43%) | $45,434.54 (0.06%) | 3 (1.57%) |

16. In accordance with the Disclosure Statement Order, no Ballots were determined to be defective and all Ballots received by the Voting Deadline were tabulated for purposes of voting on the Plan.

17. A complete list of all Ballots which indicated a valid election not to grant the releases set forth in Section 11.12 of the Plan is set forth on **Exhibit B**.

6

I declare under penalty of perjury that the foregoing is true and correct and to the best of my knowledge, information and belief.

Dated: October 21, 2015         /s/ Jung W. Song
New York, New York              Jung W. Song
                                Donlin, Recano & Company, Inc.