IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SEAL123, INC., *et al.*,[1] | ) | Case No. 15-10081 (CSS) |
| | ) | |
| Debtors. | ) | Jointly Administered |

**Objection Deadline: March 20, 2018 at 4:00 p.m. (ET)**
**Hearing Date: March 28, 2018 at 1:00 p.m. (ET)**

## LIQUIDATION TRUST'S FIFTH MOTION PURSUANT TO, *INTER ALIA*, FED. R. BANKR. P. 9006(b)(1) FOR AN ORDER EXTENDING THE DEADLINE TO OBJECT TO CLAIMS

The Seal123, Inc. Liquidation Trust (the "Trust") moves (the "Motion") for the entry of an order in the above-captioned chapter 11 cases of Seal123, Inc. (f/k/a The Wet Seal, Inc.), et al. (collectively, the "Debtors"), in substantially the form attached hereto as **Exhibit A**, pursuant to, *inter alia*, Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), extending the period within which the Trust and the Buyer (defined below) may object to claims filed against the Debtors in the above-captioned cases for one hundred eighty two (182) days from March 26, 2018 through and including September 24, 2018. In support of this Motion, the Trust respectfully represents:

### Jurisdiction and Venue

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over these cases and the Motion pursuant to 28 U.S.C. §§ 157 and 1334

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are Seal123, Inc. (f/k/a The Wet Seal, Inc.) (5940), Seal123 Retail, Inc. (f/k/a The Wet Seal Retail, Inc.) (6265), Seal123 Catalog, Inc. (f/k/a Wet Seal Catalog, Inc.) (7604), and Seal123 GC, LLC (f/k/a Wet Seal GC, LLC) (2855-VA). The Debtors' address was 26972 Burbank, Foothill Ranch, CA 92610 and is now 7555 Irvine Center Drive, Irvine, CA 92618.

and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). In accordance with Local Rule 9013-1(f), the Trust confirms its consent to the entry of final orders and judgements by the Court in this matter to the extent it may later be determined the Court, absent consent of the parties, cannot enter final orders or judgments in this matter consistent with Article III of the United States Constitution.

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested are Bankruptcy Rule 9006(b)(1) and Local Rule 9006-2.

## Background

4. On January 15, 2015 (the "Petition Date"), each of the Debtors commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (collectively, the "Cases").

5. On April 15, 2015, the Debtors closed the sale of substantially all of their assets to Mador Lending, LLC ("Mador"), The Wet Seal, LLC, as assignee of Mador, and the The Wet Seal Gift Card, LLC, as assignee of Mador (collectively, the "Buyer"). Under the parties' Asset Purchase Agreement dated March 12, 2015, as amended, the Buyer assumed responsibility for the payment or other satisfaction of certain claims filed against or scheduled by the Debtors (the "Assumed Claims").

6. On October 30, 2015, the Court entered an order ("Confirmation Order") [Docket No. 1111] confirming the *First Amended Joint Plan of Liquidation of Seal123, Inc. and Subsidiary Debtors and Their Official Committee of Unsecured Creditors* [Docket No. 969] (the

2

"Plan").[2] The Plan became effective on December 31, 2015 (the "Effective Date") [Docket No. 1190]. The Plan and Confirmation Order provide for the substantive consolidation of the Debtors in the manner and to the extent set forth in section 5.2 of the Plan, including treatment of certain claims as Multi-Debtor Consolidated Claims when more than one Debtor is co-liable on a claim. (Plan §§ 1.67, 5.2; Confirmation Order ¶¶ 13-15.)

7. The Plan and Confirmation Order provide for the establishment of the Trust and appointment of META Advisors LLC (the "Trustee") as Liquidation Trustee of the Trust effective as of the Effective Date. (Plan §§ 1.62, 5.4; Confirmation Order ¶¶ 9, 20, 21.) In accordance with the Plan and Confirmation Order, the Debtors and the Trustee entered into the Liquidation Trust Agreement and Declaration of Trust in the form attached to the Plan Supplement [Docket No. 1042]. The Trust is established for the benefit of holders of General Unsecured Claims entitled to receive distributions from the Trust under the Plan. (Plan §§ 5.4.1, 5.4.3(e).)

