'IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> SEAL123, INC., *et al.*,[1] <br><br> Post-Confirmation Debtors. | Chapter 11 <br><br> Case No. 15-10081 (CSS) <br><br> Jointly Administered |

Response Deadline: October 15, 2018 at 4:00 p.m. (prevailing Eastern time)
Hearing Date: November 2, 2018 at 11:00 a.m. (prevailing Eastern time)

> **PARTIES RECEIVING THIS OBJECTION SHOULD CAREFULLY REVIEW <u>EXHIBIT 1</u> TO THE PROPOSED ORDER ATTACHED HERETO AS <u>EXHIBIT B</u> TO DETERMINE IF THEIR RESPECTIVE CLAIMS ARE SUBJECT TO A REQUEST TO DISALLOW SUCH CLAIMS. PARTIES WHOSE CLAIMS ARE IDENTIFIED ON <u>EXHIBIT 1</u> TO THE PROPOSED ORDER MAY HAVE SUBSTANTIVE RIGHTS AFFECTED BY THIS OBJECTION AND BE SUBJECT TO FURTHER OBJECTIONS THE TRUST MAY FILE TO THEIR CLAIMS.**

## SEAL123, INC. LIQUIDATION TRUST'S SEVENTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO AMENDED AND SUPERSEDED CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

The Seal123, Inc. Liquidation Trust (the "<u>Trust</u>") objects (the "<u>Objection</u>") to each of the claims (the "<u>Disputed Claims</u>") listed on <u>Exhibit 1</u> to the proposed form of order (the "<u>Proposed Order</u>") attached hereto as <u>Exhibit B</u>, pursuant to section 502(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), and requests entry of an order disallowing and expunging the amended and superseded claims identified in <u>Exhibit 1</u> to the Proposed Order. In support, the

---

[1] The post-confirmation Debtors are: Seal123, Inc. (f/k/a The Wet Seal, Inc.); Seal123 Retail, Inc. (f/k/a The Wet Seal Retail, Inc.); Seal123 Catalog, Inc. (f/k/a Wet Seal Catalog, Inc.); and Seal123 GC, LLC (f/k/a Wet Seal GC, LLC).

Trust relies on the Declaration of William Langsdorf attached hereto as <u>Exhibit A</u> (the "<u>Langsdorf Declaration</u>") and states:

## JURISDICTION

1. This Court has jurisdiction of the Objection pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012. The Objection is a core proceeding pursuant to 28 U.S.C. § 157(b). In accordance with Local Rule 9013-1(f), the Trust confirms its consent to the entry of final orders and judgements by the Court in this matter to the extent it may later be determined the Court, absent consent of the parties, cannot enter final orders or judgments in this matter consistent with Article III of the United States Constitution.

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The predicate for the relief requested is 11 U.S.C. § 502(b), Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1.

## BACKGROUND

4. On January 15, 2015 (the "<u>Petition Date</u>"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5. On February 27, 2015, each Debtor filed its respective schedules of assets and liabilities and statements of financial affairs pursuant to Bankruptcy Rule 1007 and Local Rule 1007-1 (collectively, the "<u>Schedules</u>").[2] On September 9, 2015, the Debtors filed an amendment to the Schedules, addressing certain discrete issues.[3] Additionally, in the ordinary course of business, the Debtors maintained books and records that reflect, among other things, the Debtors' aggregate liabilities and the specific amounts owed to each of their creditors.

---

[2] Docket Nos. 360, 361, 362, 363, 364, 365, 366, 367.

[3] Docket No. 976.

6. On October 30, 2015, the Court entered an order ("Confirmation Order")[4] confirming the *First Amended Joint Plan of Liquidation of Seal123, Inc. and Subsidiary Debtors and Their* Official *Committee of Unsecured Creditors* (the "Plan").[5] The Debtors' disclosure statement in support of the Plan projected, based on various assumptions, holders of allowed general unsecured claims would recover between 5.5% and 6.5% of their allowed claim amount.[6]

7. The Plan became effective on December 31, 2015 (the "Effective Date").[7] Section 5.4 of the Plan and paragraphs 9, 20, and 21 of the Confirmation Order provide for the establishment of the Trust and the appointment of META Advisors LLC (the "Trustee") as Liquidation Trustee of the Trust effective as of the Effective Date.

8. The Trust is established for the benefit of the holders of General Unsecured Claims entitled to receive distributions from the Trust under the Plan.[8] In accordance with the Plan and Confirmation Order, the Debtors and the Trustee entered into the Liquidation Trust Agreement and Declaration of Trust (the "LTA") in the form attached to the Plan Supplement.[9]

9. Sections 5.4, 7.3, and 8.1 of the Plan and paragraphs 16, 17, and 23 of the Confirmation Order provide that the Trust is responsible for reconciling and objecting to Non-Assumed Claims and making Distributions to holders of Allowed Non-Assumed Claims.

