# EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SEAL123, INC., et al.,[1] | ) Case No. 15-10081 (CSS) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) **Related to Docket No. ___** |

ORDER SUSTAINING SEAL123, INC. LIQUIDATION TRUST'S
SEVENTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO AMENDED AND
SUPERSEDED CLAIMS PURSUANT TO BANKRUPTCY CODE SECTION 502(b),
BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

Upon consideration of the seventh (non-substantive) objection (the "Objection")[2] of the Seal123 Inc. Liquidation Trust (the "Trust"), by which the Trust requests entry of an order pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") disallowing and expunging the Amended and Superseded Claims identified in Exhibit 1 attached hereto; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and that due and adequate notice of the Objection having been given under the circumstances; and sufficient cause appearing thereof; it is hereby:

ORDERED that the Objection is sustained as set forth herein; and it is further

ORDERED that, pursuant to Bankruptcy Code section 502(b) and Bankruptcy Rules 3003 and 3007, the Amended and Superseded Claims identified in Exhibit 1 are

---

[1] The post-confirmation Debtors are: Seal123, Inc. (f/k/a The Wet Seal, Inc.); Seal123 Retail, Inc. (f/k/a The Wet Seal Retail, Inc.); Seal123 Catalog, Inc. (f/k/a Wet Seal Catalog, Inc.); and Seal123 GC, LLC (f/k/a Wet Seal GC, LLC).

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Objection.

disallowed in their entirety and expunged; and it is further

ORDERED that the Trust shall have the right to amend, modify or supplement the Objection, and the rights of the Trust and/or the Buyer to file additional objections to any Claims filed in these chapter 11 cases including, but not limited to, the Remaining Claims, are preserved; and it is further

ORDERED that this Court shall retain jurisdiction over all affected parties with respect to any matters, claims or rights arising from or related to the implementation and interpretation of this Order.

Dated: _____, 2018

                                              THE HONORABLE CHRISTOPHER S. SONTCHI
                                              CHIEF UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1
## AMENDED AND SUPERSEDED CLAIMS

| Claimant | Remaining Claim | Amended Claim to be Disallowed | Remaining Claim Amount | Remaining Claim Priority | Reason for Disallowance |
|---|---|---|---|---|---|
| Tennessee Department of Revenue c/o Attorney General P.O. Box 20207 Nashville, TN 37202-0207 | 1465 | 339 | $297.85 | Priority Unsecured | Claim # 339, filed against Wet Seal GC LLC on account of franchise and excise taxes for periods beginning 2/1/13 and 2/1/14 was amended and superseded by Claim # 1465, filed against Wet Seal GC LLC on account of franchise and excise taxes for a periods beginning 2/1/14.<br><br>A substantive objection to both Claim # 339 and Claim # 1465 is being filed substantially contemporaneous herewith, on the basis that the Remaining Claim is an Assumed Claim that is the liability of the Buyer and must be pursued in the Buyer's subsequently-filed chapter 11 cases, jointly administered in the United States Bankruptcy Court for the District of Delaware as Case No. 17-10229 (CSS) ("Wet Seal II") |
| Tennessee Department of Revenue c/o Attorney General P.O. Box 20207 Nashville, TN 37202-0207 | 1484 | 338<br>1466 | $10,265.60 | Priority Unsecured | Claim # 338 was amended and superseded by Claim # 1466. Claim # 1466 was amended and superseded by Claim # 1484.<br><br>A substantive objection to Claim # 338, Claim # 1466 and Claim # 1484 is being filed substantially contemporaneous herewith, on the basis that the Remaining Claim is an Assumed Claim that is the liability of the Buyer and must be pursued in the Wet Seal II chapter 11 cases. |