# **EXHIBIT A**

**(Proposed Order and Final Decree)**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| SEAL123, INC., et al.,[1] ) | Case No. 15-10081 (CSS) |
| ) | |
| Post-Confirmation Debtors. ) | Jointly Administered |
| ) | |
| ) | **Re: DI ____** |

**ORDER AND FINAL DECREE (I) CLOSING THE CHAPTER 11 CASE OF
SEAL123, INC. (F/K/A THE WET SEAL, INC.) (NO. 15-10081); (II) APPROVING
ABANDONMENT OF REMAINING TRUST ASSETS; AND (III) DISCHARGING THE
 LIQUIDATION TRUSTEE AND LIQUIDATION TRUST OVERSIGHT COMMITTEE** 

Upon the Motion[2] dated January 30, 2019, filed by the Seal123, Inc. Liquidation Trust (the "Trust") under 11 U.S.C. §§ 105(a) and 350(a), Fed. R. Bankr. P. 3022, Del. Bankr. L.R. 3022-1 and Section 11.21 of the Plan for an order and final decree (i) closing the Chapter 11 case of Seal123, Inc. (f/k/a The Wet Seal, Inc.) (the "Lead Debtor") (ii) approving the abandonment of any remaining Trust assets; and (iii) discharging the Liquidation Trustee, the Liquidation Trust Oversight Committee and their respective members, professionals, consultants and/or employees; and it appearing that the Lead Debtor's case is fully administered within the meaning of section 350 of the Bankruptcy Code, Bankruptcy Rule 3022 and Local Rule 3022-1(a); and this Court having determined that granting the relief requested in the Motion is in the best interests of the Debtors' estates and creditors; and it appearing that proper and adequate notice of the Motion has been given under the circumstances and that no other or further notice is

---

[1] The post-confirmation debtors (collectively, the "Debtors") are:  Seal123, Inc. (f/k/a The Wet Seal, Inc.); Seal123 Retail, Inc. (f/k/a The Wet Seal Retail, Inc.); Seal123 Catalog, Inc. (f/k/a Wet Seal Catalog, Inc.); and Seal123 GC, LLC (f/k/a Wet Seal GC, LLC).  The chapter 11 cases of all Debtors other than Seal123, Inc. previously were closed by order of the Court entered February 13, 2017.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

necessary; and the Court having jurisdiction of this matter; and the legal and factual bases stated in the Motion having established just cause for the relief requested in the Motion; and after due deliberation; and good and sufficient cause appearing therefor; it is hereby

ORDERED, DECREED, AND ADJUDGED THAT:

1. The Motion is granted.

2. Pursuant to section 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022, Local Rule 3022-1 and Section 11.21 of the Plan, effective as of the date of entry of this Order and Final Decree, the chapter 11 case of the Lead Debtor (No. 15-10081) hereby is closed.

3. To the extent not already paid, the fees required to be paid to the U.S. Trustee pursuant to 28 U.S.C. § 1930(a)(6) shall be paid by the Liquidation Trustee as soon as reasonably practicable after the date of entry of this Order and Final Decree.

4. Pursuant to Local Rule 2002-1(f), except as otherwise set forth in this paragraph, the Claims Agent is relieved of any further obligations with respect to claims and noticing services effective immediately upon entry of this Order and Final Decree. In accordance with Local Rule 2002-1(f)(ix), within twenty-eight days after the entry of this Order and Final Decree, the Claims Agent shall: (i) forward to the Clerk of the United States Bankruptcy Court for the District of Delaware (the "Clerk") an electronic version of all imaged claims; (ii) upload the creditor mailing list into CM/ECF; (iii) docket a final claims register; and (iv) box and transport all original Claims to the Philadelphia Federal Records Center, 14470 Townsend Road, Philadelphia, Pennsylvania 19154 and docket a completed SF-135 Form indicating the accession and location numbers of the archived claims.

5. The Liquidation Trustee's abandonment of any remaining assets of the Trust is approved.

6. Immediately upon entry of this Order and Final Decree, and without further order of this Court, each of the Liquidation Trustee and the Liquidation Trust Oversight Committee shall have fully discharged its respective duties with respect to the Trust Agreement, Plan, Trust and Debtors' estates, and shall be deemed discharged from its respective duties and obligations in the Debtors' chapter 11 cases and under the Trust Agreement, and the Liquidation Trustee, the Liquidation Trust Oversight Committee and their respective members, professionals, consultants and/or employees shall be discharged and released from all liability related to the Trust, such that thereafter, no entity or governmental unit shall have any claim against the Liquidation Trustee, the Liquidation Trust Oversight Committee and their respective members, professionals, consultants and employees, the Trust, or any of the Debtors' Estates.

7. Entry of this Order and Final Decree shall be without prejudice to the rights of the Liquidation Trustee, on behalf of the Trust, or any other party-in-interest to seek to reopen any of the Debtors' chapter 11 cases for cause.

8. The Liquidation Trustee, on behalf of the Trust, is empowered and authorized to take all actions necessary or appropriate to effect the relief granted in this Order and Final Decree.

9. The Clerk of the Court shall enter this Order and Final Decree on the docket of Lead Debtor's case and thereafter such docket shall be marked as "Closed."

10. Notwithstanding any stay that might be applicable to this Order and Final Decree, this Order and Final Decree shall be effective and enforceable immediately upon entry hereof.

11.     The Court shall retain jurisdiction to construe and enforce the terms of this Order and Final Decree.

Dated: Wilmington, Delaware
_____, 2019

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
CHIEF UNITED STATES BANKRUPTCY JUDGE