8. The Plan and Confirmation Order provide the Trust is responsible for reconciling and objecting to Non-Assumed Claims and making Distributions to holders of Allowed Non-Assumed Claims, and the Buyer is responsible for reconciling and objecting to Assumed Claims and making Distributions to holders of Allowed Assumed Claims. (Plan §§ 5.4, 7.3, 8.1; Confirmation Order ¶¶ 16, 17, 23.) In performance of its responsibilities, the Trust files and serves this Motion seeking an extension of the claims objection deadline for both itself and the Buyer.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.

3

## Claims Objection Deadline

9. Pursuant to the Plan, the Claims Objection Deadline (as defined below) is "[n]inety (90) days after the Effective Date, subject to extension as set forth in Section 8.3 of the Plan." Plan § 1.20. The Effective Date of the Plan was December 31, 2015. Therefore, pursuant to the Plan, the initial Claims Objection Deadline was March 30, 2016.

10. Section 8.3 of the Plan provides that the Claims Objection Deadline:

> may be extended upon presentment of an Order to the Bankruptcy Court by the Liquidation Trustee or the Buyer prior to the expiration of such period and without need for notice or hearing. The Claim Objection Deadline shall be automatically extended as provided by Local Rule 9006-2 upon the Filing of a proposed form of order by the Liquidation Trustee or Buyer, as applicable, requesting an extension of the Claim Objection Deadline.

Plan § 8.3.

11. The Trust has filed four prior motions to extend the Claims Objection Deadline [Docket Nos. 1250, 1315, 1482, 1561]. The Court has entered orders granting each of these extension motions without prejudice to further extensions [Docket Nos. 1272, 1324, 1510, 1565], and most recently extending the Claims Objection Deadline through and including March 26, 2018 (the "Claims Objection Deadline").

12. To date, nearly 1,500 proof-of-claim forms have been filed in these chapter 11 cases. The Trust has filed six omnibus claim objections to date, been negotiating stipulated claims resolutions with the holders of the largest claims, and working with the Buyer to coordinate the reconciliation and satisfaction of Assumed Claims required to be paid by the Buyer. The Trust has also been resolving claims in conjunction with pending avoidance actions, several of which currently involve active negotiations in a post-mediation phase.

13. The claims reconciliation process is ongoing, and the Trust needs additional time to review, reconcile and if necessary, object to the Non-Assumed Claims for which it is responsible.[3]

### Relief Requested

14. Pursuant to Bankruptcy Rule 9006(b)(1) and Local Rule 9006-2, the Trust seeks an extension of the Claims Objection Deadline for both the Trust and the Buyer for one hundred eighty two (182) days from the current deadline of March 26, 2018, through and including September 24, 2018.[4]

15. The Trust further requests that the requested extension of the Claims Objection Deadline be without prejudice to the respective rights of the Trust and the Buyer to seek further extensions of that deadline.

### Basis for Relief

16. Bankruptcy Rule 9006(b)(1) provides:

> [W]hen an act is required or allowed to be done at or within a specified period . . . by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefore is made before expiration of the period originally prescribed or as extended by a previous order. . . .

Fed. R. Bankr. P. 9006(b)(1). The Trust is making the request in this Motion before the current Claims Objection Deadline and, accordingly, this request complies with Bankruptcy Rule 9006(b)(1).

---

[3] In fact, claims are still being filed. On February 16, 2018, more than two years after the Effective Date of the Plan, Clark County, Nevada filed a request for payment of an administrative expense [Docket No. 1592] that currently is scheduled to be heard on March 28, 2018.

[4] Pursuant to the Plan and also Del. Bankr. LR 9006-2, the filing of this Motion prior to the current Claims Objection Deadline shall serve to automatically extend the Claims Objection Deadline without the necessity for the entry of a bridge order, until the Court rules on this Motion. *See* Del. Bankr. LR 9006-2; Plan § 8.3.