10. The Plan and Confirmation Order further provide that the Buyer is responsible for reconciling and objecting to Assumed Claims and making Distributions to

---

[4] Docket No. 1111.
[5] Docket No. 969. Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan.
[6] Discl. Stmt. at 28-29 [Docket No. 1001].
[7] Docket No. 1190.
[8] Plan §§ 5.4.1, 5.4.3(e).
[9] Docket No. 1042.

holders of Allowed Assumed Claims.[10] However, on February 2, 2017, the Buyer and certain of its affiliates filed chapter 11 cases of their own in the United States Bankruptcy Court for the District of Delaware, jointly administered as Case No. 17-10229 (CSS) ("Wet Seal II").

11. The Trust desires to wind up the claims reconciliation process and other residual issues in the instant chapter 11 cases as expeditiously as possible for the benefit of the Trust's creditors and estates.[11] In furtherance of that purpose and in recognition that the Buyer will not address or pay Assumed Claims in the context of these cases due to the pendency of the Wet Seal II cases, the Buyer has consented to the Trust reconciling and/or objecting to (as applicable) Assumed Claims on the Buyer's behalf. It is in that regard that the Trust files and serves this Objection with respect to any Assumed Claims.[12]

## BAR DATE AND PROOFS OF CLAIM

12. On February 10, 2015, the Court entered an order (the "Bar Date Order")[13] establishing the deadline (the "Bar Date") for any entity, other than governmental units as defined in section 101(27) of the Bankruptcy Code, to assert a claim against any of the Debtors in these Cases (whether secured, unsecured priority or unsecured nonpriority) that arose prior to the Petition Date. The Bar Date in these Cases was April 10, 2015, at 5:00 p.m. (ET).[14] Further pursuant to the Bar Date Order, the Court established a bar date of July 14, 2015 at 5:00 p.m. (ET) for governmental units.

---

[10] Plan §§ 5.4, 7.3, 8.1; Confirmation Order ¶¶ 16, 17, 23.

[11] Under the LTA, the Trustee is empowered to "take all other actions consistent with the provisions of the Plan that the Trustee deems reasonably necessary or desirable to administer the Trust." LTA § 3.2.26.

[12] Neither the Trust nor the Trustee assume any obligation of the Buyer to make any further payments, under the Plan or otherwise, to holders of Assumed Claims. Any outstanding amounts purportedly owing to such holders under the Plan represent prepetition claims in the Wet Seal II cases and should be handled though the claims reconciliation process in that case.

[13] Docket No. 280.

[14] Docket No. 404.

13. Pursuant to the Bar Date Order, actual notice of the Bar Dates was sent to: (i) all known entities holding potential prepetition claims and, if known, their counsel; (ii) all parties requesting notice in these cases; (iii) all equity security holders; (iv) the U.S. Trustee; and (v) all taxing authorities for the jurisdictions in which the Debtors did business.[15] In addition, notice of the Bar Dates was published in the national edition of *USA Today* on March 11, 2015. Affidavits of service and publication confirming such actual service and publication of the notice of Bar Dates have been filed with this Court.[16]

14. To date, nearly 1,500 proofs of claim have been filed in these chapter 11 cases.[17] All filed proofs of claim have been registered and assigned a claim number on the official claims register for these chapter 11 cases.

## RELIEF REQUESTED

15. Pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007, the Trust objects to and seeks entry of an order disallowing and expunging certain Claims identified in Exhibit 1 to the attached Proposed Order (the "Amended and Superseded Claims"). This Objection is made on non-substantive grounds under Local Rule 3007-1(d) and complies in all respects with that rule.

## OBJECTION

16. The Amended and Superseded Claims identified by claim number under the column entitled "Amended Claim to be Disallowed" on Exhibit 1 to the Proposed Order have been amended and superseded by subsequently filed proofs of claim identified by claim number under the column entitled "Remaining Claim Number" on Exhibit 1 (each, a "Remaining Claim

---

[15] Docket No. 404.
[16] Docket Nos. 425, 437, 534.
[17] In accordance with Bankruptcy Rule 3003(c)(4), a filed claim supersedes any scheduled claim.

and collectively, the "Remaining Claims"). Consequently, the Amended and Superseded Claims no longer represent valid claims against the Debtors' estates and should be disallowed.

17. No prejudice will result to the holders of Amended and Superseded Claims from the disallowance of those claims because, except to the extent that the Remaining Claims are objectionable and/or disallowed on other grounds,[18] they will continue to hold their subsequently filed Remaining Claims. Moreover, if the Remaining Claims are, in fact, objectionable and disallowed on substantive grounds, the Amended and Superseded Claims would be objectionable on the same grounds. Accordingly, the Trust objects to the Amended and Superseded Claims and requests entry of an order disallowing in full each of the Amended and Superseded Claims.