5

17.     Although Bankruptcy Rule 9006 does not define "cause," it has been noted that "courts should be liberal in granting extensions of time sought before the period to act has elapsed, as long as the moving party has not been guilty of negligence or bad faith and the privilege of extensions has not been abused . . . ." 10 *Collier on Bankruptcy* (Alan N. Resnick & Henry J. Sommer, eds., 15th ed. rev. 2009) at 9006-14.

18.     In the context of determining whether "cause" exists regarding requests for extension of time, courts have considered such factors as the size and complexity of the issues involved, the debtors' good faith progress in resolving issues, the amount of time elapsed in the case, and whether any prejudice will result to the creditors. *See, e.g.*, *In re Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996).

19.     Cause exists to extend the Claims Objection Deadline. The Trust is still undertaking the claims reconciliation process. The Trust requires additional time to conclude the review and reconciliation of claims that it is responsible for, and to try to resolve any disputed claims consensually. The Trust has also settled many of the largest claims against the Debtors and anticipates reaching agreement soon on the terms of the settlement of a number of other large claims but may not be able to reach an acceptable settlement and needs to be able to file a claim objection if necessary. The Trust is also considering whether to file additional omnibus claims objections. The Trust will endeavor to resolve the remaining disputed claims and, when necessary, file any objections well in advance of the proposed extended date.

20.     This is the fifth request for an extension of the Claims Objection Deadline, and the requested extension will not prejudice the Debtors' creditors or other parties in interest. To the contrary, granting the requested extension will assist the Trust in fairly and properly administering the Trust to the benefit of the Trust's claimant beneficiaries. Additional time will

also allow the Trust to attempt to resolve any disputed claims consensually, which is more efficient and cost-effective for both sides than litigating claim objections. As such, the Trust respectfully submits that an extension of the Claims Objection Deadline for 182 days through and including September 24, 2018 is warranted.

21.    Courts in this district have granted similar relief to that requested herein in other chapter 11 cases. *See, e.g., In re Buffets Restaurants Holdings, Inc.*, Case No. 12-10237 (MFW) (Bankr. D. Del. Jan. 5, 2016) (granting seventh extension of claims objection deadline for approximately 180 days without prejudice to litigation trustee's ability to seek additional extensions); *In re Pallet Company LLC (f/k/a iGPS Company LLC)*, Case No. 13-11459 (KG) (Bankr. D. Del. Oct. 21, 2015) (granting buyer's extension of claims objection deadline for approximately 180 days without prejudice to buyer's ability to seek additional extensions).

## Reservation of Rights

22.    The Trust hereby reserves the respective rights of the Trust and the Buyer to seek further extension of the Claims Objection Deadline.

## Notice

23.    Notice of this Motion is being provided to the following parties: (a) the U.S. Trustee; (b) counsel for the Debtors; (c) counsel for Bank of America, N.A.; (d) counsel for Mador Lending, LLC; and (e) all persons and entities that have filed a request for service of filings in these Cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Trust respectfully submits that no other or further notice is necessary.

DOCS_DE:218256.1 56817/001

WHEREFORE, for the reasons stated, the Trust requests the Court enter the proposed order granting the Motion, substantially in the form attached hereto as **Exhibit A**, and extend the Claims Objection Deadline for the Trust and for the Buyer for 182 days from March 26, 2018 through and including September 24, 2018, together with such other and further relief as is just and proper.

Dated: March 6, 2018　　　　　　　　　　　　PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Peter J. Keane*
Bradford J. Sandler (Bar No. 4142)
Jeffrey N. Pomerantz (CA Bar No. 143717)
Peter J. Keane (DE Bar No. 5503)
919 North Market Street, 17th Floor
P. O. Box 8705
Wilmington, DE 19899 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email:　bsandler@pszjlaw.com
　　　　jpomerantz@pszjlaw.com
　　　　pkeane@pszjlaw.com

Counsel to the Seal123, Inc. Liquidation Trust