## RESPONSE TO OMNIBUS OBJECTIONS

18. To contest an objection, a claimant must file and serve a written response to this Objection (a "Response") so that it is received no later than **October 15, 2018 at 4:00 p.m. (Prevailing Eastern Time)** (the "Response Deadline"). Every Response must be filed with the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, Wilmington, DE 19801, and served upon counsel for the trust, so that the Response is received no later than the Response Deadline, at the following address:

---

[18] The inclusion of the Remaining Claims on Exhibit 1 does not reflect any view by the Trust or the Buyer as to the ultimate validity of any such claim. In fact, substantially contemporaneous herewith, the Trust has filed an objection to all of the Remaining Claims on substantive grounds. More specifically, both the Amended and Superseded Claims and the Remaining Claims are Assumed Claims that are the Buyer's responsibility to pay under the Plan, once reconciled. As such, all of the Assumed Claims represent liabilities of the Buyer that must be pursued in the Wet Seal II cases. In any case, under the Plan, they are not properly liabilities of the Trust.

6

Kelley Drye & Warren LLP
101 Park Avenue
New York, NY 10178
Attn: James S. Carr and Dana P. Kane

- and -

Pachulski Stang Ziehl & Jones LLP
919 Market Street, 17th Floor
Wilmington, DE 19801
Attn: Bradford J. Sandler and Peter J. Keane

19. Every Response to this Objection must comply with the requirements of Local Bankruptcy Rule 3007-1 and contain at a minimum the following information:

> (i) a caption setting forth the name of the Court, the name of the Debtors, the case number, and the title of the objection to which the Response is directed;
>
> (ii) the name of the claimant, their claim number, and a description of the basis for the amount of the Claim;
>
> (iii) the specific factual basis and supporting legal argument upon which the claimant will rely in opposing this Objection;
>
> (iv) any supporting documentation not already included with the Proof of Claim previously filed with the clerk or claims agent, on which the claimant will rely to support the basis for and amounts asserted in the Proof of Claim; and
>
> (v) the name, address, telephone number, email address, and fax number of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the Trust should communicate with respect to the Claim or the Objection, and who possesses authority to reconcile, settle or otherwise resolve the objection to the disputed claim on behalf of the claimant.

20. If a claimant fails to file and serve a timely Response by the above Response Deadline, the Trust will present to the Court the Proposed Order, substantially in the form set forth in Exhibit B hereto, modifying or disallowing such claimant's claim without further notice to the claimant.

## REPLIES TO RESPONSES

21. In accordance with Local Bankruptcy Rule 9006-1(d), the Trust may, at its option, file and serve a reply to a Response no later than 4:00 p.m. (Prevailing Eastern Time) one day before the deadline for filing the agenda for any hearing to consider the Objection.

## SEPARATE CONTESTED MATTERS

22. To the extent that a Response is filed regarding any Claim identified in this Objection and the Trustee is unable to resolve the Response, the objection by the Trust to each such Claim asserted herein shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding an objection asserted in the Objection shall be deemed a separate order with respect to each Claim.

## RESERVATION OF RIGHTS

23. The Trust expressly reserves the right to amend, modify, and supplement this Objection and also to file additional objections to any surviving and remaining claims filed in these chapter 11 cases including, without limitation, the claims that are the subject of this Objection and the Remaining Claims.

## NOTICE

24. The Trust has provided notice of this Objection to: (i) the U.S. Trustee; (ii) counsel to the Buyer; (iii) the holders of the Amended and Superseded Claims; and (iv) all parties that have filed a notice of appearance in these chapter 11 cases pursuant to Bankruptcy Rule 2002. The Trust respectfully submits that such notice is appropriate under the circumstances.

WHEREFORE, for the reasons stated above and in <u>Exhibit 1</u> to the Proposed Order, the Trust respectfully requests entry of the Proposed Order, substantially in the form attached hereto as <u>Exhibit B</u>, sustaining the Objection in all respects and disallowing and expunging the claims identified in <u>Exhibit 1</u> to the Proposed Order, together with such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
October 1, 2018

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Peter J. Keane*
Bradford J. Sandler (Bar No. 4142)
Andrew W. Caine (CA Bar No. 110345)
Peter J. Keane (DE Bar No. 5503)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
E-mail:  bsandler@pszjlaw.com
 acaine@pszjlaw.com
 pkeane@pszjlaw.com

– and –

KELLEY DRYE & WARREN LLP

James S. Carr
Dana P. Kane
101 Park Avenue
New York, NY 10178
Telephone: (212) 808-7800
Facsimile: (212) 808-7897

*Counsel to the Seal123, Inc. Liquidation Trust*